UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 04-11810 (MLW) |
| CELL GENESYS, INC. and TRANSKARYOTIC THERAPIES, INC., | ) ) ) | |
| Defendants. | ) ) ) | |

**CELL GENESYS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, FOR SEVERANCE AND TRANSFER OF COUNT I OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Cell Genesys, Inc. ("CGI") moves pursuant to Rule 12(b)(2), Fed.R.Civ.P, for dismissal of plaintiff Applied Research System ARS Holding, N.V.'s ("ARS") claims against CGI in Count I of ARS's First Amended Complaint. In the alternative, CGI moves pursuant to Rule 21 and 28 U.S.C. § 1404(a) for severance of Count I of ARS's First Amended Complaint, and its transfer to the U.S. District Court for the District of Columbia.

This Court should dismiss ARS's claims against CGI because this Court lacks jurisdiction over the "person" of CGI. This Court lacks "general" personal jurisdiction over CGI, as CGI has no continuous or systematic presence in Massachusetts. This Court also lacks "specific" personal jurisdiction over CGI, as the events that are the subject of ARS's claims against CGI – its "dissatisfaction" with a June 2004 decision of the U.S. Patent and Trademark Office Board of Patent Appeals and Interferences ("PTO") involving ARS and CGI – did not arise, and do not relate to, the transaction of any business by CGI in Massachusetts. This Court thus may not assert personal jurisdiction over CGI under Massachusetts' long-arm statute.

This Court should hence dismiss ARS's claims against CGI pursuant to Rule 12(b)(2). In the alternative, this Court should sever Count I from Count II, and transfer Count I to the U.S. District Court for the District of Columbia pursuant to § 1404(a). That Court already has before it a case filed by CGI the day before ARS filed suit here, Cell Genesys, Inc. v. Applied Research Systems ARS Holding, N.V., C.A. No. 04 CV 01407 JDB. That action raises the same challenges to the PTO's decision as does Count I, in a court that has personal jurisdiction over both parties. The District of Columbia is equally convenient to the parties, and is the closest permissible venue to the location of the PTO proceeding.

In further support of this motion, CGI files herewith the Affidavits of Robert H. Tidwell and Steven Kelber, and a memorandum of law. Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for CGI has conferred with counsel for ARS and has attempted in good faith to resolve or narrow the issues presented by this motion.

FOR THESE REASONS, CGI asks this Court to:

A.    Dismiss ARS's claims against CGI pursuant to Rule 12(b)(2);

B.    In the alternative, sever Count I of ARS's First Amended Complaint pursuant to Rule 21 and transfer Count I to the U.S. District Court for the District of Columbia; and

C.    Grant such other relief as is just and appropriate.

CELL GENESYS, INC.,

By its attorney,


_____/s/ Michael D. Vhay_____
Michael D. Vhay (BBO #566444)
PIPER RUDNICK LLP
One International Place, 21st Floor
Boston, MA  02110-2600
(617) 406-6000 (telephone)
Dated: October 4, 2004          (617) 406-6100 (fax)

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(D), CGI requests oral argument on its Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, For Severance and Transfer of Count I of Plaintiff's First Amended Complaint.