UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., <br><br> Plaintiff, <br><br> v. <br><br> CELL GENESYS, INC. and TRANSKARYOTIC THERAPIES, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. 04-11810 (MLW) ) ) ) ) ) ) |

**AFFIDAVIT OF ROBERT H. TIDWELL**

Robert H. Tidwell states as follows:

1. My name is Robert H. Tidwell. I am the Senior Vice President for Corporate Development of Cell Genesys, Inc. Cell Genesys is a biotechnology company focused on the research, development and commercialization of biological therapies for cancer. I have been employed by Cell Genesys since August 2000. I offer this affidavit in support of Cell Genesys, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction Or For Transfer in this matter. I make the following statements based upon my personal knowledge.

2. Cell Genesys is a Delaware corporation. It owns no facilities, and employs no personnel, in the Commonwealth of Massachusetts. The corporate headquarters of Cell Genesys is in South San Francisco, California. Cell Genesys owns three manufacturing facilities, two of which are in California and the other of which is in Tennessee. All of Cell Genesys's employees are in California or Tennessee. Cell Genesys is not registered to do business in the

~BOST1:308910.v1
306229-21

Commonwealth of Massachusetts, and has paid no taxes to the Commonwealth of Massachusetts or any of its municipalities.

3.  Cell Genesys has nine directors. Only one of those directors, Dr. John T. Potts, Jr., is a Massachusetts resident. The company's other directors reside outside of Massachusetts. The company's directors conduct their business at meetings, none of which has occurred in Massachusetts during the term of my employment at Cell Genesys.

4.  Dr. Potts has two other responsibilities for Cell Genesys. First, he is a member of Cell Genesys's four-member Scientific Advisory Board. Dr. Potts is the only member of this board who resides in Massachusetts. The Scientific Advisory Board conducts its business at meetings, none of which has occurred in Massachusetts during the term of my employment at Cell Genesys. Second, Dr. Potts is a member of Cell Genesys's Medical Advisory Board. This board has six members, two of which (Dr. Potts and Dr. Bruce Chabner) are Massachusetts residents. The Medical Advisory Board conducts its business at meetings, none of which has occurred in Massachusetts, during the term of my employment at Cell Genesys.

5.  I have read the First Amended Complaint of Applied Research Systems ARS Holding, N.V. ("ARS"), in this matter. The First Amended Complaint contains two counts. Count I concerns ARS's "dissatisfaction" with a decision of the U.S. Patent and Trademark Office Board of Patent Appeals and Interference in a proceeding involving ARS and Cell Genesys. None of the facts or issues alleged in Count I of the First Amended Complaint arises from the conduct of any business by Cell Genesys in Massachusetts, any contacts that Cell

Genesys has had with Massachusetts, or any communications that Cell Genesys has had with any Massachusetts resident.

6. Count Two of the Amended Complaint is a claim for infringement solely against Transkaryotic Therapies, Inc. ("TKT"), and not Cell Genesys. ARS's claim against TKT arises out of TKT's alleged use of technology described in U.S. Patent No. 5,272,071 (the "'071 patent").

7. In June 2002, Cell Genesys granted TKT a license (the "TKT License") to use, among other things, the technology described in U.S. Patent Application No. 08/102,390 (the "'390 Application"). A true and correct redacted copy of the TKT License is attached as <u>Exhibit 1</u> hereto. Cell Genesys and TKT negotiated and executed the TKT License primarily by telephone and meetings at Cell Genesys, however, an initial meeting took place at TKT in Massachusetts. The majority of Cell Genesys's performance under the TKT License has occurred, and continues to occur, outside of Massachusetts. Cell Genesys has communicated with TKT about the TKT License since June 2002. To my knowledge, the majority of such communications have been by mail, telephone, email or facsimile.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 29, 2004.

_____
Robert H. Tidwell

~BOST1:308910.v1
306229-21