UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., <br><br> Plaintiff, <br><br> v. <br><br> CELL GENESYS, INC. and TRANSKARYOTIC THERAPIES, INC., <br><br> Defendants. | C.A. No. 04-11810 (MLW) |

**AFFIDAVIT OF STEVEN B. KELBER**

Steven B. Kelber states as follows:

1. My name is Steven B. Kelber. I am an attorney licensed to practice in the District of Columbia, a member of the Bar of the District of Columbia and a member of the Bar of the U.S. District Court for the District of Columbia.

2. I am lead counsel for Cell Genesys, Inc. ("CGI") in Cell Genesys, Inc. v. Applied Research Systems ARS Holding, N.V., C.A. No. 04 CV 01407 JDB, now pending in the U.S. District Court for the District of Columbia (the "D.C. Action"). I offer this affidavit in this matter in support of CGI's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, for Severance and Transfer of Count I of Plaintiff's First Amended Complaint. I make the following statements based upon my personal knowledge and my review of certain pleadings identified in this Affidavit.

3. Since 1980, I have been lead counsel in over 150 interferences before the United States Patent and Trademark Office Board of Patent Interferences, and subsequently, the United

States Patent and Trademark Office Board of Patent Appeals and Interferences (created by Rule in 1984) (collectively, the "Board"). In general terms, an "interference" is an adversary proceeding to determine which of two competing claimants is the first inventor.

4. CGI filed the D.C. Action on August 18, 2004, based on its dissatisfaction with the Final Decision of the Board dated June 23, 2004, in a patent interference in which I was lead counsel for CGI. That interference, Interference 105,114, was a dispute between CGI, as owner of U.S. patent application 08/102,390, and Applied Research System ARS Holding, N.V. ("ARS") as owner of U.S. patent 5,272,071 (the "'071 patent").

5. In the D.C. Action, CGI seeks review of the Final Decision of the Board in Interference 105,114, to reverse the Board's decision that, *inter alia,* certain claims of CGI are unpatentable over prior art, and to seek consideration of particular prior art which CGI timely placed before the Board, of which the Board took notice, and which the Board then failed to consider. These specific issues are set forth in the CGI's Complaint in the D.C. Action. CGI served that Complaint by Federal Express on ARS on August 18, 2004.

6. Since this case is predicated upon 35 U.S.C. § 146, findings by the Board are entitled to deference by the district court, if based on evidence considered by the Board. It is the intention of CGI to move the entire record before the Board into evidence in the D.C. Action, as provided for by Rule and Statute. In this respect, the Board made certain findings with respect to art it did not apply to the claims of ARS's '071 patent, including U.S. Patent 6,588,313 (the "'313 patent"). The Board specifically found that the '313 patent would be prior art against ARS's '071 patent claims if that '071 patent were not entitled to its earliest priority date for the full scope of the claims under 35 U.S.C. § 120. The Board also specifically found that the '071 patent was not entitled to its earliest priority date. Accordingly, with respect to this issue, CGI

2

does not anticipate presenting new evidence. Based on my experience, I do not expect ARS to advance any evidence on this issue either, since ARS did not contest the patentability of the claims of the '071 patent over the '313 patent if the '313 patent was available as prior art – that is, ARS did not present evidence to distinguish its claims over the disclosure of the '313 patent on a technical basis, and would therefore not be permitted to do so in a § 146 proceeding.

7. The Board found a particular Japanese publication, JP-A-1,215,880 (the "'280 publication") to be prior art against CGI's claims. In the course of Interference 105,114, CGI presented evidence tending to show that the CGI's invention predated the effective date of the '280 publication. The Board specifically found CGI's evidence to be insufficient to establish a date of prior invention, noting that it expected the inventor to testify pursuant to 37 C.F.R. § 1.131. CGI anticipates that in the D.C. Action, it will present the testimony of its inventor, Arthur Skoultchi, to establish a date of invention in advance of the date of the '280 publication. That testimony may be supported by the testimony and evidence of corroborators.

8. Dr. Skoultchi, and the corroborators, are under contract to CGI, and will appear to testify at CGI's request wherever CGI requests. Dr. Skoultchi resides in the State of New York. Based on my experience, there is no conceivable testimony that ARS would present on this issue, other than potential expert testimony that the evidence presented at trial by Dr. Skoultchi and any corroborators is insufficient. The only question presented by this issue is whether CGI's evidence establishes, by a preponderance of the evidence, possession of the invention by Dr. Skoultchi in this country prior to the date of the '280 publication.

9. Given the limited trial testimony required in CGI's § 146 action, it is my expectation that CGI can easily be ready to go to trial, if the case is not resolved by dispositive motion(s), within ten (10) months.

3

10. ARS has answered CGI's complaint in the D.C. Action and has asserted parallel counterclaims. Although the ARS's counterclaims and its First Amended Complaint in this action are insufficiently specific to as to what issues ARS seeks review, I note that ARS has claimed in Count II of its First Amended Complaint that Transkaryotic Therapies, Inc. ("TKT") has infringed ARS's '071 patent. Accordingly ARS must be satisfied that the decision of the Board as to the claims of ARS's 071 patent do not require further review. There is, accordingly, little reason to believe that ARS would seek to introduce testimony on this issue, other than expert testimony.

11. ARS's First Amended Complaint in this action raises the identical claims presented in ARS's counterclaims in the D.C. Action. I am aware of no evidence, nor individual, resident in Massachusetts that is not under contract to ARS or otherwise not likely to appear in the District of Columbia that is subject to the jurisdiction of this Court. As ARS has asserted the same claims in both jurisdictions, it is clear that ARS can obtain identical relief in both jurisdictions.

12. The only difference between the Massachusetts and D.C. Actions is ARS's claim here in Count II against TKT for infringement of ARS's '071 patent. Count II does not allege that CGI has infringed the '071 patent. Nonetheless, by ARS including Count II in the same lawsuit as Count I, CGI likely will have to defend against Count II, lest there be a judgment against TKT that is held to be binding against and res judicata for CGI.

13. Like any patent infringement suit, ARS's claims in Count II likely will raise issues of claim construction, questions of inequitable conduct, a broad range of discovery issues, questions of damages, royalties and lost profits, as well as the issue of actual infringement (following construction of the claims) and, in the event infringement is found, willfulness of

4

~BOST1:309629.v1

infringement. None of these issues was presented to the Board in the ARS/CGI Interference, as the Board lacks jurisdiction to hear claims of infringement.

14. Infringement suits typically involve a wide variety of witnesses. With respect to Count II, there likely will be fact witnesses who will testify with respect to the actual processes practiced by TKT. There likely will be witnesses who will explain the prior art, including prior inventions such as Dr. Skoultchi's. There likely will be expert witnesses with respect to the technology in general (tutorials) as well as the scope of the competing claims, the practice in the art at the time of the invention, and the actual nature of the process engaged in by TKT. There likely will be testimony from corporate executives and lawyers as to issues of value and willfulness, as well as expert testimony as to market issues. Many patent infringement cases are not resolved or ready for trial in two years. Moreover, as TKT was not a party to Interference 105,114, the evidence adduced before the Board in that proceeding likely would be inadmissible against TKT. The parties thus would have to present the evidence of the validity of its own patent claims again. It would be an unreasonable burden for CGI to engage in this kind of patent infringement litigation, where ARS has made no allegations of infringement against CGI.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 4, 2004.

                                                                                  Steven B. Kelber