UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

CELL GENESYS, INC.,

500 Forbes Blvd.
South San Francisco, California 94080,

Plaintiff,

v.

Case Number:

APPLIED RESEARCH SYSTEMS ARS HOLDING N.V.,

P.O. Box 3889
Curacao
Netherlands Antilles

Defendant.

---

## COMPLAINT

Plaintiff Cell Genesys, Inc. ("CGI") for its complaint against Applied Research Systems ARS Holding N.V. ("ARS") states as follows:

### I. THE PARTIES

1. Plaintiff CGI is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 500 Forbes Boulevard, South San Francisco, California 94080.

2. Defendant ARS is, on information and belief, a corporation of the Netherlands Antilles and does not reside in the United States.





## II. THE NATURE OF THE ACTION

3. This is an action pursuant to 35 U.S.C. §146, to remedy the decision and final judgment of the Board of Patent Appeals and Interferences ("Board"). The interference, review of which is sought through this Complaint, is Interference 105,114, which was declared in place of Interference 103,737, as a "redeclaration" thereof, on March 28, 2003. The interference was entitled APPLIED RESEARCH SYSTEMS ARS HOLDING N.V., Junior party, v. Cell Genesys, Inc., Junior Party.

## III. JURISDICTION AND VENUE

4. Jurisdiction is based on 35 U.S.C. §146, as well as 28 U.S.C. 1338(a). Venue is proper in this judicial district under 35 U.S.C. §146.

5. CGI is the assignee of U.S. Patent Application 08/102,390 ("'390 application") involved in Interference 105,114.

6. ARS is the assignee of U.S. Patent 5,272,071 ("'071 patent") involved in Interference 105,114.

## IV. FACTS GIVING RISE TO THE COMPLAINT

7. The Board redeclared unresolved Interference 103,737 as Interference 105,114 on March 28, 2003. All claims of the '071 patent, Claims 1-58, were designated as corresponding to the Count. Both claims of the '390 application, Claims 105 and 106 were designated as corresponding to the Count. Subsequently, by Order, CGI's Claims 107-112 were added and designated as corresponding to the sole Count, Count 1.

8. Count 1 is comprised of Claims 2 or 3 of the '071 patent, recited in the alternative.

9. On May 5, 2003, the Board, Paper 24, established a time period for the filing of

Preliminary Motions pursuant to the Board's Standing Order and 37 C.F.R.§1.601 et seq to conclude on February 1, 2004. The Order setting the time period for filing Preliminary Motions observed the parties were in the midst of Settlement Discussions.

10. Ultimately, the parties were unable to resolve their differences by settlement, and preliminary motions were filed. CGI filed Preliminary Motions 1-4, which were the subject of Oppositions from ARS and Replies from CGI. These Motions sought relief, respectively, that CGI be granted benefit of the filing date of its priority application 07/432,069 filed November 6, 1989; that judgment be entered that Claims 1-58 of the '071 patent were unpatentable over prior art, including, *inter alia*, Japanese Patent Publication JP-A-1215880 (280 publication) published August 29, 1989, as reflected by a certified English translation thereof and U.S. Patent 6,588,313; judgment that Claims 1-58 of the '071 patent were not enabled by the disclosure of the '071 patent as originally filed; and entry of Claims 113-126. Subsequently, pursuant to 37 C.F.R. 1.633(i) and in response to a Motion filed by ARS, CGI filed Preliminary Motion 5, which sought addition of Claims 127-143 to the '390 application.

11. After an Oral Hearing on February 26, 2004 the Board rendered a "Decision on Preliminary Motions" on June 22, 2004, and issued a Final Judgment, to the effect that the patentable claims of ARS and CGI did not interfere-in-fact, on June 24, 2004. The Final Judgment was amended several times. It held in part that ARS was not entitled to Claims 1, 2, 5-7, 9-20, 22, 23, 25, 26, 32-39, 52-54, 56 and 57, and that CGI was not entitled to Claims 105, 110-112 and subsequently, Claims 107-109. The apparent basis for this judgment, leaving the remaining claims of ARS patentable, as well as Claim 106 of CGI, was that the lost claims were unpatentable over prior art. The Board held that the surviving claims, all originally designated as

corresponding to the Count, were not in interference-in-fact, relief neither party had requested, and terminated the interference on that ground. APJ Michael Tierney, who had been responsible for the conduct and interlocutory decisions in Interference 105,114 from its Declaration in March of 2003 until after the date was set for Oral Hearing, took no part in the Hearing, Decision or Final Judgment.

**CGI Preliminary Motion 2**

12. CGI's Preliminary Motion 2 sought entry of judgment on the grounds that all claims of the '071 patent were unpatentable over prior art, including, *inter alia,* U.S. Patent 6,588,313 ('313 patent). With respect to the '313 patent, the Board correctly observed, in its Decision on Preliminary Motions "U.S. Patent 6,588,313 would be prior art under 35 U.S.C. §102(e), if Claims 1-58 of ARS's '071 patent are not entitled to benefit under 35 U.S.C. §120 of the December 22, 1989, filing date of its patent U.S. Application 07/454,783." Decision, Exhibit 1 hereto, page 38.

13. Accordingly, the Board concluded that it would "consider that the patentability of Claims 1-58 of ARS '071 patent...over, if necessary, Mouellic's U.S. Patent 6,588,313." Decision, p. 40.

14. With respect to the question of whether or not Claims 1-58 of the '071 patent were entitled to benefit under 35 U.S.C. §120, the Board correctly observed that ARS was not so entitled to benefit, and that ARS is entitled to no more than the December 21, 1990 filing date. This means that the '313 patent, according to the Board's reasoning, is prior art to the '071 patent.

15. The Board found that CGI had not demonstrated that certain claims of the '071 patent

were unpatentable over art other than the '313 patent (art that included the 280 Publication). The Board *at no time considered the patentability of the claims of the '071 patent over the '313 patent,* notwithstanding its commitment at page 40 of the Decision to do so. As ARS offered no patentable distinction of its claims over the '313 patent other than priority, the Board's failure was clear error.

**280 Publication**

16. One reference relied upon by CGI in its Preliminary Motion 2 was the 280 publication. The 280 publication was available to the public as of August 29, 1989, a little more than two months in advance of the CGI effective filing date, and thus available as art under 35 U.S.C. §102(a) as to the CGI claims, unless CGI could establish a date of invention in advance of August 29, 1989, To do so, CGI relied on the Declaration of Bert Rowland, and contemporaneous documents supporting a date of invention no later than July 26, 1989.

17. Although Rowland's testimony was not controverted by any testimony from any source, and although the Board relies throughout its decision on Rowland's testimony to draw conclusions with respect to the art, see, e.g., pp. 24-25 of Exhibit 1 hereto, the Board disregarded Rowland's testimony, finding it not credible, and applying an inherency test to the documents relied on clearly inappropriate, given the low burden of proof on the issue of preponderance of the evidence. The Board erred in concluding that a preponderance of the evidence did not demonstrate a date of invention by the '390 applicant, Arthur Skoultchi, in advance of August 29, 1989.

**CGI Preliminary Motions 4 and 5**

18. CGI timely moved, through Preliminary Motions 4 and 5, to add Claims 113-147 to

its application. The Board treats those Motions exclusively at pages 135 and 136 of its Decision, where, without making any findings of fact or conclusions of law on which to base its conclusion, denies the two Motions with the bare assertion that "Genesys has not shown that the subject matter is patentable to Genesys as required by 37 C.F.R. § 1.637 (c)(ii). The Board's failure to support this denial with any findings whatsoever is itself legal error, and the conclusion is not sustainable on that basis.

19. In the absence of any findings or explanation, one must comb the Decision itself to find the reason. In 145 pages of Decision, the Board never discusses CGI Preliminary Motions 4 and 5, or more importantly, the claims thereof. One is left with the irresistible conclusion that the Board was relying on some unnamed prior art for its conclusion, since that is all the Decision discusses that would preclude patentability. This is clear error.

20. The requirement of 37 C.F.R. § 1.637 (c)(ii) to "show the patentability to the applicant of each claim proposed to be ...added and apply the terms of the claim proposed to be ...added to the disclosure of the application" has been interpreted **by the Board itself** to require only a showing that the claim has support in the application as originally filed in the form required by 35 U.S.C. §112, first paragraph, not that the claim is free of the prior art. The Board is not free to depart from this public notice of requirements, which were specifically noted, and satisfied, in CGI Preliminary Motions 4 and 5. The Board's decision in contravention of its own standard of proof was clear error.

**CGI Preliminary Motion 3**

21. CGI Preliminary Motion 3 sought entry of judgment that Claims 1-58 of the '071 patent were unpatentable for lack of enabling disclosure, as required by 35 U.S.C. §112, first

paragraph. For reasons that are unclear, the Board, having found certain claims of both parties were unpatentable over prior art, dismissed those portions of CGI Preliminary Motion 3. Page 136. As to the remaining claims, it denied the Motion, on the erroneous reasoning that because specific examples within the prior art cited were relied upon by CGI to show that claims, which the Board found were directed to a patentably distinct invention, were obvious to those of skill in the art, those same teachings would have enabled the entire scope of the claims of the '071 patent found patentable over that art. Decision, page 137. If the art was insufficient to render the invention of Claims 3, 4, 8, 21, 24, 27, 31, 40 - 51, 55 and 58 of the '071 obvious, it necessarily was insufficient to enable the same. This is legal error by the Board.

22. Even if the prior art relied on had been sufficient to teach a single embodiment within the scope of the ARS claims addressed in CGI Preliminary Motion 3, and considered by the Board, the Board's conclusion that the same art is necessarily enabling for the entire scope of those claims is unsupported by rationale or citation, and contrary to logic and the law. The Board's conclusion is in direct contravention of established law, and constitutes clear legal error.

V. SUMMARY

23. CGI, assignee of the '390 application and a party dissatisfied with the result in Interference 105,114, seeks review and modification of the Decision and in particular the Final Judgment based on that decision. Specifically, CGI seeks reversal of the Board's decision denying CGI Preliminary Motions 4 and 5, the Decision denying CGI Preliminary Motion 2 as to Claims 3, 4, 8, 21, 24, 27, 31, 40-51, 55 and 58, and a Decision specifically finding those claims to be unpatentable over the '313 patent, Reversal of the Board's Denial of CGI Preliminary Motion 3, and a decision vacating the Board's finding of no-interference-in-fact.

## VI. PRAYER FOR RELIEF

WHEREFOR, plaintiff CGI prays for a judgment:

A. Reversing the Board's denial of CGI Preliminary Motion 2 as to Claims 3, 4, 8, 21, 24, 27, 31, 40-51, 55 and 58 of the '071 patent and finding those claims unpatentable over the '313 patent;

B. Reversing the Board's finding that a preponderance of the evidence demonstrates that inventor Skoultchi did not invent the subject matter of the '390 patent prior to August 29, 1989 and reversing the finding based thereon that certain CGI claims, including Claims 107-109 are unpatentable to CGI over the 280 publication and secondary references;

C. Reversing the Board's decision denying CGI's Preliminary Motions 4 and 5;

D. Reversing the Board's decision denying CGI's Preliminary Motion 3;

E. Vacating the Board's determination of no interference-in-fact.

F. Awarding CGI its costs and attorneys fees in this action, and such other and further relief as this Court may deem appropriate.

Respectfully submitted,

PIPER RUDNICK, LLP

Date: Aug 18th, 2004

Steven B. Kelber
D.C. Bar No. 358515
Ping Wang
D.C. Bar No. 471951
Piper Rudnick, LLP
1200 19th Street, N.W.
Washington, D.C. 20036
Telephone: (202) 861-3900
Facsimile: (202) 223-2085

Attorneys for Plaintiff
Cell Genesys, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that true copies of:

1. COMPLAINT

2. CERTIFICATE OF SERVICE

were served upon Counsel as follows:

Charles L. Gholz
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, Virginia 22314

via Federal Express, this 19th day of AUGUST, 2004

STEVEN B. KELBER

ATTORNEY DOCKET NO: 306229-21
INTERFERENCE 105,114 (District Court Action)