# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

CELL GENESYS, INC.,

AUG 1 8 2004

500 Forbes Blvd.
South San Francisco, California 94080,

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

        Plaintiff,

      v.

Case Number:

APPLIED RESEARCH SYSTEMS ARS HOLDING N.V.,

CASE NUMBER  1:04CV01407

P.O. Box 3889
Curacao
Netherlands Antilles

JUDGE: John D. Bates

DECK TYPE: Administrative Agency Review

        Defendant.

DATE STAMP: 08/18/2004

## COMPLAINT

    Plaintiff Cell Genesys, Inc. ("CGI") for its complaint against Applied Research Systems

ARS Holding N.V. ("ARS") states as follows:

### I.    THE PARTIES

    1. Plaintiff CGI is a corporation organized and existing under the laws of the State of

Delaware, with a principal place of business at 500 Forbes Boulevard, South San Francisco,

California 94080.

    2. Defendant ARS is, on information and belief, a corporation of the Netherlands

Antilles and does not reside in the United States.

-1-

## II.   THE NATURE OF THE ACTION

3. This is an action pursuant to 35 U.S.C. §146, to remedy the decision and final judgment of the Board of Patent Appeals and Interferences ("Board"). The interference, review of which is sought through this Complaint, is Interference 105,114, which was declared in place of Interference 103,737, as a "redeclaration" thereof, on March 28, 2003. The interference was entitled APPLIED RESEARCH SYSTEMS ARS HOLDING N.V., Junior party, v. Cell Genesys, Inc., Junior Party.

## III.   JURISDICTION AND VENUE

4. Jurisdiction is based on 35 U.S.C. §146, as well as 28 U.S.C. 1338(a). Venue is proper in this judicial district under 35 U.S.C. §146.

5. CGI is the assignee of U.S. Patent Application 08/102,390 ("'390 application") involved in Interference 105,114.

6. ARS is the assignee of U.S. Patent 5,272,071 ("'071 patent") involved in Interference 105,114.

## IV.   FACTS GIVING RISE TO THE COMPLAINT

7. The Board redeclared unresolved Interference 103,737 as Interference 105,114 on March 28, 2003. All claims of the '071 patent, Claims 1-58, were designated as corresponding to the Count. Both claims of the '390 application, Claims 105 and 106 were designated as corresponding to the Count. Subsequently, by Order, CGI's Claims 107-112 were added and designated as corresponding to the sole Count, Count 1.

8. Count 1 is comprised of Claims 2 or 3 of the '071 patent, recited in the alternative.

9. On May 5, 2003, the Board, Paper 24, established a time period for the filing of

Preliminary Motions pursuant to the Board's Standing Order and 37 C.F.R.§1.601 et seq to conclude on February 1, 2004. The Order setting the time period for filing Preliminary Motions observed the parties were in the midst of Settlement Discussions.

10. Ultimately, the parties were unable to resolve their differences by settlement, and preliminary motions were filed. CGI filed Preliminary Motions 1-4, which were the subject of Oppositions from ARS and Replies from CGI. These Motions sought relief, respectively, that CGI be granted benefit of the filing date of its priority application 07/432,069 filed November 6, 1989; that judgment be entered that Claims 1-58 of the '071 patent were unpatentable over prior art, including, *inter alia*, Japanese Patent Publication JP-A-1215880 (280 publication) published August 29, 1989, as reflected by a certified English translation thereof and U.S. Patent 6,588,313; judgment that Claims 1-58 of the '071 patent were not enabled by the disclosure of the '071 patent as originally filed; and entry of Claims 113-126. Subsequently, pursuant to 37 C.F.R. 1.633(i) and in response to a Motion filed by ARS, CGI filed Preliminary Motion 5, which sought addition of Claims 127-143 to the '390 application.

11. After an Oral Hearing on February 26, 2004 the Board rendered a "Decision on Preliminary Motions" on June 22, 2004, and issued a Final Judgment, to the effect that the patentable claims of ARS and CGI did not interfere-in-fact, on June 24, 2004. The Final Judgment was amended several times. It held in part that ARS was not entitled to Claims 1, 2, 5-7, 9-20, 22, 23, 25, 26, 32-39, 52-54, 56 and 57, and that CGI was not entitled to Claims 105, 110-112 and subsequently, Claims 107-109. The apparent basis for this judgment, leaving the remaining claims of ARS patentable, as well as Claim 106 of CGI, was that the lost claims were unpatentable over prior art. The Board held that the surviving claims, all originally designated as

-3-

corresponding to the Count, were not in interference-in-fact, relief neither party had requested, and terminated the interference on that ground. APJ Michael Tierney, who had been responsible for the conduct and interlocutory decisions in Interference 105,114 from its Declaration in March of 2003 until after the date was set for Oral Hearing, took no part in the Hearing, Decision or Final Judgment.

## CGI Preliminary Motion 2

12. CGI's Preliminary Motion 2 sought entry of judgment on the grounds that all claims of the '071 patent were unpatentable over prior art, including, *inter alia,* U.S. Patent 6,588,313 ('313 patent). With respect to the '313 patent, the Board correctly observed, in its Decision on Preliminary Motions "U.S. Patent 6,588,313 would be prior art under 35 U.S.C. §102(e), if Claims 1-58 of ARS's '071 patent are not entitled to benefit under 35 U.S.C. §120 of the December 22, 1989, filing date of its patent U.S. Application 07/454,783." Decision, Exhibit 1 hereto, page 38.

13. Accordingly, the Board concluded that it would "consider that the patentability of Claims 1-58 of ARS '071 patent...over, if necessary, Mouellic's U.S. Patent 6,588,313." Decision, p. 40.

14. With respect to the question of whether or not Claims 1-58 of the '071 patent were entitled to benefit under 35 U.S.C. §120, the Board correctly observed that ARS was not so entitled to benefit, and that ARS is entitled to no more than the December 21, 1990 filing date. This means that the '313 patent, according to the Board's reasoning, is prior art to the '071 patent.

15. The Board found that CGI had not demonstrated that certain claims of the '071 patent

-4-

were unpatentable over art other than the '313 patent (art that included the 280 Publication). The

Board *at no time considered the patentability of the claims of the '071 patent over the '313*

*patent,* notwithstanding its commitment at page 40 of the Decision to do so. As ARS offered no

patentable distinction of its claims over the '313 patent other than priority, the Board's failure

was clear error.

**280 Publication**

16.  One reference relied upon by CGI in its Preliminary Motion 2 was the 280

publication. The 280 publication was available to the public as of August 29, 1989, a little more

than two months in advance of the CGI effective filing date, and thus available as art under 35

U.S.C. §102(a) as to the CGI claims, unless CGI could establish a date of invention in advance of

August 29, 1989, To do so, CGI relied on the Declaration of Bert Rowland, and

contemporaneous documents supporting a date of invention no later than July 26, 1989.

17.  Although Rowland's testimony was not controverted by any testimony from any

source, and although the Board relies throughout its decision on Rowland's testimony to draw

conclusions with respect to the art, see, e.g., pp. 24-25 of Exhibit 1 hereto, the Board disregarded

Rowland's testimony, finding it not credible, and applying an inherency test to the documents

relied on clearly inappropriate, given the low burden of proof on the issue of preponderance of

the evidence. The Board erred in concluding that a preponderance of the evidence did not

demonstrate a date of invention by the '390 applicant, Arthur Skoultchi, in advance of August

29, 1989.

**CGI Preliminary Motions 4 and 5**

18.  CGI timely moved, through Preliminary Motions 4 and 5, to add Claims 113-147 to

-5-

its application. The Board treats those Motions exclusively at pages 135 and 136 of its Decision, where, without making any findings of fact or conclusions of law on which to base its conclusion, denies the two Motions with the bare assertion that "Genesys has not shown that the subject matter is patentable to Genesys as required by 37 C.F.R. § 1.637 (c)(ii). The Board's failure to support this denial with any findings whatsoever is itself legal error, and the conclusion is not sustainable on that basis.

19. In the absence of any findings or explanation, one must comb the Decision itself to find the reason. In 145 pages of Decision, the Board never discusses CGI Preliminary Motions 4 and 5, or more importantly, the claims thereof. One is left with the irresistible conclusion that the Board was relying on some unnamed prior art for its conclusion, since that is all the Decision discusses that would preclude patentability. This is clear error.

20. The requirement of 37 C.F.R. § 1.637 (c)(ii) to "show the patentability to the applicant of each claim proposed to be ...added and apply the terms of the claim proposed to be ...added to the disclosure of the application" has been interpreted **by the Board itself** to require only a showing that the claim has support in the application as originally filed in the form required by 35 U.S.C. §112, first paragraph, not that the claim is free of the prior art. The Board is not free to depart from this public notice of requirements, which were specifically noted, and satisfied, in CGI Preliminary Motions 4 and 5. The Board's decision in contravention of its own standard of proof was clear error.

### CGI Preliminary Motion 3

21. CGI Preliminary Motion 3 sought entry of judgment that Claims 1-58 of the '071 patent were unpatentable for lack of enabling disclosure, as required by 35 U.S.C. §112, first

paragraph. For reasons that are unclear, the Board, having found certain claims of both parties were unpatentable over prior art, dismissed those portions of CGI Preliminary Motion 3. Page 136. As to the remaining claims, it denied the Motion, on the erroneous reasoning that because - specific examples within the prior art cited were relied upon by CGI to show that claims, which the Board found were directed to a patentably distinct invention, were obvious to those of skill in the art, those same teachings would have enabled the entire scope of the claims of the '071 patent found patentable over that art. Decision, page 137. If the art was insufficient to render the invention of Claims 3, 4, 8, 21, 24, 27, 31, 40 - 51, 55 and 58 of the '071 obvious, it necessarily was insufficient to enable the same. This is legal error by the Board.

22. Even if the prior art relied on had been sufficient to teach a single embodiment within the scope of the ARS claims addressed in CGI Preliminary Motion 3, and considered by the Board, the Board's conclusion that the same art is necessarily enabling for the entire scope of those claims is unsupported by rationale or citation, and contrary to logic and the law. The Board's conclusion is in direct contravention of established law, and constitutes clear legal error.

## V. SUMMARY

23. CGI, assignee of the '390 application and a party dissatisfied with the result in Interference 105,114, seeks review and modification of the Decision and in particular the Final Judgment based on that decision. Specifically, CGI seeks reversal of the Board's decision denying CGI Preliminary Motions 4 and 5, the Decision denying CGI Preliminary Motion 2 as to Claims 3, 4, 8, 21, 24, 27, 31, 40-51, 55 and 58, and a Decision specifically finding those claims to be unpatentable over the '313 patent, Reversal of the Board's Denial of CGI Preliminary Motion 3, and a decision vacating the Board's finding of no-interference-in-fact.

## VI.    **PRAYER FOR RELIEF**

WHEREFOR, plaintiff CGI prays for a judgment:

A.  Reversing the Board's denial of CGI Preliminary Motion 2 as to Claims 3, 4, 8, 21, 24, 27, 31, 40-51, 55 and 58 of the '071 patent and finding those claims unpatentable over the '313 patent;

B.  Reversing the Board's finding that a preponderance of the evidence demonstrates that inventor Skoultchi did not invent the subject matter of the '390 patent prior to August 29, 1989 and reversing the finding based thereon that certain CGI claims, including Claims 107-109 are unpatentable to CGI over the 280 publication and secondary references;

C.  Reversing the Board's decision denying CGI's Preliminary Motions 4 and 5;

D.  Reversing the Board's decision denying CGI's Preliminary Motion 3;

E.  Vacating the Board's determination of no interference-in-fact.

F.  Awarding CGI its costs and attorneys fees in this action, and such other and further relief as this Court may deem appropriate.

-8-

Respectfully submitted,

PIPER RUDNICK, LLP

Date: _18th SBK 2004_

Steven B. Kelber
D.C. Bar No. 358515
Ping Wang
D.C. Bar No. 471951
Piper Rudnick, LLP
1200 19th Street, N.W.
Washington, D.C.  20036
Telephone: (202) 861-3900
Facsimile: (202) 223-2085

Attorneys for Plaintiff
Cell Genesys, Inc.

-9-

## CERTIFICATE OF SERVICE

I hereby certify that true copies of:

1.   COMPLAINT

2.   CERTIFICATE OF SERVICE

were served upon Counsel as follows:

Charles L. Gholz
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, Virginia 22314

via Federal Express, this 18th day of AUGUST, 2004

STEVEN B. KELBER

ATTORNEY DOCKET NO: 306229-21
INTERFERENCE 105,114 (District Court Action)

-10-

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

APPLIED RESEARCH SYSTEMS ARS  )
HOLDING, N.V.,                )
                              )
    Plaintiff,          )
                              )
v.                            )
                              )
CELL GENESYS, INC.,           )
                              )
    Defendant.          )
                              )

C.A. NO. **04  11810 MLW**

RECEIPT # _58089_
AMOUNT $ _150 00_
SUMMONS ISSUED _1_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _m.P._
DATE _8/19/04_

### COMPLAINT

Plaintiff Applied Research Systems ARS Holding N.V. (hereinafter "ARS"), for its

Complaint against defendant Cell Genesys, Inc. (hereinafter "Cell Genesys"), states as follows: JLA

MAGISTRATE JUDGE _____

### THE PARTIES

1.    ARS is a company organized and existing under the laws of the Netherlands

Antilles and having its principal place of business c/o ABN AMRO Trust Company (Curacao)

N.V., Pietermaai 15, P.O. Box 4905, Curacao, the Netherlands Antilles.

2.    On information and belief, Cell Genesys is a corporation organized and existing

under the laws of Delaware with its principal place of business at 500 Forbes Boulevard, South

San Francisco, California.

### JURISDICTION AND VENUE

3.    This Action arises under the patent laws of the United States, Title 35, United

States Code. This Court is vested with subject matter jurisdiction in this Action pursuant to 35

U.S.C. §146 and 28 U.S.C. §§1331 and 1338(a).

4.    On information and belief, Cell Genesys is subject to personal jurisdiction in this judicial district. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 and Fed. R. Civ. P. 4(k)(2).

## BACKGROUND

5.    This Action arises from the June 22, 2004 Decision on Preliminary Motions ("the Decision") of the U.S. Patent and Trademark Office Board of Patent Appeals and Interferences ("the Board") in Interference No. 105,114 ("the '114 Interference"). The subject matter of the '114 Interference was defined by Count I, which was directed to "a method according to claim 2 or claim 3" of ARS's U.S. Patent No. 5,272,071 ("the '071 Patent"), which names as inventor Scott C. Chappel. Claims 2 and 3 of the '071 Patent recite:

> 2. A method of modifying the expression characteristics of a predetermined gene within the genome of a cell line, comprising inserting a DNA construct into said genome by homologous recombination, said DNA construct comprising a DNA regulatory segment capable of modifying the expression characteristics of said gene when operatively linked thereto, as compared to its existing DNA regulatory segment, and a DNA targeting segment homologous to a region of said genome within or proximal to said gene, wherein said construct is inserted such that said regulatory segment is operatively linked to said gene of interest.

> 3. A method of modifying the expression characteristics of a predetermined gene within the genome of a cell line, comprising inserting a DNA construct into said genome by homologous recombination, said DNA construct comprising an expressible, amplifiable gene capable of amplifying said gene when inserted in sufficiently close proximity thereto, and a DNA targeting segment homologous to a region of said genome within or proximal to said gene, wherein said construct is inserted such that said amplifiable gene is in sufficiently close proximity to said gene of interest to cause amplification thereof when said amplifiable gene is amplified.

6.    Plaintiff ARS is the assignee and real-party-in-interest of the '071 Patent. Cell Genesys purports to be the assignee and real-party-in-interest for U.S. Patent Application No. 08/102,390 ("the '390 Application"), which was also at issue in the '114 Interference.

- 2 -

## DISSATISFACTION WITH THE DECISION

7.    Plaintiff ARS repeats and re-alleges the allegations contained in paragraphs 1-7 as if fully set forth herein.

8.    ARS is dissatisfied with the Decision and seeks reversal thereof insofar as the Board found that claims 1, 2, 5-7, 9-20, 22, 23, 25, 26, 32-39, 52-54, 56, and 57 of the '071 Patent are "unpatentable [sic: invalid]" over certain prior art, and insofar as the Board ruled against ARS on certain motions, claim construction issues, and evidentiary issues.

### PRAYER FOR RELIEF

Plaintiff ARS prays for a judgment ordering and decreeing, *inter alia*, that:

1.    Claims 1, 2, 5-7, 9-20, 22, 23, 25, 26, 32-39, 52-54, 56, and 57 of the '071 Patent are not invalid; and

2.    ARS be awarded such other relief in law and equity, including costs and attorneys' fees, as the Court may deem just under the circumstances.

Respectfully submitted,

NIXON PEABODY LLP

By:  _David A. Kelly_

Fred A. Kelly, Jr.
BBO No: 544046
100 Summer Street
Boston, MA 02110
Tel: 617-345-1000
Fax: 617-345-1300

Date:  August 19, 2004

MARSHALL, GERSTEIN & BORUN LLP
Michael F. Borun
Kevin M. Flowers, Ph.D.
6300 Sears Tower
233 S. Wacker Drive
Chicago, Illinois  60606-6357
Tel:  (312) 474-6300
Fax:  (312) 474-0448

- 3 -

BOS1410598.1

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
Charles L. Gholz
1940 Duke Street
Alexandria, Virginia  22314
Tel:  (703) 412-6485
Fax:  (703) 413-2220



# NIXON PEABODY LLP

### ATTORNEYS AT LAW

100 Summer Street
Boston, Massachusetts 02110-1832
(617) 345-1000
Fax: (617) 345-1300

Fred A. Kelly, Jr.
Direct Dial: (617) 345-1319
E-Mail: fkelly@nixonpeabody.com

August 19, 2004

**VIA HAND DELIVERY**

**04 11810 MLW**

Clerk, United States District Court
  For the District of Massachusetts
1 Courthouse Way - Suite 2300
Boston, MA 02210

     RE:   *Applied Research Systems ARS Holding, N.V. v. Cell Genesys, Inc.*

Dear Sir or Madam:

     In connection with the above-referenced matter, I enclose the following:

    1.  Complaint;

    2.  Civil Cover Sheet;

    3.  Check in the amount of $150.

     Kindly date stamp the enclosed copy of this letter and complaint and return it to the messenger.

     Thank you for your attention to this matter.

                 Very truly yours,

                 Fred A. Kelly, Jr.

FAK:vlb
Encls.

BOS1321988.1

ALBANY, NY • BOSTON, MA • BUFFALO, NY • GARDEN CITY, NY • HARTFORD, CT • MANCHESTER, NH • McLEAN, VA
NEW YORK, NY • ORANGE COUNTY, CA • PHILADELPHIA, PA • PROVIDENCE, RI • ROCHESTER, NY • SAN FRANCISCO, CA • WASHINGTON, DC

JS 44
(Rev 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Applied Research Systems ARS Holdings, N.V.

**DEFENDANTS**
Cell Genesys

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Fred A. Kelly, Jr, Esq.
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
(617)345-1000

Attorneys (If Known)

04  11810 MLW

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. NATURE OF SUIT**    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☒ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN**    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**    (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

35 U.S.C. § 146 – seeking reversal of a decision of the Board of Patent Appeals and Interferences

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES   X NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY
JUDGE _____
DOCKET NUMBER _____

DATE
08/19/04

SIGNATURE OF ATTORNEY OF RECORD
_Fred A. Kelly_

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG JUDGE _____

BOS1410609.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **Title of case (name of first party on each side only).** Applied Reserach Systems ARS Holding, N.V.

    v. Cell Genesys, Inc.

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).**

    [ ]   I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [xx]   II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     for patent, trademark or copyright cases

    [ ]   III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                  315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                  380, 385, 450, 891.

    04 11810 MLW

    [ ]   IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                  690, 810, 861-865, 870, 871, 875, 900.

    [ ]   V.     150, 152, 153.

3. **Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**

    YES [ ]    NO [xx]

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)**

    YES [ ]    NO [xx]

    **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**

    YES [ ]    NO [ ]

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**

    YES [ ]    NO [xx]

7. **Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**

    YES [ ]    NO [ ]

    A.    **If yes, in which division do all of the non-governmental parties reside?**

         Eastern Division [ ]     Central Division [ ]     Western Division [ ]

    B.    **If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?**

         Eastern Division [ ]     Central Division [ ]     Western Division [ ]

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)**

    YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   Fred A. Kelly, Jr.

ADDRESS   Nixon Peabody LLP, 100 Summer Street, Boston, MA 02110

TELEPHONE NO.   617-345-1000

(Coversheetlocal.wpd - 10/17/02)

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CELL GENESYS, INC., | ) | |
| | ) | |
|     Plaintiff/Counterdefendant, | ) | |
| | ) | C.A. NO. 04 CV 01407 JDB |
|     v. | ) | |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS | ) | |
| HOLDING, N.V., | ) | |
| | ) | |
|     Defendant/Counterclaimant. | ) | |

## DEFENDANT'S 28 U.S.C. § 1404(A) MOTION TO TRANSFER

**TABLE OF CONTENTS**

I.  Introduction ................................................................................................................ 1

II.  Statement of Facts ...................................................................................................... 2

    A.  The Parties ........................................................................................................... 2

    B.  The Nature of the Parties' Dispute ....................................................................... 3
        1.  The Nature of the Underlying Interference Proceeding ................................. 3
        2.  The Parties' Interfering Patent and Patent Application ................................. 4
        3.  The Subject Matter at Issue in the Interference ............................................ 5
        4.  The Preliminary Motions in the Interference ................................................ 5
        5.  The Witnesses in the Interference ................................................................. 6
        6.  The Board's Decision in the Interference ...................................................... 6

    C.  This Action ........................................................................................................... 7

    D.  The Boston Action ................................................................................................ 7

    E.  The Relationship Between CGI and TKT .............................................................. 8

    F.  The Procedural Status of the Actions .................................................................. 8

III.  Argument .................................................................................................................... 9

    A.  The Legal Standard for Transfer .......................................................................... 9

    B.  CGI Could Have Brought This Action in the District of Massachusetts ........................... 10

    C.  Application of the § 1404(a) Transfer Factors Favors Transfer ....................................... 14
        1.  CGI's choice of forum should be accorded little or no deference because there is no connection between this District and either the parties or their controversy ........................ 14
        2.  ARS's choice of forum favors transfer ....................................................... 16
        3.  Judicial economy favors transfer ................................................................. 17
        4.  Convenience of the parties and witnesses favors transfer ............................ 20
        5.  The familiarity of the Massachusetts court with the relevant law favors transfer ........ 21
        6.  The relative congestion of the calendars of the potential transferee and transferor courts slightly favors transfer ................................................................................. 21
        7.  Massachusett's interest in the subject matter favors transfer ....................... 22
        8.  Ease of access to proof does not weigh for or against transfer ..................... 23

IV.  Conclusion .................................................................................................................. 24

## TABLE OF AUTHORITIES

**Cases**

*A.I. Credit Corp. v. Barmack, Inc.*, 1993 Mass. App. Div. 92 (Mass. App. Div. 1993)............... 11

*Adv. Semiconductor Materials v. Applied Materials, Inc.* 1993 U.S. Dist. Lexis 20045 (D. Ariz. 1993) ...................................................................................................................................... 18

*Air Line Pilots Ass'n v. Eastern Air Lines*, 672 F. Supp. 525 (D. D.C. 1987)............................ 23

*Akro Corp. v. Luker*, 45 F.3d 1541 (Fed. Cir. 1995) .............................................................. 10, 12

*Applied Research Systems ARS Holding, N.V. v. Cell Genesys, Inc.*, D. Mass. Civil Action No. 04 11810 MLW (D. Mass. 2004)........................................................................................... 8, 24

*ARES-Serono, Inc., Serono Laboratories Inc., Applied Research Systems ARS Holding N.V., and Genzyme Corp. v. Organon Intern. B.V.*, 153 F.R.D. 4 (D. Mass. 1993) ...................................13

*Baird v. Calif. Faculty Ass'n*, 2000 U.S. Dist. Lexis 6145 (N.D. Cal. 2000) ............................... 20

*Biochem Pharma, Inc. v. Emory Univ.*, 148 F. Supp. 2d 11 (D. D.C. 2001).............................. 19

*Biogen Idec MA, Inc. v. Trs. Of Columbia Univ.* 2004 U.S. Dist. Lexis 16315 (D. Mass. 2004) 21

*Biogen, Inc. v. Schering AG, et al.*, 954 F. Supp. 391 (D. Mass. 1996) ....................................... 21

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)................................................................. 11

*Cambridge Filter Corp. v. Int'l Filter Co.*, 548 F. Supp. 1308 (D. Hawaii 1996) ...................... 20

*Celanese Corp. v. Federal Energy Admin.*, 410 F. Supp. 571 (D. D.C. 1985)............................. 17

*Coker v. Bank of America*, 984 F. Supp. 757 (S.D.N.Y. 1997) .................................................... 23

*Columbia Plaza Corp. v. Security Nat'l Bank*, 525 F.2d 620 (D.C. Cir. 1975)........................... 16

*Columbia Univ. Patent Litigation*, 2004 U.S. Dist. Lexis 16409 (D. Mass. 2004) ...................... 21

*Columbia Univ. Patent Litigation*, 2004 U.S. Dist. Lexis 16410 (D. Mass. 2004) ...................... 21

*Consol. Metal Products v. Am. Petroleum Inst.*, 569 F. Supp. 773 (D. D.C. 1983) ...................... 9

*Continental Airlines v. American Airlines*, 805 F. Supp. 1392 (S.D. Tex. 1992)......................... 23

*Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19 (1960)...................................................... 13

*Froessl v. Expervision*, 1994 U.S. Dist. Lexis 4791 (D. D.C. 1994) ................................ 15, 18, 19

*Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455 (Fed. Cir. 1997)......................... 11

*Harris v. Republic Airlines*, 699 F. Supp. 961 (D. D.C. 1988)...................................................... 20

*Hawksbill Sea Turtle v. FEMA*, 939 F. Supp. 1 (D. D.C. 1996)..................................................... 19

*Iran v. Boeing Co.*, 477 F. Supp. 142 (D. D.C. 1979) ................................................................... 17

*Islamic Republic of Iran v. Boeing Co.*, 477 F. Supp. 142 (D. D.C. 1979) ........................... 14, 15

*Lewis v. National Football League*, 813 F. Supp. 1 (D. D.C. 1992) ............................................ 16

*Martin-Trigona v. Meister*, 668 F. Supp. 1 (D. D.C. 1987)......................................................... 17

*Measurement Computing Corp. v. General Patent Corp. Int'l*, 304 F. Supp. 2d 176 (D. Mass. 2004) .................................................................................................................................... 11, 12

*Norwood v. Kirkpatrick*, 349 U.S. 29 (1955)................................................................................. 9

*Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144 (S.D.N.Y. 1995) ................... 16

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981)......................................................................... 14

*Princeton Electronics Prods., Inc. v. Bell Tele. Labs., Inc.*, 1979 U.S. Dist. Lexis 10042 (S.D.N.Y. 1979).......................................................................................................................... 21

*Professional Ass'n Travel Service v. Arrow Air, Inc.*, 597 F. Supp. 475 (D. D.C. 1984) ........... 17

*Reiffin v. Microsoft*, 104 F. Supp. 2d 48 (D. D.C. 2000).......................................................... 13, 15

*SEC v. Savoy Indus.*, 587 F. 2d 1149 (D.C. Cir. 1978).................................................................. 22

*Shapiro, Lifschitz & Schram v. Hazard*, 24 F. Supp. 2d 66 (D. D.C. 1998)................................. 21

*Silent Drive Inc. v. Strong Indus., Inc.*, 326 F. 3d 1194 (Fed. Cir. 2003)...................................... 11

*Smiths Indus. Med. Sys., Inc. v. Ballard Med. Prods., Inc.*, 728 F. Supp. 6 (D. D.C. 1989) ........ 18

ii

TABLE OF AUTHORITIES (cont.)

*Southern Utah Wilderness Alliance v. Gale Norton, 315 F. Supp. 2d 82 (D. D.C. 2004) ..................................................................................................... passim

Sweetheart Plastics v. Illinois Tool Works, 267 F. Supp. 938 (S.D.N.Y. 1967) .......................... 18

*Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Resources, Inc., 196 F. Supp. 2d 21 (D. D.C. 2002) ........................................................................................................... passim

Trout Unlimited v. United States Dep't of Agric., 944 F. Supp. 13 (D. D.C. 1996) ..................... 14

Upjohn Co. v. General Accident Ins. Co., 581 F. Supp. 432 (D. D.C. 1984) ............................... 20

Van Dusen v. Barrack, 376 U.S. 612 (1964) .................................................................................. 9

VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574 (Fed. Cir. 1990) .................... 10

Williams v. Purdue Pharma Co., 2004 U.S. Dist. Lexis 10395 (D. D.C. 2004) .......................... 19

Winner Int'l Royalty Corp. v. Wang, 202 F.3d 1340 (Fed. Cir. 2000) ...........................................1

Vaz Borralho v. Keydril Co., 696 F.2d 379 (5th Cir. 1983) .............................................................9

**Statutes**

28 U.S.C. § 1391(c), (d) ................................................................................................................ 11

28 U.S.C. § 1404(a) .............................................................................................................. 1, 2, 9

35 U.S.C. § 135 .............................................................................................................................. 1

35 U.S.C. § 146 ............................................................................................................. 3, 7, 15, 21

**Rules**

37 C.F.R. § 1.304(a)(1)(i) .............................................................................................................. 9

37 C.F.R. § 104 ............................................................................................................................. 16

iii

Pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses and in the interests of justice, defendant Applied Research Systems ARS Holding, N.V. ("ARS") moves to transfer this action to the United States District Court for the District of Massachusetts.

## I.    INTRODUCTION

ARS owns a patent, issued in 1993, which claims methods that allow scientists to produce recombinant proteins in cells without first having to insert the genes that encode those proteins into the cells. Cell Genesys, Inc. ("CGI") owns a pending patent application which claims those same methods. The U.S. Patent and Trademark Office ("PTO") declared an "interference" under 35 U.S.C. § 135 between ARS and CGI to determine whether the parties' respective claims were patentable, and if so, which party was the first to invent the claimed subject matter. After the preliminary motions phase of that interference, the PTO determined that thirty-four of the fifty-eight claims in ARS's patent and only one of the eight claims in CGI's pending patent application were patentable over the prior art. The PTO then terminated the interference.

On August 18, 2004, CGI filed suit against ARS in this District asking this Court to reverse the PTO's decisions that CGI's pending claims are not patentable and that ARS's issued claims are patentable. The next day, ARS filed suit against CGI in the District of Massachusetts, asking that court to reverse the PTO's decision that some of ARS's issued patent claims are not patentable.

Several days later, ARS amended its complaint against CGI in Massachusetts to include a count against Transkaryotic Therapies, Inc. ("TKT"), a Massachusetts biotechnology company that holds an exclusive license under CGI's pending patent application, for infringement of the claims of ARS's patent that the PTO found to be patentable.

1