SCANNED
DATE: 10-15-04

FILED
IN CLERKS OFFICE

2004 OCT 14 P 3: 29

U.S. DISTRICT COURT
DISTRICT OF MASS.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., ) ) ) Plaintiff, ) v. ) ) CELL GENESYS, INC. AND ) TRANSKARYOTIC THERAPIES, INC., ) ) Defendants. ) | C.A. NO. 04 11810 MLW<br><br>ORAL ARGUMENT REQUESTED |

### PLAINTIFF ARS'S MOTION FOR LEAVE TO TAKE JURISDICTIONAL DISCOVERY, AND FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTIONS TO DISMISS

Plaintiff Applied Research Systems ARS Holding, N.V. ("ARS") moves under Fed. R. Civ. P. 26(d) and Local Rule 37.1 for leave to take limited discovery relevant to Defendants' motions to dismiss. ARS also hereby moves for an extension of time to respond to Defendants' motions to dismiss. Both Defendants have agreed that if the Court denies the instant motion, ARS will have until seven (7) days after the entry of such denial to file its opposition(s) to Defendants' motions to dismiss.

Defendant Cell Genesys, Inc. ("CGI") has moved to dismiss Count I, which seeks review of a U.S. Patent and Trademark Office decision in an "interference" between ARS and CGI, for lack of personal jurisdiction, or in the alternative for severance and transfer to the District of Columbia. CGI contends, *inter alia*, that it lacks sufficient contacts with Massachusetts for this Court to assert *in personam* jurisdiction over it in this action.

Defendant Transkaryotic Therapies, Inc. ("TKT") has moved to dismiss Count II, which seeks a finding that TKT infringes the same patent that is at issue between ARS and CGI, for

misjoinder. TKT contends, *inter alia*, that the two Counts are not sufficiently related to support joinder.

As explained in ARS' *Memorandum in Support*, Defendants' motions to dismiss raise questions of fact that require discovery before ARS can fully respond.  For example, in support of its Motion, CGI produced a heavily redacted License Agreement between it and TKT. The Agreement shows that CGI likely had systematic and continuous contacts with Massachusetts in negotiating, executing, and performing under the License Agreement with TKT.  This same License Agreement also indicates that TKT likely had direct involvement with the interference that is the subject of Count I against CGI, and that TKT and CGI are obligated to cooperate in the action against TKT, thereby belying TKT's repeated assertions in its Motion that it had nothing to do with the interference and that the action against TKT has nothing to do with CGI. Moreover, there are questions of fact regarding the nature and extent of CGI's other contacts with Massachusetts, such as contracts with other Massachusetts companies, collaboration with Massachusetts physicians for carrying out clinical trials, and soliciting Massachusetts residents for investment and employment.

For these reasons, and as explained more fully in ARS' *Memorandum in Support*, ARS respectfully requests that this Court grant ARS leave to take limited discovery directed to these issues (via the discovery requests set forth in the *Memorandum in Support*), and grant ARS an extension of time to respond to the Defendants' Motions to Dismiss until seven (7) days after the completion of the requested discovery.

## REQUEST FOR ORAL ARGUMENT

ARS believes that oral argument will assist the Court to the extent that the Court may have questions concerning the relationship between the parties, and/or the extent of the jurisdictional discovery being sought by ARS.

Respectfully submitted,

Date: October 14, 2004

NIXON PEABODY LLP

By: *[signature]*
Fred A. Kelly, Jr.
BBO No. 544046
100 Summer Street
Boston, MA 02110
Tel: 617-345-1000
Fax: 617-345-1300

MARSHALL, GERSTEIN & BORUN LLP
Michael F. Borun
Kevin M. Flowers, Ph.D.
Matthew C. Nielsen
6300 Sears Tower
233 S. Wacker Drive
Chicago, Illinois 60606-6357
Tel: (312) 474-6300
Fax: (312) 474-0448

Attorneys for Plaintiff Applied Research Systems ARS Holding, N.V.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1(A)(2) AND 37.1(B)

The undersigned hereby certifies that the moving party made a reasonable and good-faith effort to reach agreement with Defendants concerning the discovery requested in this motion. Both Defendants indicated they would oppose the motion.

_____
An attorney for Plaintiff Applied Research Systems
ARS Holding, N.V

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of **PLAINTIFF ARS' MOTION FOR LEAVE TO TAKE JURISDICTIONAL DISCOVERY, AND FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTIONS TO DISMISS; MEMORANDUM IN SUPPORT; [PROPOSED] ORDER**; and all exhibits referenced therein have been served on October 14, 2004, via regular U.S. mail service, upon:

Michael D. Vhay, Esq.
PIPER RUDNICK, LLP
One International Place, 21st Floor
Boston, MA 02110-2600
Telephone: (617) 406-6000
Fax: (617) 406-6100

Steven B. Kelber, Esq.
PIPER RUDNICK, LLP
1200 19th Street, N.W.
Washington, D.C. 20036
Telephone: (202) 861-3900
Fax: (202) 223-2085

COUNSEL FOR DEFENDANT

CELL GENESYS, INC.

David B. Basset, Esq.
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: 617) 526-5000

COUNSEL FOR DEFENDANT

TRANSKARYOTIC THERAPIES, INC.

_____
On behalf of Plaintiff
Applied Research Systems ARS Holding N.V.

BOS1426418.2