UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) C.A. No. 04-11810 MLW |
| CELL GENESYS, INC., and TRANSKARYOTIC THERAPIES, INC. | ) ) ) ) |
| Defendants. | ) |

CELL GENESYS INC.'S OPPOSITION TO PLAINTIFF ARS'
MOTION FOR LEAVE TO TAKE JURISDICTIONAL DISCOVERY
(ORAL ARGUMENT REQUESTED)

Cell Genesys, Inc. (CGI), by and through counsel, respectfully opposes the Motion of Applied Research Systems ARS Holding N.V. (ARS) for leave to take jurisdictional discovery because ARS has not made the necessary threshold showing that this Court has personal jurisdiction over CGI. Further, the proposed discovery is contrary to the cost-effective administration of justice, unduly broad, burdensome, oppressive, and not likely to lead to admissible evidence. CGI nevertheless believes that this Court should not rule on ARS' Motion for Jurisdictional Discovery until <u>after</u> the Court rules on the pending motion of co-defendant Transkaryotic Therapies, Inc. ("TKT") to dismiss or sever ARS' claims against TKT from those that ARS has brought against CGI.

INTRODUCTION.

CGI has moved to dismiss the present suit for lack of personal jurisdiction. A previously

1

filed companion suit (the DC suit) is pending in the United States District Court for the District of Columbia (the DC Court). The DC Court denied ARS' Motion to Transfer that suit to this Court. (See Opinion of January 18, 2005, a copy of which was supplied by ARS to the Court by letter of January 21, 2005, and a copy of which is attached as <u>Exhibit A</u> for the convenience of the Court.) The DC Court suggested that it would be willing to revisit ARS' Motion to Transfer after any decision by this Court on CGI's challenge to personal jurisdiction.

To put CGI's opposition to ARS' Motion for Jurisdictional Discovery in context, it is submitted that it would be helpful to explain first the nature of the present suit and the DC suit.

THE NATURE OF THE TWO LAWSUITS.

The DC suit is fundamentally appellate in nature: it is an appeal from a decision by the United States Patent and Trademark Office (USPTO) arising out of an interference proceeding. It is a dispute <u>only</u> between ARS and CGI, both of whom were dissatisfied with the USPTO decision. (See Exhibit A at page 2, explaining that both CGI and ARS seek to reverse part or all of the USPTO decision.) An interference is an administrative proceeding to determine if two different entities are attempting to patent the "same patentable" invention and, if so, which of those entities was the first to invent that "same patentable" invention. <u>Noelle v. Lederman</u>, 355 F.3d 1343, 1350 (Fed. Cir. 2004); 35 U.S.C. § 135 (a). The DC Court has subject-matter jurisdiction over such actions pursuant to 35 U.S.C. § 146.

This suit is different. Count I is brought <u>only</u> against CGI, with ARS seeking <u>only</u> the same relief sought by ARS in its counterclaim in the DC suit. Count II is <u>only</u> against TKT, with ARS embarking on a typical patent infringement claim, with all the attendant discovery and trial of a patent infringement suit. TKT was not a party to the interference proceeding before the

2

USPTO and has no right to participate in Count I in this suit.  TKT is not a party to the DC suit.

TKT has moved to dismiss this suit (or sever Count II) on the basis of misjoinder under Fed. R.

Civ. P. 21.  Whether TKT's motion is granted or denied, and if denied, whether Count II is

severed and stayed or not, TKT still has no right to participate in Count I.[1]


ARS HAS NOT MADE A THRESHOLD SHOWING OF THIS COURT'S PERSONAL JURISDICTION OVER CGI.

ARS' First Amended Complaint (Paragraph 5) alleges "on information and belief" that

CGI is subject to personal jurisdiction in this judicial district.  CGI's Memorandum in Support of

its Motion to Dismiss for Lack of Personal Jurisdiction explains in great detail the absence of

personal jurisdiction by this Court, by analyzing the cause of action against it and the

requirements of both the Massachusetts long-arm statute and the Due Process Clause.

In its motion for leave to take jurisdictional discovery, ARS does not identify any

provision of the Massachusetts long-arm statute upon which personal jurisdiction could possibly

be predicated.  The Massachusetts long-arm statute provides no basis for jurisdiction over CGI

for an appeal of a USPTO decision.  M.G.L. c.223A § 3 provides that:

> A court may exercise personal jurisdiction over a person . . . as to any cause of action in law or equity arising from the person's
>
> (a)    transacting any business in this commonwealth;
> (b)    contracting to supply services or things in this commonwealth;
> (c)    causing tortious injury by an act or omission in this commonwealth;

---

[1] It can not realistically be controverted by ARS that Count II for patent infringement, which is brought solely against TKT, was merely a bootstrap strategy to have the suit proceed in Massachusetts.  First, ARS did not include Count II when it initially filed the Massachusetts suit.  Second, ARS made no attempt to add Count II to the DC suit.  Third, ARS has to recognize that Count II, even if legally "proper" is, as a practical matter, premature since one resolution of Count I would be that ARS no longer has a patent.

(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this commonwealth;
(e) having an interest in, using or possessing real property in this commonwealth; [or]
(f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting ...[2] (emphasis added)

None of the foregoing applies to a statutory appeal of a USPTO decision. None of the foregoing is alleged by ARS to apply to a statutory appeal of a USPTO decision, and ARS has not enumerated any other basis under Massachusetts or federal law for jurisdiction in this district.

ARS must prove both prongs of a two-prong test: that jurisdiction is proper under the Massachusetts long-arm statute (the first prong) and that the exercise of such jurisdiction would not run afoul of due process (the second prong). See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Satisfying due process is not enough: this Court must decline jurisdiction if ARS is unable to meet any of the long-arm statute's prerequisites. See Morrill v. Tong, 390 Mass. 120, 129, 453 N.E. 2d 1221, 1227 (1983).

ARS' entire argument for jurisdictional discovery is that there is a "persistent course of conduct" by CGI which is sufficient to meet the due process requirement, and that further discovery will establish even more conduct. But the ARS argument (and proposed discovery) begs the question: which provision of the long-arm statute applies to ARS' appeal of the USPTO's decision in the CGI/ARS interference proceeding?

The present suit should be contrasted with the recent decision Commissariat A L'Energie

---

[2] Subsections 3(g) and 3(h) pertain to family-law matters and are irrelevant here.

Atomique v. Chi Mei Optoelectronics Corporation, 2005 U.S. App. LEXIS 1076 (Fed. Cir. Jan. 19, 2005) (CEA), where the Delaware long-arm statute (whose language is virtually identical to that of the Massachusetts long-arm statute) was interpreted in the context of a patent infringement claim. The Delaware long arm statute, provides, in pertinent part:

> As to a cause of action brought by any person <u>arising from any of the acts enumerated in this section</u>, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:
>
> (1) Transacts any business or performs any character of work or service in the State; [comparable to §§ 3(a)-(b) of the Massachusetts statute]
>
> . . .
>
> (3) Causes tortious injury in the State by an act or omission in this State; [comparable to § 3(c) of the Massachusetts statute]
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State….. [comparable to § 3(d) of the Massachusetts statute]

Del. Code Ann. tit. 10, §§ 3104(c)(1), (c)(3) and (c)(4) (2003) (brackets and emphases added).

In CEA, the district court denied jurisdictional discovery and dismissed the suit for lack of personal jurisdiction, this despite the plaintiff's argument that (1) the defendant's sales of allegedly infringing products in Delaware were deliberate (thereby meeting subsection 4 of Delaware's statute); and (2) with discovery, the plaintiff could prove that jurisdiction over the defendant could satisfy due process under a "stream of commerce" theory. The Federal Circuit held that it was an abuse of discretion under Third Circuit law to deny the request for jurisdictional discovery <u>because the plaintiff made the threshold showing</u> of the "requisite contacts" under subsection 4 of the long-arm statute, and thus was entitled to discovery on various alternate theories of constitutional minimum contacts.

5

CEA differs significantly from the present suit. There, the plaintiff identified the section of the long-arm statute upon which it relied, demonstrated the tortious injury, demonstrated some of the "requisite contacts," and sought additional discovery on the scope of those "contacts." Here, ARS has not alleged that the cause of action "arises from" any activity of CGI in this Commonwealth (nor could it, because the cause of action is a statutory appeal of a USPTO decision), has not identified any subsection of the Massachusetts long-arm statute, has not alleged any tortious injury, and seeks discovery only to establish the "persistent course of conduct." The First Circuit has held that, under such circumstances, jurisdictional discovery properly may be denied. See United States v. Swiss American Bank, 274 F.3d 610, 625-27 (1st Cir. 2001) (upholding denial of jurisdictional discovery where the government had not shown it could establish all three elements of personal jurisdiction under Puerto Rico law). It is absurd to permit discovery on the "persistent course of conduct" prong of the jurisdiction test without requiring ARS to make an appropriate threshold showing of jurisdiction under the long-arm statute. As noted above, even if the due process requirements for exercising jurisdiction are met, this Court must decline jurisdiction if ARS is unable to satisfy the long-arm statute's prerequisites. See Morrill v. Tong, supra. For this reason, jurisdictional discovery should be denied.

JURISDICTIONAL DISCOVERY IS UNNECESSARY AND UNWARRANTED.

Jurisdictional discovery is unnecessary and unwarranted for three additional reasons.

1.   No Harm in Denying Discovery Because Jurisdiction Exists in Another Forum.

The DC Court denied ARS' motion to transfer the DC suit to this Court. There is no

need to take discovery on whether this Court has personal jurisdiction over CGI because the dispute between ARS and CGI can (and should) proceed in the DC Court. It is a waste of time and money for ARS to pursue the personal jurisdiction inquiry here since there is a forum (the DC Court) where personal and subject matter jurisdiction already exist. There is no substantial prejudice to ARS if discovery is denied, since its claims can proceed in DC. A district court has discretion to deny discovery where the moving party will suffer no substantial prejudice from the denial. See Swiss American Bank, supra, at 626, quoting Crocker v. Hilton Int'l Barb., Ltd., 976 F.2d 797, 801 (1st Cir. 1992). There can be no substantial prejudice to ARS here, because the DC Court has already determined that DC is a proper forum for ARS and CGI to resolve their dispute.

      2.      Discovery is Unwarranted Because Personal Jurisdiction Over CGI Does Not Guarantee Transfer of the DC Suit Nor Solve the Problem of Two Suits.

The DC Court stated it would revisit ARS' Motion to Transfer the DC suit to this Court, if requested by ARS after this Court decides CGI's challenge to personal jurisdiction. The DC Court indicated only that its decision on transfer "could change," not that its decision would change. (See Opinion, Exhibit A, at 1 (emphasis added)) Thus, even if this Court decides that CGI is subject to personal jurisdiction here, there is no assurance that the DC suit would be transferred to this Court. In the absence of such an assured transfer, there is no reason for this Court to proceed to the merits of Count I, and thus no reason to order jurisdictional discovery. While discovery on personal jurisdiction might be warranted if the DC Court had indicated that it would transfer the DC suit if CGI is subject to personal jurisdiction here, the DC Court did not go that far, saying only that it would revisit the issue if requested. Significantly, the DC Court declined to transfer the DC suit now, even though it could have done so, and said that

7

proceedings in DC will resume.[3]

Nothing is to be gained by ARS' pursuit of personal jurisdiction here except the speculative hope, if this Court finds personal jurisdiction over CGI, that the DC Court might change its mind and transfer the DC suit. This Court should neither order nor condone expensive, time-consuming discovery on an issue where the outcome is so speculative.

    3.      Discovery Should be Denied in the Interests of Judicial Economy.

The pragmatic solution to the problem posed by having two suits (one here, one in DC) is not further discovery into personal jurisdiction issues, but rather a ruling on TKT's Motion to Dismiss for Improper Joinder under Fed. R. Civ. P. 21 (or to sever Count II). The DC Court's rationale for suggesting it could revisit ARS' transfer motion is the possibility that ARS' claims against CGI would proceed here at the same time as ARS' claims against TKT. TKT's Motion to Dismiss, if granted, would sever that connection – thereby eliminating ARS' remaining chance of transferring the DC suit here.

No jurisdictional discovery is needed for this Court to decide TKT's Motion. Even if TKT's Motion is denied, consideration should be given to severing and staying Count II, pending a determination of ARS' rights in Count I (TKT has no right to participate in Count I under any circumstances). CGI submits that it would be in the interests of judicial economy for any court faced with this situation to resolve first the dispute between ARS and CGI, e.g., who, if either, is entitled to a patent. Then, and only then, would it be judicially economical for a court to proceed with the dispute between ARS and TKT (a conventional patent infringement suit) <u>if it is not</u>

---

[3] Specifically, the DC Court indicated that it could, but would not, transfer the DC suit to this Court at the present time (Exhibit A, Opinion, pages 12, 13). This does not support ARS' speculation that the DC suit <u>will</u> be transferred to this Court if personal jurisdiction over CGI exists in Massachusetts.

mooted by the resolution of the ARS/CGI dispute.

If TKT's Motion to Dismiss is granted (or if proceedings on Count II are stayed), then the DC suit (and Count I of this suit) would be identical, and the entire rationale advanced by the DC Court for being willing to revisit the ARS Motion to Transfer would no longer exist. If this Court agrees that this is a cost-effective, administratively preferable, pragmatic solution, then there is no reason why Count I cannot proceed in the DC Court. As a consequence, no wasteful, time-consuming, and expensive jurisdictional discovery would be needed at all.

Therefore, CGI respectfully suggests that in the interests of cost-effective administration of justice, further proceedings on CGI's jurisdictional challenge and ARS' Motion for Jurisdictional Discovery should be deferred pending a determination by this Court of TKT's Motion to Dismiss.

THE JURISDICTIONAL DISCOVERY SOUGHT BY ARS IS NOT PROPERLY LIMITED.

Should this Court be inclined to rule on ARS' Motion for Jurisdictional Discovery, CGI respectfully points out that the discovery as proposed is unduly broad, open-ended and not properly limited.

As noted in CEA, Federal Circuit law governs determination of personal jurisdiction in the "substance of enforcement of the patent right," citing Beverly Hills Fan Co. v. Royal Fan Corp., 21 F.3d 1558, 1564 (Fed. Cir. 1994). But the instant suit as against CGI is not for enforcement of a patent right, i.e., a patent infringement action. (Cf., Count II against TKT, which is for such enforcement.) Massachusetts law provides the governing jurisdictional test, but as will be seen, whether Federal Circuit or Massachusetts law applies, the result of CGI's

9

challenge to the scope of proposed discovery is the same.

If Massachusetts law applies, even proof of minimum contacts sufficient to meet due process requirements will not confer personal jurisdiction over CGI because the cause of action does not arise from CGI's conduct in Massachusetts.  See Morrill v. Tong, supra.  If Federal Circuit law applies, ARS still has to demonstrate personal jurisdiction based on a specific section of the Massachusetts long-arm statute.  See Graphic Controls Corp. v, Utah Med. Prods. Inc., 149 F.3d 1382, 1386-88 (Fed. Cir. 1998).  As can be seen from the relevant provisions of the long-arm statute quoted above, the proper scope of discovery depends on the prong of the long-arm statute upon which ARS is relying as a predicate for personal jurisdiction.  Thus, discovery appropriate to test, for example, § 3(a) of the statute (jurisdiction "arising from a person's transacting any business in this commonwealth") may be quite different from discovery appropriate to test jurisdiction pursuant to § 3(e) of the statute (jurisdiction arising from the person's "having an interest in, using or possessing real property in this commonwealth").  Discovery into the business conducted by CGI in Massachusetts in 2004 (none) will require a very different type of discovery than that necessary to establish CGI's ownership, use or possession of real property in Massachusetts (although it will result in the same answer: none).

At a minimum, if jurisdictional discovery is to proceed at all – and CGI submits it should not – it should be focused on the specific provisions of the long-arm statute that ARS suggests bring CGI within this Court's jurisdiction, and not the unfocused and burdensome exploration into every undertaking by CGI, its employees and agents committed anywhere at any time.  Thus, in advance of any jurisdictional discovery, ARS should be required to represent to the Court which section of the Massachusetts long-arm statute applies, i.e., how its appeal from the USPTO decision "arises" from the activities listed in the long-arm statute, and how ARS'

10

~BOST1:317327.v1

discovery requests are relevant to those listed activities. Otherwise, ARS' requested discovery is nothing more than an expensive academic exercise that will only delay a decision on ARS' fatally defective theory of personal jurisdiction.

The proposed discovery is objectionable on yet another basis. Whether CGI is subject to personal jurisdiction in Massachusetts is tested as of the date ARS filed its original Complaint against CGI, namely, August 2004. See <u>VE Holding Corp. v. Johnson Gas Appliance Co.</u>, 917 F.2d 1574, 1578 (Fed. Cir. 1990), <u>cert. denied</u>, 499 U.S. 922 (1991). It does not matter if CGI is <u>presently</u> subject to personal jurisdiction, nor does it matter if CGI would have been subject to personal jurisdiction in 2003, 2002, 2001, etc. However, there is no temporal limitation on the scope of discovery that ARS seeks. To the extent that this Court exercises its discretion and allows ARS discovery on the persistent course of conduct/due process prong of jurisdiction, how is any such conduct by CGI in the period 1988 through 2003 relevant? If such conduct ended before 2004, it is not relevant. If such conduct continued into 2004, then proof prior to that time would be merely cumulative. Accordingly, if this Court is to approve the discovery requests of ARS, a temporal limitation, e.g., the twelve months preceding the filing of the Complaint, should be imposed on that discovery.

The absence of a temporal limitation, however, is not the only CGI objection to the proposed discovery. Not satisfied with document requests and interrogatories that cover a 17-year (1988 -2005) interval, ARS seeks <u>carte blanche</u> (ARS Memorandum, page 5) to take several depositions if ARS decides, in its sole discretion, that such depositions are necessary. CGI objects to such wide discovery and suggests that the issue of depositions, at best, be deferred.

CONCLUSION.

For each of the foregoing reasons, this Court should defer action on ARS' Motion for Jurisdictional Discovery until it has ruled on TKT's Motion to Dismiss. If this Court decides to proceed to ARS' Motion for Jurisdictional Discovery, that motion should be denied or, if granted, discovery should be limited to document requests and interrogatories pertaining to CGI's specific activities in Massachusetts, during the year preceding the filing of ARS' suit, that ARS represents give rise to personal jurisdiction over CGI under the Massachusetts long-arm statute.

Respectfully submitted,

CELL GENESYS, INC.,

By its attorney,

\_/s/ Michael D. Vhay_____
Michael D. Vhay (BBO #566444)
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
Boston, MA 02110-2600
(617) 406-6000 (telephone)
(617) 406-6100 (fax)

Dated: January 25, 2005

REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D) of this Court, Cell Genesys, Inc. requests oral argument on ARS' Motion for Jurisdictional Discovery.

12

~BOST1:317327.v1