IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 04-11810-MLW |
| v. | ) ) ) | |
| CELL GENESYS, INC. and TRANSKARYOTIC THERAPIES, INC., | ) ) ) ) | |
| Defendants. | ) | |

**LOCAL CIVIL RULE 16.1(D) JOINT STATEMENT OF THE PARTIES**

Pursuant to Local Civil Rule 16.1(D), the parties jointly submit the following statement setting out their joint proposal for a pretrial schedule and discovery limits in this case and a proposed agenda for the scheduling conference on August 29, 2005 at 3:00 p.m.

A proposed Scheduling Order is attached hereto as Exhibit 1.  The parties will submit certifications signed by counsel and authorized representatives of each party pursuant to Local Civil Rule 16.1(D)(3) on or before the date of the scheduling conference.

**I.   CASE STATUS**

This is an action by ARS.  In Count I, ARS is asking this Court to reverse certain aspects of a decision by the U.S. Patent & Trademark Office Board of Patent Appeals and Interferences in an interference involving a patent owned by ARS ("the '071 patent") and a patent application owned by Cell Genesys, Inc. ("CGI") ("the '390 application"). In Count II, ARS seeks to enforce the '071 patent against Transkaryotic Therapies, Inc. ("TKT").

Currently pending before this Court are:

(a) CGI's motion to dismiss for lack of personal jurisdiction, or to transfer venue (ARS has not yet filed its opposition to this motion, pursuant to this Court's Order of Nov. 1, 2004, and in view of ARS's pending motion for jurisdictional discovery);

(b) ARS's motion for leave to take jurisdictional discovery regarding CGI's contacts with Massachusetts and relationship with TKT (this motion is fully briefed); and

(c) TKT's motion to dismiss based on improper joinder (this motion is fully briefed).

There is also an action by CGI against ARS currently pending in the United States District Court for the District of Columbia in which CGI is asking that court to reverse certain aspects of the same interference decision that is the subject of Count I in this case. ARS filed a motion to transfer that action to this Court. U.S. District Judge John D. Bates denied that motion without prejudice for ARS to renew the request to transfer if this Court denies CGI's pending motion to dismiss.

## II.    PROPOSED AGENDA FOR THE SCHEDULING CONFERENCE

The matters the parties wish to discuss at the scheduling conference include:

(a)    CGI's motion to dismiss or transfer Count I;

(b)    ARS's motion for leave to take jurisdictional discovery;

(c)    TKT's motion to dismiss;

(d)    the parties' proposed pretrial schedules for this case; and

(e)    TKT and CGI seek to discuss whether a stay of Count II is appropriate.

## III.    THE PARTIES' PROPOSED PRETRIAL SCHEDULE FOR THIS CASE

The parties' proposal for a pretrial schedule pursuant to L. Civ. R. 16.1(D)(1) and this Court's Order of July 29, 2005 is set out in the table below.

### A.     ARS's position on the proposed schedule

Solely for purpose of simplifying the schedule being presented herein, the proposed schedule for Count I against CGI extends by ten months the deadlines already in place in the pending *CGI v. ARS* action in the District of Columbia (ARS and CGI have already informally agreed to extend the discovery and dispositive motions deadlines in that action). The deadlines for those yet-to-be-completed discovery events and dispositive motion submissions vis-à-vis CGI are the same as those vis-à-vis TKT.

The proposed schedule for Count II against TKT addresses the same discovery events as does the schedule for Count I, but sets out additional deadlines for completion of early events that have already been completed by ARS and CGI in the pending *CGI v. ARS* action in the District of Columbia.

Although the current schedule in the *CGI v. ARS* action in the District of Columbia does not set a formal schedule for *Markman* claim-construction proceedings (instead allowing the parties to file their opening *Markman* briefs at any time), the proposed schedule below includes such dates for both Counts I and II so that this Court will only have to deal with such motions once, not twice.

ARS joins in proposing the attached schedule vis-à-vis CGI for this case alone. Should the Court grant CGI's motion to dismiss or transfer Count I, ARS's position is that the existing pretrial schedule in the *CGI v. ARS* action in the District of Columbia should remain in place.

### B.     ARS's Position on a Stay

ARS's position is that a stay is unwarranted in this case. If this Court grants ARS's motion for jurisdictional discovery vis-à-vis CGI, ARS proposes that full fact discovery relating to Count II against TKT should begin immediately and take place while ARS is taking

3

jurisdictional discovery from CGI. The '071 patent issued in 1993, and the claims of the '071 patent which ARS is asserting against TKT have now been found patentable twice by the Patent Office. ARS has already been forced to wait many years to enforce those claims against TKT's infringing activities while CGI challenged those claims in the Patent Office. ARS believes that its infringement action against TKT should proceed irrespective of any limitations on discovery vis-à-vis CGI, and that ARS should not have to wait even longer while CGI tries to overturn the decision of the Patent Office. Should defendants later move to stay, ARS intends to file an opposition fully setting forth its authorities and reasons to deny such a motion.

### C. CGI and TKT's Position on a Stay

Defendants submit that discovery on the merits of ARS's claims should be stayed at least pending resolution of the motions. Indeed, ARS itself has raised the point that threshold discovery is needed to establish a basis for jurisdiction over CGI. Resolution of that issue—as well as the motions to dismiss—should precede full discovery in the case.

TKT further submits that even if all of the motions are denied, the infringement case against TKT should be stayed pending final resolution of the interference between ARS and Cell Genesys. TKT submits that it is inefficient and unfair to permit ARS to assert a patent against TKT that may not survive the interference.

After discussing the issue with the Court on August 29th, and as appropriate, Defendants intend to formally move for a stay.

Defendants view the proposed schedule as realistic only if there are no stays. The fact that Defendants submit a proposed schedule below should not be construed as implying that the case should not be stayed.

**D.     Parties' Proposed Schedule**

   **1.     Phased Discovery**

ARS submits that if the Court grants ARS's motion for leave to take jurisdictional discovery from CGI, fact discovery should begin immediately for Count II against TKT. Defendants submit that if the Court grants ARS's motion to take jurisdictional discovery, such discovery should occur first, and all other discovery should be stayed.

   **2.     Parties' Proposed Schedule**

| Event | Proposed Schedule for Count I | Proposed Schedule for Count II |
|---|---|---|
| **Jurisdictional discovery** <br> **(if Court grants ARS's motion for leave to take vis-à-vis CGI)** | | |
| Completion of jurisdictional discovery | Oct. 28, 2005 | None requested for Count II |
| **Fact Discovery** | | |
| Exchange of initial disclosures under Fed. R. Civ. P. 26(a)(1) | Completed. | Sept. 1, 2005 |
| Motions to amend pleadings and join additional parties | Completed | Dec. 16, 2005 |
| Notice of reliance on advice of counsel as a defense to willful infringement, production of opinions of counsel, and production of all related materials | Not an issue for Count I | 45 days after claim construction ruling. If the date of notice and production is less than 45 days prior to the close of fact discovery, ARS will have 45 days to take discovery limited to the issue of willful infringement. |
| Completion of fact discovery | July 7, 2006 | |
| **Claim Construction (*Markman*) Proceedings** | | |
| Submission of joint claim construction chart | Jan. 27, 2006 | |
| *Markman* briefs | Opening: Feb. 24, 2006 <br> Response: March 24, 2006 | |

5

| Event | Proposed Schedule for Count I | Proposed Schedule for Count II |
|---|---|---|
| *Markman* hearing | April 14, 2006 ||
| **Expert Discovery** |||
| Expert reports on which the propounding party bears the burden of proof | July 28, 2006 ||
| Rebuttal expert reports | August 25, 2006 ||
| Completion of expert discovery | Sept. 29, 2006 ||
| **Dispositive Motions** |||
| Summary judgment briefing | Opening: Oct. 27, 2006  Response: Nov. 24, 2006  Reply: Dec. 8, 2006 ||
| Summary judgment hearing | Jan. 12, 2007 or at the Court's discretion ||
| **Trial Phase** |||
| Motions in limine | Opening: Jan. 26, 2007  Response: Feb. 2, 2007  Reply: Feb. 9, 2006 ||
| Submission of joint proposed pretrial order | March 9, 2007 ||
| Final pretrial conference | April 6, 2007 ||

IV.   **PARTIES' PROPOSED LIMITS ON DISCOVERY**

| Discovery | Proposed Limit |
|---|---|
| Depositions per party on an opposing party | 10 per party on an opposing party (not including experts; 14 hours of a 30(b)(6) deposition counts as one deposition) |
| Interrogatories per party on an opposing party | 25 |
| Requests for admissions per party on an opposing party | 25, not including those directed to authentication of documents or things (in accordance with L. Civ. R. 26.1(c)) |
| Requests for production of documents and things per party on an opposing party | 2 separate sets (in accordance with L. Civ. R. 26.1(c)) |

6

V.  **PARTIES' POSITIONS ON TRIAL BY MAGISTRATE JUDGE**

The parties do not consent to trial by a magistrate judge.

VI.  **CERTIFICATIONS PURSUANT TO L. CIV. R. 16.1(D)(3)**

Pursuant to Local Civil Rule 16.1(D)(3), the parties will submit on or before the date of the scheduling conference certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred: (a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Civil Rule 16.4.  The parties do not think the case could benefit from the use of the Court's suggested alternative dispute resolution procedures, or some other form of alternative dispute resolution, at this time.

US1DOCS 5259125v1

Respectfully submitted,

Dated: August 24, 2005_____          Dated: August 24, 2005_____

By: /s/ Fred A. Kelly, Jr._____     By: /s/ Michael D. Vhay_____

Fred A. Kelly, Jr. (BBO # 544046)              Michael D. Vhay (BBO # 566444)
NIXON PEABODY LLP                              DLA PIPER RUDNICK GRAY CARY US
100 Summer Street                              LLP
Boston, MA 02110                               One International Place
Tel: 617-345-1000                              Boston, MA 02110
Fax: 617-345-1300                              (617) 406-6000

Kevin M. Flowers, Ph.D., Esq.                  COUNSEL FOR DEFENDANT
Matthew C. Nielsen                             CELL GENESYS, INC.
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 S. Wacker Drive                            Dated: August 24, 2005_____
Chicago, IL  60606-6357
Tel:  (312) 474-6300
Fax:  (312) 474-0448                           By: /s/ Stephen M. Muller_____

COUNSEL FOR PLAINTIFF APPLIED                  David B. Basset
RESEARCH SYSTEMS ARS HOLDING,                  Stephen M. Muller
N.V.                                           WILMER CUTLER PICKERING
                                               HALE AND DORR LLP
                                               60 State Street
                                               Boston, MA 02109
                                               Tel: (617) 526-6000
                                               Fax: 617) 526-5000

                                               COUNSEL FOR DEFENDANT
                                               TRANSKARYOTIC THERAPIES, INC.

US1DOCS 5259125v1