**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) ) | |
| Plaintiff, | ) | C.A. NO. 04 11810 MLW |
| v. | ) ) | |
| CELL GENESYS, INC. AND TRANSKARYOTIC THERAPIES, INC., | ) ) ) | |
| Defendants. | ) | |

**ARS'S SUR-REPLY TO CGI'S
MOTION TO DISMISS OR TRANSFER**

ARS respectfully submits the following sur-reply to correct the misstatements in Defendant Cell Genesys Inc.'s Reply Memorandum in Further Support of Its Motion to Dismiss ("CGI Reply Br.") regarding (i) the availability of G.L. c. 223, § 38 as a basis for exercising general personal jurisdiction over out-of-state defendants, and (ii) the status of the pending *Cell Genesys, Inc. v. Applied Research Systems ARS Holding, N.V.* action in the District of Columbia ("the D.C. action").

### A.  Personal jurisdiction under § 38 is independent of the Massachusetts long-arm statute.

CGI is wrong when it says "Section 38 is not independent of the long-arm statute in Section 3, and any exercise of *in personam* jurisdiction by this Court must . . . satisfy the Massachusetts long-arm statute . . . ." (CGI Reply Br., p. 2.) To the contrary, the same cases CGI cites in its reply brief confirm that § 38 provides an independent basis for personal jurisdiction, and does not depend on the long-arm statute.

For example, in *Buckeye Associates v. Fila* (which CGI cites at pages 4-5 of its brief), Chief Judge Young held that "Section 38 of Mass.Gen.Laws ch. 223 has not been supplanted by the long arm statute and therefore *remains an independently viable basis for asserting jurisdiction over a foreign corporation.*" *Buckeye Associates, Ltd. v. Fila Sports, Inc.*, 616 F. Supp. 1484, 1491 n.9 (D. Mass. 1985) (emphasis added). Likewise, in *Campbell v. Frontier Fishing & Hunting, Ltd.*, 405 N.E.2d 989, 990 (Mass. App. 1980), the appellate court reversed the lower court's dismissal based on a conflation of those two statutes, and expressly held "Section 38 is independently viable and has not been supplanted by G.L. c. 223A [the long-arm statute]." These cases, as well as those ARS cited in its opposition brief, confirm that § 38 does not depend on the long-arm statute; it provides an independent basis for personal jurisdiction over non-resident defendants in Massachusetts.

The only cases CGI specifically cites in support of its proposed interpretation of § 38 also confirm that it provides an independent basis for jurisdiction. According to CGI, in *Howse v. Zimmer Mfg. Co.*, 757 F.2d 448 (1st Cir. 1985), the court "appl[ied] Section 38 in conjunction with the Massachusetts long-arm statute." (CGI Reply Br., p. 5.) The *Howse* court did no such thing. Instead, it acknowledged that in *Campbell*, the Massachusetts appellate court adopted the same basic two-prong framework for assessing general personal jurisdiction as is applied to specific personal jurisdiction:

> The court in *Campbell* adopted the two-pronged approach to jurisdiction that *Good Hope Industries v. Ryder Scott Co.*, 378 Mass. 1, 389 N.E.2d 76 (1979), had already established for analyzing jurisdiction under *Mass. Gen. Laws c. 223A, § 3*, the Massachusetts long arm statute, namely, whether jurisdiction was (1) authorized by statute, and (2) consistent with due process.

*Howse*, 757 F.2d at 451. The *Howse* court ultimately reversed the district court's dismissal for lack of personal jurisdiction, holding that (independent of the long-arm statute) the defendant's Massachusetts contacts gave rise to personal jurisdiction under § 38. *Id*. at 452.

Thus, in assessing jurisdiction, Massachusetts courts look at (1) whether jurisdiction is authorized by statute, and (2) whether jurisdiction comports with due process. *Howse*, 757 F.2d at 451. Depending on the type of personal jurisdiction asserted, the authorizing statute in part one of that test is either § 38 or the long-arm statute, not both. *Id*.

The only other case CGI cites for its proposed interpretation, *Miller v. Honda Motor Co., Ltd*., did not hold or even suggest that § 38 jurisdiction depends on the long arm statute. *Miller v. Honda Motor Co., Ltd*., 779 F.2d 769 (1st Cir. 1985). Instead, it simply distinguished *Howse* on its facts, and affirmed dismissal for lack of personal jurisdiction. *Id*. at 770. Nonetheless, the court acknowledged § 38 provides a basis for personal jurisdiction. *Id*. at 771 (discussing *Howse*, noting the defendant "had none of the contacts which are traditionally thought to establish personal jurisdiction under § 38."). And unlike CGI in Massachusetts, the Japanese defendant in

2

*Honda* did no business in Massachusetts (although its U.S. subsidiary did, which the court noted generally gives rise to personal jurisdiction over that company), and there was no evidence of it entering into agreements with Massachusetts companies or even sending employees to Massachusetts. *Id*. at 771; *see also Roxse Homes, Inc. v. U.S. Mineral Products Co*., 1987 WL 13804, at *3 (D. Mass. July 10, 1987) (distinguishing *Honda*, stating "*Honda* did not deal with M.G.L. c. 223A [the long arm statute].").

Consequently, and contrary to CGI's assertions, general personal jurisdiction over CGI in Massachusetts does not depend on the long-arm statute, and may instead be based on § 38 and the Due Process Clause.

For the reasons set forth in ARS's opposition brief, CGI is subject to general personal jurisdiction in Massachusetts.

**B.     Very little has happened in the D.C. action**

CGI would have the Court believe that transfer of this action to the District of Columbia is appropriate because, as it says, the "DC Action is much further along and proceeding rapidly," "has progressed, with at least a year of litigation already complete," "is a year ahead of this one," and "will be trial-ready in early 2006." (CGI Reply Br., pp. 1, 11, 14.)

The reality is that very little has happened in the D.C. action. Judge Bates held an initial scheduling conference on March 4, 2005. A second status conference was held on April 12, 2005 at which Judge Bates set an initial schedule. ARS served its Fed. R. Civ. P. 26(a)(1) initial disclosures on April 29, 2005. After several letters from ARS's lead counsel, CGI finally served its initial disclosures (but only on ARS's local counsel in D.C.) on July 12, 2005. Lead counsel for ARS did not learn of those disclosures until mid-August. At that point, ARS requested that CGI make the individuals identified in its initial disclosures available for deposition and served two document requests and one interrogatory. In response, CGI served document requests on

3

ARS. ARS served a few additional document requests. The parties recently provided written responses to the initial document requests and interrogatories (on Sept. 12 and 14, 2005). But no documents have been produced yet (exchange of documents scheduled for Sept. 27, 2005), no depositions have been taken yet (only three have even been scheduled), and experts have not been designated yet.

The schedule in the D.C. action is also longer than CGI suggests. On September 15, 2005, the parties appeared before Judge Bates for a third status conference, during which Judge Bates entered the parties' agreed revised pre-trial schedule extending the original schedule by two months so that the parties could complete (indeed, so they could begin) deposition and document discovery after the original September 16, 2005 cut-off date.

Thus, while CGI says the D.C. action will be "trial-ready in early 2006," under the current schedule fact discovery does not close until November 15, 2005, expert discovery does not close until March 17, 2006, dispositive motion briefing will not be completed until May 15, 2006, and no pre-trial conference or trial date has been set. (*See* Exhibit 1 attached hereto; Minute Orders dated Sept. 15, 2005.)

Consequently, and contrary to CGI's assertions, the D.C. action is still in its infancy, and if transfer to D.C. is denied, this action can proceed in this District on the schedule agreed to by CGI in the D.C. action, with no inconvenience or prejudice to CGI.

4

**C.     Conclusion**

For the foregoing reasons, and for the reasons set forth in its opposition brief, ARS requests that the Court deny CGI's motion to dismiss or transfer. In the alternative, ARS renews its request to take limited jurisdictional discovery.

                                        Respectfully submitted,

Dated: September 26, 2005         NIXON PEABODY LLP


                                        By:   /s/ Fred A. Kelly, Jr.
                                            Fred A. Kelly, Jr.
                                            BBO No. 544046
                                            100 Summer Street
                                            Boston, MA 02110
                                            Tel: 617-345-1000
                                            Fax: 617-345-1300

                                        MARSHALL, GERSTEIN & BORUN LLP
                                            Kevin M. Flowers (*pro hac vice*)
                                            Matthew C. Nielsen (*pro hac vice*)
                                            6300 Sears Tower
                                            233 S. Wacker Drive
                                            Chicago, Illinois 60606-6357
                                            Tel: (312) 474-6300
                                            Fax: (312) 474-0448

                                        Attorneys for Plaintiff Applied Research Systems
                                        ARS Holding, N.V.