IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., <br><br> Plaintiff, <br> v. <br><br> CELL GENESYS, INC. AND TRANSKARYOTIC THERAPIES, INC., <br><br> Defendants. | C.A. No. 04 11810 MLW |

## DEFENDANT CELL GENESYS, INC.'S MOTION
## FOR A LOCAL RULE 16.1 CONFERENCE

Defendant Cell Genesys, Inc. ("CGI") hereby requests that this Court schedule a conference pursuant to Local Rule 16.1 at the Court's earliest convenience, and preferably either during the week of December 12, 2005 or December 19, 2005. As demonstrated by the history of the dispute between the parties, detailed below, an expeditious Rule 16.1 conference is necessary.

### BACKGROUND

This action arose out of an interference proceeding (Interference No. 1055,114, or the "'114 Interference") conducted at the U.S. Patent and Trademark Office ("PTO") in 2003 and 2004 between CGI and plaintiff Applied Research Systems ARS Holding, N.V. ("ARS"). The purpose of the '114 Interference, like other PTO interference proceedings, was to determine the first inventor of a disputed technology. The competing claims in the '114 Interference arose from a patent owned by ARS and a CGI patent application.

The PTO issued its final decision in the '114 Interference on June 22, 2004 ("Final Decision"). CGI was dissatisfied with the Final Decision, and thus on August 18, 2004, it timely filed an appeal of the Final Decision pursuant to 35 U.S.C. § 146, in the United States District Court for the District of Columbia ("D.C. Action").

The following day, ARS filed in this Court its own § 146 action, involving the same PTO decision. ARS also filed in this Court a patent infringement claim against Transkaryotic Therapies, Inc.

In this action, the parties briefed, and this Court heard, CGI's motion to dismiss for lack of personal jurisdiction or, in the alternative, for severance and transfer of Count I of ARS's First Amended Complaint. On October 18, 2005, this Court denied CGI's motion, without prejudice, and stayed this action pending the D.C. Court's decision on ARS's motion to transfer the D.C. Action to this Court.

On November 14, 2005, the D.C. Court ordered the transfer of the D.C. Action to this Court, and the transfer is currently underway.

While jurisdictional issues were being briefed by the parties in this Court, the D.C. Action proceeded. Initial disclosures were exchanged and a scheduling order was entered on December 21, 2004. Under the original scheduling order, the deadline for fact discovery was set for November 16, 2005. Expert discovery was expected to close in early 2006. Prior to the D.C. Court's transfer order, ARS and CGI agreed to extend the dates in the scheduling order by approximately one month. Although ARS and CGI had jointly filed a motion to extend the dates in the scheduling order, the D.C. Court had not yet decided this motion when it ordered the transfer of the D.C. Action.

2

## ARGUMENT

CGI requests this Court to schedule a Rule 16.1 conference at its earliest convenience, preferably prior to December 22, 2005. A conference is needed as soon as possible to direct the parties on scheduling issues in light of the transfer.

The D.C. Action was already significantly advanced and would have been ready for dispositive motions or trial by early 2006. Moreover, this Court (and CGI and ARS) have previously expressed a desire to conduct a Rule 16.1 conference as soon as possible if the D.C. Action ultimately was transferred to this Court. At the October 18, 2005 hearing on CGI's motion to dismiss on jurisdictional grounds, this Court agreed that this case should proceed on course if a transfer occurred, stating: "If the case is transferred here, as I said earlier, it would be my intention to maintain Judge Bates' schedule. . . . a transfer should not entail any delay or any material delay." *See* Transcript of 10/18/05 Hearing at 60. The Court further stated: "If [the DC Court] does transfer the case, . . . I'll have you in as quickly as possible so we can talk about the schedule and anything else that might as a practical matter contribute to the progress and resolution of the case." *Id.* at 64. Moreover, at that hearing, both ARS and CGI indicated their desire for a speedy resolution of the interference action. *Id.* at 32 (ARS stating that "it's fair to say we do [want an expeditious resolution of this interference part of the case]" and CGI stating that it also wanted such an expeditious resolution).

In order for the D.C. Action's scheduling order to remain intact here, it is necessary for this Court to conduct a conference as soon as possible.

## Conclusion

For the foregoing reasons, CGI respectfully requests that this Court schedule a Rule 16.1 Conference at its earliest convenience, preferably either during the week of December 12, 2005 or December 19, 2005.

CELL GENESYS, INC.,

By its attorneys,

/s/ T. Christopher Donnelly
T. Christopher Donnelly (BBO# 129930)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Steven B. Kelber
Merchant & Gould
901 Fifteenth St.
Suite 850
Washington, DC 20005
Admitted pro hac vice

Dated: December 9, 2005

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that on December 8, 2005, I did confer in good faith, via telephone, with counsel for Applied Research Systems ARS Holding, N.V., in an effort to narrow or resolve the issues raised in this motion.

Steven B. Kelber