IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., <br><br> Plaintiff, <br><br> v. <br><br> CELL GENESYS, INC. AND TRANSKARYOTIC THERAPIES, INC., <br><br> Defendants. | C.A. No. 04 11810 MLW |

### DEFENDANT CELL GENESYS, INC.'S BRIEF IN SUPPORT OF MOTION FOR SANCTIONS

### INTRODUCTION

This discovery dispute arises from the failure of an ARS witness to appear at his deposition. The deposition of ARS's inventor Scott C. Chappell was properly noticed and confirmed for December 1, 2005. The record reflects that both the witness, a Boston resident, and counsel were available for the deposition. ARS acted unilaterally. CGI did not receive notice that neither ARS's lawyer nor the deponent would attend the deposition --- until after CGI's counsel were en route to Boston for the purpose of taking the deposition, less than 24 hours before the scheduled start time of the deposition.

By this motion, CGI seeks an Order of sanctions in the amount of $15,350.00 representing its attorneys' fees and costs associated with its attendance at the December 1, 2005 deposition, as well as the attorneys' fees and costs associated with the drafting and filing of this motion.

By separate motion, CGI also requests that this Court set an early scheduling conference. Without the opportunity to take the Chappell deposition, CGI will suffer irreparable prejudice, as the deposition of an inventor is a central discovery device in a section 146 action. Through its motion for a scheduling conference, CGI will attempt to address these issues. Any delay in this case, moreover, is prejudicial to CGI. CGI's patent rights and entitlement to recovery of funds are wrapped up in this Interference proceeding. CGI is precluded from recouping its investments until after the resolution of this matter.

## RELEVANT BACKGROUND FACTS

**A.   ARS and Its Designated Witness Failed To Attend The Properly Noticed and Confirmed December 1, 2005 Deposition.**

On August 15, 2005, CGI properly noticed the deposition of ARS's inventor Scott C. Chappell. (*See Exh. A, attached to the Kelber Declaration*). The original deposition notice set the date for September 2005, to take place in the Boston area. It was noticed properly under Fed. R. Civ. P, 30 and in compliance with D. Mass. LR 30.1, which specifies that the deposition of a witness like ARS's inventor must take place in the Boston area.

At ARS' request, the date was moved twice and eventually set for December. 1, 2005. (*See Exh. B, attached to the Kelber Declaration*). All details for the inventor's deposition were eventually confirmed by email and telephone. *(Id.)*

Less than two weeks before the deposition was set to take place, on the evening of November 20, 2005, ARS called to suggest postponing the deposition. (*See Kelber Declaration at ¶ 4*). ARS cited settlement discussions between the parties, stating that CGI was about to propose a draft with terms for settlement.

2

CGI, however, was not so optimistic about settlement. Given the scheduling order in this case and CGI's interest in moving forward, it was unwilling to further delay this case and the twice-postponed inventor deposition. CGI informed ARS's counsel by November 23, 2005 that CGI was not amenable to any further postponement.[1] (*See Kelber Declaration at ¶ 5*).

Once it was clear that CGI could not agree to again postpone the deposition, ARS continually changed its asserted reason as to why the deposition could not proceed. (*See Kelber Declaration ¶ 6*). ARS first asserted that the schedule of one particular attorney might prevent his attendance. (*Id.*) On the day before the deposition, however, ARS stated that the true issue was over the schedule of an ARS in-house counsel who - significantly - is not an attorney of record. (*Id.*) At no time did ARS assert that either counsel or the witness could not and therefore would not attend the deposition. (*Id.*) The inventor-witness Scott C. Chappell was always available. (*Id.*)

With less than 24 hours to go before the scheduled start time of the deposition, CGI's counsel traveled from Washington D.C. to Boston via train. Not until well after CGI's counsel were en route to Boston did ARS state that neither counsel nor the witness would appear at the deposition. (*See Kelber Declaration ¶ 7*).

ARS failed to appear on the scheduled day and time for the deposition. CGI's counsel were available and present. There was never any indication that the deponent was not available. ARS never moved for a protective order, and denied the need to do so. Given the anticipated close of fact discovery and the reality that testimony of ARS's

---

[1] Regardless of whether the joint request to extend the discovery deadline to December 15, 2005 was granted, the deposition of ARS's inventor needed to proceed on the 1st. If it did not happen on the 1st, it was unlikely to take place within just an additional 10 business days.

3

inventor is central to CGI's Answer and its expert report, CGI's counsel opened the deposition, noted the absence of the witness and ARS' counsel, and then adjourned the deposition. (*See Exh. C, attached to the Kelber Declaration*).

### B. ARS's Failure To Attend Its Own December 1, 2005 Deposition Is Inconsistent With Its Agreement To Handle This Matter Expeditiously.

Upon retaining jurisdiction over this case in the face of Defendant's motion to dismiss for lack of personal jurisdiction, counsel agreed to an expeditious schedule. To that end, after the patent dispute pending between these parties in the District of Columbia was transferred to this District, counsel stated on the record that they would move expeditiously and comply with the scheduling order already put in place by the District of Columbia. (*See Exh. D to the Kelber Declaration*).

That Scheduling Order from the District of Columbia, however, provided that fact discovery would close by November 16, 2005. (*See Kelber Declaration ¶ 10*). The parties had jointly sought a one-month extension of time for fact discovery, which would have extended the deadline to December 16, 2005, but the case was transferred before the joint request was considered. As a result, the parties have an outstanding joint request to extend the fact discovery period to December 16, 2005,[2] and there is no Order to codify it.

At this point, the only fact discovery CGI still requires is the deposition of the inventor Scott C. Chappell. A schedule for pleadings has yet to be set, but significantly, initial expert reports are due January 16, 2006 under the stipulated extension in D.C. Action. The procedural posture and CGI's business interests at issue make timing of discovery in this case crucial.

---

[2] (*See Exh. F to the Kelber Declaration*).

4

## ARGUMENT

### A. ARS's Failure To Appear At Its Own Inventor's December 1, 2005 Deposition Is A Specific And Mandatory Ground For Sanctions.

Sanctions are immediately available against a party that fails to attend a properly noticed and confirmed deposition. Fed.R.Civ.P. 37(d);[3] *Guex v. AllAmerica Financial Life Ins. & Annuity Co.*, 146 F.3d 40 (1st Cir. 1998) (affirming dismissal of action against plaintiff for, among other things, failure to attend his deposition); *Morgan v. Massachusetts Gen. Hosp.*, 712 F.Supp. 242 (D.Mass. 1989) (affirming dismissal of action against plaintiff for, among other things, failure to attend his deposition), *aff'd and remanded on other grounds*, 901 F.2d 186 (1st Cir. 1990).

Courts have broad latitude in fashioning a range of sanctions, but the sanction required by the Rules is the award of "reasonable expenses, including attorney's fees.... " Fed.R.Civ.P. 37(d):

> In lieu of any order or in addition thereto, the court *shall* require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees....

Fed.R.Civ.P. 37(d) (emphasis added).

There is no excusable reason to justify ARS's failure to attend. ARS never filed for a protective order. ARS never indicated that no one would attend the deposition, even though the most important person - the deponent - was apparently available. An award

---

[3] The applicable rule states in relevant part:

> If a party or a ... a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just ....

Fed.R.Civ.P. 37(d).

of sanctions is required and, moreover, is justified by the delay that ARS's failure to attend will inevitably cause.[4]

## REQUEST FOR ORAL ARGUMENT

Defendant Cell Genesys respectfully requests oral argument on this motion.

## CONCLUSION

Defendant Cell Genesys respectfully requests that this Court award sanctions against ARS in the amount of $15,350.00.

CELL GENESYS, INC.,

By its attorneys,

/s/ T. Christopher Donnelly
T. Christopher Donnelly (BBO# 129930)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Steven B. Kelber
Merchant & Gould
901 Fifteenth St.
Suite 850
Washington, DC 20005
(202) 326-0300

Admitted pro hac vice

Dated: December 9, 2005

---

[4] *See e.g.*, D.Mass. LR 40.3 (providing that continuances in a civil case may be conditioned "upon the payment of expenses caused to the other parties....")