**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) C.A. NO. 04 11810 MLW<br>) |
| CELL GENESYS, INC., and TRANSKARYOTIC THERAPIES, INC., | )<br>)<br>) |
| Defendants. | ) |

**ARS'S OPPOSITION TO CGI'S MOTION FOR SANCTIONS**

I.      SYNOPSIS

CGI's demand that ARS be sanctioned to the tune of $15,350 because CGI's attorneys took an unnecessary trip to Boston should be denied. CGI's counsel knew that the Chappel deposition would not go forward the next day before they ever got on the train to Boston. CGI's assertions otherwise are simply not true.

CGI's counsel states under oath that he did not receive any indication that the deposition had been postponed until he was "well underway" to Boston on November 30. (Kelber Declaration at ¶ 7.) The evidence proves otherwise. The Court need only look at the correspondence attached as Exhibit A to the Declaration of Kevin Flowers submitted herewith to see that the day before, on November 29, counsel for ARS told CGI's counsel that the deposition would not go forward on December 1. CGI did not attach or even mention this evidence in its motion.

Thus, the actual evidence shows that CGI's counsel knew the deposition was not going to take place before they ever got on that train on November 30. And as they admit, they received further confirmation by e-mail an hour after they boarded the train. Yet they continued on to Boston, stayed in a hotel overnight, went to their local counsel's office the next morning, forced the court reporter to show up unnecessarily, and had the reporter begin a transcript of the "deposition." They then had another attorney spend "10.0" hours drafting the motion for sanctions to force ARS to reimburse CGI for the "10.0" hours they each spent riding on the train back and forth to Boston.

CGI's counsel's trip to Boston was unnecessary and unwarranted, and its demand that ARS pay their "expenses" (none of which are substantiated) cannot be justified. For at least these reasons, and as discussed more fully below, this Court should deny CGI's motion for sanctions.

**II.    ARGUMENT**

CGI's demand for sanctions should be rejected because (i) the evidence shows that CGI's counsel knew that the deposition would not take place long before they left for Boston, (ii) CGI has not and will not suffer any prejudice by the postponement of the Chappel deposition, and, in any event, (iii) CGI filed its motion in the wrong case.

**A.    Counsel for CGI knew that the Chappel deposition would be postponed before they left for Boston**

According to Mr. Kelber, "It was not until we were well underway [on a train from Washington D.C. to Boston] that I received an email from counsel for ARS indicating that it may not appear at the December 1, 2005 deposition." (Kelber Decl. at ¶7.)

That is simply not true. The correspondence between Mr. Kelber and counsel for ARS, Mr. Flowers, which CGI did not bother to submit with its motion, flatly contradicts Mr. Kelber's story. In an e-mail sent the afternoon of November 29, 2005 (the day <u>before</u> Mr. Kelber got on the train to Boston, and <u>two</u> days before the scheduled deposition date), Mr. Flowers unequivocally notified Mr. Kelber (and Ms. Jensen, and CGI's local counsel, Mr. Donnelly) that ARS could not and would not go forward with the Chappel deposition on December 1:

```
-----Original Message-----
From: Kevin Flowers
Sent: Tuesday, November 29, 2005 3:32 PM
To: 'Steven Kelber'
Cc: 'T. Christopher Donnelly'; 'Sue Jensen M.D.'; Matthew Nielsen
Subject: RE: Chappell deposition

Steve:

This is to follow up on and confirm our telephone conversations earlier today
and last week. We are unable to go forward with the deposition of Scott
Chappel this Thursday, due to a conflict for our client created by an
unanticipated court-ordered conference in another case in California.
Moreover, as we discussed with you last week and today, we believe that
delaying both Dr. Chappel's deposition and our outstanding requested
deposition of CGI's witness Dr. Finer makes sense in view of the settlement
negotiations between the parties. As we've discussed, Dr. Chappel and we are
available on December 9th, and if that does not work for you, we are
certainly willing to work with you to provide Dr. Chappel for deposition on
the earliest date that everyone is available.

Best regards,

Kevin
```

(Flowers Decl., Exhibit A at p. 3.)

Mr. Flowers sent that e-mail because, as indicated therein, he and Mr. Nielsen (also counsel for ARS) had informed Mr. Kelber by telephone earlier that same day that there would be no deposition on December 1, and Mr. Kelber specifically requested confirmation by e-mail. (*See id*. and Flowers Decl. at ¶ 2.) In both of those communications, counsel for ARS also made it clear that ARS was not refusing to produce Dr. Chappel for deposition, but rather that Dr. Chappel and ARS were available for deposition eight days later, on December 9. (*See id*.) There can be no doubt that Mr. Kelber received the e-mail on November 29, because he responded to it less than two hours later. (*See* Flowers Decl., Exhibit A at pp. 2-3.) Consequently, CGI and Mr. Kelber had advance notice – long before Mr. Kelber and Ms. Jensen boarded a train on November 30 – that the Chappel deposition would not take place on December 1, 2005.

The factual assertions on which CGI bases its motion are contradicted by the evidence. The Court should therefore deny CGI's motion.

**B.      CGI has not suffered any prejudice**

CGI complains that the postponement of Dr. Chappel's deposition causes it prejudice by delaying the case. (CGI Motion at pp. 2 and 4-6.) CGI's complaints are without merit, because postponing the Chappel deposition will not delay resolution of this case, in light of the fact that CGI is currently prolonging the case by its own actions.

For example, one week before the December 16, 2005 fact discovery cut-off that the parties agreed to and proposed to Judge Bates, CGI belatedly disclosed that it may rely at trial on two previously-undisclosed fact witnesses. (*See* Flowers Decl., Exhibit B.) ARS objects to CGI's belated disclosure of these fact witnesses, but to protect its rights it requested that CGI provide proposed dates for ARS to depose those witnesses. Yet even as of this writing, CGI has not

3

provided any such dates. Those depositions will likely not be completed until well after Dr. Chappel's postponed deposition takes place.

On the same day that CGI belatedly disclosed its new fact witnesses, CGI also served written responses to document requests and interrogatories served by ARS, responses that had been due more than three weeks earlier (prior to the agreed close of fact discovery), along with a stack of documents that should have been produced months earlier.

ARS is committed to going forward with the expert discovery and pre-trial schedule that the parties agreed to in the action that Judge Bates recently transferred to Judge Zobel. CGI is not, as evidenced by its recent refusal to comply with the agreed date for disclosure of expert witnesses. (*See* Flowers Decl., Exhibit C.) In light of its own conduct effectively extending the fact discovery schedule in the action before Judge Zobel, CGI cannot legitimately assert that postponing the Chappel deposition has caused it any prejudice.

### C.    Postponing the deposition of Dr. Chappel was justified

Dr. Chappel is the inventor of the subject matter claimed in the '071 patent owned by ARS. As is often the case in patent actions, in-house counsel for ARS, Ms. Jill Uhl, has been very much involved in the prosecution of both the '114 Interference below and this 35 U.S.C. § 146 appeal of that interference. As counsel for ARS, Ms. Uhl has a right to attend the deposition of Dr. Chappel, the inventor on the patent owned by ARS. Consequently, upon learning that Ms. Uhl could not attend the deposition on December 1 because of a mandatory in-court settlement conference in another patent action currently pending in California, ARS had to postpone the deposition. (*See* Flowers Decl. at ¶ 3.) This postponement was further justified in view of the fact that the parties were in the midst of serious settlement negotiations (indeed, when ARS

4

postponed the deposition on November 29, it was awaiting a written settlement offer from CGI, which it received the next day, November 30).

Moreover, there was no need for ARS to move for a protective order. (*See* CGI Motion at pp. 3 and 5.) ARS never said that Dr. Chappel (who is a third-party witness) would not appear for a deposition by CGI. ARS simply needed to postpone the deposition eight days to December 9, the next available date. (*See* Flowers Decl., Exhibit A.) CGI rejected that proposed date. ARS subsequently proposed additional dates in January 2006, and the parties have now agreed that the deposition will take place on January 19. ARS has at all times agreed that Dr. Chappel would be made available for deposition, and a protective order was never necessary.

### D. Sanctions under Fed. R. Civ. P. 37(d) or Local Civil Rule 40.3 are not applicable here

CGI's suggestion that sanctions are appropriate here under Fed. R. Civ. P. 37(d) ("Sanctions are immediately available against a party that fails to attend a properly noticed and confirmed deposition.") (CGI Motion at p. 5) is wrong. The plain words of Rule 37(d) ("If a party or a . . . person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear . . . .") show that it is not applicable here. Dr. Chappel is not a "person designated . . . to testify on behalf of" ARS. Dr. Chappel is a third-party witness. He has not been designated under Rule 30(b)(6) or 31(a) (CGI never requested a Rule 30(b)(6) or 31(a) deposition of ARS). Consequently, the "sanction required by the Rules" (CGI Motion at p. 5) that CGI refers to is not applicable here.

CGI's demand for sanctions under Fed. R. Civ. P. 37 should also be rejected because CGI brought its motion in the wrong court. The Chappel deposition, on which CGI bases its motion, is being conducted pursuant to notice served in the *Cell Genesys, Inc. v. Applied Research Systems ARS Holding, N.V.* case (*see* CGI Exhibit A at p. 1), not in the case before this Court,

5

*Applied Research Systems ARS Holding, N.V. v. Cell Genesys, Inc.*, which is stayed. (*See* October 20, 2005 Order, Document No. 65, at 1-2) ("This case is STAYED . . . ."). CGI served its notice for the deposition of Dr. Chappel in the *Cell Genesys v. ARS* case when it was pending before Judge Bates in the District of Columbia. After CGI served that notice, Judge Bates transferred that action from the District of Columbia to this District. On December 7, that action was assigned to Judge Zobel (Civ. Action No. 05-12448 RWZ) (*see* Flowers Decl., Exhibit D). That action has not been consolidated with this action. Consequently, this Court should deny CGI's motion because the disputed deposition was in another action currently pending before another Court. *See* Fed. R. Civ. P. 37(d) (permitting such motions only before "the court in which the action is pending").

      The cases that CGI cites in support of its Rule 37(d) sanctions argument are inapposite. Both the *Guex* and the *Morgan* cases cited by CGI addressed the imposition of sanctions against ***parties*** that refused to appear for ***their*** depositions. Those cases did not address, and provide no support for, the imposition of sanctions against a party for merely postponing (by eight days) the deposition of a third-party witness. Moreover, as CGI's carefully worded parenthetical descriptions indicate, even in those cases, the parties' refusals to appear for their depositions were not in themselves sufficient reason for the sanctions imposed by those courts ("for, ***among other things***, failure to attend . . . .") (CGI Motion at p. 5; emphasis added).

      CGI's argument that Local Rule 40.3 justifies the imposition of monetary sanctions against ARS (CGI Motion at pp. 5-6 and fn. 4) is also meritless. As explained above, the eight-day postponement of the Chappel deposition proposed by ARS was not a request for, and was not equivalent to a request for, a "continuance" of the case under L. Civ. R. 40.3. As also explained above, CGI's argument that it incurred necessary or reasonable expenses due to that

6

postponement, and that there is any "delay that ARS's failure to attend will inevitably cause" (CGI Motion at p. 6) are without merit. Consequently, CGI's argument that Local Civ. R. 40.3 applies here should be rejected.

## III. CONCLUSION

For the foregoing reasons, ARS respectfully requests that the Court deny CGI's motion for sanctions.

Respectfully submitted,

NIXON PEABODY LLP

Dated: December 23, 2005

__/s/ Fred A. Kelly, Jr./_____
Fred A. Kelly, Jr.
BBO No. 544046
100 Summer Street
Boston, MA 02110
Tel: (617) 345-1000
Fax: (617) 345-1300

MARSHALL, GERSTEIN & BORUN LLP
Kevin M. Flowers (*pro hac vice*)
Matthew C. Nielsen (*pro hac vice*)
6300 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606-6357
Tel: (312) 474-6300
Fax: (312) 474-0448

Attorneys for Plaintiff
Applied Research Systems ARS Holding, N.V