**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| CELL GENESYS, INC., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-12448-MLW |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11810-MLW |
| | ) | |
| CELL GENESYS, INC. and TRANSKARYOTIC THERAPIES, INC., | ) ) | |
| | ) | |
| Defendants. | ) ) | |

**JOINT STATUS REPORT**

Pursuant to this Court's Order dated December 22, 2005, the parties jointly submit the following status report setting forth (i) the status of discovery, (ii) the status of pending motions and the parties' respective positions concerning those motions, (iii) a list of the motions that the parties expect to file in the next few days and the parties' respective positions concerning those motions, and (iv) the parties' joint proposed schedule for Civil Action No. 05-12448 and Count I of Civil Action No. 04-11810.

A proposed form of Scheduling Order is attached hereto as Exhibit 1.

I.      PROCEDURAL STATUS

There are two cases pending before the Court. In the first case, Cell Genesys, Inc. ("CGI") filed a complaint in the United States District Court for the District of Columbia seeking reversal of certain aspects of a decision by the Board of Patent Appeals and Interferences in Interference No. 105,114 ("the '114 Interference") involving U.S. Patent No. 5,272,071 owned by ARS ("the '071 patent") and U.S. Patent Application No. 08/102,390 owned by CGI. In response to CGI's complaint, ARS filed an answer and counterclaims. Judge John D. Bates transferred that case (hereinafter "*CGI v. ARS*") to this District, where it was designated Civil Action No. 05-12448 and assigned to Judge Zobel. In its Order of December 22, 2005, this Court reassigned the case to its own docket.

In the second case, ARS filed suit against CGI and Transkaryotic Therapies, Inc. ("TKT") (now a subsidiary of Shire Pharmaceuticals PLC) in this Court (Civil Action No. 04-11810) (hereinafter "*ARS v. CGI and TKT*"). In Count I of its First Amended Complaint, ARS asks this Court to reverse certain aspects of the same '114 Interference decision at issue in the *CGI v. ARS* case. In Count II, ARS seeks to enforce the '071 patent against TKT.

In its Order dated August 30, 2005, this Court severed Count II from Count I and stayed Count II in its entirety, pending resolution of Count I. In its Order dated October 20, 2005, this Court denied CGI's motion to dismiss Count I, but stayed Count I against CGI to await Judge Bates's decision on transfer of the then-parallel action in the District of Columbia (now Case No. 05-12448 before this Court). Consequently, both Count I and Count II in Case No. 04-11810 are currently stayed, and neither CGI nor TKT has filed an answer to Count I or Count II.

## II. STATUS OF DISCOVERY

### A. Discovery in *CGI v. ARS* (Case No. 05-12448)

Apart from three depositions, fact discovery is complete in the recently-transferred *CGI v. ARS* case (No. 05-12448). Prior to a fact discovery deadline of December 16, 2005, which the parties jointly proposed to Judge Bates before he transferred the case to this District, CGI and ARS completed written discovery and document production and ARS took the depositions of several witnesses identified by CGI in its original Rule 26(a) disclosure statement. One of the three remaining depositions, that of Dr. Scott Chappel (the inventor on ARS's '071 patent), is scheduled to take place on January 19, 2006. The other two remaining depositions, of George Savage and Andrew Thompson, who were identified on December 9, 2005 by CGI in a supplemental Rule 26(a) disclosure statement, were requested by ARS in a notice served prior to the December 16, 2005 agreed fact discovery deadline and will likely be conducted by the end of January.

### B. Discovery in *ARS v. CGI and TKT* (Case No. 04-11810)

Because CGI has not filed an answer or counterclaims regarding Count I, and the Court stayed Count II against TKT, no discovery has been taken in the *ARS v. CGI and TKT* case. The parties disagree as to whether additional fact discovery should be taken regarding Count I of the *ARS v. CGI and TKT* case.

#### 1. ARS's position

ARS believes that all fact discovery between ARS and CGI regarding the appeal of the Board's decision in the '114 Interference should have been and was completed by December 16, 2005, in accordance with the parties' agreed proposed schedule submitted to Judge Bates in the *CGI v. ARS* case (Case No. 05-12248) (with the exception, as noted above, of the three

remaining depositions). Because the discovery in that case should be available in this case, there is no need for additional fact discovery in this case.

CGI suggests that additional fact discovery is necessary in the *ARS v. CGI and TKT* case because CGI has not filed an answer or counterclaims in response to Count I of ARS's First Amended Complaint in this case. CGI also says that "given representations in the ARS Complaint in this case, CGI contemplates discovery of corporate representatives." But the allegations and relief requested in Count I of ARS's First Amended Complaint in the *ARS v. CGI and TKT* case are identical to the allegations and relief requested in ARS's Counterclaims in the *CGI v. ARS* case (Case No. 05-12248), in which all fact discovery has already been taken. Count I does not raise any issues justifying discovery from "corporate representatives," and even if such discovery were available, CGI already had the opportunity to seek such discovery (but did not) in the *CGI v. ARS* case.

And to the extent that CGI is referring to Count II in the First Amended Complaint, ARS's allegation that TKT has infringed the '071 patent cannot give rise to any new issues regarding the appeal of the Board's decision in the '114 Interference, and thus cannot give rise to a need for additional fact discovery. CGI and ARS had full opportunity in the *CGI v. ARS* case to take discovery regarding all of the issues regarding the Board's decision.

Moreover, CGI had a full opportunity in its Complaint in the *CGI v. ARS* case to assert all of its allegations and to request all of its desired relief regarding the Board's decision in the '114 Interference. There are no additional issues to be raised by CGI in its counterclaims that could require additional fact discovery from ARS. Simply put, CGI should not be permitted "another bite at the apple" regarding fact discovery.

Thus, there is no justification or need for additional fact discovery here. Both *ARS v. CGI* and *CGI v. ARS* are now before this Court, all of the necessary fact discovery has already been taken, and the cases should proceed to expert discovery and dispositive motions.

### 2. CGI's position

Fact discovery in *ARS v. CGI* originally filed in this Court (No. 04-11810) has not yet commenced, and neither defendant has had an opportunity to file an Answer or Counterclaim to the pending Complaint. CGI anticipates filing such an Answer and Counterclaim according to the schedule appended hereto, and that the Counterclaim and Reply filed by ARS (if any) may give rise to additional fact discovery. In this respect, given representations in the ARS Complaint in this case not present in the DC proceeding, CGI contemplates discovery of corporate representatives. Assuming, however, that evidence obtained through discovery in CGI v. ARS may also be used in the ARS v. CGI and TKT action consolidated herein, additional discovery on Count I should be limited.

### 3. TKT's position

TKT is not a party to the *CGI v. ARS* case or to Count I of the *ARS v. CGI and TKT* case. Rather, TKT is a party to Count II of the *ARS v. CGI and TKT* case, a count that has been stayed in its entirety pending resolution of Count I, and as to which discovery and other activities have yet to commence. Accordingly, TKT has not actively participated in discovery or scheduling concerning Count I and does not contemplate filing an answer with respect to Count I unless the Court instructs it that the filing of such an answer would be appropriate at this time.

### III. PENDING MOTIONS

#### A. CGI's pending motion for sanctions

The only motion currently pending in the *ARS v. CGI and TKT* case is CGI's motion for discovery sanctions under Fed. R. Civ. P. 37 regarding the postponement of Dr. Chappel's deposition. This motion has been fully briefed and the parties' respective positions regarding that motion are set out in their respective briefs.

#### B. CGI and ARS's joint motion for extension of the pre-trial schedule

The only motion currently pending in the *CGI v. ARS* case is CGI's and ARS's joint motion for extension of the pre-trial schedule, which the parties filed on November 1, 2005 (before Judge Bates transferred the case to this District). In that joint motion, the parties proposed extending the existing discovery and pretrial deadlines by one month. Judge Bates transferred the case to this District without ruling on that joint motion. CGI and ARS jointly request the Court to dismiss that joint motion as moot in view of the parties' proposed pre-trial schedule set out herein.

#### C. Contemplated Motions

The parties expect to file several motions in the next few days, in the hope that the Court can resolve those motions at the conference or hearing scheduled for January 18, 2006.

##### 1. ARS's motion for a protective order barring TKT from attending Dr. Chappel's deposition

CGI and TKT have indicated that TKT intends to participate in the deposition of Dr. Chappel on January 19. ARS will seek a protective order under Fed. R. Civ. P. 26(c) prohibiting TKT from participating in that deposition.

### a. ARS's position

At TKT's request, this Court severed Count II against TKT from Count I against CGI in the *ARS v. CGI and TKT* case, then stayed Count II pending resolution of Count I. Yet despite the fact that TKT argued that it is not a party to Count I in the *ARS v. CGI and TKT* case, that Count II against TKT in that case is still stayed, and that CGI is deposing Dr. Chappel as part of discovery in the *CGI v. ARS* case (in which TKT is not a party), TKT now seeks to participate in the deposition of Dr. Chappel.

TKT cannot have it both ways: it cannot sit on the sideline in the *ARS v. CGI and TKT* case at its own request, remaining immune from discovery and from enforcement of ARS's '071 patent, yet at the same time participate in discovery regarding the '071 patent (particularly when that discovery is being taken in the *CGI v. ARS* action, in which TKT is not even a party). Dr. Chappel's deposition is not an event to which TKT can simply invite itself, nor is it an event to which CGI can simply invite third parties such as TKT to attend.

TKT does not have a right to participate in the deposition and does not need to attend the deposition. Moreover, it would be inherently inequitable and in contravention of the Court's order staying Count II against TKT to allow TKT to participate in discovery in this case before that stay is lifted. Consequently, either TKT should be prohibited from participating in the deposition of Dr. Chappel, or the stay of Count II against TKT should be lifted.

### b. CGI and TKT's position

ARS misstates TKT's position to the extent it suggests that TKT is seeking to actively participate in the upcoming deposition of Dr. Chappel, which is being taken pursuant to notice in the *CGI v. ARS* case. TKT recognizes that it is not a party to that case or to Count I of the *ARS v.*

*CGI and TKT* case, but rather to Count II of the *ARS v. CGI and TKT* case, which has been stayed in its entirety and as to which discovery has yet to commence. CGI and TKT expect to oppose ARS's contemplated Motion at least to the extent it may seek to bar TKT's attendance at the deposition, and CGI invites TKT's counsel or authorized representative to attend that deposition.

      **2.     The parties' joint motion for a protective order regarding confidentiality of discovery materials**

The parties will be filing a joint motion for a protective order concerning certain discovery. In particular, there are documents produced in the *CGI v. ARS* case that the parties have treated informally as "Attorney's Eyes Only" that pertain to laboratory notebooks and the like. The joint motion will seek to provide a formal structure by which to limit access to certain discovery documents and information. As discussed herein, ARS's position is that TKT cannot participate in any discovery in Count I of the *ARS v. CGI and TKT* case or in the *CGI v. ARS* case. Consequently, ARS believes that the anticipated protective order should permit disclosure of confidential information to TKT only after the stay of Count II in the *ARS v. CGI and TKT* case has been lifted and discovery as to Count II has commenced.

      **3.     CGI and ARS's joint motion to admit the Interference record**

CGI and ARS will be filing a joint motion pursuant to 35 U.S.C. §146 (the authorizing statute for the *CGI v. ARS* case and Count I of the *ARS v. CGI and TKT* case) to admit the underlying record of Interference No. 105,114 in the *CGI v. ARS* case and Count I of the *ARS v. CGI and TKT* case (subject to ARS's request in its First Amended Complaint in the *ARS v. CGI and TKT* case (*see* ¶ 12 therein) and in its Counterclaims in the *CGI v. ARS* case (*see* ¶ 8 therein) that this Court reverse the Board's dismissal of ARS's motion in the '114 Interference to suppress the Rowland and Heartlein evidence).

CGI and ARS expect to refer to the exhibits and testimony introduced by their Interference exhibit numbers.

### 4. CGI's motion to prohibit further cross-examination of Interference witnesses

CGI will file a motion in which it will request that none of the witnesses taken in the '114 Interference should be subject to further cross-examination in the *CGI v. ARS* case or on Count I of the *ARS v. CGI and TKT* case. To provide all parties with a complete record of the proceeding, CGI has provided TKT with a copy of that record.

ARS's position is that any fact witness who testified in the '114 Interference and was not identified in either party's Fed. R. Civ. P. 26(a)(1) disclosures in the *CGI v. ARS* case is not subject to further cross-examination in Case No. 05-12448 or Count I of Case No. 04-11810, provided that the party's reliance on that witness's testimony in these cases is limited to introducing into evidence the transcript of that witness's testimony in the Interference. ARS expects to oppose any motion by CGI that requests any other prohibition on cross-examination.

## IV. PROPOSED DISCOVERY AND PRETRIAL SCHEDULE FOR APPEAL OF THE '114 INTERFERENCE DECISION

ARS and CGI agree to the following dates for pleadings in Case No. 05-12448, and for expert discovery and dispositive motions in Case No. 05-12448 and Count I of Case No. 04-11810:

| | |
|---|---|
| CGI to file and serve Answer and Counterclaim to ARS's Complaint in Case No. 04-11810 | 2/03/06 |
| ARS to file and serve Reply in Case No. 04-11810 | 2/23/06 |
| Designation of experts | 3/03/06 |

| | |
|---|---|
| Serve Opening Expert Reports on issues on which a party has the burden of proof | 4/07/06 |
| Complete depositions of experts regarding Opening Expert Reports | 5/05/06 |
| Serve Rebuttal Expert Reports | 5/12/06 |
| Complete depositions of experts regarding Rebuttal Expert Reports | 6/02/06 |
| File and Serve Dispositive Motions | 6/16/06 |
| Oppositions to Dispositive Motions | 7/14/06 |
| Replies to Dispositive Motions | 7/31/06 |

The only disagreement between ARS and CGI regarding the schedule in these cases relates to whether fact discovery should be permitted. The parties' respective positions are set out below.

### A.     ARS's position

As explained above, ARS believes that all fact discovery between ARS and CGI was to have been, and was, completed by December 16, 2005 (with the exception of three remaining depositions). The issues that can be properly raised by ARS and CGI in regard to Count I of the *ARS v. CGI and TKT* case (Case No. 04-11810) are the same issues that were raised in CGI's Complaint and ARS's Counterclaims (and on which the parties have already had a full opportunity to take discovery) in the *CGI v. ARS* case. Therefore, no justification or need exists for additional fact discovery on Count I in Case No. 04-11810. Consequently, ARS disagrees with and objects to CGI's proposal that additional fact discovery should be permitted in these cases.

B.     CGI's position

CGI believes that it is premature to preclude fact discovery in *ARS v. CGI and TKT* even as to Count 1. The allegations in the Complaint filed by ARS raise issues concerning the assertion of the validity of the '071 patent, which does not enjoy a presumption of validity in this proceeding. Further, the assertion of infringement raises issues concerning interperetation of the meanings of some of the claims at issue (for TKT to infringe, some of the term claims, such as expression, would have to be interpereted differently than the position taken by ARS during Interference 105,114). Finally, these assertions raise questions as to the position and actions taken by ARS in securing a license from Institute Pasteur under, *inter alia*, the '313 patent relied on by CGI herein and below while declining to advise the U.S. Patent and Trademark Office about the pendency of the application that matured as the '313 patent, which presents claims the Board of Patent Appeals and Interferences found to potentially interfere with the subject matter of the Count of Interference 105,114. These issues, at least, will be addressed in CGI's Answer. For these reasons, CGI believes that a limited fact discovery period is appropriate. Since the relevant fact discovery should not impact expert reports, CGI proposes it be conducted simultaneously therewith under the joint schedule proposed above, so that the Court dates need not be altered.

Respectfully submitted,

| | |
|---|---|
| Dated: January 9, 2006 | Dated: January 9, 2006 |
| By: /s/ Fred A. Kelly, Jr.<br>Fred A. Kelly, Jr. (BBO # 544046)<br>NIXON PEABODY LLP<br>100 Summer Street<br>Boston, MA 02110<br>Tel: 617-345-1000<br>Fax: 617-345-1300 | By: /s/ T. Christopher Donnelly<br>T. Christopher Donnelly (BBO # 129930)<br>DONNELLY, CONROY & GELHAAR, LLP<br>One Beacon Street, 33d Floor<br>Boston, MA 02108<br>Tel: 617-720-2880<br>Fax: 617-720-3554 |
| Kevin M. Flowers<br>Matthew C. Nielsen<br>MARSHALL, GERSTEIN & BORUN LLP<br>6300 Sears Tower<br>233 S. Wacker Drive<br>Chicago, IL  60606-6357<br>Tel:  (312) 474-6300<br>Fax:  (312) 474-0448 | Steven Kelber<br>MERCHANT & GOULD<br>901 Fifteenth Str., N.W.<br>Suite 850<br>Washington, D.C. 20005<br>Tel: 202-326-0333<br>Fax: 202-326-0778 |
| COUNSEL FOR PLAINTIFF APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V. | COUNSEL FOR DEFENDANT CELL GENESYS, INC. |
| | Dated: January 9, 2006 |
| | By: /s/ Eric J. Marandett<br>Eric J. Marandett (BBO# 561730)<br>Choate, Hall & Stewart<br>Two International Place<br>100-150 Oliver Street<br>Boston, MA 02110<br>Tel.  (617) 248-4000<br>Fax.  (617) 248-4000 |
| | Gerald J. Flattmann, Jr.<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, NY 10022<br>Tel.  (212) 446-4800<br>Fax.  (212) 446-4900 |
| | COUNSEL FOR DEFENDANT TRANSKARYOTIC THERAPIES, INC. |