UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| APPLIED RESEARCH HOLDING SYSTEMS ARS HOLDING, N.V., | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 04 11810 MLW |
| CELL GENESYS, INC. AND TRANSKARYOTIC THERAPIES, INC., | ) ) ) | |
| Defendants | ) ) | |

## DEFENDANT TRANSKARYOTIC THERAPIES, INC.'S MEMORANDUM OF REASONS IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 21, defendant Transkaryotic Therapies, Inc. ("TKT") moves that it be dismissed from the above-captioned action on the grounds of misjoinder.

## I. INTRODUCTION

In its First Amended Complaint ("Amended Complaint"), plaintiff Applied Research Holding Systems ARS Holding, N.V. ("ARS") states two unrelated causes of action against two separate defendants. The main case (Count I of the Amended Complaint) is an appeal from an adverse decision of the U.S. Patent and Trademark Office concerning rights in an interference dispute between ARS and defendant Cell Genesys. Count I is thus fundamentally appellate and administrative in nature. The second and unrelated case (Count II of the First Amended Complaint) is a patent infringement case brought by ARS against TKT.

Because the two counts set forth in ARS' amended complaint arise out of different transactions and involve no overlapping questions of law or fact, TKT has been misjoined and would be prejudiced if forced to participate in an appellate dispute between ARS and Cell

1



TKT will be starting a new discovery process and preparing for a trial on the question of alleged infringement by TKT. This question has little, if anything, to do with the issues raised in the interference between ARS and Cell Genesys. If TKT alleges invalidity of the ARS '071 patent claims, it will not be limited to those issues raised during the interference. The two Counts of the Amended Complaint simply have nothing to do with one another and cannot logically co-exist in the same case. *Cf., e.g., McFarlane v. Resinite Corp.,* 273 F. Supp. 224, 224-26 (N.D. Ill. 1967) (bifurcating interference appeal count of the complaint from the infringement count of complaint).

## 2. The Amended Complaint fails to allege that the right to relief sought against Cell Genesys and TKT arises from the "same transaction."

ARS' Amended Complaint against TKT fails because it lacks the proper joinder of a party, given that the claims against TKT do not arise out of the "same transaction" as ARS' interference dispute with Cell Genesys. That is, the "transaction" at issue on Count I is the alleged interference between ARS and Cell Genesys. By contrast, the "transaction" at issue on Count II is the alleged act of infringement by TKT. Count II of the Amended Complaint does not specify any such acts, let alone suggest the existence of any transaction or event that could possibly overlap with any transaction or event at issue in Count I. The fact that TKT was not included in the original complaint underscores this fact.

Therefore, the Amended Complaint fails to allege that ARS has "some right to relief" against TKT that "grow[s] out of the events in question" against Cell Genesys. *See Carroll*, 417 F.2d at 1027. When faced with analogous facts, courts have recognized that the claim against the misjoined party should be treated as a separate legal action. For instance, in *McFarlane v. Resinite Corp.,* 273 F. Supp. 224, 224-26 (N.D. Ill. 1967) the trial court, pursuant to Rule 42(b),

10

proceedings). By contrast, for Count II, all of the district court's findings of fact would necessarily be de novo since there would be no prior decision to be reviewed.

## C. The Court should exercise its discretion to dismiss under Rule 21.

Even if ARS has met the standard for permissive joinder (and it has not), Rule 21 dismissal remains warranted in the Court's discretion.

### 1. TKT will be prejudiced if it is not dismissed.

Multiple and separate sets of evidence about different issues will have the tendency to be confusing and misleading.

If the patent claims do <u>not</u> overlap, there will be no points of commonality, and the Court will be forced to keep track of two entirely separate cases at once. Discovery and pre-trial activity will be similarly burdensome to TKT. If the patent claims <u>do</u> overlap, any invalidity analysis on Count II will likely concern different evidence than the invalidity analysis on Count I, and would involve a different standard of proof. Moreover, since any overlap would not be total, the Counts would involve different claims. Such a situation would invite confusion and unfair prejudice both during discovery and at trial. *See McFarlane v. Resinite Corp.,* 273 F. Supp. 224 (N.D. Ill. 1967) (noting the different discovery and evidence required for an infringement claim and an interference appeal and ordering separate trials).

Potentially adding to the prejudice is ARS' motion to transfer Cell Genesys's appeal to this Court. If the ARS appeal and the Cell Genesys appeal are consolidated into one action (a

result ARS appears to be seeking), the case would become even more complicated and even more distant from anything having to do with TKT.

Indeed, based on the arguments made by ARS in support of its Motion to Transfer, it appears that ARS appended the infringement claims against TKT onto its § 146 appeal—a claim that was added to its Amended Complaint by amendment—primarily to bolster ARS' arguments that the Cell Genesys appeal should be transferred to this Court from the District Court for the District of Columbia.

2. Count II is premature.

ARS' infringement claim against TKT is premature. As noted above, resolution of the § 146 appeal could well dispose of the infringement claim against TKT. Indeed, after the appeals, the '071 patent may cease to exist. Or, the patent may continue to exist but in a form that eliminates ARS' claim against TKT. In any case, the threshold matter is not resolved, so there is little, if any, justification in permitting Count II to be brought now against TKT.[13] *See Bayer AG v. Novartis Crop Prot. Inc.*, 55 USPQ2d 1509, 1511-12 (M.D. La. 2000) ("It seems more efficient to allow the administrative study of the patent to conclude before this matter moves toward trial. . . Moreover, if the patent held by Bayer is held to be invalid in the Interference proceeding, this case may be disposed of in its entirety."); *Wireless Spectrum Tech. v. Motorola Corp.*, 2001 WL 32852 (N.D. Ill. Jan. 12, 2001) (staying infringement action given pendency of interference proceeding on the same patent); *cf. Chase Manhattan Bank, N.A. v. Flexwatt Corp.*,

---

[13] Again, one of the attorneys representing ARS has made a similar argument elsewhere in at least two separate articles. *See* note 12, *supra. See also* Gholz, "Multi-Patent Interference," Intellectual Property Today, Vol. 5, December 1998, page 6 (noting that "If the court were to go ahead and decide the validity questions (including priority!) before the board did, its decision would not bind the board, because of the lower standard of proof imposed on the patent challenger in the interference" and opining that Administrative Patent Judges should make the validity decisions in the first instance – rather than an Article III judge – because "the board's decision is more likely to accurately apply the law.") (Article is attached as Ex. E.)

14

139 F.R.D. 573, 575 (D. Mass. 1991) (denying Rule 20 joinder where claim against defendant was "dependent upon a future event").

## IV. CONCLUSION

The Amended Complaint should be dismissed against TKT because plaintiff ARS has improperly joined TKT. Because plaintiff does not (and cannot) plead sufficient facts, a dismissal of TKT from the Amended Complaint under Rule 21 is appropriate. For these reasons, TKT's motion to dismiss should be granted and the Court should grant TKT whatever additional relief is just and appropriate under the circumstances.

TRANSKARYOTIC THERAPIES, INC.,

By their attorneys,


/s/  Alison R. Aubry
David B. Bassett (BBO # 551148)
Shann Kerner (BBO # 564537)
Donna M. Meuth (BBO # 645598)
Stephen M. Muller (BBO # 646699)
Alison R. Aubry (BBO # 657298)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000


Dated: October 4, 2004