UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| APPLIED RESEARCH HOLDING SYSTEMS ARS HOLDING, N.V., <br><br>Plaintiff,<br><br>v.<br><br>CELL GENESYS, INC. AND TRANSKARYOTIC THERAPIES, INC.,<br><br>Defendants. | C.A. No. 04 11810 MLW |

### DEFENDANT TRANSKARYOTIC THERAPIES, INC.'S MEMORANDUM OF REASONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY

Defendant Transkaryotic Therapies, Inc. ("TKT") submits this brief in opposition to the motion of Applied Research Holding Systems ("ARS") for leave to take discovery from TKT ("ARS Motion"). ARS's Motion was submitted in response to TKT's October 4, 2004, Motion to Dismiss. To avoid needless repetition, TKT will not reiterate in this brief the facts detailed in its Motion to Dismiss, and TKT refers the Court to that motion for additional background facts.

### I. Introduction

When ARS filed its first complaint against Cell Genesys in Massachusetts, TKT was not a party, and ARS's action was solely a § 146 appeal. In its Motion to Dismiss, TKT suggested that the *Amended* Complaint joined TKT as a new defendant to a new and unrelated Count II as part of ARS's strategy to get Cell Genesys's co-pending § 146 appeal transferred from Washington, D.C., to Massachusetts.

In fact, TKT's presence in the lawsuit is even more attenuated than TKT first realized. ARS's Motion confirms that ARS is not merely seeking to justify a transfer of *venue* to Massachusetts; rather, ARS is fishing for a basis to subject Cell Genesys to personal *jurisdiction*



in Massachusetts. Jurisdiction is an issue between ARS and Cell Genesys alone. This case remains a § 146 appeal that has nothing to do with TKT. TKT should be dismissed.

Since ARS served its Motion, the Court in § 146 appeal pending in Washington, D.C. (Judge Bates) has issued an order denying ARS's motion to transfer venue of the D.C. appeal to Massachusetts. *See* Exhibit A (Memorandum Opinion and Order dated January 18, 2005, hereafter "Bates Order").

Judge Bates ruled that ARS had failed to justify the transfer of the appeal to Massachusetts. (Bates Order, p. 11.) Judge Bates expressed a willingness to revisit the question "once the personal jurisdiction issue" regarding Cell Genesys in Massachusetts "has been resolved." (*Id.*, p. 13.)

Judge Bates's analysis and ruling confirm the absence of any ripe issue that concerns TKT. Fairness dictates that TKT be dismissed from the case.

## II. Argument

### A. TKT is not withholding any information from the Court.

In its Motion, ARS repeatedly suggests that important information is being withheld from the Court. (E.g., ARS Motion, p. 5, "not . . . entirely forthcoming"; p. 7, "barely acknowledges"; p. 10, "not . . . fully above-board.") This unsupported accusation is primarily directed at Cell Genesys, not at TKT. Regardless, as it pertains to TKT, this accusation is not only untrue, but also backwards: it was ARS that strategically omitted from its pleadings "publicly available" facts (ARS Motion, p. 8) which it now contends are important, namely facts about the TKT-Cell Genesys license (hereafter, the "License").

In its motion to dismiss, TKT explicitly stated that it was relying only on the pleadings of the Amended Complaint and Cell Genesys's related § 146 complaint pending in Washington, D.C. (TKT Motion to Dismiss, p. 2.) Had TKT done otherwise, ARS would presumably be

2

Obviously, had ARS sued TKT outright for patent infringement in a separate action, ARS would be entitled to seek party discovery from TKT in that separate case. Similarly, ARS could have served a Rule 45 subpoena on TKT as a third-party witness to the § 146 action against Cell Genesys. But ARS did neither. This shows ARS's true agenda: to use TKT as a pretext for "bootstrapping" Cell Genesys, and the § 146 appeal, into Massachusetts.

Judge Bates's analysis supports TKT's position. In weighing the various venue issues, Judge Bates noted that there was "some minimal connection of the ARS patent to Massachusetts" (Bates Order, p. 7), but that TKT's presence in Massachusetts made the state a "reasonable choice of forum" (*id.*) by ARS. Judge Bates also analyzed the purported "local interest" allegedly created by TKT being in Massachusetts. (*Id.*, p. 10.) This reasoning confirms ARS's true strategy and goal: to use TKT to create a "local interest" that (allegedly) allows it to sue Cell Genesys in Massachusetts.[1] ARS's continued focus on TKT serves that end, but is fundamentally unfair to TKT. TKT should not be a party to what is actually a § 146 appeal, and should not be subject to discovery so that ARS can search for a basis to sue Cell Genesys in Massachusetts.

Finally, even treated solely as a discovery motion, ARS's Motion does not explain how or why it needs discovery *from TKT* to prove that Cell Genesys is subject to jurisdiction in Massachusetts. ARS has not identified any relevant information in TKT's possession that ARS could not equally get from Cell Genesys, the only proper party to the § 146 appeal. Therefore, even if the Court permits ARS to take jurisdictional discovery from Cell Genesys, it should not permit discovery to be taken from TKT, at least until such additional discovery proves necessary.

---

[1] ARS had argued to Judge Bates that TKT's location in Cambridge gave the § 146 appeal a "local interest" in Massachusetts. *See* TKT Motion to Dismiss, Ex. C, p. 22. ARS also argued that its choice of forum (Massachusetts) should be given deference due to the "Boston action against TKT." (*Id.*, pp. 16-17.)

5

### D. Conclusion

Discovery *from TKT* on personal jurisdiction issues will not advance the case. The issues on personal jurisdiction, if any, concern Cell Genesys, not TKT. Further, ARS still has not provided a justification for joining TKT in this action, and ARS fails to explain how discovery could supply a justification. As it pertains to TKT, ARS's request for discovery should be denied and TKT should be dismissed from this action.

TRANSKARYOTIC THERAPIES, INC.,

By their attorneys,

/s/ Alison R. Aubry
David B. Bassett (BBO # 551148)
Shann Kerner (BBO # 564537)
Donna M. Meuth (BBO # 645598)
Stephen M. Muller (BBO # 646699)
Alison R. Aubry (BBO # 657298)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Dated: January 25, 2005