# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CELL GENESYS, INC., ) | |
| ) | |
| Plaintiff/Counterdefendant, ) | |
| ) | |
| v. ) | Civil Action No. 05-12448-MLW |
| ) | |
| APPLIED RESEARCH SYSTEMS ARS ) | |
| HOLDING, N.V., ) | |
| ) | |
| Defendant/Counterclaimant. ) | **THIS MEMORANDUM IS IN SUPPORT** |
| ) | **OF A REQUEST FOR EXPEDITED** |
| APPLIED RESEARCH SYSTEMS ARS ) | **BRIEFING, HEARING, AND RELIEF** |
| HOLDING, N.V., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-11810-MLW |
| ) | |
| CELL GENESYS, INC. and ) | |
| TRANSKARYOTIC THERAPIES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ARS'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER TO BAR TKT'S PARTICIPATION IN THE CHAPPEL DEPOSITION, OR IN THE ALTERNATIVE TO LIFT THE STAY OF COUNT II AGAINST TKT**

## I. INTRODUCTION

CGI is scheduled to depose Dr. Scott Chappel, the inventor on the '071 patent-at-issue, on January 19, 2006. TKT has indicated that it intends to participate in that deposition. Due to the stay of Count II in Case No. 04-11810 (the only count to which TKT is a party), ARS seeks a protective order under Fed. R. Civ. P. 26(c) (5) prohibiting TKT and its counsel from participating in that deposition (and from participating in any other discovery in this 35 U.S.C. § 146 action). Alternatively, if the Court permits TKT to participate in any discovery in Count I of Case No. 04-11810 or in Case No. 05-12448, ARS requests that the Court lift the stay of Count II against TKT in Case. No. 04-11810.

## II. ARGUMENT

CGI served a notice that it would take Dr. Chappel's deposition in the *CGI v. ARS* case (Case No. 05-12248, recently transferred from the District of Columbia to this District) (*see* Exhibit A attached to the Declaration of Matthew C. Nielsen ("Nielsen Decl.")), and later served another such notice, this time bearing the caption of the *ARS v. CGI and TKT* case (*see* Nielsen Decl., Exhibit B).[1] In discussing arrangements for the deposition, counsel for CGI indicated that TKT's counsel intended to be present during the deposition. Later, during the preparation of the Joint Status Report, TKT's counsel confirmed that it intended to attend the deposition.

TKT and its counsel should be prohibited from participating in Dr. Chappel's deposition. TKT is not a party to the *CGI v. ARS* case, in which the deposition is being taken, and discovery

---

[1] CGI sent the most recent notice of the Chappel deposition, bearing the caption of the *ARS v. CGI and TKT* case, to ARS on December 27, 2005. CGI has not filed an answer in the *ARS v. CGI and TKT* case, and CGI and ARS therefore cannot have conferred as required by Fed. R. Civ. P. 26(f) in that case. CGI's service of the discovery request therefore violates Fed. R. Civ. P. 26(d), which provides "Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

in Count II of the *ARS v. CGI and TKT* case, where TKT is a party, is stayed pending resolution of Count I against CGI. It was TKT that successfully sought severance of Count II (against TKT) from Count I (against CGI) in the *ARS v. CGI and TKT* case and a stay of Count II pending the resolution of Count I. (*See* Order dated August 30, 2005, Court Doc. No. 43, at 1.) In requesting and obtaining that severance and stay, TKT argued that it was not involved in the underlying '114 Interference in any way, that it is not a party to Count I (the appeal of that Interference), and that all discovery in Count II should be stayed.

In arguing for severing and staying Count II, TKT made very clear its belief that Count II has nothing to do with Count I. For example, TKT argued that ARS's amended complaint "states two unrelated causes of action against two separate defendants," that "the two counts set forth in ARS's amended complaint arise out of different transactions and involve no overlapping questions of law or fact," that Count II against TKT "has little, if anything, to do with the issues raised in the interference between ARS and Cell Genesys," that Count I "remains a § 146 appeal that has nothing to do with TKT," and that "TKT should not be a party to what is actually a § 146 appeal." (Nielsen Decl., Exhibit C, *TKT Memo in Support of its Motion to Dismiss*, at 1, 10; and Exhibit D, *TKT Memo in Opposition to ARS's Motion for Discovery*, at 2 and 5.

TKT also told the Court that consolidating both § 146 actions (which the Court has now done) distances TKT even further from the controversy between ARS and CGI:

> Potentially adding to the prejudice is ARS' motion to transfer Cell Genesys's appeal to this Court. If the ARS appeal and the Cell Genesys appeal are consolidated into one action (a result ARS appears to be seeking), the case would become even more complicated and even more distant from anything having to do with TKT.

Nielsen Decl., Exhibit C, *TKT Memo in Support of its Motion to Dismiss*, at 13 and 14.

Consequently, TKT and its counsel should be prohibited from being present at the deposition of Dr. Chappel on January 19, 2005. If TKT or its counsel are permitted to be present, the Court should lift the stay of Count II against TKT for infringement of the '071 patent and order TKT to either actively participate in that deposition of Dr. Chappel or else waive any right that it might have to depose him in the future.

### III. CONCLUSION

For the foregoing reasons, ARS requests that the Court, after expedited briefing and hearing, enter a protective order under Fed. R. Civ. P. 26(c)(5) prohibiting TKT and its counsel from attending or in any other way participating in the deposition of Dr. Scott Chappel, as well as the deposition of any other witness in this § 146 action, or in the alternative lift the stay of Count II against TKT. A proposed form of order is being submitted herewith.

Respectfully submitted,
NIXON PEABODY LLP

Dated: January 10, 2006

/s/ Fred A. Kelly, Jr.
Fred A. Kelly, Jr.
BBO No. 544046
100 Summer Street
Boston, MA 02110
Tel: (617) 345-1000
Fax: (617) 345-1300

MARSHALL, GERSTEIN & BORUN LLP
Kevin M. Flowers (*pro hac vice*)
Matthew C. Nielsen (*pro hac vice*)
6300 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606-6357
Tel: (312) 474-6300
Fax: (312) 474-0448

Attorneys for Plaintiff
Applied Research Systems ARS Holding, N.V

## LOCAL CIVIL RULE 37.1(b) CERTIFICATION

I, Kevin M. Flowers, Esq., counsel for ARS, conferred with counsel for CGI (Gerald J. Flattman, Jr., Esq.) and TKT (Steven M. Kelber, Esq.) between December 23, 2005 and January 9, 2006 and attempted in good faith, but was unable, to resolve or narrow the issue that is the subject of this Motion. Specifically, I conferred with Messrs. Flattmann and Kelber by email including on December 23, 2005 (at 8:14 pm and 8:41 pm), December 30, 2005 (at 3:08 pm), January 5, 2006 (4:40 pm) and on January 7, 2005 pm (at 3:11 pm, 3:22 pm, 3:53 pm, and 4:07 pm). We were unable to reach an agreement on the issue of whether TKT and its counsel should be permitted to participate in the deposition of Dr. Scott Chappel.

Dated: January 10, 2006

/s/ Kevin M. Flowers
Kevin M. Flowers (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 S. Wacker Drive
Chicago, Illinois 60606-6357
Tel: (312) 474-6300
Fax: (312) 474-0448