```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| CELL GENESIS, INC.,                        ) | |
|     Plaintiff                                ) | |
|                                              ) | |
|     v.                                       ) | C.A. No. 05-12448-MLW |
|                                              ) | |
| APPLIED RESEARCH SYSTEMS ARS               ) | |
| HOLDING, N.V.,                             ) | |
|     Defendant                                ) | |
| | |
| APPLIED RESEARCH SYSTEMS ARS               ) | |
| HOLDING, N.V.,                             ) | |
|     Plaintiff                                ) | |
|                                              ) | |
|     v.                                       ) | C.A. No. 04-11810-MLW |
|                                              ) | |
| CELL GENESYS, INC.                         ) | |
|     Defendant                                ) | |

<u>ORDER</u>

WOLF, D.J.                                              January 19, 2006

For the reasons stated in court on January 18, 2006, it is hereby ORDERED that:

1. With the exception of Count II, C.A. No. 04-11810 is no longer stayed.

2. Cell Genesys, Inc.'s ("CGI's") Motion for Sanctions for Failure to Attend Deposition (Docket No. 77) is ALLOWED. With agreement of the parties, Applied Research Systems ARS Holding, N.V., ("ARS") shall, by January 27, 2006, pay $7,000 to CGI.

3. CGI's Motion to Schedule Rule 16.1 Conference (Docket No. 76) is MOOT.

1

4. The parties' joint oral motion to admit the underlying record of Interference No. 105,114 in C.A. No. 05-12448 and in Count I of C.A. No. 04-11810 is ALLOWED. See 35 U.S.C. § 146. The parties shall, by January 27, 2006, file a physical copy of the record (but not an electronic version) from the interference proceeding before the PTO.

5. By agreement of the parties, no party shall cross-examine witnesses deposed in Interference No. 105,114 proceeding until this case goes to trial.

6. CGI shall respond to the complaint and file any counterclaims in C.A. No. 04-11810 by February 3, 2006, and ARS shall file a reply to any counterclaims in C.A. No. 04-11810 by February 23, 2006.

7. The parties shall, by February 15, 2006, complete depositions of the three remaining fact witnesses.

8. ARS shall, by March 2, 2006, inform CGI whether it seeks additional fact discovery regarding Count I of C.A. No. 04-11810 and if so what discovery it requires. The parties shall, by March 9, 2006, confer to determine whether they can agree on any issues regarding possible additional fact discovery. The parties shall file any motions regarding discovery by March 16, 2006. Oppositions shall be filed by March 23, 2006. Any replies shall be filed by March 28, 2006. If necessary, a hearing will be held on April 10,

2006, at 3:00 p.m.

    9. The parties shall, by March 3, 2006, designate experts and, by April 7, 2006, disclose the information described in Fed. R. Civ. P. 26(a)(2), concerning each expert.

    10. Depositions of experts regarding opening expert reports shall be completed by May 5, 2006.

    11. By May 12, 2006, the parties shall serve rebuttal expert reports.

    12. All discovery shall be completed by June 2, 2006.

    13. The parties shall meet to discuss settlement and, by July 14, 2006, report to the court, jointly if possible: a) whether their attempts to settle the case were successful; if not, b) whether there are any issues that might expedite a settlement if they were resolved promptly; and c) whether they believe that there are any meritorious motions for summary judgment.

    14. A hearing will be held on August 8, 2006, at 3:00 p.m., to discuss settlement, whether it is appropriate to bifurcate any issues for resolution, and to set a schedule for summary judgment motions. Counsel shall attend with representatives of the parties who are fully authorized to agree to a settlement of these cases.

    /s/ MARK L. WOLF
    UNITED STATES DISTRICT JUDGE