**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| CELL GENESYS, INC., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-12448-MLW |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V. | ) ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-11810-MLW |
| | ) | |
| CELL GENESYS, INC. and TRANSKARYOTIC THERAPIES, INC. | ) ) | ORAL ARGUMENT REQUESTED |
| | ) | |
| Defendants. | ) | |

**ARS'S MOTION TO DISMISS CGI'S COUNTERCLAIM COUNTS II AND III**

Plaintiff Applied Research Systems ARS Holding, N.V. ("ARS") hereby moves under Fed. R. Civ. P. 12(b)(6) and 35 U.S.C. § 146 to dismiss Counts II and III and strike paragraph 43 in "Defendant Cell Genesys Inc.'s Answer to Plaintiff's First Amended Complaint and Cell Genesys's Counterclaims" filed on February 3, 2006 (hereinafter "CGI Answer and Counterclaims").

In its counterclaim Counts II and III, CGI alleges, for the first time ever, that the '071 patent is "void and unenforceable." Specifically, CGI accuses Dr. Chappel (the inventor on ARS's '071 patent) and/or ARS with committing inequitable conduct by (i) failing to disclose the "best mode" for practicing at least one of the inventions claimed in the '071 patent (CGI Answer and Counterclaims at ¶¶ 18-23); (ii) withholding a concurrently-pending but unrelated patent application listing Dr. Chappel as a co-inventor (*id*. at ¶¶ 24-26); and (iii) misleading the Examiner about the contents of Dr. Chappel's continuation-in-part application filed in December 1990 (*id*. at ¶¶ 27-32).

The Court should dismiss these counterclaim counts as waived and untimely. The law is clear that where the evidence on which a party relies to raise an issue in a 35 U.S.C. § 146 appeal of an interference decision was available to the party during the interference, and the party did not raise that issue during the interference, the party is not permitted to raise that issue for the first time in the § 146 action. Here, to the extent that CGI is able to point to any actual evidence which it can try to use to support its arguments that Dr. Chappel or ARS did something wrong while prosecuting the '071 patent, all of that evidence was available to CGI during the '114 Interference from which this § 146 appeal is taken. The only other "evidence" on which CGI relies to support these new allegations consists of its misrepresentations of Dr. Chappel's testimony during his recent deposition, which should be disregarded.

1

Consequently, because CGI could have, but did not, raise or pursue any of the allegations set out in its counterclaim Counts II and III during the '114 Interference, despite the availability during the interference of the evidence on which CGI now relies to support those allegations, CGI waived its right to bring those allegations, and the Court should dismiss the causes of actions set out in Counts II and III. And because CGI has failed to adequately plead a cause of action under antitrust law, and in any event has no standing to bring such a cause of action, the Court should strike ¶ 43 of CGI's counterclaim Count IV.

In support of this motion, ARS is filing and relying upon *ARS's Memorandum In Support Of Its Motion To Dismiss CGI's Counterclaim Counts II And III* and the *Declaration Of Matthew C. Nielsen*.

## REQUEST FOR ORAL ARGUMENT

ARS believes that oral argument will assist the Court to the extent that the Court may have questions regarding the factual and legal bases for CGI's counterclaims.

Respectfully submitted,

Dated: February 23, 2006        /s/ Kevin M. Flowers
NIXON PEABODY LLP
Fred A. Kelly, Jr.
BBO No. 544046
100 Summer Street
Boston, MA 02110
Tel: (617) 345-1000
Fax: (617) 345-1300

MARSHALL, GERSTEIN & BORUN LLP
Kevin M. Flowers (*pro hac vice*)
Matthew C. Nielsen (*pro hac vice*)
6300 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606-6357
Tel: (312) 474-6300
Fax: (312) 474-0448

Attorneys for Plaintiff
Applied Research Systems ARS Holding, N.V

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

Matthew C. Nielsen, counsel for ARS, conferred with counsel for CGI on February 23, 2006 and attempted in good faith, but was unable, to resolve or narrow the issues that are the subject of this motion.

      /s/ Matthew C. Nielsen
An attorney for Plaintiff Applied Research Systems
ARS Holding, N.V