**§ 1.570**                                                                                    **37 CFR Ch. I (7–1–03 Edition)**

interference. The Director will not consider a request to suspend an interference unless a motion (§ 1.635) to suspend the interference has been presented to, and denied by, an administrative patent judge, and the request is filed within ten (10) days of a decision by an administrative patent judge denying the motion for suspension or such other time as the administrative patent judge may set. For concurrent *inter partes* reexamination and interference of a patent, see § 1.993.

[65 FR 76776, Dec. 7, 2000]

*Ex Parte* REEXAMINATION CERTIFICATE

**§ 1.570  Issuance of *ex parte* reexamination certificate after *ex parte* reexamination proceedings.**

(a) Upon the conclusion of *ex parte* reexamination proceedings, the Director will issue an *ex parte* reexamination certificate in accordance with 35 U.S.C. 307 setting forth the results of the *ex parte* reexamination proceeding and the content of the patent following the *ex parte* reexamination proceeding.

(b) An *ex parte* reexamination certificate will be issued in each patent in which an *ex parte* reexamination proceeding has been ordered under § 1.525 and has not been merged with any *inter partes* reexamination proceeding pursuant to § 1.989(a). Any statutory disclaimer filed by the patent owner will be made part of the *ex parte* reexamination certificate.

(c) The *ex parte* reexamination certificate will be mailed on the day of its date to the patent owner at the address as provided for in § 1.33(c). A copy of the *ex parte* reexamination certificate will also be mailed to the requester of the *ex parte* reexamination proceeding.

(d) If an *ex parte* reexamination certificate has been issued which cancels all of the claims of the patent, no further Office proceedings will be conducted with that patent or any reissue applications or any reexamination requests relating thereto.

(e) If the *ex parte* reexamination proceeding is terminated by the grant of a reissued patent as provided in § 1.565(d), the reissued patent will constitute the *ex parte* reexamination certificate required by this section and 35 U.S.C. 307.

(f) A notice of the issuance of each *ex parte* reexamination certificate under this section will be published in the *Official Gazette* on its date of issuance.

[65 FR 76777, Dec. 7, 2000]

### Subpart E—Interferences

AUTHORITY: 35 U.S.C. 6, 23, 41, and 135.

SOURCE: 49 FR 48455, Dec. 12, 1984, unless otherwise noted.

**§ 1.601  Scope of rules, definitions.**

This subpart governs the procedure in patent interferences in the Patent and Trademark Office. This subpart shall be construed to secure the just, speedy, and inexpensive determination of every interference. For the meaning of terms in the Federal Rules of Evidence as applied to interferences, see § 1.671(c). Unless otherwise clear from the context, the following definitions apply to this subpart:

(a) *Additional discovery* is discovery to which a party may be entitled under § 1.687 in addition to discovery to which the party is entitled as a matter of right under § 1.673 (a) and (b).

(b) *Affidavit* means affidavit, declaration under § 1.68, or statutory declaration under 28 U.S.C. 1746. A transcript of an *ex parte* deposition may be used as an affidavit.

(c) *Board* means the Board of Patent Appeals and Interferences.

(d) *Case-in-chief* means that portion of a party's case where the party has the burden of going forward with evidence.

(e) *Case-in-rebuttal* means that portion of a party's case where the party presents evidence in rebuttal to the case-in-chief of another party.

(f) A *count* defines the interfering subject matter between two or more applications or between one or more applications and one or more patents. When there is more than one count, each count shall define a separate patentable invention. Any claim of an application or patent that is designated to correspond to a count is a claim involved in the interference within the meaning of 35 U.S.C. 135(a). A claim of a patent or application that is designated to correspond to a count and is



**U.S. Patent and Trademark Office, Commerce** §1.601

identical to the count is said to correspond exactly to the count. A claim of a patent or application that is designated to correspond to a count but is not identical to the count is said to correspond substantially to the count. When a count is broader in scope than all claims which correspond to the count, the count is a phantom count.

(g) The *effective filing date* of an application is the filing date of an earlier application, benefit of which is accorded to the application under 35 U.S.C. 119, 120, 121, or 365 or, if no benefit is accorded, the filing date of the application. The effective filing date of a patent is the filing date of an earlier application, benefit of which is accorded to the patent under 35 U.S.C. 119, 120, 121, or 365 or, if no benefit is accorded, the filing date of the application which issued as the patent.

(h) In the case of an application, *filing date* means the filing date assigned to the application. In the case of a patent, "filing date" means the filing date assigned to the application which issued as the patent.

(i) An *interference* is a proceeding instituted in the Patent and Trademark Office before the Board to determine any question of patentability and priority of invention between two or more parties claiming the same patentable invention. An interference may be declared between two or more pending applications naming different inventors when, in the opinion of an examiner, the applications contain claims for the same patentable invention. An interference may be declared between one or more pending applications and one or more unexpired patents naming different inventors when, in the opinion of an examiner, any application and any unexpired patent contain claims for the same patentable invention.

(j) An *interference-in-fact* exists when at least one claim of a party that is designated to correspond to a count and at least one claim of an opponent that is designated to correspond to the count define the same patentable invention.

(k) A *lead* attorney or agent is a registered attorney or agent of record who is primarily responsible for prosecuting an interference on behalf of a party and is the attorney or agent whom an administrative patent judge may contact to set times and take other action in the interference.

(l) A *party* is an applicant or patentee involved in the interference or a legal representative or an assignee of record in the Patent and Trademark Office of an applicant or patentee involved in an interference. Where acts of party are normally performed by an attorney or agent, "party" may be construed to mean the attorney or agent. An inventor is the individual named as inventor in an application involved in an interference or the individual named as inventor in a patent involved in an interference.

(m) A *senior party* is the party with the earliest effective filing date as to all counts or, if there is no party with the earliest effective filing date as to all counts, the party with the earliest filing date. A *junior party* is any other party.

(n) Invention "A" is the *same patentable invention* as an invention "B" when invention "A" is the same as (35 U.S.C. 102) or is obvious (35 U.S.C. 103) in view of invention "B" assuming invention "B" is prior art with respect to invention "A". Invention "A" is a *separate patentable invention* with respect to invention "B" when invention "A" is new (35 U.S.C. 102) and non-obvious (35 U.S.C. 103) in view of invention "B" assuming invention "B" is prior art with respect to invention "A".

(o) *Sworn* means sworn or affirmed.

(p) *United States* means the United States of America, its territories and possessions.

(q) A *final decision* is a decision awarding judgment as to all counts. An *interlocutory order* is any other action taken by an administrative patent judge or the Board in an interference, including the notice declaring an interference.

(r) *NAFTA country* means NAFTA country as defined in section 2(4) of the North American Free Trade Agreement Implementation Act, Pub. L. 103–182, 107 Stat. 2060 (19 U.S.C. 3301).

(s) *WTO member country* means WTO member country as defined in section 2(10) of the Uruguay Round Agreements

Act, Pub. L. 103–465, 108 Stat. 4813 (19 U.S.C. 3501).

[49 FR 48455, Dec. 12, 1984; 50 FR 23123, May 31, 1985, as amended at 58 FR 49434, Sept. 23, 1993; 60 FR 14519, Mar. 17, 1995; 65 FR 70490, Nov. 24, 2000]

### § 1.602 Interest in applications and patents involved in an interference.

(a) Unless good cause is shown, an interference shall not be declared or continued between (1) applications owned by a single party or (2) applications and an unexpired patent owned by a single party.

(b) The parties, within 20 days after an interference is declared, shall notify the Board of any and all right, title, and interest in any application or patent involved or relied upon in the interference unless the right, title, and interest is set forth in the notice declaring the interference.

(c) If a change of any right, title, and interest in any application or patent involved or relied upon in the interference occurs after notice is given declaring the interference and before the time expires for seeking judicial review of a final decision of the Board, the parties shall notify the Board of the change within 20 days after the change.

[49 FR 48455, Dec. 12, 1984, as amended at 60 FR 14519, Mar. 17, 1995]

### § 1.603 Interference between applications; subject matter of the interference.

Before an interference is declared between two or more applications, the examiner must be of the opinion that there is interfering subject matter claimed in the applications which is patentable to each applicant subject to a judgment in the interference. The interfering subject matter shall be defined by one or more counts. Each application must contain, or be amended to contain, at least one claim that is patentable over the prior art and corresponds to each count. All claims in the applications which define the same patentable invention as a count shall be designated to correspond to the count.

[60 FR 14519, Mar. 17, 1995]

### § 1.604 Request for interference between applications by an applicant.

(a) An applicant may seek to have an interference declared with an application of another by,

(1) Suggesting a proposed count and presenting at least one claim corresponding to the proposed count or identifying at least one claim in its application that corresponds to the proposed count,

(2) Identifying the other application and, if known, a claim in the other application which corresponds to the proposed count, and

(3) Explaining why an interference should be declared.

(b) When an applicant presents a claim known to the applicant to define the same patentable invention claimed in a pending application of another, the applicant shall identify that pending application, unless the claim is presented in response to a suggestion by the examiner. The examiner shall notify the Director of any instance where it appears an applicant may have failed to comply with the provisions of this paragraph.

[24 FR 10332, Dec. 22, 1959, as amended at 53 FR 23735, June 23, 1988; 60 FR 14519, Mar. 17, 1995]

### § 1.605 Suggestion of claim to applicant by examiner.

(a) If no claim in an application is drawn to the same patentable invention claimed in another application or patent, the examiner may suggest that an applicant present a claim drawn to an invention claimed in another application or patent for the purpose of an interference with another application or a patent. The applicant to whom the claim is suggested shall amend the application by presenting the suggested claim within a time specified by the examiner, not less than one month. Failure or refusal of an applicant to timely present the suggested claim shall be taken without further action as a disclaimer by the applicant of the invention defined by the suggested claim. At the time the suggested claim is presented, the applicant may also call the examiner's attention to other claims already in the application or presented with the suggested claim and explain why the other claims would be

**U.S. Patent and Trademark Office, Commerce** §1.633

**§1.629 Effect of preliminary statement.**

(a) A party shall be strictly held to any date alleged in the preliminary statement. Doubts as to definiteness or sufficiency of any allegation in a preliminary statement or compliance with formal requirements will be resolved against the party filing the statement by restricting the party to its effective filing date or to the latest date of a period alleged in the preliminary statement, as may be appropriate. A party may not correct a preliminary statement except as provided by §1.628.

(b) Evidence which shows that an act alleged in the preliminary statement occurred prior to the date alleged in the statement shall establish only that the act occurred as early as the date alleged in the statement.

(c) If a party does not file a preliminary statement, the party:

(1) Shall be restricted to the party's effective filing date and

(2) Will not be permitted to prove that:

(i) The party made the invention prior to the party's filing date or

(ii) Any opponent derived the invention from the party.

(d) If a party files a preliminary statement which contains an allegation of a date of first drawing or first written description and the party does not file a copy of the first drawing or written description with the preliminary statement as required by §1.623(c), §1.624(c), or §1.625(c), the party will be restricted to the party's effective filing date as to that allegation unless the party complies with §1.628(b). The content of any drawing or written description submitted with a preliminary statement will not normally be evaluated or considered by the Board.

(e) A preliminary statement shall not be used as evidence on behalf of the party filing the statement.

[49 FR 48455, Dec. 12, 1984, as amended at 60 FR 14523, Mar. 17, 1995]

**§1.630 Reliance on earlier application.**

A party shall not be entitled to rely on the filing date of an earlier filed application unless the earlier application is identified (§1.611(c)(5)) in the notice declaring the interference or the party files a preliminary motion under §1.633 seeking the benefit of the filing date of the earlier application.

[60 FR 14524, Mar. 17, 1995]

**§1.631 Access to preliminary statement, service of preliminary statement.**

(a) Unless otherwise ordered by an administrative patent judge, concurrently with entry of a decision on preliminary motions filed under §1.633 any preliminary statement filed under §1.621(a) shall be opened to inspection by the senior party and any junior party who filed a preliminary statement. Within a time set by the administrative patent judge, a party shall serve a copy of its preliminary statement on each opponent who served a notice under §1.621(b).

(b) A junior party who does not file a preliminary statement shall not have access to the preliminary statement of any other party.

(c) If an interference is terminated before the preliminary statements have been opened, the preliminary statements will remain sealed and will be returned to the respective parties who submitted the statements.

[49 FR 48455, Dec. 12, 1984; 50 FR 23124, May 31, 1985, as amended at 60 FR 14524, Mar. 17, 1995]

**§1.632 Notice of intent to argue abandonment, suppression or concealment by opponent.**

A notice shall be filed by a party who intends to argue that an opponent has abandoned, suppressed, or concealed an actual reduction to practice (35 U.S.C. 102(g)). A party will not be permitted to argue abandonment, suppression, or concealment by an opponent unless the notice is timely filed. Unless authorized otherwise by an administrative patent judge, a notice is timely when filed within ten (10) days after the close of the testimony-in-chief of the opponent.

[60 FR 14524, Mar. 17, 1995]

**§1.633 Preliminary motions.**

A party may file the following preliminary motions:

§ 1.634                                            37 CFR Ch. I (7–1–03 Edition)

(a) A motion for judgment against an opponent's claim designated to correspond to a count on the ground that the claim is not patentable to the opponent. The motion shall separately address each claim alleged to be unpatentable. In deciding an issue raised in a motion filed under this paragraph (a), a claim will be construed in light of the specification of the application or patent in which it appears. A motion under this paragraph shall not be based on:

(1) Priority of invention by the moving party as against any opponent or

(2) Derivation of the invention by an opponent from the moving party. See § 1.637(a).

(b) A motion for judgment on the ground that there is no interference-in-fact. A motion under this paragraph is proper only if the interference involves a design application or patent or a plant application or patent or no claim of a party which corresponds to a count is identical to any claim of an opponent which corresponds to that count. See § 1.637(a). When claims of different parties are presented in "means plus function" format, it may be possible for the claims of the different parties not to define the same patentable invention even though the claims contain the same literal wording.

(c) A motion to redefine the interfering subject matter by (1) adding or substituting a count, (2) amending an application claim corresponding to a count or adding a claim in the moving party's application to be designated to correspond to a count, (3) designating an application or patent claim to correspond to a count, (4) designating an application or patent claim as not corresponding to a count, or (5) requiring an opponent who is an applicant to add a claim and to designate the claim to correspond to a count. See § 1.637 (a) and (c).

(d) A motion to substitute a different application owned by a party for an application involved in the interference. See § 1.637 (a) and (d).

(e) A motion to declare an additional interference (1) between an additional application not involved in the interference and owned by a party and an opponent's application or patent involved in the interference or (2) when an interference involves three or more parties, between less than all applications and any patent involved in the interference. See § 1.637 (a) and (e).

(f) A motion to be accorded the benefit of the filing date of an earlier filed application. See § 1.637 (a) and (f).

(g) A motion to attack the benefit accorded an opponent in the notice declaring the interference of the filing date of an earlier filed application. See § 1.637 (a) and (g).

(h) When a patent is involved in an interference and the patentee has on file or files an application for reissue under § 1.171, a motion to add the application for reissue to the interference. See § 1.637 (a) and (h).

(i) When a motion is filed under paragraph (a), (b), or (g) of this section, an opponent, in addition to opposing the motion, may file a motion to redefine the interfering subject matter under paragraph (c) of this section, a motion to substitute a different application under paragraph (d) of this section, or a motion to add a reissue application to the interference under paragraph (h) of this section.

(j) When a motion is filed under paragraph (c)(1) of this section an opponent, in addition to opposing the motion, may file a motion for benefit under paragraph (f) of this section as to the count to be added or substituted.

[49 FR 48455, Dec. 12, 1984; 50 FR 23124, May 31, 1985, as amended at 60 FR 14524, Mar. 17, 1995]

§ 1.634   **Motion to correct inventorship.**

A party may file a motion to (a) amend its application involved in an interference to correct inventorship as provided by § 1.48 or (b) correct inventorship of its patent involved in an interference as provided in § 1.324. See § 1.637(a).

§ 1.635   **Miscellaneous motions.**

A party seeking entry of an order relating to any matter other than a matter which may be raised under § 1.633 or § 1.634 may file a motion requesting entry of the order. See § 1.637 (a) and (b).

§ 1.636   **Motions, time for filing.**

(a) A preliminary motion under § 1.633 (a) through (h) shall be filed within a

§ 1.638     37 CFR Ch. I (7–1–03 Edition)

shall file with the motion an amendment adding any proposed claim to the application for reissue.

(4) Be accompanied by a motion under § 1.633(f) requesting the benefit of the filing date of any earlier filed application, if benefit is desired.

[49 FR 48455, Dec. 12, 1984; 50 FR 23124, May 31, 1985, as amended at 53 FR 23735, June 23, 1988; 58 FR 49434, Sept. 23, 1993; 60 FR 14524, Mar. 17, 1995]

### § 1.638  Opposition and reply; time for filing opposition and reply.

(a) Unless otherwise ordered by an administrative patent judge, any opposition to any motion shall be filed within 20 days after service of the motion. An opposition shall identify any material fact set forth in the motion which is in dispute and include an argument why the relief requested in the motion should be denied.

(b) Unless otherwise ordered by an administrative patent judge, any reply shall be filed within 15 days after service of the opposition. A reply shall be directed only to new points raised in the opposition.

[60 FR 14525, Mar. 17, 1995]

### § 1.639  Evidence in support of motion, opposition, or reply.

(a) Except as provided in paragraphs (c) through (g) of this section, proof of any material fact alleged in a motion, opposition, or reply must be filed and served with the motion, opposition, or reply unless the proof relied upon is part of the interference file or the file of any patent or application involved in the interference or any earlier application filed in the United States of which a party has been accorded or seeks to be accorded benefit.

(b) Proof may be in the form of patents, printed publications, and affidavits. The pages of any affidavits filed under this paragraph shall, to the extent possible, be given sequential numbers, which shall also serve as the record page numbers for the affidavits in the event they are included in the party's record (§ 1.653). Any patents and printed publications submitted under this paragraph and any exhibits identified in affidavits submitted under this paragraph shall, to the extent possible, be given sequential exhibit numbers, which shall also serve as the exhibit numbers in the event the patents, printed publications and exhibits are filed with the party's record (§ 1.653).

(c) If a party believes that additional evidence in the form of testimony that is unavailable to the party is necessary to support or oppose a preliminary motion under § 1.633 or a motion to correct inventorship under § 1.634, the party shall describe the nature of any proposed testimony as specified in paragraphs (d) through (g) of this section. If the administrative patent judge finds that testimony is needed to decide the motion, the administrative patent judge may grant appropriate interlocutory relief and enter an order authorizing the taking of testimony and deferring a decision on the motion to final hearing.

(d) When additional evidence in the form of expert-witness testimony is needed in support of or opposition to a preliminary motion, the moving party or opponent should:

(1) Identify the person whom it expects to use as an expert;

(2) State the field in which the person is alleged to be an expert; and

(3) State:

(i) The subject matter on which the person is expected to testify;

(ii) The facts and opinions to which the person is expected to testify; and

(iii) A summary of the grounds and basis for each opinion.

(e) When additional evidence in the form of fact-witness testimony is necessary, state the facts to which the witness is expected to testify.

(f) If the opponent is to be called, or if evidence in the possession of the opponent is necessary, explain the evidence sought, what it will show, and why it is needed.

(g) When inter partes tests are to be performed, describe the tests stating what they will be expected to show.

[49 FR 48455, Dec. 12, 1984, as amended at 58 FR 49434, Sept. 23, 1993; 60 FR 14525, Mar. 17, 1995]

within 14 days of the decision of the Director and must be accompanied by the fee set forth in § 1.17(h). No opposition to a request for reconsideration shall be filed unless requested by the Director. The decision will not ordinarily be modified unless such an opposition has been requested by the Director.

(g) Where reasonably possible, service of any petition, opposition, or request for reconsideration shall be such that delivery is accomplished within one working day. Service by hand or Express Mail complies with this paragraph.

(h) An oral hearing on the petition will not be granted except when considered necessary by the Director.

(i) The Director may delegate to appropriate Patent and Trademark Office employees the determination of petitions under this section.

[49 FR 48455, Dec. 12, 1984; 50 FR 23124, May 31, 1985, as amended at 60 FR 14527, Mar. 17, 1995]

### § 1.645 Extension of time, late papers, stay of proceedings.

(a) Except to extend the time for filing a notice of appeal to the U.S. Court of Appeals for the Federal Circuit or for commencing a civil action, a party may file a motion (§ 1.635) seeking an extension of time to take action in an interference. See § 1.304(a) for extensions of time for filing a notice of appeal to the U.S. Court of Appeals for the Federal Circuit or for commencing a civil action. The motion shall be filed within sufficient time to actually reach the administrative patent judge before expiration of the time for taking action. A moving party should not assume that the motion will be granted even if there is no objection by any other party. The motion will be denied unless the moving party shows good cause why an extension should be granted. The press of other business arising after an administrative patent judge sets a time for taking action will not normally constitute good cause. A motion seeking additional time to take testimony because a party has not been able to procure the testimony of a witness shall set forth the name of the witness, any steps taken to procure the testimony of the witness, the dates on which the steps were taken, and the facts expected to be proved through the witness.

(b) Any paper belatedly filed will not be considered except upon notion (§ 1.635) which shows good cause why the paper was not timely filed, or where an administrative patent judge or the Board, sua sponte, is of the opinion that it would be in the interest of justice to consider the paper. See § 1.304(a) for exclusive procedures relating to belated filing of a notice of appeal to the U.S. Court of Appeals for the Federal Circuit or belated commencement of a civil action.

(c) The provisions of § 1.136 do not apply to time periods in interferences.

(d) An administrative patent judge may stay proceedings in an interference.

[49 FR 48455, Dec. 12, 1984, as amended at 54 FR 29553, July 13, 1989; 60 FR 14527, Mar. 17, 1995]

### § 1.646 Service of papers, proof of service.

(a) A copy of every paper filed in the Patent and Trademark Office in an interference or an application or patent involved in the interference shall be served upon all other parties except:

(1) Preliminary statements when filed under § 1.621; preliminary statements shall be served when service is ordered by an administrative patent judge.

(2) Certified transcripts and exhibits which accompany the transcripts filed under § 1.676; copies of transcripts shall be served as part of a party's record under § 1.653(c).

(b) Service shall be on an attorney or agent for a party. If there is no attorney or agent for the party, service shall be on the party. An administrative patent judge may order additional service or waive service where appropriate.

(c) Unless otherwise ordered by an administrative patent judge, or except as otherwise provided by this subpart, service of a paper shall be made as follows:

(1) By handing a copy of the paper or causing a copy of the paper to be handed to the person served.

(2) By leaving a copy of the paper with someone employed by the person at the person's usual place of business.

not brought to the attention of an administrative patent judge or the Board.

[49 FR 48455, Dec. 12, 1984; 50 FR 23124, May 31, 1985, as amended at 60 FR 14534, Mar. 17, 1995]

### § 1.687  Additional discovery.

(a) A party is not entitled to discovery except as authorized in this subpart.

(b) Where appropriate, a party may obtain production of documents and things during cross-examination of an opponent's witness or during the testimony period of the party's case-in-rebuttal.

(c) Upon a motion (§ 1.635) brought by a party within the time set by an administrative patent judge under § 1.651 or thereafter as authorized by § 1.645 and upon a showing that the interest of justice so requires, an administrative patent judge may order additional discovery, as to matters under the control of a party within the scope of the Federal Rules of Civil Procedure, specifying the terms and conditions of such additional discovery. See § 1.647 concerning translations of documents in a foreign language.

(d) The parties may agree to discovery among themselves at any time. In the absence of an agreement, a motion for additional discovery shall not be filed except as authorized by this subpart.

[49 FR 48455, Dec. 12, 1984, as amended at 60 FR 14535, Mar. 17, 1995]

### § 1.688  [Reserved]

### § 1.690  Arbitration of interferences.

(a) Parties to a patent interference may determine the interference or any aspect thereof by arbitration. Such arbitration shall be governed by the provisions of Title 9, United States Code. The parties must notify the Board in writing of their intention to arbitrate. An agreement to arbitrate must be in writing, specify the issues to be arbitrated, the name of the arbitrator or a date not more than thirty (30) days after the execution of the agreement for the selection of the arbitrator, and provide that the arbitrator's award shall be binding on the parties and that judgment thereon can be entered by the Board. A copy of the agreement must be filed within twenty (20) days after its execution. The parties shall be solely responsible for the selection of the arbitrator and the rules for conducting proceedings before the arbitrator. Issues not disposed of by the arbitration will be resolved in accordance with the procedures established in this subpart, as determined by the administrative patent judge.

(b) An arbitration proceeding under this section shall be conducted within such time as may be authorized on a case-by-case basis by an administrative patent judge.

(c) An arbitration award will be given no consideration unless it is binding on the parties, is in writing and states in a clear and definite manner the issue or issues arbitrated and the disposition of each issue. The award may include a statement of the grounds and reasoning in support thereof. Unless otherwise ordered by an administrative patent judge, the parties shall give notice to the Board of an arbitration award by filing within twenty (20) days from the date of the award a copy of the award signed by the arbitrator or arbitrators. When an award is timely filed, the award shall, as to the parties to the arbitration, be dispositive of the issue or issues to which it relates.

(d) An arbitration award shall not preclude the Office from determining patentability of any invention involved in the interference.

[52 FR 13838, Apr. 27, 1987, as amended at 60 FR 14535, Mar. 17, 1995]

## Subpart F—Adjustment and Extension of Patent Term

AUTHORITY: 35 U.S.C. 2(b)(2), 154, and 156.

SOURCE: 52 FR 9394, Mar. 24, 1987, unless otherwise noted.

ADJUSTMENT OF PATENT TERM DUE TO EXAMINATION DELAY

### § 1.701  Extension of patent term due to examination delay under the Uruguay Round Agreements Act (original applications, other than designs, filed on or after June 8, 1995, and before May 29, 2000).

(a) A patent, other than for designs, issued on an application filed on or