IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CELL GENESYS, INC., ) | |
| ) | |
| Plaintiff/Counterdefendant, ) | |
| ) | |
| v. ) | C.A. No. 05-12448-MLW |
| ) | |
| APPLIED RESEARCH SYSTEMS ARS ) | |
| HOLDING, N.V. ) | |
| ) | |
| Defendant/Counterclaimant. ) | |
| ) | |
| APPLIED RESEARCH SYSTEMS ARS ) | |
| HOLDING, N.V., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04 11810 MLW |
| ) | |
| CELL GENESYS, INC. AND ) | |
| TRANSKARYOTIC THERAPIES, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT CELL GENESYS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL THE DEPOSITION OF GIANPIERO DELUCA AND FOR DISCOVERY SANCTIONS**

INTRODUCTION

Defendant Cell Genesys, Inc. respectfully requests that this Court enter an Order compelling the deposition of Serono employee Gianpiero DeLuca ("DeLuca"). ARS has flatly refused to produce DeLuca, in response to a proper and timely deposition notice, contending that this Court has limited the fact discovery depositions. ARS's refusal constitutes a blatant discovery abuse and delay tactic. It has no legitimate basis, given that the alleged discovery limitation does not exist. There is no excuse to justify ARS's refusal to cooperate. DeLuca has

1

relevant and discoverable information, to which CGI is entitled. Only one ARS fact witness deposition has been taken in this suit to-date. There is no reason the DeLuca deposition should not go forward.

CGI makes the underlying motion in accordance with this Court's January 19, 2006 scheduling order, which provides that discovery motions shall be filed by March 16, 2006.

By the underlying motion, CGI seeks an Order compelling the attendance of DeLuca at a deposition to take place at the offices of CGI's counsel in Washington DC on March 30, 2006, or in the alternative, to take place on a date more convenient for DeLuca's schedule, but no later than March 31, 2006. In addition, CGI requests an Order of discovery sanctions in the amount of $14,000, along with its attorneys' fees and costs associated with the drafting and filing of this motion.

## RELEVANT BACKGROUND FACTS

### A. CGI Recently Learned That Mr. Gianpiero DeLuca Has Relevant, Discoverable Information.

DeLuca was not identified in the Rule 26(a) disclosures provided by ARS, and his name only appeared in corporate documents ARS produced on January 18, 2006 - *after* the conclusion of the conference in this Court, and thus, less than a day prior to the deposition of the '071 patent inventor, Scott C. Chappel's ("Chappel") deposition. (*See Kelber Declaration* at ¶2).

At Chappel's deposition on January 19, 2006, it was revealed for the first time that DeLuca is another Serono employee with significant and key information relevant to this lawsuit, and more specifically, ARS's involved '071 Patent claims. (Both Chappel and DeLuca were at relevant times employees of Serono, S.A., parent company of ARS). (*See Kelber Declaration* at ¶4). Prior to the Chappel deposition, CGI's counsel never received information to indicate that DeLuca possessed significant and discoverable information. DeLuca is currently an employee of

ARS's parent company Serono, based in Europe. ARS previously has represented to the Board of Patent Appeals and Interferences that ARS is a wholly owned subsidiary of Serono.

According to the testimony of Serono inventor Chappel, DeLuca was heavily involved in the project that is the subject of this lawsuit at all times relevant to this suit. (*See Exh. A attached to the Kelber Declaration*). He wrote the original application, he authored the continuation-in-part application and evaluated licensing matters. (*Id.*) Chappel testified as follows:

> Q. **Who was the patent attorney that was helping you create the patent application that is referred to here?**
>
> A. His name was, and I believe still is, Gianpiero De Luca.
>
> Q. **And what was the nature of your interaction with him in the process of putting together a patent?**
>
> A. The **exact** details I do not remember; but in general, he would -- was tasked with **changing** my scientific description into a document that would be acceptable for submission to the Patent Office.

*Id.*; Chappel depo at 54.

> Q. **Okay. Did you talk about the possibility of licensing the Institute Pasteur technology on homologous recombination with anybody in the time frame 1989 to 1992?**
>
> MR. FLOWERS: Just **exclude** the substance of any attorney/client conversations.
>
> A. It's attorney/client privileged.
>
> MR. FLOWERS: You can answer as to whether you had conversation with anyone.
>
> A. I did. I **had** a conversation with De Luca.
>
> Q. **You had a conversation with Gianpiero De Luca?**

3

> A.  Yes.
>
> Q.  Any other **attorneys present?**
>
> A.  No.
>
> Q.  Was the conversation in person or over the telephone?
>
> A.  Yes.
>
> Q.  Sorry. **It was in person?**
>
> A.  It **was over** the telephone and in person.
>
> Q.  Okay. **So there was more than one conversation on this subject, correct?**
>
> A.  Yes.

*Id.*; Chappell depo at 80-81.

DeLuca has additional information concerning the preparation of the patent application that issued as the '071 patent, the underlying subject matter and licensing issues that were not available from Chappel and are not available from any other source.

**B.      ARS Refused To Comply With The Deposition Notice of Gianpiero DeLuca.**

After the nature and extent of DeLuca's information was learned at the Chappel deposition, CGI's counsel properly noticed the deposition of DeLuca. The deposition was to take place at the offices of CGI's counsel in Washington D.C. on February 28, 2006. (*See Exh. B attached to the Kelber Declaration*).

In response to the Notice of Deposition, ARS asserted that a deposition of DeLuca was not available under the terms of the January 19, 2006 scheduling order from this Court. (*See Kelber Declaration* at ¶6). ARS refused to provide alternatives dates for the DeLuca deposition and never moved for a protective order. (*Id.* at 7).

On February 28, 2006, neither ARS nor DeLuca appeared for the deposition. (*See Kelber Declaration* at ¶8).

## ARGUMENT

### A.  An Order Compelling the Deposition of Mr. Gianpiero DeLuca Is Necessary.

Rule 37(a) provides authority for a motion to compel certain discovery in the face of a party-opponent's failure to cooperate. Fed.R.Civ.P. 37(a); *Cabana v. Forcier*, 200 F.R.D. 9, 17 (D. Mass. 2001). An Order compelling the DeLuca deposition in this case is necessary, because ARS has flatly refused to cooperate with the DeLuca deposition notice, citing only this Court's January 19, 2006 Order as a ground for its refusal to cooperate. To date, ARS has not raised any other objection to the DeLuca deposition notice. ARS, moreover, never filed a motion for a protective order to properly raise its objection to this Court.

There was no excusable reason to justify ARS's failure to attend DeLuca's deposition, as the scheduling order provides for this discovery. In its refusal to comply with the Notice of Deposition, ARS cites as a discovery limitation this Court's January 19, 2006 scheduling order statement that: "[t]he parties shall, by February 15, 2006, complete depositions of the three remaining fact witnesses." (*See Kelber Declaration* at ¶6).

The January 19, 2006 scheduling order, however, did not limit discovery; it was "based on reasons stated in court on January 18, 2006." It merely reflects an understanding that as of January 18, 2006 only three remaining depositions were anticipated. ARS could have provided the belated production of ARS corporate documents before the conference on January 18, 2006, but deliberately opted to wait until the Order was entered and the session in Chambers concluded around 4:00 p.m. on that date. Counsel for ARS simply offered that the documents "might be useful for Chappel's deposition," scheduled for the next morning.

Taken in context, the January 19, 2006 Order referencing "the three remaining fact witnesses" reflects a representation made by CGI's counsel based on information available to it at that time. Through the document and information produced after the January 18, 2006 conference before this Court and at the Chappel deposition the following day, CGI's counsel was surprised to learn about the nature and extent of DeLuca's knowledge and information about matters material and relevant to this case. Given the fact that CGI only learned of DeLuca's central involvement during the Chappel deposition the day after the conference with this Court, there was no way for CGI to include DeLuca in its count of the remaining anticipated depositions when it appeared before the Court on January 18, 2006.

Read as a whole, moreover, the January 19, 2006 Order contemplates that additional discovery needs would arise. In particular, it provides that:

* "The parties shall, by March 9, 2006, confer to determine whether they can agree on any issues regarding possible additional fact discovery."

* "The parties shall file any motions regarding discovery by March 16, 2006."

* "All discovery shall be completed by June 2, 2006."

The January 19, 2006 Scheduling Order does not provide a valid basis for ARS's refusal to comply with the DeLuca deposition notice. It is not a limitation on the discovery depositions.

**B.    ARS's Discovery Abuses and Delays Are A Specific And Mandatory Ground For Sanctions.**

Sanctions are immediately available against a party that fails to attend a properly noticed and confirmed deposition. Fed. R. Civ. P. 37(d). The applicable rule states in relevant part:

> If a party or a ... a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just ....

Fed.R.Civ.P. 37(d); *Gannett v. Carp*, 340 F.3d 15 (1st Cir. 2003) (affirming award of monetary sanction for refusal to cooperate in discovery).

A just order under these circumstances is a $14,000 monetary sanction against ARS, given that this is not the first discovery abuse by ARS in this action. ARS has previously been sanctioned by this Court as a result of unreasonably resisting discovery of ARS's inventor Chappel. After Chappel's deposition was properly noticed and confirmed for December 1, 2005, ARS refused to produce the witness. In that instance, CGI never received notice that neither ARS's lawyer nor the deponent would attend the deposition --- until CGI's counsel were en route to Boston from Washington, D.C., for the purpose of taking the deposition, less than 24 hours before the scheduled start time of the deposition.

The repeated discovery misconduct and abuses in this case justify a monetary sanction award. A sanction is intended, in this case, to work as a deterrent and to deter wrongful conduct. In this Court's prior decision of January 18, 2006, it noted that where ARS, rather than rescheduling, flatly refused to comply with a properly noticed deposition, it needed to seek a protective order. CGI excused the need to file for a protective order in the case of DeLuca only if ARS would find an alternate date. ARS refused. The Court's prior sanction was not effective.

7

CGI respectfully submits that perhaps a sanction of twice the amount previously awarded to CGI for ARS's prior discovery abuses will be effective.

An award of attorneys' fees is appropriate as well. Courts have broad latitude in fashioning a range of sanctions, but the sanction required by the Rules is the award of "reasonable expenses, including attorney's fees.... " Fed.R.Civ.P. 37(d):

> In lieu of any order or in addition thereto, the court *shall* require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees....

Fed.R.Civ.P. 37(d) (emphasis added); *Atlantic Cape Fisheries v. Hartford Fire Ins. Co.*, 509 F.2d 577 (1st Cir. 1975) (applying Rule 37). ARS refuses to participate in good faith to reach any accommodation so that the deposition of Gianpiero DeLuca can be taken. Sanctions are appropriate in this instance.

## CONCLUSION

Defendant Cell Genesys respectfully requests that this Court award sanctions against ARS in the amount of:

- $3,797.50 in fees and costs associated with making this motion for sanctions.

- $14,000 as an amount representing material sanctions for discovery abuses and inexcusable delay.

## REQUEST FOR ORAL ARGUMENT

Defendant Cell Genesys respectfully requests oral argument on this motion.

Respectfully submitted,

CELL GENESYS, INC.

By its attorneys,

/s/ Steven B. Kelber
Steven B. Kelber
Merchant & Gould
901 Fifteenth Street, N.W.
Suite 850
Washington, DC  20005
Telephone:  (202) 326-0300

T. Christopher Donnelly (BBO #129930)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts  02108
Telephone:  (617) 720-2880

Dated:  March 16, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this DEFENDANT CELL GENESYS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL THE DEPOSITION OF GIANPIERO DELUCA AND FOR DISCOVERY SANCTIONS was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 16, 2006.

/s/   Steven B. Kelber
Steven B. Kelber