# Exhibit C

**Steven Kelber**

**From:** Kevin Flowers [kflowers@marshallip.com]
**Sent:** Wednesday, February 15, 2006 6:23 PM
**To:** Steven Kelber
**Cc:** Matthew Nielsen; Kelly, Fred; T. Christopher Donnelly
**Subject:** RE: ARS v CGI

Steve:

I was going to wait until I received your promised "hard copy" before responding, but, not knowing if it has been or when it might be sent, I do not want to wait any longer to respond to the statements in your e-mail below. We stand by the position set out in my February 8 e-mail; if CGI desires additional discovery beyond the three fact depositions referred to in Judge Wolf's January 19 Order, CGI must file a motion by March 16 requesting leave to take such discovery. Consequently, we do not believe that the notice for Mr. De Luca's deposition was "timely" or "appropriate," and we are not going to "search for an appropriate date" for that deposition unless and until Judge Wolf grants CGI leave to take that deposition.

Regards,

Kevin

Kevin M. Flowers, Ph.D., Esq.
Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago Illinois 60606
Tel. (main) 312-474-6300
Tel. (direct) 312-474-6615
Fax 312-474-0448

>-----Original Message-----
>**From:** Steven Kelber [mailto:SKelber@Merchant-Gould.com]
>**Sent:** Friday, February 10, 2006 7:16 AM
>**To:** Kevin Flowers
>**Cc:** Matthew Nielsen; Kelly, Fred; Sue Jensen M.D.; T. Christopher Donnelly
>**Subject:** RE: ARS v CGI
>
>Kevin:
>I read your email several times. I will respond to you in hard copy. For the interim, we are not withdrawing the notice - it is entirely proper. Nowhere in the documents produced prior to the day before Dr. Chappel's deposition was Mr. DeLuca's name mentioned, yet it seems he had a profound impact on the prosecution of the involved ARS patent. We think his notice is timely and appropriate.
>
>In general, it is the witness's schedule that comes first. The notice of deposition was prepared before you indicated your firm's complete unavailability for the 28th. We understand you will not be able to produce Mr. DeLuca for the 28th. You need not file for a protective order, but please do engage in a search for an appropriate date.
>
>Regarding the Judge's Order, we believe we are in compliance. We will be pursuing additional discovery in light of Dr. Chappel's testimony, but will pursue it in a separate Motion. Mr. DeLuca's involvement with the case, and Dr. Chappel's lack of awareness of events reflected in documents produced the day before his deposition, made Mr. DeLuca an appropriate deposition witness.

03/15/2006

**Steven Kelber**
Merchant & Gould
901 Fifteenth Str., N.W.
Suite 850
Washington, D.C. 20005
202-326-0333

**From:** Kevin Flowers [mailto:kflowers@marshallip.com]
**Sent:** Wednesday, February 08, 2006 1:59 PM
**To:** Steven Kelber
**Cc:** Matthew Nielsen; Kelly, Fred
**Subject:** ARS v CGI

Steve,

This concerns the "Notice of Deposition of Giampiero De Luca" sent by CGI on February 6, 2006, in which CGI requests a deposition of Mr. De Luca on February 28, 2006 in Washington, DC (a copy is attached). ARS objects to this improper request and requests that CGI withdraw the Notice.

First, this request for additional fact discovery violates Judge Wolf's order dated January 19, 2006 (copy also attached), specifically paragraph 8 therein, where Judge Wolf ordered that any party seeking any fact discovery beyond the three fact witness depositions referenced in paragraph 7 must file a motion by March 16, 2006 to request leave to take such discovery (after meeting and conferring with the other party by March 9, 2006). As the Order indicates, after the parties brief any such motion for additional discovery, the Court will hold a hearing on April 10, 206 if necessary to determine whether leave to take such additional discovery is to be granted. Second, ARS objects to any request by CGI to take the deposition of Mr. De Luca as seeking discovery that is not reasonably relevant to any claim or defense in this appeal of the Board's decision in the '114 interference and is not reasonably calculated to lead to the discovery of admissible evidence. Third, even if the request were proper, as you are well aware (from our e-mail correspondence during the past week, set out below), we are not available for a deposition on February 28 (and it would in any event be difficult and inconvenient to get to Washington D.C. for a deposition on the 28th, as we will all be in San Francisco for Mr. Thompson's deposition on the 27th).

It is unfortunate that CGI has chosen to ignore Judge Wolf's very clear order concerning this issue, thereby requiring us to expend time and resources dealing with this improper request. It is also very disappointing from a civility perspective that CGI would seek to schedule the deposition on a date that it knew we would be unavailable.

ARS requests that CGI withdraw its improper Notice of Deposition and comply with Judge Wolf's January 19 Order if it seeks additional discovery in this action. If we are forced to deal with this issue in front of the Court, please be aware that ARS will likely seek sanctions against CGI for its reasonable expenses, including attorney's fees.

Regards,

Kevin

-----Original Message-----
**From:** Kevin Flowers
**Sent:** Monday, February 06, 2006 1:31 PM
**To:** 'Steven Kelber'
**Cc:** Matthew Nielsen
**Subject:** RE: Andrew Thompson

03/15/2006