IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CELL GENESYS, INC., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V. <br><br> Defendant/Counterclaimant. | C.A. No. 05-12448-MLW |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., <br><br> Plaintiff, <br><br> v. <br><br> CELL GENESYS, INC. AND TRANSKARYOTIC THERAPIES, INC. <br><br> Defendants. | C.A. No. 04 11810 MLW |

## MOTION OF CELL GENESYS, INC. FOR ADDITIONAL DISCOVERY

Responsive to the Order of this Court dated January 19, 2006, Cell Genesys, Inc. ("CGI") seeks authorization to take further fact discovery as specifically provided below. The additional fact discovery is essential because ARS, rather than replying to Counts II and III of CGI's Counterclaims, elected to move to dismiss the same. Although the basis for that motion to dismiss is unclear, ARS relies, in addition to the pleadings, on additional materials, including the deposition testimony of Scott Chappel ("Chappel"), converting the motion to one for partial summary judgment under Federal Rule of Civil Procedure 56. *General Dynamics v. United States*, 558 F.2d 985 (Ct. Cl. 1977), *Marco Holding Co. v. Lear Siegler, Inc.*, 606 F. Supp 204,

213 (D.C. Ill. 1985). In this particular case, such conversion is even more appropriate because in addition to apparently moving to dismiss on failure to state a claim, the ARS motion to dismiss, in place of a reply, takes issue with material facts relied on. Thus, more than simply the sufficiency of the CGI Counts II and III are at issue. CGI respectfully submits that resolution of those Counts justifies a resolution on the merits, and accordingly, seeks appropriate discovery.

CGI seeks the following limited discovery:

(1)    All documents and things in the possession of ARS, and its parent, Serono S.A., describing, pertaining to, relating to or otherwise addressing the mutant DHFR gene described by Scott Chappel ("Chappel") in his deposition as having been used in the experiments reflected in the '071 patent. *See* the Chappel Deposition Transcript ("Chappel Dep."), attached to Declaration of Steven B. Kelber in Support of Motion to Compel the Deposition of Gianpiero DeLuca and For Discovery Sanctions, at Exhibit A, at p. 90, ll. 1-11.

(2)    A deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) of the individual of ARS and its parent Serono S.A. most knowledgeable about the mutant DHFR gene employed by Chappel and those working with him, as discussed at Chappel Dep., p. 90, ll. 1-11. See also, *id.* at p. 33, ll. 15-16 ("*as I recall, the DHFR gene that we used had been genetically modified*").

(3)    Fact deposition of Dr. Christie Kelton ("Dr. Kelton"). Although Dr. Kelton was identified in ARS's Fed. R. Civ. P. 26(a) disclosure statement as possessing information regarding date of invention, Chappel identified Dr. Kelton as the author of pertinent laboratory notebooks relating to the post-filing work at Serono on the subject matter of the '071 patent, Chappel Dep. at p. 35, ll. 5-13, the monitor of the project that is reflected in the '071 patent, *id.* at p. 101, ll. 24 – p. 102, l. 2. Chappel characterized her as a researcher who kept careful

notebooks that were reliable, *id.* at p. 104, l. 21 – p. 105, l. 4 and a co-developer of the genetic tools necessary to achieve the results reflected in the experiment of the '071 patent, *id.* at p. 116, l. 6 – p. 117, l. 9. Dr. Kelton was also identified by Chappel as a co-inventor and worker on the subject matter of U.S. Patent 5,240,832, wherein the same mutated DHFR gene was employed. *Id.* at p. 117, l. 24 – p. 118, l. 11. This is the same '832 prior art patent that CGI submits was material to the examination of the '071 patent-in-suit, but was not submitted by Chappel or Serono to the Patent Office in connection therewith. *Id.* at p. 118, ll. 6-11. Specifically, the fact deposition of Dr. Kelton would be confined to issues involving (a) her work on the subject matter of the '071 patent, (b) her knowledge and understanding of the mutant DHFR gene employed and (3) her understanding of the '832 patent, the work reflected therein, and the relationship between that patent and the '071 patent.

(4)    The deposition of Gianpiero DeLuca. CGI noticed this deposition on February 28, 2006. ARS neither secured a protective order, nor indicated that either Mr. DeLuca or the attorneys for ARS were unavailable. ARS instead elected to avoid the deposition, on the grounds that it had to be requested through the court in this motion for additional discovery. A separate motion to compel that deposition is being submitted simultaneously herewith. CGI requests that it be granted in one context or the other, for the reasons advanced in CGI's motion to compel.

CGI respectfully submits that the above-requested discovery can be completed consistent with the Court's schedule for this case. Although there is a generous amount of time available prior to the completion of the next phase, which is expert reports and depositions with respect thereto, if necessary, the limited fact discovery requested can proceed apace with the expert report and deposition sequence. The discovery requested is consistent with the Federal Rules of

Civil Procedure and intended to insure "mutual knowledge of all the relevant facts gathered by parties" regarded by the Supreme Court as "essential to proper litigation." *Hickman v. Taylor*, 329 US 495, 507 (1947).

CGI notes that it has opposed the ARS motion to dismiss Counts II and III. On denial of the motion to dismiss, ARS will reply to those Counts, and that reply may generate further discovery requests. In the alternative, should the Court elect to grant the ARS Motion to Dismiss Counts II and III, the requested production of documents relevant to the mutant DHFR gene, to consider the issue of enablement, and the 30(b)(6) deposition with respect to that mutant gene, would be required. The remaining discovery would be moot. *Lewis v. ALB Business Services, Inc.*, 135 F.3d 389 (6th Cir. 1998).

## SUMMARY

CGI requests limited fact discovery to complete expiration of issues appearing, for the first time in this proceeding, or the interference below, in the deposition of Scott Chappel. Had that deposition been taken when originally noticed by CGI, in 2005, the additional discovery requested would have been completed. It can nonetheless be completed without insult to the Court's current schedule for this case. That discovery is essential to the resolution of the issues of inequitable conduct and withholding of the best mode raised. Issues of fact with respect to these matters have been raised by the ARS Motion to Dismiss CGI's Counts II and III.

Respectfully submitted,

CELL GENESYS, INC.

By its attorneys,

/s/   Steven B. Kelber
Steven B. Kelber
Merchant & Gould
901 Fifteenth Street, N.W.
Suite 850
Washington, DC  20005
Telephone:  (202) 326-0300

T. Christopher Donnelly (BBO #129930)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
Telephone:  (617) 720-2880

Dated: March 16, 2006

## LOCAL RULE 7.1 AND 37.1 CERTIFICATE

I hereby certify that on March 9, 13 and 14, 2006, I placed phone calls to counsel for ARS in an effort to narrow or resolve the issues raised in this motion. On March 15, 2006, I sent emails to ARS's counsel Kevin Flowers and Matt Nielsen, regarding the need to attempt to reach agreement. At 6:00 p.m. on March 15, 2006, I received an email from ARS's counsel rejecting all attempts to agree on CGI's requested discovery.

/s/   Steven B. Kelber
Steven B. Kelber

## CERTIFICATE OF SERVICE

I hereby certify that this MOTION OF CELL GENESYS, INC. FOR ADDITIONAL DISCOVERY was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 16, 2006.

/s/   Steven B. Kelber
Steven B. Kelber