IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CELL GENESYS, INC., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V. <br><br> Defendant/Counterclaimant. | C.A. No. 05-12448-MLW |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., <br><br> Plaintiff, <br><br> v. <br><br> CELL GENESYS, INC. AND TRANSKARYOTIC THERAPIES, INC. <br><br> Defendants. | C.A. No. 04 11810 MLW |

**REPLY OF CELL GENESYS, INC. TO ARS'S OPPOSITION TO
CELL GENESYS, INC.'S MOTION FOR ADDITIONAL DISCOVERY**

Cell Genesys, Inc. ("CGI") moved for additional fact discovery in accordance with this Court's January 19, 2006 Order, seeking very limited discovery of certain fact witnesses. The specific discovery requested in CGI's motion was necessitated by disclosures and admissions made just prior to and during the deposition of Scott Chappel ("Chappel"), the sole inventor on the '071 patent of Applied Research Systems ARS Holding, N.V ("ARS"). ARS opposes CGI's motion on the grounds that (1) CGI could have asked for the deposition of Christie Kelton ("Kelton") earlier, (2) the mutant DHFR gene known to Chappel and used in his laboratory was not used in the actual experiments of the '071 patent, and (3) because CGI's counsel made

1

contact with ARS's counsel on March 13, 2006 (after trying to reach ARS's counsel for several days), rather than by March 9, 2006. The arguments are not well taken.[1]

A.   **The Request for Kelton's Deposition Was Not Delayed**

At pages 7-8 of its Opposition, ARS suggests that CGI should have deposed Kelton earlier, since she was identified in ARS's Rule 26 disclosures. Yet, as stated in CGI's Motion, ARS's Rule 26 disclosures identified Kelton as a witness important to enablement and date of invention issues. See CGI's Motion at 2-3. Since ARS did not seek to antedate the prior art by relying on date of invention below, and since CGI did not seek to ask any questions on the lack of enablement, Kelton's deposition was unimportant. However, Kelton's deposition relating to another issue -- the nature and character of the undisclosed mutant gene -- became important only when Chappel acknowledged during his deposition that the central element of Claim 3 of the '071 patent, the "expressible, amplifiable gene"(Col. 27, l. 5) identified as DHFR, 11:4, was in the facilities of Serono/ARS, and further testified regarding a proprietary mutant gene, the use of which conferred a desirable advantage on the user. See Chappel deposition transcript, attached to Declaration of Steven B. Kelber, Docket Entry 101, Exh. A at 90:1-12. Critically, Chappel testified that Kelton contributed to the development of the construct using that proprietary mutant gene, thereby extending the areas of Kelton's knowledge well beyond enablement and date of invention issues. Id. at 117:1-118:5.

CGI sought to take the deposition of Chappel beginning on September 13, 2005. Had ARS timely produced Chappel, instead of defying process and compelling a hearing and sanctions, Kelton's deposition already could have been taken and completed. Instead, ARS sought to deliberately delay matters, and timed Chappel's revelation that Kelton was the monitor

---

[1] This reply brief is being filed pursuant to this Court's January 19, 2006 Order permitting any reply briefs pertaining to discovery motions to be filed by March 28, 2006.

(head or director) for the work on the '071 patent, even though not named as an inventor, until late in the day. *Id.* at 101:18-102:2. CGI should not be penalized because ARS failed to disclose critical information in its Rule 26 disclosures, resulting in impermissibly delaying the disclosure of certain information.

**B.     CGI Complied With the Court's Order**

Immediately upon completion of the last scheduled fact witness deposition on March 8, 2006, CGI began efforts to contact ARS regarding additional fact discovery. CGI's counsel was in transit on March 9, 2006, and placed initial phone calls on March 10, 2006. These calls were not returned. CGI's counsel sent emails and left voicemails again beginning on March 13, 2006, the next business day following CGI's counsel's phone messages to ARS's counsel. There was no delay or dilatory practice engaged in by CGI.

**C.     The Mutant DHFR Gene Is Very Much a Part of the '071 Patent**

In its Opposition, ARS offers the argument, without support, that DHFR is not part of the technology addressed in the '071 patent. *See* ARS's Opposition at 2-4. That was not Chappel's testimony. Chappel was asked to read claim 3 of the '071 patent. *See* Chappel deposition transcript, attached to Declaration of Steven B. Kelber, Docket Entry 101, Exh. A at 126:14 - 127:7. When Chappel was asked, "What do you do to practice that claim?," he replied, "By the methods we discussed previously, by amplifying the DHFR, the amplifiable marker." Clearly, Chappel understood, even if ARS does not, that the mutant DHFR of Serono is an essential part of the invention.

In this respect, it should be noted that Serono S.A., the parent corporation of ARS, is very much involved in this proceeding. Chappel testified that even though he assigned his patent to ARS, he was only a Serono (and not ARS) employee. *Id.* at 7:23 - 9:4. The documents

produced the night before Chappel's deposition came from Serono. *Id.* at 6:16-7:2. Moreover, Serono acquired the laboratory where Kelton and Chappel worked with the mutant DHFR. *Id.* at 8:17-9:4.

In light of the foregoing and CGI's underlying Motion, CGI respectfully requests that this Court grant CGI's Motion for Additional Fact Discovery.

> Respectfully submitted,
>
> CELL GENESYS, INC.
>
> By its attorneys,
>
>
> /s/  Steven B. Kelber
> Steven B. Kelber (admitted *pro hac vice*)
> Merchant & Gould
> 901 Fifteenth Street, N.W.
> Suite 850
> Washington, DC  20005
> Telephone: (202) 326-0300
>
> T. Christopher Donnelly (BBO #129930)
> Donnelly, Conroy & Gelhaar, LLP
> One Beacon Street, 33rd Floor
> Boston, Massachusetts  02108
> Telephone: (617) 720-2880

Dated:  March 28, 2006

### Certificate of Service

I hereby certify that this REPLY OF CELL GENESYS, INC. TO ARS'S OPPOSITION TO CELL GENESYS, INC.'S MOTION FOR ADDITIONAL DISCOVERY was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 28, 2006.

> /s/   Steven B. Kelber
> Steven B. Kelber