**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| CELL GENESYS, INC., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-12448-MLW |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11810-MLW |
| | ) | |
| CELL GENESYS, INC., | ) | |
| | ) | |
| Defendant/Counterclaimant, and | ) | |
| | ) | |
| TRANSKARYOTIC THERAPIES, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**ARS OPPOSITION TO CGI'S MOTION TO COMPEL**
**AND FOR DISCOVERY SANCTIONS**

I.      **Introduction**

The Court should deny CGI's motion to compel the De Luca deposition. CGI concedes

that its proposed deposition of Mr. De Luca is potentially relevant only to CGI's counterclaim

counts II and III. ARS has already moved to dismiss these counterclaim counts because CGI

should have (but failed to) raise the issues of best mode and inequitable conduct in the

underlying '114 Interference. CGI has not attempted to explain why a deposition of Mr. De Luca

would reveal information relevant to any other claim or defense in this action.

In its Motion for Additional Discovery, CGI admits that Mr. De Luca's deposition will be

unnecessary if the Court grants ARS's motion to dismiss. CGI's only stated justification for the

deposition is that it is relevant to ARS's motion to dismiss. But CGI has already filed its

opposition to the motion to dismiss. It is too late for CGI to seek a deposition of Mr. De Luca in

order to attempt to support its opposition to that motion.

The Court should also deny CGI's request for discovery sanctions of $17,797.50. The

purported basis for CGI's argument for sanctions is contradicted by the express terms of the

Court's January 19, 2006 Order governing requests for additional fact discovery in this case. The

January 19 Order made it abundantly clear that if CGI wanted to seek additional discovery in this

action, it had to seek this Court's permission for leave to take that discovery. The Order required

CGI to notify ARS of its intent to seek such additional discovery by March 2, 2006, then meet-

and-confer with ARS about that specific discovery by no later than March 9, 2006. If the parties

could not reach agreement as to any such request for additional discovery, CGI was required to

file a motion by March 16, 2006 seeking leave to take that additional discovery.

There can be no legitimate dispute that CGI's request for Mr. De Luca's deposition was

subject to these requirements of the January 19 Order. At the hearing which led to the January 19

Order, CGI asserted that its potential request for additional discovery would be predicated on

2

ARS's responses to CGI's answer and counterclaims. On February 6, 2006, when CGI served its notice requesting Mr. De Luca's deposition, ARS had not yet responded to CGI's counterclaims (the January 19 Order required ARS to file its responses on February 23, 2006, which it did, along with a motion to dismiss CGI's counterclaim counts II and III). In view of the January 19 Order, it is unfathomable how CGI could believe or argue that its February 6 notice of deposition of Mr. De Luca could be proper or valid, or that Mr. De Luca was obligated to appear for that deposition, or that ARS had to move for a protective order to avoid that deposition (indeed, counsel for CGI told ARS in writing that ARS did not need to seek a protective order).

For all of these reasons, and as explained more fully below, the Court should deny CGI's motion to compel and for discovery sanctions.

## II.    Argument

### A.    The Court should deny CGI's motion to compel the De Luca deposition

#### 1.    CGI admits that its proposed deposition of Mr. De Luca will be unnecessary if the Court grants ARS's motion to dismiss

As CGI concedes in its Motion for Additional Discovery, the deposition of Mr. De Luca involves issues that are potentially relevant only to CGI's counterclaim counts II and III and its proposed deposition of Mr. De Luca would be moot if counterclaim counts II and III are dismissed. (*See* CGI Motion for Additional Discovery, Docket No. 102, at p. 4) ("The remaining discovery [including the proposed deposition of Mr. De Luca] would be moot.").

Consequently, the Court should not rule on CGI's motion to compel the De Luca deposition until it has ruled on ARS's motion to dismiss the counterclaims. If the Court grants ARS's motion to dismiss, CGI's motion to compel the De Luca deposition should be denied.

### 2.    CGI cannot justify the proposed deposition of Mr. De Luca based on the ARS motion to dismiss the counterclaim counts

In its Motion for Additional Discovery, CGI tries to justify its proposed deposition of Mr. De Luca (and additional discovery) only on the basis that "ARS, rather than replying to Counts II and III of CGI's Counterclaims, elected to move to dismiss the same," and "[i]ssues of fact with respect to these matters [best mode and inequitable conduct] have been raised by the ARS Motion to Dismiss Counts II and III." (CGI Motion for Additional Discovery, Docket No. 102, at pp. 1 and 5.)

CGI has already filed its opposition to ARS's motion to dismiss. If CGI believed that a deposition of Mr. De Luca (or any of its other requested discovery) was necessary to respond to ARS's motion, CGI should have requested that discovery when it filed its opposition to ARS's motion (on March 13, 2006) rather than in its Motion for Additional Discovery or its Motion to Compel (filed on March 16).

### 3.    CGI's motion to compel was unjustified and unnecessary

There was no need for CGI to file a motion to compel this deposition. The Court's January 19 Order required CGI to file a motion for leave to take any additional fact discovery in this action. In its brief in support of its motion to compel, CGI acknowledges that it "makes the underlying motion [to compel] in accordance with this Court's January 19, 2006 scheduling order, . . . ." (CGI Brief in Support of its Motion to Compel and for Discovery Sanctions ("CGI Brief"), at p. 2.) Thus, CGI effectively concedes that the requirements of the January 19 Order apply to the proposed deposition of Mr. De Luca, *i.e.*, that deposition is part of the "additional discovery" governed by the January 19 Order. If the Court denies CGI's Motion for Additional Discovery, the motion to compel will be moot. If the Court grants the Motion for Additional

4

Discovery, the motion to compel will likewise be moot. Consequently, the motion to compel was unjustified and unnecessary.

**B.     The Court should deny CGI's motion for discovery sanctions**

CGI's request that ARS be sanctioned in the amount of $17,797.50 should be denied. In light of the January 19 Order requiring CGI to file a motion for leave to take any additional discovery in this action, ARS was fully justified in responding the way it did to CGI's notice of deposition of Mr. De Luca.

**1.     ARS was not obligated to disclose Mr. De Luca as a potential witness in this action**

CGI suggests that it was improper for ARS not to identify Mr. De Luca in its Fed. R. Civ. P. 26(a)(1) disclosures and not to have produced documents with Mr. De Luca's name on them until shortly before the deposition of Dr. Chappel on January 19, 2006 (*see* CGI Brief, at p. 2).

There was nothing improper about ARS's actions. Dr. Chappel testified that Mr. De Luca had some involvement in the preparation of the original patent application underlying the '071 patent. However, the facts relating to how that patent application was prepared, or who was involved in preparing it, were not relevant to any of the claims or defenses in ARS's complaint in the case originally filed in this Court, or in CGI's complaint or ARS's answer and counterclaims in the case originally filed in the District of Columbia. Therefore, Mr. De Luca did not have "discoverable information that [ARS] may use to support its claims or defenses" in this action (Fed. R. Civ. P. 26(a)(1)(A)), and there was no need or obligation for ARS to identify Mr. De Luca in its Fed. R. Civ. P. 26(a)(1) disclosure in the D.C. action (neither party has been required to serve additional Fed. R. Civ. P. 26(a)(1) disclosures in the case originally filed in this Court).

This conclusion is confirmed by CGI's admission in its Motion for Additional Discovery that a deposition of Mr. De Luca will be moot and unnecessary if the Court dismisses its

5

recently-filed counterclaim counts II and III. (*See* CGI Motion for Additional Discovery, Docket

No. 102, at p. 4) ("The remaining discovery [including the proposed deposition of Mr. De Luca]

would be moot.") CGI's admission shows that unless and until CGI's counterclaim counts II and

III are in the case, there was no reason for ARS to disclose Mr. De Luca as someone "likely to

have discoverable information that [ARS] may use to support its claims or defenses . . . ." (Fed.

R. Civ. P. 26(a)(1)(A)).

As for ARS's production of documents in which Mr. De Luca's name appears, the

documents to which CGI refers (totaling less than 100 pages) were identified as containing

information that is potentially relevant and responsive in this action only a few days prior to

producing them to CGI on January 18, 2006. There was nothing improper about ARS's

production of those documents. ARS had been searching for such documents since receiving

CGI's requests for documents and things, and upon obtaining them, ARS produced them in a

timely fashion. Litigants often find and produce additional documents as the result of follow-ups

to their initial searches for documents. That is what happened here. CGI cannot legitimately

dispute this, particularly in light of its production less than one week ago of approximately 900

pages that were responsive to document requests that ARS served months ago.

CGI's assertion that it first learned of Mr. De Luca's possible involvement in the

preparation of the original ARS patent application during Dr. Chappel's deposition on January

19, 2006 also should not be held against ARS. CGI had multiple opportunities to discover this

information prior to Dr. Chappel's deposition. For example, in the '114 Interference, CGI

deposed Mr. Roger Browdy, the patent attorney who drafted and prosecuted the applications that

led to the issuance of the '071 patent. During that deposition, CGI could have asked Mr. Browdy

to identify the individuals who were involved in the preparation and prosecution of those

6

applications. CGI never asked those questions. CGI also could have submitted an interrogatory

to ARS in this action requesting that information. It did not do so.

### 2.    ARS's conduct was in full compliance with the January 19 Order

The express language of the January 19 Order did not permit CGI to take any additional

discovery (*e.g.*, a deposition) unless ARS agreed that such additional discovery could be taken.

There was nothing unclear about what CGI had to do to seek such additional discovery under

that Order. Consequently, ARS was fully justified in telling CGI that Mr. De Luca would not be

produced for a deposition unless and until CGI brought a motion seeking that additional

discovery and the Court granted that motion. Therefore, CGI's request that this Court sanction

ARS because Mr. De Luca did not appear for a deposition is wholly without merit.[1]

On February 6, 2006, when CGI served the notice, ARS had not yet responded to CGI's

counterclaims (pursuant to the January 19 Order, those responses were not due until February

23). As CGI states in its brief, the January 19 Order was "based on reasons stated in court on

January 18, 2006." (CGI Brief, at p. 5.) At the hearing on January 18, CGI agreed with this Court

that any requests for additional discovery beyond what had already been agreed would *not* be

appropriate until *after* ARS had filed its reply to CGI's counterclaims on February 23:

> THE COURT:  Okay.  I'll hear you on this.  The dates that you proposed for CGI
> -- I'm lifting the stay in the case that was originally assigned to me.  I guess that's
> ARS versus CGI, because now the two cases are here.  So the stay is lifted.  The
> dates you've proposed in your report and in the order look fine to me as far as they
> go.  I'll adopt them. **If I understand it correctly, an open issue is whether CGI
> will be permitted any additional fact discovery after ARS responds and**

---

[1] The frivolous nature of CGI's motion is self-evident from its request for $14,000.00 in
sanctions to punish ARS for purported "repeated discovery misconduct" and "discovery abuses."
(CGI Brief, at pp. 7-8.) But other than the present dispute about the DeLuca deposition and the
earlier dispute over the scheduling of the deposition of Dr. Chappel (for which expenses CGI has
already been reimbursed and regarding which the Court noted that ARS's conduct was not
willful or malicious), just what are those "repeated . . . discovery abuses"? Tellingly, CGI points
to none.

**perhaps files counterclaims, and in its present posture, the issue is too abstract.** It may be that CGI doesn't want any more, it may even be that it will read the counterclaims, which I would have thought, you know, would mirror the claims of the other case, but maybe they'll be different. **CGI -- if CGI does want additional fact discovery, you know you have an obligation under the local rules to confer. We see you can agree on some things and not on others. Maybe we'll get lucky. But I'm not inclined to say now that there can't be any further fact discovery, but wait for that completion of the response conference if there's an issue. And the key would be to set some dates for it. Is that okay?**

MR. FLOWERS: Well, that's okay with us, your Honor.

MR. KELBER: That's fine, your Honor.

THE COURT: **All right. So on your schedule, on February 23rd -- on February 23rd -- but when will the case be in a posture for CGI to know whether it wants any additional discovery? Are you going to have to have ARS's reply in Case Number 04-11810?**

MR. KELBER: **That would be correct, your Honor, it's shortly after -- certainly the 24th or shortly after the reply is filed**.

THE COURT: **All right. So the reply is to be filed on the 23rd of February. What if I give you until March 2, one week, to inform CGI** [sic: ARS] **whether you're seeking any additional fact discovery, and if so, what? And I'll give you until March 9th to see whether you can agree. And if you don't agree, any motion for additional discovery shall be filed by March 16th, any response by March 23.** You seem capable -- well, actually, you didn't file any replies on the sanctions. So if there are going to be any replies, they'll be filed by March 28th. I'm just trying to keep this on track. I'll plan to give you a hearing, if a hearing is necessary, on April 10, 3:00. I'd expect I would probably be able to do this on the papers, but if I schedule a hearing, it will assure it comes up on my radar screen. Is there anything else that should be discussed before we get to the motion concerning sanctions, that unfortunate matter?

MR. FLOWERS: I don't believe so, for ARS, your Honor.

MR. KELBER: Not for CGI, your Honor.

Court Docket No. 90, Transcript of Motion Hearing held on January 18, 2006, at pp. 10-12 (emphases added).

As explained above, CGI concedes in its Motion for Additional Discovery (*see* p. 4) that

the deposition of Mr. De Luca will be unnecessary if the Court dismisses CGI's counterclaim

counts II and III. There was and is no justification for proceeding with that deposition when, as

CGI admits, the only claims or defenses to which that deposition can possibly be relevant are the subject of a motion to dismiss.

### 3. The Court's January 19 Order precluded any need for ARS to seek a protective order

CGI repeatedly argues in its brief in support of its motion to compel that ARS should have moved for a protective order to avoid the De Luca deposition. (*See* CGI Brief at, *e.g.*, pp. 4, 5 and 7.) ARS did not need to seek a protective order to avoid the De Luca deposition; the January 19 Order already protected ARS and Mr. De Luca from that deposition. The January 19 Order is very clear that if the parties could not agree regarding a party's request for additional discovery, the party requesting the additional discovery had to file a motion (for example, ARS did comply with a later request for documents by CGI, precluding any need for CGI to file a motion seeking that discovery). So when ARS made its good-faith objections to the deposition notice of Mr. De Luca, it did not have to seek a protective order; rather, CGI was obligated to file a motion on March 16 requesting leave to take that discovery.

According to CGI's logic, it could have served myriad requests for additional discovery prior to March 16, and ARS would have been obligated to come back to this Court for a protective order if ARS disagreed with the scope of any of those requests. CGI's position simply cannot be reconciled with the January 19 Order.

### 4. CGI's counsel told ARS that it did not need to seek a protective order

CGI says that "CGI excused the need to file for a protective order in the case of De Luca only if ARS would find an alternate date." (CGI Brief at p. 7; emphasis in original.) That is not true. In one of the e-mails that Mr. Kelber attached to his Declaration in support of CGI's motion, Mr. Kelber specifically told counsel for ARS that "You need not file for a protective order," while also requesting that ARS "engage in a search for an appropriate date" for the

deposition. (Exhibit C to Kelber Decl. in Support of Motion to Compel and for Discovery

Sanctions.) In response, counsel for ARS told Mr. Kelber that ARS would not search for an

alternative date because the January 19 Order required CGI to file a motion on March 16 seeking

such additional discovery. (*Id.*) Mr. Kelber never took issue with that position until CGI filed its

motion for discovery sanctions. It is thus disingenuous for CGI to now say that ARS should have

moved for a protective order and to imply that Mr. Kelber maintained that position all along. Mr.

Kelber's e-mail shows that not even Mr. Kelber believed that (at least not until it came time for

CGI to file its motion).

### 5.    The cases that CGI cites are inapplicable

Neither of the two cases that CGI cites in support of its motion (CGI Brief, at pp. 7 and 8)

are applicable, and CGI does not even attempt to explain how they provide any guidance here. In

*Gannett v. Carp*, 340 F.3d 15, 20 (1st Cir. 2003), the offending party was sanctioned $750 only

because (i) the party refused to comply with document requests, interrogatories, and a deposition

notice for five months, (ii) the Court granted a motion to compel that discovery, (iii) the party

continued to refuse to cooperate, and (iv) the Court had to again order the party to cooperate.

There has been no conduct remotely like that by ARS; to the contrary, ARS's conduct has been

consistent with and justified by the Court's January 19 Order.[2]

In *Atlantic Cape Fisheries v. Hartford Fire Insurance Co.*, 509 F.2d 577, 578-79 (1st Cir.

1975), the First Circuit affirmed the district court's dismissal of a case with prejudice, but only

after the defendant attempted unsuccessfully *for over one year* to take the deposition of the

plaintiff's president. The court imposed the sanction after earlier extensions of time had been

---

[2] CGI describes *Gannett* as "affirming award of monetary sanction for refusal to cooperate in discovery" (CGI Brief, at p.7). It did not. The appeal to the First Circuit had nothing to do with the $750 sanction. *See Gannett*, 340 F.3d at 19.

granted and the *trial date was less than three weeks away*. *See id.* at 579. Again, that is not even

remotely like the situation here, where there has been no prolonged delay, no trial has been

scheduled, and ARS's conduct has been consistent with and justified by the Court's January 19

Order.

### 6.    CGI misrepresents the facts

CGI misrepresents several facts in straining to support its motion.[3] CGI says that "ARS

has flatly refused to cooperate with the De Luca deposition notice, citing only this Court's

January 19, 2006 Order as a ground for its refusal to cooperate," and "[t]o date, ARS has not

raised any other objection to the De Luca deposition notice." (CGI Brief, at p. 5.) That is not

true.

In one of the e-mails attached as Exhibit C to Mr. Kelber's declaration, counsel for ARS

explained the other bases for ARS's objections to CGI's deposition notice, including that "ARS

objects to any request by CGI to take the deposition of Mr. De Luca as seeking discovery that is

not reasonably relevant to any claim or defense in this appeal of the Board's decision in the '114

interference and is not reasonably calculated to lead to the discovery of admissible evidence."

---

[3] CGI misrepresents its actions before bringing its motion. In his Local Rule 7.1 Certification
statement, Mr. Kelber states that he "conferred in good faith with Plaintiff's counsel, Kevin
Flowers, in an effort to narrow or resolve the issues raised in this motion." (CGI Motion to
Compel and for Discovery Sanctions at p. 3). That is not true. Mr. Kelber never contacted Mr.
Flowers or any other counsel for ARS about any motion to compel or about any request for
discovery sanctions. In addition, Local Rule 37.1 requires counsel, "[b]efore filing any discovery
motion, including any motion for sanctions," to certify "the time, date, location and duration" of
the discovery conference that must be held before a party moves to compel or for sanctions.
Local Rule 37.1(a) & (b)(5). Mr. Kelber provides no such certificate or details, nor could he
have, because he never contacted Mr. Flowers or any other counsel for ARS about any potential
motion to compel or any potential request by CGI for sanctions. This is not the first time that
CGI has failed to take the necessary steps before filing a discovery-related motion. As explained
in the *ARS Opposition to CGI's Motion for Additional Discovery* at pp. 5-6 (Court Docket No.
103), CGI also failed to notify ARS of three of its four requests for additional discovery prior to
the deadline required by the Court's Order of January 19, 2006 (Docket No. 89, at 2, ¶8).

CGI misrepresents Mr. De Luca's potential role as a witness in this case. CGI says that Mr. De Luca "wrote the original application, he authored the continuation-in-part application, and evaluated licensing matters," citing pages 54 and 80-81 of the Chappel deposition transcript. (CGI Brief, at p. 3.) That is not true. Dr. Chappel never testified that Mr. De Luca wrote the original application (*i.e.*, the '783 application), or that Mr. De Luca had any role whatsoever in drafting the continuation-in-part application (*i.e.*, the '447 application which eventually issued as the '071 patent). As to the latter, the portion of Dr. Chappel's deposition testimony to which CGI refers in its motion relates only to the drafting of an application in October 1989, and as CGI well knows, the continuation-in-part application was drafted and filed in 1990. Moreover, the "licensing matters" to which CGI refers are irrelevant to any claim or defense in this action; they relate only to the potential licensing of "technology" from a third party ("Institut Pasteur"), not to any licensing of the '071 patent or the '390 application at issue in this case. (*See* Exhibit A to Kelber Decl., Transcript of Deposition of Scott C. Chappel, Ph.D., at p. 78, lines 13-21.)

## III.    Conclusion

For the foregoing reasons, ARS respectfully requests that the Court deny CGI's motion to compel and for discovery sanctions. ARS should not have had to go the expense and inconvenience of responding to this frivolous motion. If sanctions are to be applied, ARS respectfully submits that the Court should sanction CGI for filing its frivolous motion.

Respectfully submitted,


Dated: March 30, 2006

/s/ Matthew C. Nielsen_____
NIXON PEABODY LLP
Fred A. Kelly, Jr.
BBO No. 544046
100 Summer Street
Boston, MA 02110
Tel: (617) 345-1000
Fax: (617) 345-1300

MARSHALL, GERSTEIN & BORUN LLP
Kevin M. Flowers (*pro hac vice*)
Matthew C. Nielsen (*pro hac vice*)
6300 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606-6357
Tel: (312) 474-6300
Fax: (312) 474-0448

Attorneys for Applied Research Systems
ARS Holding, N.V

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing ARS OPPOSITION TO CGI's MOTION TO COMPEL AND FOR DISCOVERY SANCTIONS filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 30, 2006.

/s/ Matthew C. Nielsen_____