**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CELL GENESYS, INC., ) | |
| ) | |
| Plaintiff/Counterdefendant, ) | |
| ) | |
| v. ) | Civil Action No. 05-12448-MLW |
| ) | |
| APPLIED RESEARCH SYSTEMS ) | |
| ARS HOLDING, N.V., ) | |
| ) | |
| Defendant/Counterclaimant. ) | |
| ) | |
| APPLIED RESEARCH SYSTEMS ) | |
| ARS HOLDING, N.V., ) | |
| ) | |
| Plaintiff/Counterdefendant, ) | |
| ) | |
| v. ) | Civil Action No. 04-11810-MLW |
| ) | |
| CELL GENESYS, INC., ) | |
| ) | |
| Defendant/Counterclaimant, and ) | |
| ) | |
| TRANSKARYOTIC THERAPIES, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**ARS MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF ITS MOTION
TO DISMISS CGI'S COUNTERCLAIM COUNTS II AND III**

Applied Research Systems ARS Holding, N.V. ("ARS") respectfully moves for leave to file a reply brief in support of its Motion To Dismiss CGI's Counterclaim Counts II And III (Court Docket No. 92). In compliance with Local Rule 7.1(b)(3), which requires leave of Court to submit additional papers such as reply briefs, ARS is not filing a proposed reply brief with this motion, but is ready to file one immediately upon receiving the Court's permission to do so.

A reply brief is warranted to correct the following misstatements of fact and law in CGI's opposition to ARS's motion to dismiss CGI's Counterclaim Counts II and III (Court Docket No. 98):

1. CGI says that ARS's motion should be treated as a motion for summary judgment under Fed. R. Civ. P. 56 because in that motion ARS referred to documents other than the pleadings themselves. (*See* CGI Opp. Br., at p. 2.) That is not correct. If ARS is permitted to file a reply brief, it will explain why controlling case law from the First Circuit (*e.g., Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998)) confirms that this Court may properly consider the documents attached to ARS's Fed. R. Civ. P. 12(b)(6) motion to dismiss because CGI referred to those same documents in its Answer and Counterclaims and did not dispute their authenticity in its opposition brief. ARS will point out where CGI expressly refers to those documents in its Answer and Counterclaims, thereby making it proper for the Court to consider them in evaluating whether CGI can possibly prove the facts that it alleges as the basis for its Counterclaim Counts II and III.

2. CGI has misstated the standard for compliance with the requirement in 35 U.S.C. § 112, ¶1 that a patent applicant must disclose his "best mode." (*See* CGI Opp. Br., at pp. 3-4.) CGI says that it needed evidence of Dr. Chappel's intent in order to challenge the patentability of the '071 patent during the '114 Interference for failure to disclose Dr. Chappel's best mode. (*See id.*) That is not correct. If ARS is permitted to file a reply brief, it will explain the case law (*e.g., Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1116 n.* (Fed. Cir. 1996)) in which the Federal Circuit has made it very clear that a patent applicant's intent is irrelevant in determining whether the best-mode requirement has been satisfied. In view of that standard, ARS will also

explain why, based on the evidence that was available to CGI in the '114 interference, CGI could have therefore challenged the '071 patent on this "best mode" basis during the '114 Interference.

3. CGI spends a significant amount of its brief arguing that it could not have taken a deposition of Dr. Chappel in the '114 Interference because he was not a party and not under the control of a party. (*See* CGI Opp. Br., at pp. 7-13.) That is not correct. If ARS is permitted to file a reply brief, it will explain why the applicable statutory section and Patent Office rules which CGI does not address (35 U.S.C. § 24 and 37 C.F.R. § 1.671(g)) and the case law interpreting those provisions (*e.g., Khanna v. Kimura*, 74 U.S.P.Q.2d 1797, 1798-99 (Bd. Patent App. & Interf. 2004)) allowed CGI to seek and obtain a deposition of Dr. Chappel during the '114 Interference even if Dr. Chappel was a third party. ARS will further explain why the cases which CGI cites do not support CGI's argument that the Board would have invariably denied any request to depose Dr. Chappel. This is all pertinent to the question of whether CGI could have sought the deposition of Dr. Chappel in order to support allegations of failure to disclose best mode and inequitable conduct (as alleged in its current Counterclaim Counts II and III) during the '114 Interference, and if so, why CGI should not be allowed to raise those issues for the first time now.

4. CGI continues to misstate Dr. Chappel's deposition testimony throughout its opposition brief. If ARS is permitted to file a reply brief, it will explain how the actual transcript of that deposition shows that CGI has no "set of facts" to support its allegations in its Counterclaim Counts II and III. Specifically, ARS will show that Dr. Chappel did not say that he had a preferred DHFR gene, he never said that he used a particular expressible, amplifiable gene in the experiments reported in the '071 patent, he said that the invention of claim 3 of the '071 patent was his idea, and he said that the '832 patent had nothing to do with the inventions

claimed in the '071 patent. Those misstatements have a direct bearing on whether CGI's allegations, which derive their purported support only from Dr. Chappel's deposition testimony, can state a claim for relief.

WHEREFORE, for the foregoing reasons, ARS respectfully requests that the Court:

(a)     grant ARS leave to file a reply brief in support of ARS's Motion To Dismiss CGI's Counterclaim Counts II And III; and

(b)     grant any further relief that the Court deems appropriate and just.

Respectfully submitted,

Dated: March 31, 2006

/s/ Matthew C. Nielsen
NIXON PEABODY LLP
Fred A. Kelly, Jr.
BBO No. 544046
100 Summer Street
Boston, MA 02110
Tel: (617) 345-1000
Fax: (617) 345-1300

MARSHALL, GERSTEIN & BORUN LLP
Kevin M. Flowers (*pro hac vice*)
Matthew C. Nielsen (*pro hac vice*)
6300 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606-6357
Tel: (312) 474-6300
Fax: (312) 474-0448

Attorneys for Applied Research Systems
ARS Holding, N.V

-5-

## LOCAL CIVIL RULE 7.1(A)(2) CERTIFICATION

      Matthew C. Nielsen, counsel for ARS, hereby certifies that he conferred with counsel for CGI, Mr. Steven B. Kelber, on March 29, 2006 and March 31, 2006 and attempted in good faith, but was unable, to resolve or narrow the issues that are the subject of this motion. Specifically, Mr. Nielsen conferred with Mr. Kelber by email and telephone on March 29, 2006 by asking Mr. Kelber if CGI would object to ARS moving for leave to file a reply brief in support of its motion to dismiss. Mr. Kelber responded that unless ARS provided the basis for the motion, CGI would object. Accordingly, on March 31, 2006, Mr. Nielsen sent Mr. Kelber via email a copy of the foregoing ARS MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF ITS MOTION TO DISMISS CGI'S COUNTERCLAIM COUNTS II AND III and asked if CGI objects to ARS filing the same. Mr. Kelber responded that CGI will object.

                                                        /s/ Matthew C. Nielsen

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing ARS MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF ITS MOTION TO DISMISS CGI'S COUNTERCLAIM COUNTS II AND III filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 31, 2006.

                                                        /s/ Matthew C. Nielsen