IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CELL GENESYS, INC., ) | |
| ) | |
| Plaintiff/Counterdefendant, ) | |
| ) | |
| v. ) | C.A. No. 05-12448-MLW |
| ) | |
| APPLIED RESEARCH SYSTEMS ARS ) | |
| HOLDING, N.V. ) | |
| ) | |
| Defendant/Counterclaimant. ) | |
| ) | |
| APPLIED RESEARCH SYSTEMS ARS ) | |
| HOLDING, N.V., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04 11810 MLW |
| ) | |
| CELL GENESYS, INC. AND ) | |
| TRANSKARYOTIC THERAPIES, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MOTION OF CELL GENESYS, INC. TO EXTEND DATE FOR EXPERT REPORTS**

Cell Genesys, Inc. ("CGI") moves to extend for one month—from April 7, 2006 to May 8, 2006—the deadline for service of expert reports. As detailed below, the extension is required because CGI requires additional fact discovery regarding various issues, including CGI's counterclaims to invalidate ARS's patent due to the inventor's failure to disclose best mode and inequitable conduct. If the Court grants CGI's pending motion for additional fact discovery and/or denies ARS's pending motion to dismiss CGI's counterclaims, the further fact discovery will materially impact the extent and nature of expert testimony. For the sake of good order and efficiency, CGI proposes to extend by one month the deadline for expert reports. This motion is

1

supported by the Declaration of Steven B. Kelber in Support of Motion to Extend Date for Expert Reports, filed herewith.

## FACTUAL BACKGROUND

On January 18, 2006, this Court set a pre-trial schedule that included April 7, 2006 as the deadline for service of expert reports. At the time the Court established the current schedule, CGI had not had the opportunity to depose Scott Chappel, the sole inventor of the ARS patent involved in this matter ('071 patent). CGI had tried to take this deposition repeatedly, understanding it was central to the issues to be carried forward. CGI originally served Notice of Chappel's deposition on counsel for ARS on August 15, 2005, seeking a deposition in September, 2005. ARS did not comply. During the hearing on January 18, 2006 the Court imposed sanctions on ARS for failing to produce Chappel for his deposition. Chappel's deposition was scheduled for the next day, January 19, 2006.

Between the hearing on January 18, 2006 and the Chappel deposition of January 19, 2006, ARS served roughly 100 pages of highly relevant documents concerning the efforts of Chappel and his team to develop the subject matter claimed in the '071 patent. The documents were originally prepared in the 1989 - 1991 time frame. ARS offered no explanation as to why these documents were not earlier produced, although they are responsive to document requests served on ARS by CGI in August 2005.

The late-produced documents and deposition of Chappel revealed evidence and facts not previously known to CGI. Among the most pertinent of these was Chappel's belief that a patent application he had filed with a co-inventor, Kelton, prior to filing the '071 patent, disclosed all the genetic tools necessary to practice the subject matter of the '071 patent as reflected by its single example other than the practice of Homologous Recombination per se. The '071 patent

acknowledges that the practice of Homologous Recombination per se was known more than a year prior to the filing date of the '071 patent, Column 6, l. 64 - Col. 7, l.7.

The deposition of Chappel also revealed for the first time that Chappel and his coworkers, at the time the '071 patent was first applied for, used in their laboratory dihydrofolate reductase (DHFR) as an amplifiable and expressible gene that had been mutated to improve the properties of the gene and make its use easier. Chappel testified that the use of DHFR was required for the practice of Claim 3 of his '071 patent.

CGI filed its Answer to ARS's Amended Complaint, and based on the testimony of Chappel and late-produced documents, added counterclaims that the '071 patent was invalid for failure to disclose the best mode of practicing the invention known to the inventor at the time of filing, based on Chappel's concealment of the mutated, proprietary DHFR gene used by him, and for inequitable conduct, based on that withholding, as well as withholding from the patent office his own prior patent application.

In addition, and in accordance with the Court's established schedule, CGI sought limited discovery to follow up on the issues of best mode and inequitable conduct. Subsequently, ARS moved to dismiss CGI's counterclaims, and opposed CGI's requested discovery. Presently pending are CGI's motion for additional discovery and ARS's motion to dismiss certain CGI counterclaims.

Given that the additional discovery, when taken, will materially impact the expert reports, on March 24, 2006, CGI proposed to ARS a one month extension of time for expert reports, to give this Court time to resolve the outstanding motions and for the parties to complete fact discovery and then advance expert reports based thereon. After substantial delay, ARS finally

3

responded on Friday afternoon, March 31, that it would not agree to the modest one month extension. *See* Kelber Declaration, paragraphs 8-14 and Exhibits A-E.

## ARGUMENT

The Court has broad discretion to manage the conduct and schedule of pre-trial discovery. CGI respectfully requests that in the exercise of such discretion the Court postpone for one month the deadline for submission of expert reports. Such extension will eliminate the inefficiencies and waste that will otherwise occur if the present schedule is maintained. Fact discovery is not complete, particularly with respect to CGI's claims pertaining to best mode and inequitable conduct. The pending fact discovery is a consequence of ARS's dilatory production of relevant documents on the eve of Chappel's deposition—a production ARS made just hours after this Court's entry of the current scheduling order and without notice to the Court or CGI at the January 18, 2006 hearing. Notwithstanding its conduct, ARS has compounded the delay by refusing to provide CGI reasonable discovery on the issues of best mode and inequitable conduct—thus forcing CGI to file its motion for additional discovery.

ARS cannot cite any good reason to require creation and service of expert reports when fact discovery remains outstanding and its motion to dismiss the best mode and inequitable conduct claims remains outstanding. ARS has cited no prejudice from a one month extension of the deadline.

## CONCLUSION

CGI respectfully requests the Court to extend from April 7, 2006 until May 8, 2006 the deadline for service of expert reports.

> Respectfully submitted,
>
> CELL GENESYS, INC.
>
> By its attorneys,
>
> /s/ T. Christopher Donnelly
> T. Christopher Donnelly (BBO #129930)
> Donnelly, Conroy & Gelhaar, LLP
> One Beacon Street, 33rd Floor
> Boston, Massachusetts 02108
> Telephone: (617) 720-2880
>
> Steven B. Kelber
> Merchant & Gould
> 901 Fifteenth Street, N.W.
> Suite 850
> Washington, DC 20005
> Telephone: (202) 326-0300

Dated: April 3, 2006

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that counsel for CGI conferred in good faith with Plaintiff's counsel, in an effort to narrow or resolve the issues raised in this motion.

/s/ T. Christopher Donnelly
T. Christopher Donnelly

## CERTIFICATE OF SERVICE

I hereby certify that this MOTION OF CELL GENESYS, INC. TO EXTEND DATE FOR EXPERT REPORTS was filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 3, 2006.

/s/ T. Christopher Donnelly
T. Christopher Donnelly