# EXHIBIT E

## Jill Brenner Meixel

| | |
|---|---|
| **From:** | Matthew Nielsen [mnielsen@marshallip.com] |
| **Sent:** | Friday, March 31, 2006 2:15 PM |
| **To:** | Steven Kelber |
| **Cc:** | Kevin Flowers; Sue Jensen M.D.; T. Christopher Donnelly; Jill Brenner Meixel; Kelly, Fred |
| **Subject:** | RE: Expert Reports |
| **Attachments:** | #896518 v2 - ARS MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO DISMISS.pdf |

Steve,

Thanks for your email. ARS has considered CGI's proposals in your email below and responds as follows:

1. With respect to the expert reports that are due on April 7, 2006, ARS thinks that it is appropriate and best for the parties to go forward and submit the expert reports that are due on April 7. In view of CGI's request though, ARS will agree to CGI's experts supplementing those April 7 reports in view of any additional fact discovery which the Court permits CGI to take. That supplementation of ARS's April 7 expert reports should be in view of only that potential and additional fact discovery, and ARS should be permitted to correspondingly supplement its rebuttal expert reports.

ARS does not agree to a blanket extension for all reports due on April 7 because such an extension is inappropriate and unwarranted. The new issues which CGI raises in its Counterclaim Counts II and III (if the Court does not dismiss them) will be only a small part of the case. However, there are many issues in this case and lot of expert discovery to be conducted, and ARS thinks that it is time to get started with that expert discovery. Presumably, CGI's experts have been working on their reports for some time so that they can be submitted on April 7, which is the date that Judge Wolf scheduled in Court on January 18, 2006. Moreover, there is no guarantee that the Court will be able to decide (i) ARS's motion to dismiss, (ii) CGI's motion for additional discovery, and (iii) CGI's motion to compel and for discovery sanctions early enough (a) for CGI' requested fact discovery to be taken and completed and (b) for CGI's experts to consider that discovery prior to May 7, 2006, which is the date CGI proposes. Therefore, ARS thinks that the parties should go forward with the expert reports that are due on April 7 and the parties can supplement to the extent necessary in view of any additional fact discovery.

2. As for ARS's request to file a reply in support of its motion to dismiss CGI's counterclaim counts II and III, attached to this email is a copy of the motion for leave to file that reply brief which ARS intends to file. Please let us know if CGI objects to ARS filing this motion.

3. ARS has no objection to CGI requesting leave of Court to file a reply in support of its motion to compel and for discovery sanctions (regardless of CGI's positions on either the deadline for expert reports or ARS's motion for leave to file a reply in support of its motion to dismiss).

As for the rest of your email regarding ARS's efforts to cooperate with CGI, it should suffice to say that ARS has gone to significant efforts in attempting to accommodate CGI's needs for expert discovery. On March 29, we responded to your request with a proposal that ARS thought more than adequately addressed both parties' interests in conducting timely and comprehensive expert discovery. When I spoke with you on the phone that same day, you told me CGI rejected that proposal, would not be willing to submit on April 7 even reports on issues which do not depend at all or substantially on CGI's request for additional discovery (e.g., the patentability of the '071 patent claims over the prior art, and the enablement of those claims), and would instead file a motion with the Court. Since then, I have gone to great length to confer with you more (including yesterday by phone and email) in an effort to reach a solution that is acceptable to both ARS and CGI, and spares the Court and the parties any more briefing. We think that the ARS's proposal above should provide that solution.

We also disagree with CGI's view that ARS has made "an egregiously incorrect characterization of our discussions regarding the need to take the deposition of De Luca and your refusal to accommodate us in that regard." As I said yesterday, it is abundantly clear from both ARS's opposition to CGI's motion for additional

discovery, and ARS's opposition to CGI's motion to compel and for additional discovery, that ARS acknowledges that you met and conferred with us about CGI's request to depose Mr. De Luca. You never notified us though that you were going to file a motion to compel or a motion for discovery sanctions, as opposed to simply a motion requesting leave to take Mr. De Luca's deposition pursuant to the Court' January 19, 200 Order. Our position has not changed on that, and we think that CGI's motion to compel and for discovery sanctions is improper.

Please let me know if you have any questions or would like to discuss these issues further.

Best regards,

Matt Nielsen

> -----Original Message-----
> **From:** Steven Kelber [mailto:SKelber@Merchant-Gould.com]
> **Sent:** Friday, March 31, 2006 5:57 AM
> **To:** Matthew Nielsen
> **Cc:** Kevin Flowers; Sue Jensen M.D.; T. Christopher Donnelly; Jill Brenner Meixel; Kelly, Fred
> **Subject:** Expert Reports

Matt:
I received your voice mail. It escapes me why the concept of multiple expert reports impacting a single issue defies your understanding - and I suspect it does not. But to lay all your questions to rest, please note the reports of the following experts will impact the following issues:

Peterson - Inequitable conduct
Tlsty - Enablement, prior art, best mode, inequitable conduct
Thomas - Enablement, prior art, best mode, inequitable conduct.

The following expert reports will be potentially impacted by the following fact witness testimony we have requested, if taken:

Kelton - Thomas, Tlsty, Peterson
DeLuca - Thomas, Tlsty, Peterson
30(b)(6) - Thomas, Tlsty, Peterson
Documents - Tlsty, Peterson, possibly Thomas

We initially proposed the extension of time to accommodate the Court's decision on pending motions over a week ago. There is nothing left to unearth. We proposed the extension to save the need to file further Motions and incur further hearings at the Court that do not impact fundamental issues in the case. Please understand that given what we regard as an egregiously incorrect characterization of our discussions regarding the need to take the deposition of DeLuca and your refusal to accommodate us in that regard, we will advise the Court in specific detail as to the inability of counsel for ARS to make a decision on whether to agree or oppose the extension advanced for over a week. It does not appear to us from your conduct that you are making the required attempt to resolve disputes.

Should there be further questions, please have someone with authority to speak on behalf of ARS contact me. You have indicated to me on the phone on 3/28, 3/29 and 3/30 that you lack authority in these matters.

CGI notes that it continues to seek an opportunity to reduce Motion and Opposition filing on issues that do not affect the substance of the case. To this end we again propose the following:

1. Extend the deadline for expert reports until May 7, 2006, to provide the opportunity to allow the Court to resolve the pending discovery issues, and your Motion to dismiss.

2. Contingent on your agreement to 1, we will waive opposition to a Motion for permission to a Reply to Our Opposition on your Motion to Dismiss. Otherwise, we must oppose until we understand the basis.