**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| CELL GENESYS, INC., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-12448-MLW |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11810-MLW |
| | ) | |
| CELL GENESYS, INC., | ) | |
| | ) | |
| Defendant/Counterclaimant, and | ) | |
| | ) | |
| TRANSKARYOTIC THERAPIES, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**ARS LIMITED OPPOSITION TO CGI'S MOTION
TO EXTEND DATE FOR EXPERT REPORTS**

ARS hereby opposes the Motion of Cell Genesys, Inc. to Extend Date for Expert Reports (Docket No. 109), which CGI filed two days ago. Because CGI did not request expedited resolution of its motion, under Local Rule 7.1(b)(2), ARS's opposition is not due until April 17, 2006. However, because the deadline for submission of the opening expert reports that are the subject of CGI's motion is April 7, 2006, in the interest of a timely resolution of this issue, ARS feels compelled to file its opposition to CGI's motion now.

Instead of addressing why extending the date for the submission of its opening expert reports is at all justified or necessary, CGI devotes most of its motion to re-hashing its tales of what Dr. Chappel supposedly said during his deposition on January 19, 2006, and what ARS supposedly did wrong during discovery, tales which CGI already told *ad nauseam* in its previous briefs regarding its counterclaims and its request for additional discovery. Beyond being untrue (about which ARS has already said enough in its recent briefs), the problem with these stories is that they are entirely irrelevant to and do not justify CGI's requested extension of the deadline to submit expert reports.[1]

The obvious question left unanswered by CGI's motion is why its request for additional fact discovery (which CGI admits is only relevant to its best-mode and inequitable-conduct counterclaims) warrants any delay in submission of CGI's expert reports on the other issues in this case?

---

[1] ARS regretfully has to again address CGI's misrepresentations about the meet-and-confer process prior to the filing of CGI's current motion. The statements in the Declaration of Steve Kelber in Support of CGI's Motion asserting that he called and left voicemails for counsel for ARS on March 24, March 27, and March 28 (*see* ¶¶ 8, 9) are simply not true. Counsel for ARS are unaware of any such call, and investigation has revealed no evidence to suggest that Mr. Kelber called any of ARS's counsel on those days. If he did place any such call, he certainly did not leave any message.

CGI never offers any explanation. It says that the additional fact discovery "will materially impact the extent and nature of expert testimony" and it requests a one-month extension for all expert reports "[f]or the sake of good order and efficiency." (CGI Motion at p. 1.) But there is no explanation of why CGI should not be required at the very least to submit its opening expert reports on the issues (such as the purported patentability of CGI's claims that were held unpatentable by the Board in the '114 Interference) that are unrelated to the additional fact discovery CGI seeks. There simply is no good reason to delay the submission of CGI's opening expert reports on those issues. This case has been delayed long enough; we need to get started with expert discovery, of which there is much to take in this case.

For instance, even if the Court does not dismiss CGI's counterclaim counts II (alleging invalidity based on a purported failure to disclose best mode) and III (alleging inequitable conduct), and even if the Court were to grant CGI's motion for additional discovery (which is relevant only to those counts), the issues of best mode and inequitable conduct will be only a very small part of this case. The other issues in this case regarding which the parties will likely submit expert reports are (1) whether CGI's patent application provides adequate written descriptive support for and/or enables one of ordinary skill to practice any of its claims; (2) the proper construction of the term "cell line" in the claims of ARS's '071 patent; (3) whether the specification of the '071 patent enables one of ordinary skill in the art to practice the inventions claimed in the '071 patent; (4) the effective priority date of the claims of the '071 patent; and (5) whether the Board erred in finding that some of the claims of the '071 patent are not patentable over the prior art considered by the Board. CGI's requested additional fact discovery is irrelevant to all of those issues.

Although CGI's requested additional fact discovery is irrelevant to most of the issues in the case, ARS agrees that if that additional fact discovery is permitted, the experts in this case should have an opportunity to consider and address that potential additional fact discovery in their expert reports. However, it makes more sense to go forward with the submission of expert reports on issues other than best mode and inequitable conduct, and later allow the parties to submit supplemental expert reports that address only the additional fact discovery that the Court might permit. When counsel for ARS proposed this compromise approach to counsel for CGI as an alternative to the existing expert discovery schedule, counsel for CGI flatly rejected it. (*See* Exhibit E to Declaration of Steven Kelber in Support of CGI's Motion).

CGI asserts that its requested extension will not alter this Court's other scheduled dates for this case. (Declaration of Steven Kelber in Support of CGI's Motion at ¶ 14.) That is unlikely. It is unlikely that there will be enough time between this Court's rulings on the pending motions (CGI has already requested a postponement of the hearing on those motions) and May 8 for the parties to schedule and complete any fact discovery that the Court might permit, for CGI's experts to then consider that fact discovery, and for CGI's experts to then prepare their reports. For example, CGI's motion for additional discovery requests, among other things, four depositions. Two of those requested depositions are Fed. R. Civ. P. 30(b)(6) depositions in which CGI requests that ARS and Serono S.A. (a foreign third party) designate persons to testify on materials which CGI alleges Dr. Chappel used in 1989. (*See* Court Docket No. 102, Motion of Cell Genesys, Inc. for Additional Discovery, at p. 2). It will take a significant amount of time and effort for ARS and third party Serono S.A. to identify and then educate (if that is even possible) Fed. R. Civ. P. 30(b)(6) designees to testify about materials allegedly used by Dr. Chappel seventeen years ago. CGI's requested one-month extension will likely lead to another extension,

3

and result in even more delay. In that event, the parties will likely be unable to complete expert discovery by August 8, 2006, the date set by this Court in its January 19 Order for a hearing to discuss settlement, bifurcation, and summary judgment motions. In sum, the likely effect of the requested blanket extension will be even further delay in resolving this case.

CGI has not offered any explanation why CGI's experts cannot adequately address any potential additional discovery in supplemental reports, or why going forward at the very least with expert reports addressing the issues other than best mode and inequitable conduct would be unworkable or unfair.[2] Moreover, the requested extension has the potential to delay the resolution of this case. Consequently, ARS respectfully submits that the Court should deny CGI's motion to extend the deadline for submission of expert reports because CGI's requested additional discovery is irrelevant to most of the issues on which experts in this case will likely opine, and because CGI has failed to explain any other reasons why an extension is warranted. The Court should instead order that (a) if CGI is permitted an extension to submit any expert reports, it should be limited to CGI's best mode and inequitable conduct defenses, and (b) if the Court denies ARS's motion to dismiss CGI counterclaim counts II and III, and if it grants in

---

[2] CGI has presumably been diligently working on those reports for several months. The Court scheduled the April 7, 2006 deadline for those reports at the last hearing in this case, on January 18, 2006. At that hearing, counsel for CGI said he was working on those expert reports since at least November 30, 2005, which was when he said that he took a train from Washington D.C. to Boston for the deposition of Dr. Chappel:

> THE COURT: What did you do while you were on the train?
>
> MR. KELBER: We worked for preparation of expert reports to come, because that's the big part of this case. Expert reports and summary judgment motions, your Honor.

Docket No. 90 (Transcript of Motion Hearing held on January 18, 2006) at p. 24, lines 16-20.

4

whole or in part CGI's motion for additional fact discovery, then the parties will be permitted to supplement their expert reports in view that additional fact discovery.

Respectfully submitted,

Dated: April 5, 2006                          /s/ Matthew C. Nielsen
                                              NIXON PEABODY LLP
                                              Fred A. Kelly, Jr.
                                              BBO No. 544046
                                              100 Summer Street
                                              Boston, MA 02110
                                              Tel: (617) 345-1000
                                              Fax: (617) 345-1300

                                              MARSHALL, GERSTEIN & BORUN LLP
                                              Kevin M. Flowers (*pro hac vice*)
                                              Matthew C. Nielsen (*pro hac vice*)
                                              6300 Sears Tower
                                              233 S. Wacker Drive
                                              Chicago, IL 60606-6357
                                              Tel: (312) 474-6300
                                              Fax: (312) 474-0448

                                              Attorneys for Applied Research Systems
                                              ARS Holding, N.V

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing ARS OPPOSITION TO CGI'S MOTION TO EXTEND DATE FOR EXPERT REPORTS filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 5, 2006.

/s/ Matthew C. Nielsen