UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CELL GENESYS, INC., ) | |
| ) | |
| Plaintiff/Counterdefendant, ) | |
| ) | |
| v. ) | C.A. No. 05-12448-MLW |
| ) | |
| APPLIED RESEARCH SYSTEMS ARS ) | |
| HOLDING, N.V. ) | |
| ) | |
| Defendant/Counterclaimant. ) | |
| ) | |
| APPLIED RESEARCH SYSTEMS ARS ) | |
| HOLDING, N.V., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04 11810 MLW |
| ) | |
| CELL GENESYS, INC. AND ) | |
| TRANSKARYOTIC THERAPIES, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**CELL GENESYS, INC.'S STATUS REPORT SUBMITTED
PURSUANT TO THIS COURT'S MAY 5, 2006 ORDER**

Cell Genesys, Inc. ("CGI") hereby submits this Status Report pursuant to the Court's May 5, 2006 Order. This Court's Order directs the parties to update the Court as to (1) whether the parties foresee problems with bifurcating Civil Action No. 04-11810 to address Count I of ARS's complaint and Count I of CGI's counterclaim prior to addressing CGI's other counterclaims in that action; and (2) whether additional fact discovery regarding Count I of CGI's counterclaim is necessary, and the earliest date by which such discovery can be completed. The parties have conferred regarding the issues identified in this Court's Order, and

have been unable to reach complete agreement. Accordingly, CGI hereby separately responds to the issues raised in this Court's Order.

## I. **Bifurcation**

In response to the Court's first inquiry, CGI is not opposed to bifurcating Counts II, III and IV of CGI's counterclaims, directed to inequitable conduct, withholding of the best mode of practicing the invention, and attorneys' fees, and thereby deferring discovery, briefing and trial on these issues. With regard to Count IV of its counterclaim seeking attorneys' fees, CGI notes that the Court may appropriately consider this claim either after this Court's consideration of Count I of ARS's complaint and Count I of CGI's counterclaim, or after consideration of CGI's Counts II and III of its counterclaim.

Furthermore, pursuant to the discussion in the Judge's chambers on January 18, 2006, on conclusion of expert discovery and fact discovery with respect to Count I of ARS's complaint and Count I of CGI's counterclaim, CGI will be prepared to provide the Court with a scheduling proposal that might permit the Court to dispense with the case by adjudicating one or two significant issues.

## II. **Additional Discovery on Count I of CGI's Counterclaim**

Additional fact discovery regarding Count I of CGI's counterclaim is necessary. In particular, CGI requires the deposition of Gianpiero DeLuca in order to complete fact discovery on Count I. This issue is set forth in more detail in CGI's Motion to Compel the Deposition of Gianpiero DeLuca ("Mr. DeLuca"), CGI's underlying memorandum and Declaration, filed with this Court on March 16, 2006 (Docket Nos. 99-101), and ARS's Opposition, filed on March 30, 2006 (Docket No. 105). This deposition can be completed as soon as ARS makes Mr. DeLuca available.

Notably, this single deposition is the principle point of disagreement between the parties on the question of proceeding in the manner suggested in the Court's May 5, 2006 Order. A brief history of this issue follows. CGI timely noticed the deposition of Mr. DeLuca, an employee of Serono, ARS's parent company. ARS produced documents directed to the project addressed by the '071 patent *more than four months* after these documents were originally requested, and on the eve of the deposition of inventor Scott Chappel ("Mr. Chappel"). These belatedly produced documents, and the January 19, 2006 testimony of Mr. Chappel, made it clear, for the first time, that Mr. DeLuca (1) wrote the application that matured into the '071 patent, (2) was directly responsible for the project the '071 patent was directed to at Serono, and (3) continued to be involved in that project and application long after Mr. Chappel left the employ of Serono. Accordingly, CGI timely issued a Notice of Deposition for Mr. DeLuca.

Notwithstanding the clear relevance of Mr. DeLuca's deposition testimony, ARS refuses to produce him, and in fact defied the Notice of Deposition and never indicated that Mr. DeLuca was unavailable. ARS's defiance resulted in CGI's motion to compel on this issue (*see* Docket Nos. 99-101). Furthermore, most recently while conferring with regard to the submission of this Status Report, ARS has stated that its primary grounds for objecting to Mr. DeLuca's deposition is that the deposition is not relevant to any claim or defense relating to Count I of ARS's complaint or Count I of CGI's Counterclaim, and that Mr. DeLuca's testimony is unlikely to lead to the discovery of any admissible evidence. This could not be further from the truth, given that Mr. DeLuca wrote the patent application, was directly responsible for the project, and was involved in the project long after Mr. Chappel left Serono.

CGI continues to require this deposition to complete its fact discovery as to Count I of its counterclaims.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>CELL GENESYS, INC.</td></tr>
<tr><td></td><td>By its attorneys,</td></tr>
<tr><td></td><td>/s/ Steven B. Kelber<br>Steven B. Kelber<br>Merchant & Gould<br>901 Fifteenth Street, N.W.<br>Suite 850<br>Washington, DC 20005<br>Telephone: (202) 326-0300<br>*Admitted pro hac vice*</td></tr>
<tr><td>Dated: May 19, 2006</td><td>T. Christopher Donnelly (BBO #129930)<br>Donnelly, Conroy & Gelhaar, LLP<br>One Beacon Street, 33rd Floor<br>Boston, Massachusetts 02108<br>Telephone: (617) 720-2880</td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that this Status Report filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 19, 2006.

/s/ Steven B. Kelber
Steven B. Kelber