**MARSHALL, GERSTEIN & BORUN LLP**

ATTORNEYS-AT-LAW

May 19, 2006

Via ECF

The Honorable Chief Judge Mark L. Wolf
United States District Court
 for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

    Re:    *Applied Research Systems ARS Holding, N.V. v. Cell Genesys, Inc.*,
              (Case Nos. 05-12448-MLW & 04-11810-MLW)

Dear Chief Judge Wolf:

      ARS submits this letter pursuant to the Court's May 5, 2006 Order, which ordered the parties to confer and notify the Court (i) "whether they foresee any problems with bifurcating Civil Action No. 04-11810 to resolve Count I of ARS's complaint and Count I CGI's counterclaim prior to proceeding with Counts II, III, and IV of CGI's counterclaim," and (ii) "whether additional fact discovery regarding Count I of CGI's counterclaim is necessary, and if so, the earliest date by which they can complete it." (Doc. No. 116 in Case No. 04-11810 and Doc. No. 50 in Case No. 05-12448). Counsel for ARS and CGI have conferred about both issues.

      **A.**    **Bifurcation**

      As indicated in CGI's Status Report, the parties do not foresee any problem in bifurcating Case No. 04-11810 to resolve Count I in ARS's First Amended Complaint and Count I in CGI's Answer and Counterclaims prior to addressing CGI's Counterclaim Counts II, III, and IV (subject to the Court's resolution of ARS's pending motion to dismiss CGI's Counterclaim Counts II and III). ARS notes that resolving ARS's Count I and CGI's Count I in Case No. 04-11810 will also resolve CGI's Count I and ARS's Count I in Case No. 05-12448 (transferred to this District from the U.S. District Court for the District of Columbia), in which the parties request the same relief as in their respective Counts in Case No. 04-11810.

**MARSHALL, GERSTEIN & BORUN LLP**

The Honorable Chief Judge Mark L. Wolf
May 19, 2006
Page 2 of 4

Consistent with the Court's January 19, 2006 Order (Doc. No. 89 in Case No. 04-11810), ARS expects that by July 14, 2006, the parties will be able to jointly report to the Court whether resolution of any issues relevant to ARS's Count I or CGI's Count I might expedite a settlement in these cases.

### B. Potential further fact discovery regarding CGI's Counterclaim Count I

The parties were unable to reach agreement about whether CGI should be permitted to take further fact discovery in regard to Count I in CGI's Answer and Counterclaims. ARS believes that no further fact discovery by either party is necessary or otherwise justified regarding CGI's Counterclaim Count I. In contrast, as indicated in its Status Report, CGI seeks further discovery in the form of a deposition of Dr. Giampiero De Luca, a European Patent Attorney employed in Geneva, Switzerland as Senior Executive Vice President for Licensing and Intellectual Property and Chief Intellectual Property Counsel for Serono International S.A. (which is not a party to this action).

#### 1. CGI admitted in its earlier motion that Dr. De Luca's deposition does not relate to CGI's Counterclaim Count I

The Court should not permit CGI to depose Dr. De Luca in regard to CGI's Counterclaim Count I. In its pending motion for additional discovery and its pending motion to compel Dr. De Luca's deposition, CGI never argued that Dr. De Luca's testimony could be relevant to any issue raised in CGI's Counterclaim Count I. Rather, CGI admitted in its pending motion for additional discovery (in which it requested to depose Dr. De Luca) that his deposition would be "moot" if the Court dismissed CGI's Counts II and III. *See* Motion of Cell Genesys, Inc. for Additional Discovery (Doc. No. 102 in Case No. 04-11810) at p. 4 ("Should the Court elect to grant the ARS Motion to Dismiss Counts II and III, the requested production of documents . . . and the 30(b)(6) deposition would be required. **The remaining discovery** [including the requested deposition of Dr. De Luca] **would be *moot***.") (emphasis added).

#### 2. Dr. De Luca does not have information relevant to CGI's Counterclaim Count I

CGI's admission is not surprising because any testimony from Dr. De Luca cannot be relevant to the issues raised in ARS's Count I or CGI's Count I. Those counts deal solely with whether the decision entered by the Board of Patent Appeals and Interferences in the '114 Interference was correct. That decision dealt solely with issues of patentability (*i.e.*, novelty, obviousness, written description and enablement) of the subject matter claimed in ARS's '071 patent and CGI's '390 patent application. Dr. De Luca, a European Patent Attorney who participated in the preparation of one of the patent applications underlying ARS's '071 patent,

MARSHALL, GERSTEIN & BORUN LLP

The Honorable Chief Judge Mark L. Wolf
May 19, 2006
Page 3 of 4

cannot offer testimony regarding whether the Board's decision was correct, *i.e.*, whether the subject matter claimed by either party is patentable. In its motion seeking to compel that deposition, and in its submission filed today, CGI says that Dr. De Luca "wrote" the application that matured into the '071 patent, that he "authored the continuation-in-part application" that led to the '071 patent, that he was "heavily involved in" and "was directly responsible for" the project that "is the subject of this lawsuit at all times relevant to this suit," and that he "continued to be involved in that project and application long after Mr. [sic: Dr.] Chappel left the employ of Serono." *See* Defendant Cell Genesys, Inc.'s Motion to Compel the Deposition of Gianpiero [sic] Deluca [sic] and for Discovery Sanctions Under Federal Rule of Civil Procedure 37 (Doc. No. 99 in Case No. 04-11810) at p. 3 and CGI's Status Report Submitted Pursuant to This Court's May 5, 2006 Order at p. 3.

CGI does not and cannot point to any evidence that supports its assertions, because there is no such evidence in this case. There is no evidence that Dr. De Luca wrote the patent applications that led to the '071 patent. There is no evidence that Dr. De Luca was "heavily involved in" or "directly responsible for" the project that Dr. Chappel directed relating to the inventions claimed in the '071 patent. And there is no evidence that Dr. De Luca was involved in that project after Dr. Chappel left Serono. The only evidence linking Dr. De Luca to this case is Dr. Chappel's deposition testimony that Dr. De Luca helped him when he was drafting the original patent application (*see* CGI's Motion to Compel at p. 3). Indeed, the only document in which Dr. De Luca's name even appears in this case is where "To: G. De Luca" is handwritten in the margin of *two* pages (out of the thousands of pages produced by ARS in this action). And those pages are from 1992, long after Dr. Chappel filed his original and continuation-in-part applications (in 1989 and 1990, respectively) that led to the '071 patent. Notably, CGI is not requesting the deposition of any of the individuals who were actually identified on such documents as having been involved in Dr. Chappel's project (including Ms. Christie Kelton, who was listed on ARS's Fed. R. Civ. P. 26(a) disclosures).

Dr. De Luca's potential testimony is irrelevant to any issue raised in Count I of ARS's First Amended Complaint or CGI's Answer and Counterclaims. If at all relevant in this action, it can only be relevant to CGI's accusations in its Counts II and III regarding the prosecution of the '071 patent. Therefore, if his deposition is to be taken in this case, it should only be taken in the context of issues raised in CGI's Counterclaim Counts II or III, which the parties agree should be dealt with later. There is no justification for ARS and Dr. De Luca to bear the burden of proceeding with his deposition now.

MARSHALL, GERSTEIN & BORUN LLP

The Honorable Chief Judge Mark L. Wolf
May 19, 2006
Page 4 of 4

      For these reasons, ARS again respectfully requests that the Court deny CGI's request to depose Dr. De Luca as part of the fact discovery for CGI's Counterclaim Count I.[1]

                                    Sincerely,

                                    /s/ Matthew C. Nielsen
                                  Kevin M. Flowers
                                  Matthew C. Nielsen

                                  Counsel (*pro hac vice*) for Applied Research Systems ARS Holding, N.V.

cc:    Counsel of record (via ECF)

---

[1] CGI also says that "CGI timely noticed the deposition of Mr. DeLuca," that ARS "defied the Notice of Deposition," and that ARS "belatedly produced documents." *See* CGI's Status Report at p. 3. To the extent those accusations are even relevant, ARS already dealt with such accusations in its Opposition to CGI's Motion to Compel and for Discovery Sanctions (*see* Doc. No. 105, at pp. 2-4 and 6-9). It suffices here to point out that CGI served its deposition notice on February 6, 2006, which was *after* the agreed deadline for fact discovery in then-recently transferred Case No. 05-12448, and *before* ARS had filed its Reply to CGI's Counterclaim Counts I and IV or its Motion to Dismiss CGI's Counterclaim Counts II and III (which were due under the Court's January 19 Order on February 23, 2006). Moreover, the Court's January 19 Order made it abundantly clear that if CGI wanted to seek additional discovery in this action (which would necessarily include its February 6 request to depose Dr. De Luca), it had to seek this Court's permission for leave to take that discovery. As such, CGI's notice was not "timely" served, and ARS never "defied" it. Finally, CGI cannot seriously complain about ARS's January 18, 2006 supplemental production of fewer than 100 pages of documents, when CGI itself produced nearly 1,000 pages of documents on March 23, 2006.