## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CELL GENESYS, INC., | ) | |
| Plaintiff/Counterdefendant, | ) ) ) | Civil Action No. 05-12448-MLW |
| v. | ) ) ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) ) ) | |
| Defendant/Counterclaimant. | ) ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) ) | Civil Action No. 04-11810-MLW |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CELL GENESYS, INC. and TRANSKARYOTIC THERAPIES, INC., | ) ) ) | |
| Defendants. | ) ) ) | |

### JOINT STATUS REPORT

Further to this Court's January 19, 2006 Scheduling Order and June 28, 2006 Order,

Plaintiff Applied Research Systems ARS Holding, N.V. ("ARS") and Defendants Cell Genesys,

Inc. ("CGI") and Transkaryotic Therapies, Inc. ("TKT") respectfully submit this Joint Status

Report concerning, as requested in the Orders, (a) the status of settlement discussions; (b)

whether resolution of any issues might facilitate settlement if resolved promptly; and (c) whether

there are any meritorious motions for summary judgment.

(a)    Attempts To Settle The Case:

(i)    ARS and CGI

ARS is a plaintiff with respect to Count I and II of its First Amended Complaint and a defendant with respect to Count I of CGI's Complaint. CGI is a plaintiff in Count I of CGI's joined Complaint (with Counts II - IV stayed) and a defendant in connection with Count I (but not stayed Count II) of the Complaint of ARS. Pending the Court's resolution of CGI's Motion for Discovery and Sanctions, ARS and CGI have completed fact and expert discovery related to Count I of ARS's First Amended Complaint and Count I of CGI's Complaint.

CGI and ARS have met and explored settlement of their dispute, directly and through counsel, but no settlement has been arrived at, and none is currently contemplated. CGI and TKT are not adversarial, and have no issues between them to resolve.

(ii)    ARS and TKT

TKT is a defendant in Count II of this action, as to which this Court stayed all proceedings, including TKT's Answer and fact discovery, pending resolution of Count I of Plaintiff ARS's complaint and CGI's corresponding counterclaims. TKT is not a party to Count I of ARS's complaint and accordingly (aside from appearing at this Court's status conferences) has not participated in the discovery and other proceedings that have taken place to date in this action. TKT and ARS have, nevertheless, engaged in several discussions over the last six months in a good faith effort to settle Count II of ARS's complaint alleging infringement of ARS's '071 patent. To date, those efforts have not been successful. TKT, however, has reason to believe that further discussions may be worthwhile and has scheduled another such discussion with ARS later this month.

2

The parties will promptly report any further significant progress in these discussions to the Court.

    (b)    <u>Whether Prompt Resolution Of Any Issues Might Expedite A Settlement:</u>

        (i) CGI's position

CGI is unable to identify any issue or combination of issues whose resolution might advance the possibility of settlement, short of full resolution of Count I.  This proceeding, as to ARS Count I, CGI Count I, and stayed Counts II - IV, is a proceeding under 35 USC §146.  The decision whose review is sought by both parties, the final decision of the Board of Patent Appeals and Interferences in Interference 105,114 imposes certain conditions and restraints that are not common to Count II of ARS.  Thus, the claims are interpreted according to a standard under Count I (broadest reasonable interpretation) different from that which surviving claims might be interpreted under Count II of ARS.  The Board, in its decision, arrived at an interpretation of the claims which CGI supports and ARS disagrees with.  Thus, there is no apparent single issue, or cluster of issues, whose resolution, without final judgment on at least the 146 proceeding, appears to offer a reasonable basis for settlement.

        (ii) TKT's position

TKT believes strongly in the merits of its defenses to ARS's claim of infringement of the '071 patent.  Some, but not all, of those defenses may ultimately depend on this Court's construction of certain terms of the claims of the '071 patent that could be at issue in any subsequent litigation of Count II.  TKT fully appreciates that it is not a party to Count I and that the nature of its defenses and, indeed, the existence of the very claims ARS may eventually assert against it, depend largely on this Court's resolution of Count I and CGI's counterclaims.  If,

however, any of the ARS claims survive Count I, scheduling of a claim construction hearing early on in the progress of proceedings on Count II could potentially advance the ultimate resolution of this action.

(iii) ARS's position

This § 146 action consolidates requests by CGI and ARS that this Court should reverse a number of different aspects of the Board's decision on preliminary motions in the '114 Interference. In deciding what issues this Court can and should resolve in this § 146 action, it is important to remember that under § 146, this Court effectively sits as a court of appeal to review only those aspects of the Board's decision for which either ARS or CGI has requested review in their respective pleadings. *See Conservolite, Inc. v. Widmayer*, 21 F.3d 1098, 1102 (Fed. Cir. 1994) ("[A]n action under § 146 is essentially a proceeding to review the action of the Board.").

A brief review of the background to this action may be helpful. In its decision on preliminary motions, the Board held that twenty-one of the fifty-eight claims in ARS's '071 patent are patentable to ARS. This was the second time that the PTO found those twenty-one claims to be patentable (the first being when the PTO allowed the '071 patent to issue). By contrast, the Board found that only one of the thirty-eight claims currently presented[1] in CGI's pending '390 patent application was patentable to CGI. The Board then held that ARS's twenty-one patentable claims and CGI's one patentable claim do not "interfere" (*i.e.*, they do not claim the same invention). The existence of an "interference-in-fact" between the parties' claims is a

---

[1] CGI has eight claims (numbers 105-112) actually pending in its '390 patent application. It moved to add an additional thirty claims (numbers 113-143) in a preliminary motion in the '114 Interference. The Board denied that motion.

4

prerequisite for the interference proceeding to move from the preliminary motions phase to the "priority" phase (where the parties could present evidence on, and the Board would decide which party invented first, as discussed further below). Because it found no interference-in-fact between the one remaining CGI claim and the twenty-one remaining ARS claims, the Board terminated the interference without proceeding to the "priority" phase.

CGI and ARS are collectively seeking to reverse many different aspects of the Board's decision. CGI seeks to reverse the Board's decisions that thirty-seven of the thirty-eight claims currently presented in CGI's '390 patent application are not patentable to CGI. Similarly, ARS seeks to reverse the Board's decision that thirty-seven of the fifty-eight claims in the '071 patent are not patentable to ARS. However, CGI is also seeking to reverse the Board's decision that the twenty-one remaining claims in ARS's '071 patent <u>are</u> patentable to ARS, for a number of different reasons. And as mentioned above, CGI has indicated that it cannot live with any resolution of this case where any of the fifty-eight claims in ARS's '071 patent are allowed to stand. In sum, ARS does not believe that this Court's resolution of any single issue can resolve the entire § 146 action between ARS and CGI.

However, ARS believes that settlement may be facilitated by an early resolution of a few of the many issues raised in the pleadings in this action. Although there is no single case-dispositive issue, ARS believes that it will be most efficient and will best put the case in a posture favoring settlement if the parties and the Court focus first on a few specific aspects of the Board's decision regarding the patentability of CGI's claims and ARS's claims. Thus, ARS proposes that the Court bifurcate the parties' filing and the Court's resolution of certain summary judgment motions in this action, as explained below.

5

(a) Issues regarding CGI's pending claims

As noted above, CGI currently does not have any patentable claim that interferes with ARS's claims. Consequently, the Court should focus first on whether CGI can get back any patentable claim that interferes with any of ARS's claims. If CGI cannot get any patentable claim that interferes with ARS's claims, there cannot be any interference-in-fact between CGI and ARS. Because there would be no possibility that CGI could get a patent containing such a claim to issue from its pending '390 application, that should move CGI (and TKT) toward settlement. Alternatively, were the Court to find that CGI is entitled to such claims, that could move ARS toward settlement.

To resolve this issue, the Court would need to resolve three motions: (i) CGI's motion to overturn the Board's decision that CGI's one remaining claim (claim 106) does not interfere with ARS's twenty-one remaining claims; (ii) CGI's motion to overturn the Board's determination that CGI's claims (other than claim 106) are unpatentable over the "Japan" reference; and (iii) ARS's motion that CGI's '390 patent application does not contain an adequate written description of the subject matter of its claims (in the '114 Interference, the Board dismissed ARS's preliminary motion on this point as moot regarding CGI claims 107-109 in light of its decision that those claims are unpatentable over the "Japan" reference).[2]

---

[2] CGI also seeks to reverse the Board's decision that the thirty claims CGI sought to add to its pending '390 application during the '114 Interference (*i.e.*, claims 113-143) are not patentable to CGI. However, that issue would be moot if the Court affirms the Board's finding that CGI's claims are unpatentable over the "Japan" reference (e.g., that CGI failed to show that it invented its claimed subject matter prior to the effective date of the "Japan" reference) and/or finds that CGI's '390 patent application does not contain an adequate written description of the subject matter of CGI's claims.

6

If CGI cannot persuade this Court that it invented the subject matter of its claims prior to the date of the "Japan" reference or that its claim 106 interferes with ARS's claims, or if ARS persuades this Court that CGI's patent application does not contain an adequate written description, there will be no "interference-in-fact" between any claim in CGI's '390 application and any claim in ARS's '071 patent. Such a decision, which is effectively a decision that CGI cannot be issued a patent containing any such claim, should move CGI (and presumably TKT) toward settling this case.

This approach not only should move the parties toward settlement, it is also consistent with how the Board deals with such issues in interferences. In bifurcating CGI's counterclaim counts II-IV (for inequitable conduct, best mode, and exceptional case), this Court adopted an approach that is consistent with the Board's current practice in interferences. *See* January 19, 2006, Order at p. 2, citing *Tropix, Inc. v. Lumigen, Inc.*, 53 U.S.P.Q.2d 2018, 2021 (Bd. Pat. App. & Interf. 2000). Resolving whether CGI is entitled to any interfering claims before dealing with any other issue in this case is also consistent with the Board's practice. In interferences, the parties and the Board first resolve certain "threshold" issues before proceeding to the merits of the parties' claims. These "threshold" issues are defined in the Board's Rules of Practice:

> Threshold issue means an issue that, if resolved in favor of the movant, would deprive the opponent of standing in the interference. Threshold issues may include
>
> (1) No interference in fact, and
>
> (2) In the case of an involved application claim first made after the publication of the movant's application or issuance of the movant's patent:
>
> \* \* \*

7

> (ii) unpatentability for lack of written description under 35 U.S.C. 112(1)
> of an involved application claim . . . .

37 C.F.R. § 41.201 (2004); *see also Berman v. Housey*, 291 F.3d 1345, 1351 (Fed. Cir. 2002) (a "threshold issue" is one "that should be addressed by the Board at a preliminary stage of an interference before proceeding to the merits").

ARS's proposal allows the parties and the Court to resolve each of these "threshold" issues before proceeding to the merits of the other arguments for which the parties are seeking resolution. Currently, CGI has no patentable claim that interferes with any ARS claim, and if it cannot obtain any such claim in an issued patent, it (and TKT) should look to settle this case. It is therefore least burdensome on the Court and most likely to facilitate settlement to focus first on whether CGI can resurrect any such claim, rather than having the Court expend considerable resources to address every disputed aspect of the Board's decision.

(b) Issues regarding ARS's '071 patent claims

As part of dealing first with issues that could move the parties toward settlement, ARS also proposes that the parties brief, and the Court resolve, two issues regarding the patentability of the claims in ARS's '071 patent. The first is whether the Board erred in construing the term "cell line" in each of the claims in ARS's '071 patent to encompass "microorganisms," *i.e.*, bacterial and yeast cells. The second is whether the Board erred in finding that ARS is not entitled to the benefit of its earliest-filed application to support the patentability of its claims under 35 U.S.C. § 119. The Court's decisions on these issues could very well simplify and streamline any subsequent resolution by the Court regarding whether the claims in the '071 patent are patentable over certain "prior art" references raised in the '114 Interference below (including the "Japan" reference). Resolution of these issues could also move the parties closer to settlement.

8

If the Court denies CGI's motions, and grants ARS's motions, ARS might be willing to settle with CGI by walking away from this case with the twenty-one claims that it has right now, rather than pursuing its other thirty-seven claims. Even if CGI refuses to settle under that scenario, ARS believes that the Court's resolution of the "threshold" issues regarding CGI's claims will likely facilitate settlement of Count II between ARS and TKT (which in turn could lead to a settlement of the § 146 action between CGI and ARS).

Consequently, ARS respectfully submits that the parties should brief, and the Court should first resolve, the following issues in order to best position this case for early settlement and to preserve judicial resources:

1. Whether the Board correctly held that there is no interference-in-fact between claim 106 in CGI's '390 application and the twenty-one claims of ARS's '071 patent that the Board found patentable;

2. Whether the Board correctly found that CGI's claims 107-109 are unpatentable over the "Japan" reference;

3. Whether CGI's '390 application contains an adequate written description under 35 U.S.C. § 112, ¶1 of the subject matter in CGI's claims 106-109 (an issue dismissed as moot by the Board with respect to CGI's claims 107-109 in view of the Board's holding that those claims were unpatentable under 35 U.S.C. § 102, and denied with respect to claim 106);

4. Whether the Board erred in finding that the claims of ARS's '071 patent are not entitled to the benefit of the filing date of ARS's original '783 application; and

5. Whether the Board erred in construing the term "cell line" in the claims of ARS's '071 patent to encompass "microorganisms" such as bacterial and yeast cells.

(c)    <u>Whether There Are Any Meritorious Motions For Summary Judgment:</u>

(i) CGI's position

While CGI is unable to identify any single Motion for Summary Judgment that is likely to be viewed jointly by the parties as susceptible of resolution on the evidence to be submitted, CGI **does** perceive that the Court may proceed on one or two of the issues raised by the parties that may resolve Count I based on testimony already taken through deposition, disposing of the need for a trial before this Court.

These issues include the question of whether the claims of ARS encompass more than a single patentable invention (the Board in Interference 105,114 found they did not) and as to the patentable invention(s) claimed by both ARS and CGI, date of invention with respect to the same. If, for example, CGI is able to demonstrate a date of invention that is prior to that of ARS, then the ARS claims to that invention would be unpatentable under 35 USC 102(g) (2), ARS Count II would fall away, and CGI Counts II - IV would be moot.

If the date of invention CGI is able to demonstrate is prior to August 29, 1989, then a basis for rejection of certain of CGI's claims advanced by the Board would be removed. As CGI is involved in this proceeding, and below, as a patent applicant, it would be consistent with these findings for this Court to remand CGI's application to the United States Patent and Trademark Office for further prosecution of the CGI application consistent with the finding of this Court. As TKT is a licensee of CGI under the application in question, no other disputes would be outstanding.

As the question of date of invention, in this matter, is one to be resolved by the Court on the basis of factual witnesses only, and all witnesses CGI would rely on have had their

10

depositions taken in discovery, there is no clear reason why this issue could not be resolved on submission of evidence and briefing, without live testimony or resort to experts. If resolved on this basis, a great deal of expense involved in a trial over other issues, such as patentability over other prior art, questions of enablement and written description and priority of prior applications, may be avoided. CGI will be prepared to make a proffer of evidence at the hearing on August 8, 2006 so that the Court may be in a better position to make decisions as to the further conduct of this case.

> (ii) TKT's position

At this point, prior to any discovery on Count II, TKT believes that it is premature to assess whether any motions for summary judgment on that count would be appropriate. TKT notes that if CGI were to prevail in invalidating the ARS claims at issue on any motion for summary judgment, such a motion would be dispositive of both Counts I and Count II against TKT.

> (iii) ARS's position

CGI and ARS have consistently maintained that the issues in this § 146 action can likely be resolved on motions for summary judgment. The issues discussed by ARS above fall into that category. ARS proposes that ARS and CGI should each move for summary judgment regarding the issues on which they bear the burden of persuasion (*i.e.*, those issues on which the party seeks to reverse the Board's decision). CGI and ARS should accordingly first move for summary judgment as follows (following resolution of these motions, the parties should meet to discuss settlement, and if no settlement can be achieved, further summary judgment motions could be filed):

| Issues on which CGI bears the burden of persuasion | Issues on which ARS bears the burden of persuasion |
|---|---|
| Whether the Board correctly held that there is no interference-in-fact between claim 6 of CGI's '390 application and the twenty-one claims in ARS's '071 patent that the Board held are patentable. | Whether CGI's '390 application provides sufficient written descriptive support under 35 U.S.C. § 112, ¶1 for CGI's claims 106-109 (an issue dismissed as moot by the Board with respect to claims 107-109 in view of its holding that those claims were unpatentable under 35 U.S.C. § 102, and denied with respect to claim 106). |
| Whether the Board was correct in finding that CGI's claims 107-109 are unpatentable over the "Japan" reference. | Whether the Board erred in construing the term "cell line" in the claims of ARS's '071 patent as including microorganisms. |
|  | Whether the Board erred in finding that the claims of ARS's '071 patent are not entitled to the benefit of the filing date of the ARS's '783 parent application. |

(d)    Other Issues for the August 8, 2006 Hearing

At this time, ARS does not believe that there are any issues other than those raised in the

Court's January 19 and June 28 Orders that should be addressed at the August 8, 2006 hearing.

12

Respectfully submitted,

CELL GENESYS, INC.

By its attorneys,

/s/  Steven B. Kelber
Steven B. Kelber
(*admitted pro hac vice*)
Merchant & Gould
901 Fifteenth Street, N.W.
Suite 850
Washington, DC  20005
Telephone:  (202) 326-0300

T. Christopher Donnelly (BBO #129930)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts  02108
Telephone:  (617) 720-2880

APPLIED RESEARCH SYSTEMS ARS
HOLDING, N.V.

By its attorneys,

/s/ Kevin M. Flowers
Kevin M. Flowers (admitted *pro hac vice*)
Marshall Gerstein & Borun LLP
6300 Sears Tower
233 S. Wacker Drive
Chicago, IL  60606-6357
Tel: (312) 474-6300

Fred A. Kelly, Jr. (BBO # 544046)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
Tel: 617-345-1000
Fax: 617-345-1300

Dated: July 14, 2006

TRANSKARYOTIC THERAPIES, INC.

By its attorneys,

/s/  Eric J. Marandett
Eric J. Marandett (BBO# 561730)
Choate, Hall & Stewart
Two International Place
100-150 Oliver Street
Boston, MA  02110
Tel: (617) 248-5000
Fax: (617) 248-4000

Gerald J. Flattmann, Jr.
(*admitted pro hac vice*)
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022
Tel: (212) 446-4800
Fax: (212) 446-4900

13

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 14, 2006.

*/s/ Stacy L. Blasberg*
Stacy L. Blasberg

4102821v1

14