# APPENDIX D

## TO THE

## MEMORANDUM OF CGI

## THE "JAPAN" REFERENCE IS NOT PRIOR ART TO CGI

(Facsimile of July 24, 1989 to Rowland)

**D.    Facsimile of July 24, 1989**

A scientific plan reflecting "Art's idea," as requested in Levin's July 10 Memo (CGI 1852-1855), was prepared (CGI 3650-3654), and faxed by Levin to the patent attorney, Rowland. The document itself clearly reflects a fax date of July 24, 1989, which is echoed by the faxed time stamp, showing "07:59 on July 24, 1989." This document is perhaps the most complete corporate document reflecting Skoultchi's invention until the patent application draft was prepared in August, 1989. It reflects each of the elements of claims 107 – 109, as found by the Board (see, Decision, pages 35-36).

The first element required by these claims, according to the Board, is: **[1-a]** insertion of a DNA construct by homologous recombination into the genome of a mammalian cell **[1-b]** in proximity to a target gene **[1-c]** to stimulate or enhance expression of that target gene. This was Skoultchi's strategy and Element 1 (broken-out into parts [1-a] through [1-c] for clarity) are clearly described in the fax of July 24, 1989, CGI 3652 (emphasis supplied):

> The overall strategy is to **[1-a] integrate** an amplifiable gene either **[1-b] upstream or downstream of the gene of interest, [1-a] using homologous recombination** between these target DNA sequences in the cell and the same sequences present on a vector also containing the amplifiable marker gene. **[1-c] The resulting primary cells which have the integrated marker gene in the appropriate sight** could be used in two ways to **produce the protein of interest**.

The fax further details that the intended outcome of the first element [1-c] is to "produce a mammalian cell line expressing a protein (usually of human origin) at sufficiently high levels so that the protein can be readily purified and used commercially for therapeutic applications" (*see*, "strategy" section, 3652).

The express and specific utility required for conception, and the requirement that the mammalian cell modified by homologous recombination express proteins encoded by that genome, are clearly set forth.

D-1

The second required element, as found by the Board, concerns whether or not the protein of interest is normally expressed by the cell being modified (i.e., a normally expressed gene (claim 108) versus an "inactive" gene (claims 107 and 109). *See*, Board Decision, page 35. Skoultchi clearly conceived of this distinction, or "second element," when he first conceived of the invention more than six months earlier (*see*, CGI 4004, "…a human cell either making small amts [amounts] of the protein endogenously…or even inactive gene"). This second element is also reflected in the faxed Scientific Plan at CGI 3653: "the gene may not be expressed." The same strategy reflects the possibility that the gene is one that is expressed, but simply at higher levels. "It is expected that during amplification of the marker gene the surrounding DNA, including the gene of interest, will also be amplified, leading to higher levels of expression of the desired protein." Thus, the second element of claims 107 – 109, that enhanced expression of a protein either not normally expressed by the cell (107 and 109), or expressed by the cell (108), is satisfied by the Scientific Plan faxed to Rowland on July 24, 1989.

The third requirement of claims 107 – 109 is that the DNA construct used to modify the cell through homologous recombination is comprised of <u>an amplifiable gene, a regulatory sequence, or both</u>. Note that according to the Board's own analysis, page 35, either an amplifiable gene, or a regulatory sequence, is sufficient to satisfy each of claims 107, 108 and 109. This third requirement is described in the faxed Scientific Plan (CGI 3653). Specifically, the plan referred to the vector as an "amplification vector" and is indicated to include "a mutant dihydrofolate reductase (DHFR) gene." DHFR is a well known amplifiable gene, and is described as such in the Scientific Plan (*e.g.*, "[t]he overall strategy is to integrate an amplifiable gene … using homologous recombination …,"CGI 3652). Thus, this element of claims 107 – 109, as understood by the Board, is clearly satisfied by the fax of July 24, 1989. Moreover, the

same section of the plan, discussing "DNA vectors" at CGI 3653, specifically indicates that the construct may include "one or more copies of a transcriptional enhancer sequence (e.g., SV40 enhancer) which may stimulate expression of the TPA gene." SV40 enhancer, and in general, any enhancer, is a regulatory sequence. Skoultchi also included this second element in the description recorded months earlier when he first conceived of the invention (CGI 4004, "promoter-enhancer insertion (replacement)").

The fourth and final requirement of claims 107 – 109 identified by the Board in its Decision, pages 35 – 36, is that the construct include "DNA homologous with DNA in a region of the genome in proximity to the target gene." This requirement is specifically set forth in the faxed Scientific Plan, CGI 3652 (emphasis supplied):

> The overall strategy is to integrate an amplifiable gene either upstream or downstream of the gene of interest, **using homologous recombination between these target DNA sequences in the cell and the same sequences present on a vector** also containing the amplifiable marker gene.

Additionally, this fourth element is described at 3653 (under "DNA vectors"), which states that the vector is modified "by incorporating DNA segments, not less than 150 bp nor greater than 10 kb, from the upstream or downstream sequences flanking the human TPA gene." Thus, the construct clearly includes this fourth requirement, sequences homologous with the DNA in the region of the target gene.

Respectfully, CGI submits that the fax of July 24, 1989, which reflects Skoultchi's expression of his invention, unquestionably satisfies the requirements of Rule 131 as to demonstration of possession of the conception.

D-3

**Testimony Authenticating and Corroborating the July 24, 1989 Scientific Plan**

Skoultchi, Levin, Kucherlapati and Thompson all testified with respect to this fundamental document reflecting conception. Skoultchi testified that he had prepared hand written notes from which the Scientific Plan was prepared. It reflects his thoughts, and was prepared by him in response to Levin's repeated request to provide the same, noted above in the context of Levin's July 10, 1989 memo. Skoultchi transcript, pages 193 – 197.

Levin confirmed Skoultchi's testimony, noting that the fax of July 24, 1989 was prepared by his office from information provided by Skoultchi. He had specifically asked Skoultchi to provide the information, and sent it on to Rowland on July 24th because Rowland was not coming to the meeting until the 25th. Levin specifically testified that the preparation of the Scientific Plan reflected a continuous focus at CGI on development of Skoultchi's invention, and protection of the same. Transcript, 110 – 113.

Kucherlapati also confirmed that the document describes that which was referred to as CGI as Skoultchi's idea. It was an idea for the expression of therapeutic proteins using homologous recombination.

Thompson, an assistant to Levin at Mayfield Fund, recalled that there was a communication via fax from Levin to Rowland, because of the importance of getting Skoultchi's disclosure on paper and making sure it was patentable. Thompson Transcript, page 74. Unquestionably, all of the features of claims 107 – 109 are reflected in this fax of July 24, 1989. Unquestionably, it reflects Skoultchi's idea, Skoultchi's conception of the invention, and it was corroborated independently. Unquestionably, no later than July 24, 1989, and in any event, well prior to August 29, 1989, Skoultchi and CGI had possession of the subject matter claimed in claims 107 – 109.

# Details of Skoultchi's Invention Faxed to Patent Attorney

Exhibit Page 1



# Details of Skoultchi's Invention Faxed to Patent Attorney

Exhibit Page 2

JUL 24 '89 07:59 MAYFIELD FUND - MENLO PARK

### Summary of the Invention

Mammalian cells are produced which contain amplified copies of a specific region of that species or another species genome including the gene for a desired therapeutic protein. The specific region has been amplified by integration of a marker gene near the gene of interest by introduction of homologous DNA sequences and homologous recombination followed by selection procedures for amplification of the marker gene and DNA sequences surrounding the integration site. The resulting cells may be used to produce the protein encoded by the gene. Alternatively the DNA from cells containing the marker gene, either before or after amplification, may be used to prepare secondary cell lines containing amplified copies of the marker gene and the gene of interest. The method does not require cloning the gene nor a cDNA copy of the mRNA.

# Details of Skoultchi's Invention Faxed to Patent Attorney

Exhibit Page 3



JUL 24 '89 08:02 MAYFIELD FUND - MENLO PARK

**DNA Vectors**

The amplification vector is constructed from pFR400 (Simonsen and Levinson, PNAS 80: 2495; 1983). pFR400 contains a 2.8kb PstI - SalI fragment that includes a mutant dihydrofolate reductase (DHFR) gene with an increased Km for methotrexate (MTX). The DHFR gene is driven by SV40 transcription signals. pFR400 also contains a plasmid replication origin permitting preparation and manipulation of the vector in E coli. pFR400 is modified by incorporating DNA segments, not less than 150 bp nor greater than 10kb, from the upstream or downstream sequences flanking the human TPA gene. These sequences are inserted at the Eco RI site or other suitable sites in pFR400. It may be useful to insert such sequences with Not I (or other) linkers. The vector may also include one or more of the following: (1) the gVneo gene permitting selection in G418; (2) the Herpes tk gene permitting selection for homologous recombination events by selection of cells resistant to gancyclovir; (3) one or more copies of a transcriptional enhancer sequence (eg. SV40 enhancer) which may stimulate expression of the TPA gene after integration of the vector.