# APPENDIX G

## TO THE

## MEMORANDUM OF CGI

## THE "JAPAN" REFERENCE IS NOT PRIOR ART TO CGI

(Draft Patent Application of August 26, 1989)

### G. The Draft Patent Application was Prepared Based on Information Provided Prior to August 29, 1989

The document latest in time that CGI relies on to demonstrate possession of the invention prior to August 29, 1989, and the testimony with respect thereto, is the draft patent application that is Exhibit B to the Rowland Declaration, Exhibit 2054. There can be no question that this document, which closely resembles the November 6, 1989, patent application filing reflects Skoultchi's possession of the invention prior to August 29, 1989. While the actual draft is also dated August 29, 1989, it was prepared by Rowland, on the basis of the information provided him on July 24, and 25, 1989, detailed above. The conception is Skoultchi's. For the application to have been prepared on August 29, 1989, it had to be transmitted to Rowland earlier. The draft patent application clearly reflects the four elements of claims 107 – 109 identified by the Board. Thus, the third page of this draft, under "description of specific embodiments," specifically notes "the method employs homologous recombination in a primary host cell for integrating an amplifying gene in the vicinity of the target gene, which target gene encodes the protein of interest." A wide variety of representative cells are set forth on the fourth page, lines 11 – 28. The application specifically notes, as observed by the Board that "these cells <u>may or may not</u> be expressing the gene of interest" (emphasis supplied). The application then goes on, on the same page beginning at line 29, to describe the use of amplifiable marker genes, specifically identifying DHFR as a suitable amplifiable gene. Note that the use of these amplifiable genes as a marker is described on the following page 4, lines 1 – 3. Representative target genes, including TPA and EPO are identified of the 5th page of the application, lines 4 – 15.

The remaining requirements of claims 107 – 109 deal with the nature of the DNA constructs, which are also described beginning at page 5. The fourth requirement of the claims identified by the Board is that the constructs used to insert the amplifiable gene or regulatory

sequence through homologous recombination have DNA homologous with the DNA of the target region, which is specifically set forth on page 5, lines 17 – 20. This subject matter is discussed continuing on the next page. In addition to the amplifiable gene, the Board observed that claims 107 – 109 may embrace the insertion of a regulatory sequence. The draft application clearly describes the same, noting, at page 6, lines 34 and following that "in some instances, one may wish to introduce an enhancer in relation to the transcriptional initiation origin, which can be provided by, for example, integration of the amplifying gene associated with the enhancer in a region upstream" from the target gene. Similarly, at page 6, the draft application provides the teaching to use homologous recombination to change the expression of a native gene by inserting sequences to change transcriptional regulation (i.e., gene expression). The application draft as completed on August 29, 1989, goes on to describe the same vector set forth in the fax of July 24, 1989, and the presentation on July 25, 1989, and again, reflects information transferred to Rowland by Skoultchi in advance of August 29, 1989. Unquestionably, in order to arrive at the draft patent application of August 29, 1989, Skoultchi and CGI had to have possession of the conception of that invention earlier, that is, at the time the information was provided to Rowland, July 24, 1989.

### Testimony Authenticating and Corroborating the August 29, 1989 Draft Patent Application

Levin, Skoultchi, Rowland, and Kucherlapati all testified with respect to this document. Levin, in particular, confirmed that the draft reflected the fact that Rowland had carried out his assignment given him earlier, and that a draft of the application had been finished. Levin specifically testified that it reflected a tremendous amount of continuous discussion and work that had occurred prior to August 29, 1989. Transcript, page 144.

Skoultchi also confirmed that this is a draft he received and marked up and returned to Rowland. Skoultchi testified that Kucherlapati also marked-up the draft. Transcript, pages 145 – 146.

Rowland authenticated the draft as one completed by him, for information and review. *See* his Exhibit 2054, paragraph 3. He and his secretary sent it out. Transcript, pages 23 – 24. Similarly, Kucherlapati confirmed receiving the draft application and marking it up, Transcript, pages 129, 144. He made changes directly on the document.

A draft patent application is frequently relied on as evidence of conception. The clear and unmistakable date of this application, August 29, 1989 means unquestionably the ideas addressed, which includes the subject matter of Claims 107 - 109, were conveyed to the drafter, CGI's patent attorney Rowland, prior to August 29, 1989. In fact, as discussed in connection with the July 24 facsimile and the Minutes of the SAB meeting of July 24 and 25, Rowland got the information for drafting the application, and set to work in good time, beginning from the very end of July. Without doubt, the patent application draft reflects a solid conception, communicated to Rowland, in advance of August 29, 1989, and therefore, before the effective date of Japan. The conception Skoultchi arrived at, captured in the facsimile of July 24, 1989, and his presentation to the SAB of July 25, 1989, is also reflected in the application draft, all established prior to the effective date of Japan.

# Patent Application Draft on Skoultchi's Invention



# Invoice from Rowland to Cell Genesys, Inc.





# Cover Letter from Rowland with Final Draft of Patent Application



November 1, 1989

Enclosed herewith are the final draft of the above-referenced patent application and the formal papers for execution. An Inventor Instruction Sheet is also enclosed to ensure proper completion of the formal papers.