# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CELL GENESYS, INC., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-12448-MLW |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11810-MLW |
| | ) | |
| CELL GENESYS, INC. and TRANSKARYOTIC THERAPIES, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF ARS MOTION TO STRIKE PORTIONS OF "APPENDICES" ATTACHED TO CGI'S "JAPAN" MEMORANDUM

## I.    INTRODUCTION

CGI's memorandum in support of its motion for judgment that it can antedate the "Japan" reference[1] grossly exceeds the 20-page limit for such memoranda under LR 7.1(b)(4). The CGI document entitled "Memorandum" is indeed 20 pages long. However, CGI attached five "appendices" ("Appendix D" through "H") to that memorandum that contain an additional eighteen pages of text. Undersigned counsel normally would not seek relief from the Court if opposing counsel exceeded a page limit by a few pages. But CGI's inclusion of *eighteen* pages of argument in its five "appendices" is a transparent, egregious violation of LR 7.1(b)(4) that places an unnecessary burden on this Court and prejudices ARS. It should not be permitted. Consequently, the Court should strike and/or disregard the eighteen pages of text in the "appendices."

## II.    ARGUMENT

### A.    LR 7.1(b)(4) limits CGI's "Japan" memorandum to twenty pages

Local Rule 7.1(b)(4) specifies the page limit applicable to CGI's "Japan" memorandum. It explicitly provides that "memoranda supporting or opposing allowance of motions shall not, without leave of court, exceed twenty (20) pages, double-spaced." The Court's Order of August 9 (Docket No. 124) that permitted CGI to file that memorandum did not authorize CGI to file a memorandum in excess of that page limit.

CGI says that its "Japan" memorandum "is not a summary judgment motion,"[2] but this is irrelevant. The August 9 Order directed CGI to file a "memorandum along with supporting evidence." There can be no legitimate dispute that memoranda filed in this Court, whether or not

---

[1] "Memorandum of Cell Genesys, Inc. – CGI's Claims 107 – 109 Are Not Unpatentable Over the 'Japan' Reference" (Docket No. 128) (the "'Japan' memorandum").

[2] Japan Memorandum, p. 6.

in support of a motion for summary judgment, are subject to the 20-page limit in LR 7.1(b)(4). As Judge Young found, this rule imposes a twenty-page limitation on "briefs and memoranda," not just memoranda filed in support of a formal motion.[3]

And neither LR 7.1 nor any other rule permits a party to file a 20-page memorandum, then attach an additional eighteen pages setting out additional arguments not contained in the memorandum itself. CGI's labeling of those additional eighteen pages of argument as "appendices" does not change that. Nor does this Court's instruction that CGI could file "supporting evidence." The additional eighteen pages are not *evidence*, they are attorney argument.

### B.    CGI knew its "Japan" memorandum violated LR 7.1(b)(4)

CGI knew that its "Japan" memorandum was subject to the 20-page limit of LR 7.1(b)(4). During the afternoon of September 29, the day before CGI was required to file its memorandum, counsel for CGI contacted Mr. Nielsen, counsel for ARS, to request ARS's agreement that CGI's "Japan" memorandum could exceed the 20-page limit (CGI requested that the limit be increased to 30 pages). Mr. Nielsen suggested that the extension might be acceptable, but that he needed to contact ARS to seek approval for such an agreement. However, in the spirit of cooperation (given that CGI's memorandum was required to be filed less than 24 hours later), Mr. Nielsen agreed to an extension of the page limit to 25 pages ("splitting the difference" between the page limit and CGI's request). Counsel for CGI indicated in subsequent voice-mail and e-mail messages that the offer of 25 pages was not acceptable, and in a voice-mail message said that CGI would "seek relief from the Court."[4] Obviously, CGI did not seek such relief; instead, it

---

[3] *McGuinness v. Pepe*, 150 F. Supp. 2d 227, 230 (D. Mass. 2001).

[4] *See* Exhibit A filed concurrently herewith (the September 29, 2006 e-mail exchange between counsel).

simply chose to disregard the rules and attach many additional pages of argument to its memorandum labeled as "appendices."

### C.    CGI's "Japan" memorandum violates LR 7.1(b)(4)

Appendices A, B and C attached to the "Japan" memorandum present no issue under LR 7.1(b)(4), as they contain only demonstrative exhibits.

Appendices D through H are the problem. Those appendices total thirty pages. Twelve of those pages are demonstrative exhibits, which raise no issue under LR 7.1(b)(4). But eighteen of those pages are not exhibits; instead, they contain nothing but text, consisting solely of attorney arguments.[5] These arguments are set out under argument headings such as "Minutes from the Scientific Advisory Board Meeting Clearly Corroborate Skoultchi's Conception of the Invention Prior to August 29, 1989" (Appendix E at E-1) and "The Draft Patent Application was Prepared Based on Information Provided Prior to August 29, 1989" (Appendix G at G-1).

Although the headings for other sections of the appendices are not so clearly argumentative, all of those sections also contain nothing but attorney argument. For example, Appendix D, innocuously titled "Facsimile of July 24, 1989 to Roland," contains seven pages. Three of those pages (D-5 to D-7) actually contain the facsimile referred to in the title. The remaining four pages consist solely of attorney argument and legal conclusions, such as the following examples taken from pages D-1 to D-4:

> It [the facsimile] reflects each of the elements of claims 107-109, as found by the Board. . . .
>
> Skoultchi clearly conceived of this distinction, or "second element," when he first conceived of the invention more than six months earlier. . . .

---

[5] Pages D-1 through D-4; E-1 through E-4; F1 through F-3; G-1 through G-3; and H-1 through H-4. Collectively, these eighteen pages contain the equivalent of seventeen full pages of text.

CGI submits that the fax of July 24, 1989, which reflects Skoultchi's expression of his invention, unquestionably satisfies the requirements of Rule 131 as to demonstration of possession of the conception. . . .

Unquestionably, all the features of claims 107-109 are reflected in this fax of July 24, 1989. Unquestionably, it reflects Skoultchi's idea, Skoultchi's conception of the invention, and it was corroborated independently. Unquestionably, no later than July 24, 1989, and in any event, well prior to August 29, 1989, Skoultchi and CGI had possession of the subject matter claimed in claims 107-109.

As another example, Appendix F, titled "CGI Business Plan of August 26, 1989," contains as the last page a copy of the document itself, but that is preceded by three pages of attorney argument about that document (F-1 through F-3).

If CGI wanted to make such arguments, it should have included them in the body of its memorandum. If doing so required CGI's memorandum to exceed the page limit in LR 7.1(b)(4) (and the 25-page limit to which ARS had agreed), it should have moved the Court for an extension of that page limit.

### D.    CGI admits its "Appendices" contain additional arguments

In its memorandum, CGI admits that its "Appendices" contain arguments that are not addressed in the body of its memorandum. For example, in the body of its memorandum it says "[e]ach section of the argument below devoted to Conception of the Invention is accompanied by a corresponding Appendix in which the factual substance of the Record is tied to the legal significance discussed herein" ("Japan" memorandum at 6) and "[t]he discussion of the factual contents of the documents, together with the relevant testimony, in the form of deposition transcripts, are submitted as Appendices to this Memorandum, each discussed in turn" (*id*. at 9).[6]

---

[6] During the meet-and-confer between counsel regarding the issues raised in this motion, counsel for CGI suggested that CGI only included material in the Appendices that was "factual" and that it "confine[d] the legal discussion to the memorandum." *See* Exhibit B filed concurrently herewith (the October 4, 2006 meet-and-confer e-mail exchange between counsel).

There can be no legitimate dispute that the text in the Appendices, which ties "the factual substance of the Record" to "the legal significance" of those facts, and set out a "discussion of the factual contents of the documents," is quintessential attorney argument. And, as CGI implicitly admits in these statements, the arguments in the appendices do not simply repeat arguments made in the body of the memorandum itself; they are entirely separate, stand-alone arguments. Indeed, the arguments in Appendices D through H are each far longer than the corresponding sections of the memorandum itself. In every case, the section in the memorandum consists of a single paragraph totaling less than a page of text, whereas the text in the corresponding appendix is no less than three pages in length (and all but one are four pages in length).[7]

## III.    CONCLUSION

The portions of CGI's Appendices D through H comprising attorney argument are a transparent attempt to circumvent the page limits on memoranda under LR 7.1(b)(4). If CGI required more than 20 pages in which to make its arguments, it should have followed the rules and requested this Court's leave to exceed the limits. It did not do so, and its violation of the rules by filing the equivalent of a thirty-eight page memorandum places an undue burden on this Court and prejudices ARS. It should not be permitted. Consequently, ARS respectfully requests that the Court strike and/or disregard pages D-1 through D-4; E-1 through E-4; F1 through F-3;

---

[7] Compare, for example, Section D in the memorandum itself (discussing "[t]he Legal Significance of the Facsimile of July 24, 1989") ("Japan" memorandum at 12-13) with Appendix D at D-1 through D-4 (discussing the same document under the headings "Facsimile of July 24, 1989 to Rowland" and "Testimony Authenticating and Corroborating the July 24, 1989 Scientific Plan").

G-1 through G-3; and H-1 through H-4 in the "Appendices" attached to CGI's "Japan"

memorandum.[8]

Dated: October 6, 2006                          Respectfully submitted,


                                                By: ____/s/ Kevin M. Flowers____
                                                Fred A. Kelly, Jr. (BBO # 544046)
                                                NIXON PEABODY LLP
                                                100 Summer Street
                                                Boston, MA 02110
                                                Tel: 617-345-1000
                                                Fax: 617-345-1300

                                                Kevin M. Flowers (*pro hac vice*)
                                                Matthew C. Nielsen (*pro hac vice*)
                                                MARSHALL, GERSTEIN & BORUN LLP
                                                6300 Sears Tower
                                                233 S. Wacker Drive
                                                Chicago, IL 60606-6357
                                                Tel: (312) 474-6300
                                                Fax: (312) 474-0448

                                                COUNSEL FOR PLAINTIFF APPLIED
                                                RESEARCH SYSTEMS ARS HOLDING,
                                                N.V.

---

[8] Alternatively, the Court could grant ARS leave to submit an opposition memorandum of equal
length (*i.e.*, 38 pages).

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

I hereby certify that I conferred with counsel for CGI on October 4, 2006 and attempted in good faith, but was unable, to resolve or narrow the issues that are the subject of this motion.

_/s/ Kevin M. Flowers_____
Counsel for Plaintiff Applied Research Systems
ARS Holding, N.V.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing MEMORANDUM IN SUPPORT OF ARS MOTION TO STRIKE PORTIONS OF "APPENDICES" ATTACHED TO CGI'S "JAPAN" MEMORANDUM filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 6, 2006.

    /s/ Kevin M. Flowers