**From:** Steven Kelber [SKelber@merchantgould.com]
**Sent:** Wednesday, October 04, 2006 1:05 PM
**To:** Kevin Flowers; tcd@dcglaw.com; gflattmann@kirkland.com
**Cc:** Matthew Nielsen
**Subject:** RE: ARS v CGI

Kevin:
In response to your email, I will address points 1 and 2, separately.

Regarding point 2, your concern seems to ignore the plain language of FRCP 6. Nonetheless, it appears the ARS is requesting, at this early date, a two-day extension of time in which to file its brief. Its hard to understand why that should be, but in the same spirit of cooperation in which we contacted you regarding page limits, we agree not to oppose a Motion, should ARS find it necessary, by ARS to seek up to a two day extension of time in which to file its Opposition, if any, to either or both of the two memoranda timely filed by CGI on the first business day following September 30, 2006 which was a Saturday. I don't believe that a "Stipulated Motion" is appropriate here, as the dates were specifically set by the Court after review of its calendar and accepted by all parties, nor can we stipulate on behalf of TKT.

Regarding your point 1, we are somewhat confused. You seem to acknowledge that the memorandum of law submitted, which is in fact directed to the legal consequences of the "record" as required by the Court's Order, is in compliance with the rules. You seem to be concerned with the Appendices which are directed to the facts involved in the thousands of pages of documents and testimony the Court directed our submission to be made on. It seems wholly reasonable to discuss the facts of a very extensive record in one or more Appendices and confine the legal discussion to the memorandum, which his precisely what CGI took every reasonable effort to do.

You are correct that CGI did try to resolve this issue through amicable discussion. My teleconference with Matt Nielsen on Friday first indicated that he thought "it was not a problem, but that he needed to talk it over with you." I then got an email from Matt indicating " We are currently unable to reach our client (from whom we need permission before we can agree to your request) because she left London for the U.S. just before I spoke with you and she will not be available to us until tomorrow" but offering an extension of 25 pages as something you thought you could "sell" your client. As you correctly note, Matt and I had reached tentative agreement on 30 pages as a reasonable solution for both parties. When we then got a subsequent email to the effect that your client did not want to grant any page length extension, but you would stick by the 25 pages we had earlier indicated were not acceptable, no resolution as to what is at best a procedural, not substantive, issue through agreement seemed possible.

Given ARS's refusal to expand to seek authorization to expand the ordered memoranda to 30 pages, we did on Friday completely reorganize the Memorandum of Law, confining it to the Rules you ask us to adhere to, and providing factual appendices. If it is your position that the Court should reject the attempt by CGI to explain the roughly 20 MB pdfs of documents that constitute the "record" the Court directed the Memorandum of Law be based on, then you are probably right that we have reached an impasse – we do believe it is completely consistent with the posture of this case, and the Court's Order, to provide a limited number of Appendices to summarize the facts we rely on. We urge you to find an alternate means of resolving your concerns, but accept your email as in facial compliance with the "meet and confer" requirements of the Rules.

Thanks very much for the thoughtful reconsideration of your position.

*Steven Kelber*
Merchant & Gould, P.C.
901 15th Street N.W.
Suite 850
Washington, D.C. 20005

---

**From:** Kevin Flowers [mailto:kflowers@marshallip.com]
**Sent:** Wednesday, October 04, 2006 12:17 PM
**To:** Steven Kelber
**Cc:** Matthew Nielsen

**Subject:** ARS v CGI

Steve:

I'm writing to you to fulfill the meet-and-confer requirements under LR 7.1(a)(2). We would like to resolve two points regarding CGI's memoranda in support of its motions for judgment regarding (i) the "Japan" reference, and (ii) interference in fact, without having to seek Court intervention:

1. CGI attached "Appendices" D-H to its 20-page memorandum regarding the "Japan" reference. Those "appendices" contain various demonstrative exhibits, which are of course permissible, but they also contain 17 pages of text in which CGI argues various factual and legal points, which is not permissible. ARS views the 17 pages of text in the "appendices" as a transparent attempt by CGI to avoid the 20-page limit for such memoranda under LR 7.1(b)(4). CGI recognized that the 20-page limit applied to its submission, based on your telephone conversation, voice-mail messages, and e-mail exchanges (see below) with Mr. Nielsen last Friday, September 29, in which you requested that ARS agree to an extension of the page limit for CGI's "Japan" motion (to 30 pages), in which ARS agreed to extend the limit to 25 pages (which you said "wouldn't work"), and in which you then said CGI would seek relief from the Court for a greater number of pages. Despite this recognition, CGI did not seek leave of court to extend the page limit for its memorandum. If CGI is not willing to immediately withdraw these "appendices" containing the additional 17 pages of argument, ARS will be forced to move the Court to strike and/or disregard these appendices (in the spirit of cooperation, ARS will not object if CGI withdraws the current "appendices" and then re-files "appendices" containing only the identical demonstrative exhibit pages that were filed on October 2).

2. CGI filed both of its memoranda on October 2, which was two days after the September 30 date set out in Judge Wolf's Order of August 9, 2006 (the date which CGI specifically requested at the August 8 hearing, despite its earlier representations that it could file such memoranda by September 15). CGI neither sought stipulation from ARS nor leave of court to file its memoranda two days after the deadline. Will CGI agree that ARS can file a stipulated motion for a two-day extension of the date to file its oppositions and supporting memoranda to CGI's motions (i.e., by November 2 rather than October 31) (all other dates in the August 9 Order to remain the same)?

We would appreciate a response at your earliest opportunity.

Regards,

Kevin

> -----Original Message-----
> **From:** Steven Kelber [mailto:SKelber@merchantgould.com]
> **Sent:** Friday, September 29, 2006 5:27 PM
> **To:** Matthew Nielsen
> **Subject:** Re: CGI v. ARS
>
> Perhaps you rexeived my voice mail. In any event we cannot accept your proposal. Have a great weekend
> ---------------------------
> Sent from my BlackBerry Wireless Handheld
>
>
> -----Original Message-----
> From: Matthew Nielsen <mnielsen@marshallip.com>
> To: Steven Kelber <SKelber@merchantgould.com>
> CC: Kevin Flowers <kflowers@marshallip.com>; Kelly, Fred <fkelly@nixonpeabody.com>
> Sent: Fri Sep 29 17:08:58 2006
> Subject: RE: CGI v. ARS
>
> Steve,
>
> We were just able to reach our client and convey your request (her plane caught on fire and had to return to Heathrow!). Our client was not inclined to agree to any extension of the page limit, but because we already agreed to a page limit of 25 pages, we will honor that agreement.

Accordingly, ARS will stipulate to a 25-page limit for the parties' briefs concerning whether CGI claims 107-109 are unpatentable over the Japan reference.

If CGI files a motion requesting a longer page limit, we request that you attach this email thread to it.

Best regards,

Matt


-----Original Message-----
From: Matthew Nielsen
Sent: Friday, September 29, 2006 2:37 PM
To: 'Steven Kelber'
Cc: Kevin Flowers; 'Kelly, Fred'
Subject: CGI v. ARS

Steve,

This is in response to your telephone call to me a short while ago this afternoon requesting ARS to stipulate to a 30-page limit for the parties' briefs regarding whether CGI claims 107-109 are unpatentable over the Japan reference.

We are currently unable to reach our client (from whom we need permission before we can agree to your request) because she left London for the U.S. just before I spoke with you and she will not be available to us until tomorrow.

However, in the spirit of cooperation, given that Judge Wolf's order requires CGI to serve its brief tomorrow, September 30, we will stipulate to a 25-page limit for those briefs (splitting the difference between the 20-page limit of Local Rule 7.1 and your proposal). I believe we can "sell" this to our client, but without being able to reach her, we cannot agree to more at this time. I hope this suffices.

Best regards,

Matthew C. Nielsen
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606-6357
Direct: (312) 474-9572
Fax: (312) 474-0448
mnielsen@marshallip.com

The material in this transmission contains confidential information intended only for the addressee. If you are not the addressee, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies, and notify Marshall, Gerstein & Borun LLP by telephone (312) 474-6300. Thank you.
*******************************************************************************