IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CELL GENESYS, INC., | ) |
| Plaintiff/Counterdefendant, | ) |
| v. | ) C.A. No. 05-12448-MLW |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V. | ) |
| Defendant/Counterclaimant. | ) |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 04 11810 MLW |
| CELL GENESYS, INC. AND TRANSKARYOTIC THERAPIES, INC. | ) |
| Defendants. | ) |

### CGI'S OPPOSITION TO ARS'S MOTION TO STRIKE PORTIONS OF APPENDICES ATTACHED TO CGI'S JAPAN MEMORANDUM

Cell Genesys, Inc. ("CGI") respectfully opposes ARS's Motion to Strike Portions of the "Appendices" Attached to CGI's "Japan" Memorandum (Motion at Docket No. 130). For the reasons set forth below, ARS's motion is without merit and should be denied.

### INTRODUCTION

Yet again, ARS demonstrates its penchant for attempting to shift the focus away from the issues at the crux of this lawsuit, instead sparring over procedural matters that should be resolved easily by the parties without this Court's involvement. On this latest occasion, ARS incorrectly argues that selected portions of the appendices (hereinafter "the Appendices") attached to the

Memorandum of Cell Genesys, Inc. – CGI's Claims 107-109 Are Not Unpatentable Over the "Japan" Reference (Docket No. 128) violate Local Rule 7.1(b)(4) because they contain text that should count towards a 20-page limit applicable only to motion-related memoranda. ARS is entirely off base – the Appendices do not violate this local rule, they are consistent with this Court's August 9, 2006 Order, and were presented to provide this Court with factual information that will assist its consideration of a record consisting of thousands of pages of complex material.

## ARGUMENT

### I. CGI'S APPENDICES DO NOT VIOLATE LOCAL RULE 7.1(B)(4).

#### A. The Appendices Are Consistent With the Court's August 9, 2006 Order And Constitute "Supporting Evidence."

ARS argues without merit that portions of CGI's Appendices should be stricken because they violate Local Rule 7.1(b)(4). There has been no such violation for three principal reasons. First, Local Rule 7.1(b)(4) does not apply to CGI's Memorandum. Notably, Local Rule 7.1(b)(4) applies only to "motions" and "memoranda supporting . . . motions." Here, the Court ordered memoranda regarding two issues it wishes to decide on a "case-stated" or "paper record." Local Rule 7.1 is inapplicable because it does not limit the length of case-stated memoranda, just as it does not limit pre-trial memoranda, post-trial memoranda or similar filings. The Japan reference issue covered by CGI's Memorandum is not being presented through a motion. Thus, ARS's motion to strike has no support in the plain language of Local Rule 7.1.

Second, even if Local Rule 7.1 somehow applies here, that rule is clear on its face – it provides that the page limits for "*memoranda* supporting or opposing allowance of motions" should not exceed 20 pages. (emphasis added). There can be no question that CGI's memorandum of law does not exceed 20 pages. Tellingly, ARS fails to cite any case law

supporting its position that portions of the Appendices, which contain factual evidence, count towards the page limitation set for memoranda.

Third, ARS's argument is belied by this Court's August 9, 2006 Order. ARS speciously argues that this Order supports its position; in fact, its position is at odds with the actual language set forth in the Court's Order. Specifically, the Court's Order directed CGI to file a "memorandum *along with* supporting evidence." (emphasis added). Indeed, consistent with the Order, CGI submitted its memorandum, along with supporting factual evidence in the form of the Appendices. While the memorandum contains CGI's legal positions on the issues before the Court, the Appendices provide factual evidence in support of CGI's legal positions set forth in the memorandum of law. Thus, the Appendices constitute just the supporting evidence the Court referenced, and nothing more.

**B.    The Appendices Are Intended to Assist This Court
        in Summarizing a Large and Complex Factual Record.**

ARS also wrongly contends that the five appendices D through H "place[ ] an unnecessary burden on this Court." (ARS's Memorandum at 1). ARS could not be further from the mark. In fact, CGI's principal goal in creating its Appendices was to assist the Court. Given the voluminous factual record – which consists of thousands of pages of documents – the Appendices simply serve as an efficient way to bring the critical facts that support CGI's legal arguments to this Court's attention. In other words, the goal of the Appendices is to save this Court additional time and resources, and ease the burden of dissecting thousands of pages of documents and testimony contained in the record.

The appended text at which ARS takes aim is akin to a Local Rule 56.1 concise statement of material facts, which is mandated because it assists the Court when confronted with a bulky summary judgment record. CGI's recitation of facts in its Appendices does not constitute

3

"argument," but rather sets forth the facts as CGI views them – just as a party would submit a statement of facts on summary judgment to frame the facts to support its legal theories.

### C. ARS's Dilatory Tactics Prior to CGI's Filing of Its Memorandum Resulted in the Need for Appendices D Through H.

Portions of the Appendices filed by CGI were precipitated by ARS's dilatory conduct just prior to CGI's filing of its memorandum. CGI vigorously contends that the Appendices as they currently stand are proper and do not violate the Local Rules. However, CGI did originally intend to file a more linear brief, incorporating both the legal and factual issues by topic, as opposed to separating the factual issues in the Appendices. ARS's failure to cooperate or agree to CGI's reasonable requests resulted in additional factual background being transferred to the Appendices.

By way of background, on Friday, September 29, 2006, CGI's counsel, Steven Kelber, contacted ARS's counsel, Matthew Nielson, to inquire whether ARS would agree to a 30-page limit for briefs, as opposed to a 20-page limit. Mr. Nielson and Mr. Kelber reached a tentative agreement for a mutual 30-page limit for the parties' respective briefs. *See* Exh. A (Sept. 29-Oct. 4, 2006 email string). Subsequent to this tentative agreement, Mr. Nielson emailed Mr. Kelber stating that he could not reach his client to obtain approval, but would agree to a 25-page limit instead of the contemplated and tentatively agreed-upon 30-page limit. Consequently, CGI was forced to completely reorganize its legal memorandum for submission to the Court, and separate the supporting facts from its corresponding legal argument.

ARS's contention in its motion that CGI "knew" that its memorandum violated Local Rule 7.1(b)(4) is outrageous and wholly out of line. As detailed above, Local Rule 7.1 does not even apply here, and in any event, the Court's August 9, 2006 Order permitted CGI to file a legal memorandum along with supporting evidence. Moreover, as of the Friday prior to the brief's

4

deadline, CGI believed that it had an agreement with ARS to extend the allotted page limit to 30 pages. ARS's intransigence, informing CGI at the last minute that it would not agree to a page extension, forced CGI to separate the legal argument from the supporting factual evidence. As the Court contemplated such additional factual evidence in its Order and Local Rule 7.1 does not apply and only sets page limits for briefs or memoranda, CGI did not violate Local Rule 7.1, let alone "know" that it violated this rule. The bottom line is that CGI would have preferred to include the factual background and the legal arguments in the same document, but could not obtain ARS's agreement to do so. However, CGI never believed that transferring its factual basis (or "supporting evidence") for the legal arguments to Appendices violated any local rule. To accuse CGI of affirmatively and intentionally violating a rule of this Court is both groundless and needlessly uncivil.

Indeed, this is not the first time that ARS has played games, distracting attention from the merits and instead embroiling this Court in issues that should not require its attention. For example, on January 19, 2006, ARS was sanctioned for its tactics – in that instance, for ARS's failure to produce a witness at a properly noticed and confirmed deposition. After full briefing and oral argument, the Court ordered ARS to pay CGI $7,000 as a result of ARS's improper conduct. Here again, rather than focusing on the substance at issue, ARS chose instead to partake in mudslinging over a trivial procedural matter, thereby creating additional, unnecessary work for this Court.

## II. CGI HAS NO OBJECTION TO ARS FILING A SIMILAR MEMORANDUM AND FACTUAL APPENDICES.

CGI has never objected to ARS filing a 20 page legal memorandum along with

appendices similar to those presented by CGI.[1]

## CONCLUSION

For the reasons stated above, CGI respectfully requests that this Court deny ARS's Motion to Strike.

> Respectfully submitted,
>
> CELL GENESYS, INC.
>
> By its attorneys,
>
> /s/   T. Christopher Donnelly
> T. Christopher Donnelly (BBO #129930)
> Jill Brenner Meixel (BBO #652501)
> Donnelly, Conroy & Gelhaar, LLP
> One Beacon Street, 33rd Floor
> Boston, Massachusetts 02108
> Telephone: (617) 720-2880
>
> Steven B. Kelber (admitted *pro hac vice*)
> Merchant & Gould
> 901 Fifteenth Street, N.W.
> Suite 850
> Washington, DC 20005
> Telephone: (202) 326-0300

Dated: October 19, 2006

### Certificate of Service

I hereby certify that CELL GENESYS, INC.'S OPPOSITION TO ARS'S MOTION TO STRIKE was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 19, 2006.

> /s/   T. Christopher Donnelly
> T. Christopher Donnelly

---

[1] If this Court determines that CGI's memorandum and Appendices somehow ran afoul of Local Rule 7.1(b)(4), then CGI hereby moves this Court for leave to file the brief already submitted to this Court, along with the supporting appendices.