# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CELL GENESYS, INC., | ) | |
| | ) | |
|     Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-12448-MLW |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) | |
| | ) | |
|     Defendant/Counterclaimant. | ) | |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) | |
| | ) | |
|     Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11810-MLW |
| | ) | |
| CELL GENESYS, INC., | ) | |
| | ) | |
|     Defendant/Counterclaimant, and | ) | |
| | ) | |
| TRANSKARYOTIC THERAPIES, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

**DECLARATION OF MATTHEW C. NIELSEN IN SUPPORT OF ARS OPPOSITIONS TO CGI "JAPAN" AND "INTERFERENCE-IN-FACT" MEMORANDA, AND ARS *MOTION IN LIMINE* TO EXCLUDE NEW EVIDENCE OFFERED BY CGI IN SUPPORT OF ITS "JAPAN" MEMORANDUM**

I, Matthew C. Nielsen, state as follows:

1.     I represent Applied Research Systems ARS Holding, N.V. ("ARS") in this action. I submit this Declaration in support of (i) ARS Opposition To CGI's Motion To Reverse The Board's Decision That CGI Claims 107-109 Are Unpatentable Over "Japan"; (ii) ARS Opposition To CGI's Motion To Reverse The Board's Decision That There Is No Interference-In-Fact, and (iii) ARS Motion *In Limine* To Exclude New Evidence Offered By CGI In Support Of Its "Japan" Memorandum.

2.     Exhibit A is a true and correct copy of pertinent pages of "Amendment under 37 C.F.R. § 1.115," dated June 1, 1994, and as submitted to the U.S. Patent & Trademark Office in connection with U.S. Patent Application Serial No. 08/102,390.

3.     Exhibit B is a true and correct copy of pertinent pages of the Decision on Preliminary Motions of the U.S. Patent & Trademark Office Board of Patent Appeals and Interferences in Interference No. 105,114.  (For a complete copy of the Board's decision, *see* Exhibit 1 to First Amended Complaint, Case No. 04-11810, Court Docket No. 2.)

4.     Exhibit C is a true and correct copy of pertinent pages of "Response under 37 C.F.R. § 1.116," dated September 18, 1991, and as submitted to the U.S. Patent & Trademark Office in connection with U.S. Patent Application Serial No. 07/432,069.

5.     Exhibit D is a true and correct copy of pertinent pages of "Response," dated May 1, 1991, and as submitted to the U.S. Patent & Trademark Office in connection with U.S. Patent Application Serial No. 07/432,069.

6.     Exhibit E is a true and correct copy of claims 18, 22, 23 and 24 of U.S. Patent No. 5,272,071 ("the '071 patent").

7.     Exhibit F is a true and correct copy of the '071 patent.

8. Exhibit G is a true and correct copy of pertinent pages of *Expression of cloned genes in cultured mammalian cells* (Chapter 16) in MOLECULAR CLONING: A LABORATORY MANUAL, J. Sambrook *et al*. (eds.), 2nd Ed., Cold Spring Harbor Press, Cold Spring Harbor, NY (1989).

9. Exhibit H is a true and correct copy of pertinent pages of Kaufman, R.J., *High level production of proteins in mammalian cells* (Kaufman II) in Genetic Engineering Principals and Methods, Setlow ed., Plenum Press, NY (1987).

10. Exhibit I is a true and correct copy of pertinent pages of "Skoultchi statement of material facts in support of motions," dated November 26, 1996, as submitted in connection with Patent Interference No. 103,737.

11. Exhibit J is a true and correct copy of pertinent pages of "Expert Report of Kirk R. Thomas, Ph.D," dated April 14, 2006, as submitted by CGI in connection with this action.

12. Exhibit K is a true and correct copy of pertinent pages of the prosecution history file of Skoultchi's U.S. Patent Application Serial No. 08/102,390.

13. Exhibit L is a true and correct copy of the "Notice Redeclaring Interference No. 103,737," dated March 28, 2003, issued by the Board.

I declare under the penalties of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.


Dated: October 31, 2006  /s/ Matthew C. Nielsen
Matthew C. Nielsen