# EXHIBIT I

Filed on behalf of: ARTHUR I. SKOULTCHI
By: Samuel B. Abrams
    Laura A. Coruzzi
    Joseph A. Coppola
    Pennie & Edmonds
    1155 Avenue of the Americas
    New York, NY 10036
    Tel: (212) 790-9090
    Fax: (212) 869-9741/8864

Paper No. _____

# UNITED STATES PATENT AND TRADEMARK OFFICE

## BEFORE THE BOARD OF PATENT APPEALS AND INTERFERENCES

SCOTT C. CHAPPEL
Junior Party,

v.

ARTHUR I. SKOULTCHI
Senior Party.

Patent Interference No. 103,737

Judge Adriene L. Hanlon

## SKOULTCHI STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTIONS

---

**EXPRESS MAIL CERTIFICATION**

"Express Mail" label No. EM 325 959 471 US          Date of Deposit November 26, 1996
I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to the Assistant Commissioner for Patents, Washington, D.C. 20231.

MICHAEL VIGUIE
(Type or print name of person mailing paper or fee)

_(Signature of person mailing paper or fee)_

PENY3-540718.1

86:2617-2621) ("Chelly") (Exhibit 13). Chappel, in the Motion for Judgment under 37 CFR §1633(a), filed July 1, 1996 (Paper No. 18), in connection with the present interference, on page 9, cites Chelly for the proposition that "all promoters are minimally active."

47. Claims 105 and 106 of the Skoultchi application correspond to proposed count S1.

48. Filed concurrently herewith is an Amendment under 37 CFR §1.115 to add proposed claims 107-136 (Exhibit 14). Proposed claims 107-136 also correspond to proposed count S1.

49. The claims and proposed claims of the Skoultchi application that correspond to proposed count S1 are patentable to Skoultchi and supported in the Skoultchi application.

50. All of the claims of the Skoultchi application, *i.e.*, claims 105 and 106, have been allowed and, therefore, the claims of the Skoultchi application that correspond to proposed count S1 are patentable to Skoultchi and supported in the Skoultchi application.

51. Support in the Skoultchi application for proposed claims 107-136 is recited in the REMARKS section of the Skoultchi Amendment Under 37 CFR §1.115 (Exhibit 14). In addition, it should be noted that proposed claims 107-136 are not subject to the attack recited in the Chappel Motion For Judgment Under 37 CFR §1.633(a) (Paper No. 18).

52. Proposed claims 107-136 are patentable to Skoultchi.

53. The prior art neither discloses nor suggests the subject matter of proposed claim 107. Proposed claim 107 covers a mammalian cell wherein a predetermined endogenous target gene is operatively associated with an amplifiable gene such that the target gene is amplified when the amplifiable gene is amplified. Proposed claim 107 also requires that the amplifiable gene is at other than its wild-type site. Nowhere does the prior art disclose or suggest a mammalian cell wherein an amplifiable gene is integrated into the genome such that a predetermined endogenous target gene is operatively associated with an amplifiable gene. In addition, the Skoultchi application teaches that the integration can be carried out by targeted homologous recombination. No prior art discloses or suggests such use of targeted homologous recombination.

54. Proposed claim 107 is patentable in view of the prior art. Also, for the same reasons, proposed dependent claims 108-120 are patentable in view of the prior art. Yet also, proposed claim 121, for the same reasons as proposed claim 107, is patentable in view of the prior art.

55. Proposed claim 122 is patentable in view of the prior art. Proposed claim 122 covers a method for making the mammalian cell of proposed claim 107 wherein the method comprises integrating the amplifiable gene by targeted homologous recombination. Proposed claim 122 is patentable for the same reasons as that of proposed claim 107. Furthermore, the prior

art neither discloses nor suggests the use of targeted homologous recombination to insert the amplifiable gene.

56. Proposed claim 122 is patentable in view of the prior art. Also, for the same reasons, proposed dependent claims 123-135 are patentable in view of the prior art.

57. Proposed claim 136 is patentable in view of the prior art. Proposed claim 136 covers a method for amplifying a predetermined endogenous target gene that utilizes a mammalian cell that is engineered as described in proposed claim 122. Thus, proposed claim 136 is patentable for the same reasons that proposed claim 122 is patentable.

58. All of the claims and proposed claims of the Skoultchi application that correspond to proposed count S1 are patentable to Skoultchi and supported in the Skoultchi application.

59. Claims 1-58 of the Chappel patent correspond to proposed count S1.

60. Skoultchi is entitled to benefit of the earlier-filed applications for proposed count S1 because count 1 is a subset of proposed count S1 and Skoultchi was granted benefit in the Notice of Declaration for count 1. Thus, Skoultchi is necessarily entitled to benefit for proposed count S1.

61. In addition, Skoultchi is entitled to benefit of the earlier-filed applications for the following reasons. Proposed count S1 is directed to integrating a nucleotide regulatory sequence heterologous to a predetermined endogenous target gene or an amplified gene into the genome of a mammalian cell wherein