### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CELL GENESYS, INC., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-12448-MLW |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11810-MLW |
| | ) | |
| CELL GENESYS, INC., | ) | |
| | ) | |
| Defendant/Counterclaimant, and | ) | |
| | ) | |
| TRANSKARYOTIC THERAPIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ARS MOTION *IN LIMINE* TO EXCLUDE HEARSAY
### |RELIED ON BY CGI IN ITS "JAPAN" MEMORANDUM

Applied Research Systems ARS Holding, N.V. ("ARS") respectfully moves this Court to exclude from evidence the following documents offered by Cell Genesys, Inc. ("CGI") in support of its motion to reverse the Board's decision that its application claims 107-109 are unpatentable over the "Japan" reference:

- the documents bearing February 15 and April 26, 1989 dates, said to be entries in a notebook kept by Dr. Arthur Skoultchi;

- the document bearing a date of July 24, 1989, said to be a fax from Mr. Levin to Dr. Bertram Rowland;

- the document said to be minutes of a July 24-25, 1989, meeting of CGI's scientific advisory board;

- the document bearing dates of August 26 and September 20, 1989, said to be different iterations of a CGI business plan;

- the document bearing a date of August 29, 1989, said to be a draft of a patent application; and

- the document bearing a date of November 1, 1989, said to be a cover letter from Dr. Rowland to Dr. Skoultchi.

As explained further in the Memorandum filed concurrently herewith, this Court should not admit these documents or consider them as evidence supporting Skoultchi's alleged conception, diligence or reduction to practice of the subject matter of CGI's claims 107-109 because these documents are inadmissible hearsay under Federal Rules of Evidence 801 and 802, and CGI failed show how these documents fall within any exception to the rule against hearsay.

Dated: October 31, 2006                    Respectfully submitted,


                                           By: /s/ Kevin M. Flowers
                                           Fred A. Kelly, Jr. (BBO # 544046)
                                           NIXON PEABODY LLP
                                           100 Summer Street
                                           Boston, MA 02110
                                           Tel: 617-345-1000
                                           Fax: 617-345-1300

                                           Kevin M. Flowers (*pro hac vice*)
                                           Matthew C. Nielsen (*pro hac vice*)
                                           MARSHALL, GERSTEIN & BORUN LLP
                                           6300 Sears Tower
                                           233 S. Wacker Drive
                                           Chicago, IL 60606-6357
                                           Tel: (312) 474-6300
                                           Fax: (312) 474-0448

                                           Counsel For Plaintiff APPLIED RESEARCH
                                           SYSTEMS ARS HOLDING, N.V.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

      I hereby certify that Cullen N. Pendleton (counsel for ARS) and I separately attempted in good faith to confer with counsel for CGI on October 31, 2006, and were unable to resolve or narrow the issues that are the subject of this motion. Specifically, at 11:45 am I sent an email to counsel for CGI, Mr. Steven Kelber, notifying him of ARS's intent to file this motion today. Having received no response to the email, Mr. Pendleton made a telephone call to Mr. Kelber at about 3:00 p.m. that afternoon; Mr. Kelber informed Mr. Pendleton that he had tried but been unable to contact CGI, and was therefore unable to indicate to ARS whether CGI would object to ARS's motion. In order to preserve its rights, ARS is filing its motion today along with its opposition briefs. If CGI accedes to the relief sought in the motion, ARS will withdraw the motion.

      /s/ Kevin M. Flowers

**CERTIFICATE OF SERVICE**

      I hereby certify that **ARS MOTION *IN LIMINE* TO EXCLUDE HEARSAY RELIED ON BY CGI IN ITS "JAPAN" MEMORANDUM** and **ARS MEMORANDUM** in support are being filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on October 31, 2006. Additionally, two courtesy copies are being dispatched via UPS for next business day delivery to the Court.

      /s/ Kevin M. Flowers