**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CELL GENESYS, INC., ) | |
| ) | |
| Plaintiff/Counterdefendant, ) | |
| ) | |
| v. ) | Civil Action No. 05-12448-MLW |
| ) | |
| APPLIED RESEARCH SYSTEMS ARS ) | |
| HOLDING, N.V., ) | |
| ) | |
| Defendant/Counterclaimant. ) | |
| ) | |
| APPLIED RESEARCH SYSTEMS ARS ) | |
| HOLDING, N.V., ) | |
| ) | |
| Plaintiff/Counterdefendant, ) | |
| ) | |
| v. ) | Civil Action No. 04-11810-MLW |
| ) | |
| CELL GENESYS, INC., ) | |
| ) | |
| Defendant/Counterclaimant, and ) | |
| ) | |
| TRANSKARYOTIC THERAPIES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF ARS MOTION *IN LIMINE* TO EXCLUDE
PREVIOUSLY UNDISCLOSED EVIDENCE RELIED ON BY CGI IN ITS
"INTERFERENCE-IN-FACT" MEMORANDUM**

**I.      INTRODUCTION**

ARS respectfully submits this memorandum in support of its motion to exclude from evidence certain documents and potential testimony that CGI relied on (or says it will rely on, if it is allowed to submit them) in its "interference-in-fact" memorandum.[1] As explained below, CGI failed to disclose those documents and potential testimony (as it was obligated to do under Fed. R. Civ. P. 26), thereby depriving ARS of any opportunity to address such evidence during fact or expert discovery. The appropriate remedy under Fed. R. Civ. P. 37(c)(1) is exclusion of the offending evidence.

**II.     ARGUMENT**

    **A.     Evidence that a party has failed to disclose during discovery is generally excluded under the Federal Rules of Evidence**

Because this motion raises issues of civil procedure not unique to patent law, the law of the First Circuit applies. *See Omegaflex, Inc. v. Parker Hannifin Corp.*, 425 F. Supp. 2d 171, 184 n.21 (D. Mass. 2006), citing *Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1376-77 (Fed. Cir. 2005). The First Circuit has made clear that the general consequence for failure to comply with the Rule 26(a) disclosure requirements is exclusion of the offending evidence. *Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 191 (1st Cir. 2005) ("the required sanction in the ordinary case is mandatory preclusion"), quoting *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998); *see also Omegaflex,* 425 F. Supp. 2d at 184 ("More often than not, mandatory preclusion is the required sanction.") (citation omitted). A party that seeks to rely on evidence or testimony which it never disclosed to its opponent bears the burden of demonstrating "substantial justification" for the non-disclosure, or that it was "harmless." Fed. R. Civ. P. 37(c)(1); *Alves v.*

---

[1] "Memorandum of Cell Genesys, Inc. – There is Interference-In-Fact Between Claim 106 of Cell Genesys and ARS Claim 24" (Docket No. 126) (referred to hereafter as "CGI Memo").

*Mazda Motor of America, Inc.*, 2006 U.S. Dist. LEXIS 65465, *15 (D. Mass. Aug. 21, 2006) (Wolf, J.). Fed R. Civ. P. 37(c)(1) provides that "unless such failure is harmless," the offending party is not "permitted to use as evidence at a trial, at a hearing, or on a motion, any witness or information not so disclosed."

> **B.    During discovery, CGI failed to disclose the documents on which it now relies in support of its "interference-in-fact" memorandum**

In its "interference-in-fact" memorandum, CGI relies on a number of documents that it admits it did not previously disclose to ARS. CGI has offered no justification for why these documents were not timely produced during discovery, nor has CGI demonstrated that allowing CGI to rely on these documents – after failing to timely produce them to ARS during discovery – would be harmless. As discussed further below, CGI should be precluded from relying on these documents to support its "interference-in-fact" memorandum.

> **1.    U.S. Patent No. 5,024,939**

CGI relies on U.S. Patent No. 5,024,939 ("the '939 patent") (Exhibit B to the Declaration of Steven B. Kelber ("Kelber Decl.")) as evidence to support its argument that Claim 24 is obvious in light of Claim 106. CGI says that the '939 patent demonstrates that Claim 24 would have been obvious over Claim 106 (CGI Memo at 9, 11, and 14) and that Claim 106 would have been obvious over Claim 24. *Id.* at 12-13.

CGI admits that it did not produce or identify the '939 patent to ARS during discovery in this action. *Id.* at 14 ("CGI did not previously produce or identify the '939 patent as a document it would rely on."). To justify its non-disclosure, CGI argues that it did not present any evidence on this issue because it was "not a prerequisite to the exercise of jurisdiction by this Court" and "the issue had not been previously raised." *Id*. at 13-14. Based on this reasoning, CGI concludes

"[i]n this respect, at least, CGI submits that ARS has adequate notice of this document." *Id.* at 14.

CGI's tortured attempt at justification fails. First, in its Complaint filed in August 2004, CGI asked this Court to reverse the Board's decision that CGI's Claim 106 does not interfere with any of ARS's patentable claims. *See* Case No. 05-12448, Docket No. 1 at 7 ("Specifically, CGI seeks . . . a decision vacating the Board's finding of no-interference-in-fact."). This issue was raised **by CGI** at the very beginning of this case, so its assertion that it did not have any reason to put in evidence on this issue falls flat. Second, CGI's interpretation of the Court's "exercise of jurisdiction" did not control CGI's discovery obligations. If CGI wanted to rely on the '939 patent to support its request to vacate the Board's decision, CGI was obligated to disclose that patent to ARS during discovery.

As a result of CGI's failure to disclose the '939 patent, ARS was deprived of the opportunity to depose CGI's experts on the '939 patent or to have its own experts address the '939 patent. Consequently, under Fed. R. Civ. P. 37(c)(1), CGI should be precluded from relying on that document as evidence.

### 2. The Kucherlapati *et al.* article

CGI also relies on a never-before-produced journal article, Kucherlapati *et al.*, *Introduction of purified genes into mammalian cells*, CRC Crit. Rev. Bioch. 16(4):349-379 (1984) (Exhibit D to Kelber Decl.), a paper authored by two of CGI's founders and witnesses in this case, Drs. Skoultchi and Kucherlapati. CGI relies on this document as evidence that amplifiable selectable genes were used "for identification of successful transformants and amplification of the genetic material of interest in 1984." CGI Memo at 9.

Like the '939 patent, there can be no dispute that under Rule 26(a), CGI was obligated to produce or identify this document to ARS during discovery. CGI has not even tried to justify its failure to disclose this document to ARS. ARS has been unfairly prejudiced by CGI's nondisclosure of this document, in the same way it has been prejudiced by CGI's nondisclosure of the '939 patent; for example, CGI deprived ARS of the opportunity to have its experts address this document during expert discovery. Consequently, the Court should preclude CGI from relying on this document.

> C.  **CGI's expert witness, Dr. Tlsty, cannot offer testimony regarding opinions that were not disclosed in her Fed. R. Civ. P. 26(a)(2) expert report**

CGI says that if its expert, Dr. Thea Tlsty, is permitted to testify, she will testify that providing "a selectable, amplifiable gene, such as DHFR . . . inserted to cause expression of the silent gene . . . was commonplace in the art well prior to 1989 as a means for identifying successful transformation of genetic material." CGI Memo, at 9. CGI says Dr. Tlsty would also testify "that it would have been obvious, prior to 1989, to modify the cell of CGI claim 106 to include a selectable amplifiable gene like DHFR." CGI Memo, at 10.[2] CGI points to three specific paragraphs in Dr. Tlsty's report, ¶¶ 10, 13 and 15, as supposedly supporting those opinions.

Dr. Tlsty's expert report did not disclose anything about these issues. Neither the paragraphs CGI cites nor the remainder of Dr. Tlsty's report contain any reference to any such opinion. The paragraphs CGI cites merely restate very general information that is already of record in this case, *i.e.,* that prior to 1989, amplifiable genes (such as DHFR) were known and

---

[2] CGI suggests that the Court may simply accept Dr. Tlsty's report as testimony. CGI Memo at 13. However, expert reports are not admissible evidence, they are "merely discovery materials" if the expert has not testified in court. *Blue Cross and Blue Shield United of Wisconsin v. Marshfield Clinic*, 152 F.3d 588, 595 (7th Cir. 1998).

5

could be used to amplify expression of a foreign gene. Nor did Dr. Tlsty's Rule 26(a)(2) report contain any suggestion of an opinion that selectable amplifiable genes were commonly used to cause expression of a silent gene, or that it would have been obvious to modify Claim 106 to include an amplifiable gene. Indeed, her Rule 26(a)(2) report indicates that she never considered Claim 106, or any part of CGI's applications. *See* Exhibit A to Kelber Declaration (Expert Report of Thea D. Tlsty, Ph.D.) at p. 4.

ARS will be seriously prejudiced if CGI is permitted to introduce this expert opinion testimony that was not disclosed in Dr. Tlsty's Rule 26(a)(2) report. By not providing ARS with a Rule 26(a)(2) report disclosing these opinions or the basis for these opinions, CGI has deprived ARS of the opportunity to cross-examine Dr. Tlsty on these opinions, and/or to have its own expert(s) address these opinions. This is the type of litigation gamesmanship and prejudice that Rules 26(a) and 37(c)(1) were intended to prevent. *See Thibeault v. Square D. Co.*, 960 F.2d 239, 244 (1st Cir. 1992) ("For Rule 26 to play its proper part in this salutary scheme, discovery must not be allowed to degenerate into a game of cat and mouse").

### III.    CONCLUSION

For the foregoing reasons, ARS respectfully requests that the Court exclude from evidence (i) the '939 patent, (ii) the Kucherlapati *et al.* article, and (iii) any expert testimony offered by CGI regarding opinions or documents that its experts did not disclose in their Rule 26(a)(2) expert reports.

Dated: October 31, 2006               Respectfully submitted,


                                      By: /s/ Kevin M. Flowers
                                      Fred A. Kelly, Jr. (BBO # 544046)
                                      NIXON PEABODY LLP
                                      100 Summer Street
                                      Boston, MA 02110
                                      Tel: 617-345-1000
                                      Fax: 617-345-1300

                                      Kevin M. Flowers (*pro hac vice*)
                                      Matthew C. Nielsen (*pro hac vice*)
                                      MARSHALL, GERSTEIN & BORUN LLP
                                      6300 Sears Tower
                                      233 S. Wacker Drive
                                      Chicago, IL 60606-6357
                                      Tel: (312) 474-6300
                                      Fax: (312) 474-0448

                                      Counsel For Plaintiff APPLIED RESEARCH
                                      SYSTEMS ARS HOLDING, N.V.