## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CELL GENESYS, INC., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-12448-MLW |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V. | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04 11810 MLW |
| | ) | |
| CELL GENESYS, INC. AND TRANSKARYOTIC THERAPIES, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPPOSITION OF CELL GENESYS, INC. TO THE ARS MOTION TO EXCLUDE
EVIDENCE RELIED ON IN CGI'S MOTION REGARDING THE "JAPAN"
REFERENCE NOT PRESENTED TO THE BOARD BELOW**

I.    **THE THRESHOLD ISSUE FOR THE ADMISSION OF NEW EVIDENCE IS WHETHER THE ISSUE ADRESSED BY THAT EVIDENCE WAS RAISED BELOW**

Cell Genesys, Inc. ("CGI") and ARS agree on one thing:  The leading case out of the

Federal Circuit on when new evidence may be presented in an action taken pursuant to 35 U.S.C.

§ 146 is *Conservolite v. Widmeyer*, 21 F. 3d 1098, 1102 (Fed. Cir. 1994).  The parties agree that

the Court in *Conservolite* made it clear that new evidence could not be submitted in a § 146

action without limit.  The actual wording of the Court's holding is of importance:

> While Section 146 provides that the administrative record
> developed at the PTO may be admitted "without prejudice to the
> right of the parties to take further testimony," the right to offer new
> evidence is not unlimited.  Rather, an action under Section 146 is
> essentially a proceeding to review the action of the Board.  While
> the expression "de novo" is often used to describe a Section 146
> action, the statute does not use this language or state that new
> issues can freely be raised.  Section 146 authorizes the district
> court on review to accept new testimony, but normally only as to
> issues raised by the parties during the proceedings below or by the
> Board's decision.  *Case v. CPC Int'l, Inc.*, 730 F.2d 745, 752, (Fed.
> Cir.), cert. denied, 469 U.S. 872 (1984).  Thus, the parties to an
> interference must make a complete presentation of the issues at the
> Board level so that the interference is efficient and not wasteful of
> administrative and judicial resources. 21 F. 3d at 1102.

The Federal Circuit in *Conservolite* reversed the decision of the District Court in finding no

Interference-In-Fact because the Court relied on new evidence to that issue, when the proponent

of that evidence had not raised the issue before the Board.  Here, there can be no dispute – CGI

raised the issue of antedation of Japan before the Board.  In turn, the Board devoted 25 pages of

its decision to this single issue (88–112).

The Federal Circuit further noted that sometimes district courts **may** admit new evidence

on issues not previously presented to the Board, and in *those cases*, the Courts look to factors

such as withholding of evidence for tactical reasons, bad faith or similar conduct.  Again, the

Court's instruction, rather than the ARS interpretation of it, is of importance:

> Under appropriate circumstances, a district court may exercise its discretion and admit testimony on issues *even though they were not raised before the Board*. Id. at 214.  In doing so, courts have considered whether there was suppression, bad faith, or gross negligence on the part of the plaintiff in failing to raise an issue before the Board; whether the evidence was then reasonably available; and whether the issue has been or may be more conveniently and expeditiously raised in another judicial proceeding.  *See Standard Oil Co. v. Montedison, S.p.A.*, 540 F.2d 611, 617, (3d Cir. 1976).  Other courts have applied a test of due diligence in identifying and procuring evidence, whether or not the failure to identify or procure the evidence was attended by bad faith motives or for tactical reasons.  *See Velsicol Chem. Corp. v. Monsanto Co.*, 579 F.2d 1038, 1046 (7th Cir. 1978).  Examples of appropriate circumstances have been said to include an intervening change in the law, the presence of a new issue, or the admission of other new evidence deserving of a response or further elaboration. *Id.* at 1046 n.10. Id. (emphasis supplied)(citations omitted).  *Id.* at 1102.

CGI respectfully submits that the clear holding of the Federal Circuit is that where the

issue was properly raised before the Board, as was the issue of whether Japan was prior art to

CGI, then additional new evidence may be submitted in a 146 action.  If this message was not

clear from *Conservolite,* it is certainly made clear in the Federal Circuit's other major decision

involving the presentation of evidence in a 146 action, *Case v. CPC Int'l, Inc.*, 730 F.2d 745,

752, (Fed. Cir.), *cert. denied*, 469 U.S. 872 (1984).

> The provision of 35 U.S.C. §146, which provides for review of the Board of Interferences by civil action in a district court explicitly states that the administrative record may be admitted "without prejudice to the right of the parties to take further testimony." We are aware that this provision has received varying interpretations in the circuits.  In our view, since an action under 35 U.S.C. §146 has the hybrid nature of an appeal and a trial de novo, the statute authorizes the district court to accept all proffered testimony on issues raised by the parties during the proceedings below or by the board's decision. (footnote omitted).  730 F.2d at 752.

3

ARS asks this Court to deviate from the course laid out by the Federal Circuit. The issue of the availability of the Japan reference as prior art was thoroughly presented to the Board. ARS pursues what is truly a frivolous exercise in looking at case decisions addressing whether evidence can be presented in a 146 action where the issue was **not** raised before the Board, all the while acknowledging that this issue was so raised. ARS's Opp. at p. 1.

Where the issue was not raised before the Board, then the Court may and should inquire into the motives for not advancing the issue to which the newly presented evidence applies. This case does not require investigation of the reasons for bringing this evidence; it applies to an issue that was fully presented to the Board. Accordingly, evidence related thereto may be submitted.

## II.    THE EVIDENCE ARS SEEKS TO SUPPRESS WAS TAKEN BY ARS

The fact of the matter is that ARS took all the evidence it now seeks to suppress, and is now unhappy with the result. Of the witnesses whose depositions were taken, only three were identified by CGI has having discoverable information – Skoultchi, Kucherlapati and Levin. Counsel for CGI had spoken with Skoultchi and Kucherlapati prior to filing the 146 action that is now before this Court, and neither witness had documents nor memory pertinent to the issue. (*See* Declaration of Steven B. Kelber ("Kelber Decl.") at ¶ 2). Skoultchi never gave his notebook to the undersigned counsel, as counsel for CGI. (*Id.* at ¶ 3). Rather, his notebook was discovered when CGI was collecting documents responsive to ARS's document requests (*Id.*). Specifically, in response to ARS's discovery requests, requests were given to CGI's in house counsel and executives to identify anyone that may have responsive documents. (*Id.*). It was only then that Skoultchi's notebook was discovered, in and among other documents and files. (*Id.*). By the same token, Mark Levin, CEO of CGI in the relative time frame, was, at the time of the Interference, employed as CEO of a major company, Millennium Pharmaceuticals. (*Id.* at ¶

4). In approximately March 2003, the undersigned counsel attempted, without any success, to contact Levin on two different occasions. (*Id.*). Levin only became available after he retired from his position, well after the filing of the 146 action. None of Skoultchi, Kucherlapati or Levin was an employee of CGI, nor under CGI's control. Although Skoultchi and Kucherlapati were consultants to CGI on various issues pertaining to surviving matters of interest to them, their consulting contracts did not oblige them, in any way, to provide testimony or evidence to or for CGI, and they did not do so. (*Id.* at ¶ 5).

ARS subpoenaed each of these witnesses. These witnesses only met with CGI after the service of the subpoenas. (*Id.* at ¶ 6). A few documents were obtained from some witnesses. However, the vast majority of produced documents, and some of the clearest testimony taken by ARS, came from George Savage and Andrew Thompson. Savage and Thompson were unknown to counsel for CGI or current CGI employees. Indeed, they were not initially identified in a Rule 26 disclosure because their existence and location had not been identified. (*Id.* at ¶ 7). They were first identified by Mark Levin in his deposition taken by ARS. (*Id.*). Had ARS never taken the depositions of witnesses it now says should not be considered, the evidence would not be at issue. Having obtained the evidence, however, ARS is not free to return the genie to his bottle. Evidence, once taken by either side, is available to both. *Ames v. Frielich,* Interference No. 101,233, Paper 72 at 4 (BPAI 1985), Patent Interference Practice under NAFTA and GATT, McCurdy et al., Discovery in Interferences, 7–22 (1996). If it was ARS's position that CGI was not able to submit further evidence from former CGI employees, then ARS had no business taking the depositions. Rather, a motion *in limine* at the time would have been appropriate. Instead, ARS, confident of its ability to eliminate this potential evidence as a threat, unearthed

clear evidence that CGI's date of invention goes back to February 15, 1989. That ARS now complains of the evidence it gathered is understandable, but not a matter for relief.

ARS blithely suggests that CGI could have subpoenaed these witnesses during the interference, offering in a footnote that "subpoenas are available in an interference" (n. 18) citing to 35 U.S.C. § 24. Yet, what ARS overlooks is that to secure such a subpoena from a district court, CGI first would have had to persuade the PTO that such discovery was "in the interests of justice." 37 C.F.R. 1.687(c). Practice and discovery in an interference is much more limited than in district court. *Tropix, Inc. v. Lumigen, Inc.*, 53 U.S.P.Q.2d 2018, 2021 (BPAI 2000). It is unclear from the ARS argument how CGI could have possibly met the standards for issuance of a subpoena at the Board for individuals it neither knew of (Thompson and Savage) or lacked information as to what those individuals knew (Levin).

When a party takes evidence by deposition and production, it does so at its own risk. ARS should meet the evidence on the merits, not seek to avoid it.

## III.    ARS FAILED TO RAISE TIMELY OBJECTIONS

The Federal Rules of Evidence require timely objections. Even if the propriety of admission of evidence not presented in the interference below were at issue here, which CGI submits it is not, ARS's failure to raise timely objections to this evidence precludes its exclusion at this late date. CGI first identified the "record" it proposed to proceed on (case stated basis) in its submission to this Court on August 1, 2006 (Docket No. 51 in C.A. No. 05-12448), in accordance with the Court's Order scheduling a hearing for August 8, 2006. The Court directed the parties to identify issues that could be bifurcated. CGI identified date of invention as one such issue, and submitted a Summary of Documents and Testimony that identified each and every one of the documents and witness's testimony ARS now seeks to exclude. (*Id.* at pp.3-4

and Ex. A). CGI's submission made it clear that to proceed "ON THE RECORD" it would rely

on the documents and testimony so identified. (*Id.*).

ARS not only did not object, it agreed. *See* August 9, 2006 Order ("as agreed to by the

parties"). ARS had ample time to object to the documents and testimony in question, but instead

waived that objection. The date for submission of CGI's Memorandum on the record was

October 2, 2006. ARS had ample time between the Court's Order of August 9, 2006 and CGI's

submission to raise the objections it now brings by Motion. Instead, it waived its objections.

Indeed, ARS waited until it had filed its own Opposition before filing the motion to exclude,

effectively preventing any opportunity to cure perceived flaws in the evidence, and

circumventing the requirements of Local Rule 7.1(A)(2). It is simply too late to entertain these

objections now.

## IV.    CONCLUSION

The entire premise of the ARS Motion mischaracterizes and misinforms this

Court as to the law governing the admission of new evidence in an action under 35 U.S.C. § 146.

The Federal Circuit has made it quite clear that where a party properly and thoroughly raises an

issue before the Board, it may present additional evidence on that same issue in a 146

proceeding, and the Court is authorized to accept the same. It is when a party seeks to introduce

evidence on an issue not presented to the Board that an investigation as to the reasons why that

issue was not earlier raised must be taken. Here, the issue of the availability of Japan as a

reference against CGI claims 107 – 109 was discussed extensively by the Board. It was raised.

The Court is authorized to receive this evidence, and in such circumstance, ARS does not explain

why the Court should fail to follow the rule of the Federal Circuit.

ARS now complains about evidence that it took. If it really held the position that this evidence should not now be considered, the proper remedy was to seek suppression early, not take the depositions and production as it did. ARS simply did not ask these witnesses what they knew generally; rather, it asked them at length about the documents whose impact it now seeks to avoid, seeking to undermine the clear testimony with respect to those documents, and the impact of the documents themselves. Indeed, when CGI specifically identified the documents and testimony it would rely on in proving a date of invention in advance of the publication date of Japan, on the record, ARS agreed to proceed in this fashion. It is too late now to try and run away.

ARS's Motion to exclude evidence should be denied.

Respectfully submitted,

CELL GENESYS, INC.

By its attorneys,

/s/ Steven B. Kelber
Steven B. Kelber
c/o Arnold & Porter, LLP
555 Twelfth Street, NW
Room 900A
Washington, DC 20004-1206
Telephone: 202-942-5747


T. Christopher Donnelly (BBO #129930)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
Telephone: (617) 720-2880

Dated: November 22, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that this OPPOSITION OF CELL GENESYS, INC. TO THE ARS MOTION TO EXCLUDE EVIDENCE RELIED ON IN CGI's MOTION REGARDING THE "JAPAN" REFERENCE NOT PRESENTED TO THE BOARD BELOW was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 22, 2006.


          /s/   Steven B. Kelber
          Steven B. Kelber