IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CELL GENESYS, INC., ) | |
| ) | |
| Plaintiff/Counterdefendant, ) | |
| ) | |
| v. ) | C.A. No. 05-12448-MLW |
| ) | |
| APPLIED RESEARCH SYSTEMS ARS ) | |
| HOLDING, N.V. ) | |
| ) | |
| Defendant/Counterclaimant. ) | |
| ) | |
| APPLIED RESEARCH SYSTEMS ARS ) | |
| HOLDING, N.V., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04 11810 MLW |
| ) | |
| CELL GENESYS, INC. AND ) | |
| TRANSKARYOTIC THERAPIES, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPPOSITION OF CELL GENESYS, INC. TO THE ARS MOTION
TO EXCLUDE EVIDENCE RELIED ON IN CGI'S MOTION
<u>REGARDING THE "JAPAN" REFERENCE AS HEARSAY</u>**

ARS moves to exclude documents on which CGI relies to show that Arthur Skoultchi and CGI conceived of the invention that is embraced by Claims 107 – 109 in advance of August 29, 1989 and pursued it with diligence, as provided for in 37 C.F.R. 1.131, until the filing date of November 6, 1989. The documents are not hearsay because CGI does not introduce them for the truth of the matter asserted therein (i.e., whether in fact protein expression can be altered by inserting a promoter or amplifiable gene through homologous recombination), but rather to show simply that Skoultchi had possession of these concepts prior to August 29, 1989 and then pursued the ideas with diligence to a constructive reduction to practice on November 6, 1989.

1

*See* Fed. R. Evid. 801(c). Further, ARS deposed the authors of each of the documents in question, Skoultchi, Kucherlapati, Levin, Thompson and Savage. In each case, the author adopted the document as his own and confirmed its creation, which effectively removed the document from the category of hearsay. Finally, ARS ignores the relaxed approach to hearsay required by the rule of reason test of interference practice, and the requirements of 37 C.F.R. 1.131. For all of these reasons, the Motion should be denied.

## I. THE DOCUMENTS ARE NOT HEARSAY

An out of court statement is hearsay only if it is introduced as proof of the matters asserted therein. A statement introduced purely to demonstrate the statement was made at a given place or time, or to reflect the author's knowledge, is not hearsay. Fed. R. Evid. 801(c). Under First Circuit precedent, documents and their content are not hearsay where they are not introduced to demonstrate that statements are correct, but rather that they were made, or to show the knowledge of the actor. *Vazquez-Valentin v. Santiago-Diaz*, 459 F. 3d 144, 151 (1st Cir. 2006); *Ramirez-Rodriguez v. Boehringer Ingelheim Pharms.*, 425 F. 3d 67, 76-77 (1st Cir. 2005); *Crowley v. L.L. Bean, Inc.*, 303 F. 3d 387, 408 (1st Cir. 2005). The reviewing court for the Patent and Trademark Office, the Court of Appeals for the Federal Circuit, applies this rule in the same manner. *See, e.g., Wilner v. United States*, 994 F. 2d 783, 786 (Fed. Cir. 1993). A brief look at each of the documents addressed will show they are introduced not for the matters asserted therein, but for the fact that statements were made at a given time, and reflected the author's knowledge at that time.

### A. Skoultchi's Notebook Pages are Not Hearsay

ARS moves to exclude two pages out of Skoultchi's notebook, dated February 15 and April 26, 1989. These notebook pages capture Skoultchi's early recordation of his inventive idea, and his call with patent attorney Bert Rowland in April 1989 to explore the possibility of patent protection for that idea. CGI does not introduce these pages to prove that one "can make a product in a bottle" as set forth on the February 15, 1989 page, or that Rowland's conclusion that "it looks good for patenting" was right, as reflected in the page from April 26, 1989. Rather, CGI submits these pages to show that Skoultchi conceived of the idea on the date reflected on the pages, and discussed it with a patent attorney to secure protection. As such, these pages are not hearsay.

Even if this was hearsay, which it is not, where a party has the opportunity to cross-examine the out-of-court declarant, the document becomes admissible. *Cox v. Treadway*, 75 F.3d 230, 238 (6th Cir. 1996). Skoultchi, who was deposed by ARS, authenticated the notebook at his deposition. ARS does not maintain otherwise. Kucherlapati confirmed this authentication. Moreover, Skoultchi was questioned by counsel for ARS at length about the notebook. The Court's August 9, 2006 Order, which reflects that it was agreed to by both parties, specifically notes that the Memorandum establishing that the "Japan" reference is not prior art against CGI would be done "on the record." Therefore, Skoultchi's testimony is in fact trial testimony and there is no hearsay.

### B.   The Facsimile to Rowland of July 24, 2006 is Not Hearsay

Beginning at page 6 of ARS's memorandum in support of its motion to exclude, ARS challenges the facsimile from Levin to Rowland indicating the typed description of Skoultchi's invention made from Skoultchi's notes. Again, this document is not advanced by CGI for proof

3

of the matters asserted therein (e.g., that the vector described on page three will transform the expression characteristics of the target cell) but merely to establish that the idea, in the exquisite detail provided, was captured by Skoultchi and CGI on that date. ARS mischaracterizes the document, ignoring, for example, the fax machine's transmission stamp confirming that the document was sent on July 24, 1989 and thus was prepared no later than that date. ARS also plays fast and loose with the term "author" – Skoultchi did not prepare the document in question, but rather it was prepared for him by Levin's office. But the witness testified that it was his thoughts in his words. Again, ARS had the opportunity to cross examine both Skoultchi and Levin, and did so. The document is not hearsay, nor is there any danger of unreliability of the date of the document, the only purpose for which it is introduced.

### C.  The Minutes of the SAB Meeting Have Been Admitted

ARS strangely objects to the minutes of the meeting of the Scientific Advisory Board of July 24-25, 1989. This document was an attachment to the declaration of Bert Rowland before the Patent Office in Interference 105,114, the interference that gave rise to this proceeding. It has already been admitted, and made part of the record by joint motion, pursuant to the provisions of 35 U.S.C. § 146. There is no basis for the ARS objection.

Moreover, there is no question that the author of the minutes was George Savage, since he took the minutes of the meeting, and the minutes are in his handwriting. (*See* Savage Transcript at p. 52, ll. 2-8). Savage was deposed by ARS.

Beyond all of this, like the other exhibits, the minutes are not introduced for the truth of the matters asserted therein, i.e., that tPA can be successfully expressed by following the directions provided by the drawing on that document, but rather that the presentation was made

on July 25, 1989; that is, whatever the value of the ideas expressed, they were expressed by Skoultchi, and communicated to others, by July 25, 1989. Again, there simply is no hearsay.

### D. The Business Plans are Not Hearsay

At page 8 of its memorandum, ARS asserts that the business plans of August 26 and September 20, 1989 are hearsay, and not regularly prepared in the course of CGI's business, and are therefore inadmissible. Again, ARS mischaracterizes both the document and the reason for its introduction. Documents are not hearsay unless introduced to prove the truth of the matter asserted in them. Of course, the business plans were not introduced to prove the matters asserted therein. They were introduced to show that Skoultchi's invention was continuously regarded as an important project that CGI was diligently pursuing. Introduction of the documents for this purpose, which establish the time frame in which these documents were prepared, is not hearsay.

Again, the authors of those documents were George Savage and Andrew Thompson. ARS took the depositions of both witnesses. In a trial "on the record" they were in fact available and "cross examined" and thus, any potential hearsay, and any possible danger associated therewith, is eliminated. There is no basis to exclude these documents.

### E. The Documents of April 29, 1989 and November 1, 1989 are Already of Record

ARS seeks to deny "consideration" of evidence already of record and considered by the Board below. The draft patent application of April 29, 1989 and the cover letter of November 1, 1989 were both attachments to the Declaration of Bert Rowland, introduced in Interference 105,114. Rowland was deposed by ARS. The time to object to these as hearsay was in 2003, not today. They, like the minutes of the SAB, are already part of the record, and ARS's Motion is some three years too late.

Again, the application is not introduced to prove that one can modify expression in a cell by homologous recombination – it is introduced only to show that CGI was pursuing a patent application at the time of the publication of the Japan reference, and thereafter (due diligence). This is not hearsay pursuant to Fed. R. Evid. 801(c). Again, Rowland was deposed and his testimony is part of the record on which the Court directed the parties to proceed. There is no basis for exclusion of these records.

## II.    HEARSAY IS TREATED DIFFERENTLY IN AN INTERFERENCE

As noted above, each of the documents objected to by ARS was introduced not to prove the truth of the matters asserted in those documents, but rather as corroboration of the possession of a conception of the invention by Skoultchi and CGI before August 29, 1989 and diligence thereafter to a reduction to practice. They are not hearsay. Nonetheless, even if they were, in an interference context such as this, corroboration of the acts of the inventor relied on is of great importance. Issues of conception, reduction to practice and diligence are treated under a rule of reason analysis. For this reason, the restrictions imposed on the admission of hearsay are relaxed in an interference. *Hurwitz v. Poon*, 364 F.2d 878, 150 USPQ 676, 678 (CCPA 1966). The rule of reason permits introduction of hearsay where appropriate. *Anderson v. Peiper*, 169 USPQ 788, 790 (CCPA 1971). This is particularly true when considering documents relied upon to corroborate testimony. Contemporaneous documents such as notebooks and the like are not hearsay, or are otherwise admissible. *Reese v. Hurst v. Wiewivrowski*, 661 F. 2d 222, 221 USPQ 936, 952 (CCPA 1981).

In pursuing a rigid rule of exclusion, rather than the more relaxed approach to hearsay imposed by the rule of reason approach to corroboration and acts of invention, ARS seeks to exclude contemporaneous documents introduced not to prove the truth of the matter asserted, but

6

rather to prove possession, by the author, of the invention reflected therein. This is not hearsay, but even if it is, in an interference these documents are admissible.

### III. ARS IGNORES THE REQUIREMENTS OF 37 C.F.R. 1.131

Pursuant to the Court's Order of August 9, 2006 and the findings of the Board below, CGI is antedating Japan as a reference under 37 C.F.R. 1.131. The specific provisions of this rule compel submission of the documents ARS now objects to as "hearsay." Rule 131 provides in pertinent part that whenever a showing is made pursuant to this rule, "original exhibits or drawing and records or photocopies *must* be submitted." Rule 131(b). This is because, although corroboration is not required in the context of a showing under this rule, an inventor's words must be supported by corroborative proof. There is no requirement in the rule that each document be accompanied by an "in court" statement establishing the reliability of the document, the truth of the matter asserted, or any of the other requirements advanced by ARS. Instead, these documents are received for the same purpose submitted herein – to establish that the inventor's claim of having conceived of the invention prior to the publication date of the reference, and have pursued it with diligence, is corroborated by contemporaneous evidence. This is the sole purpose for introducing it at this juncture.

### IV. ARS FAILED TO RAISE TIMELY OBJECTIONS

The Federal Rules of Evidence require timely objection. Even if hearsay were at issue here, which CGI submits it is not, ARS's failure to raise timely objections to this evidence precludes their exclusion at this late date. CGI first identified the "record" it proposed to proceed on (case stated basis) in its submission to this Court on August 1, 2006, in accordance with the Court's Order scheduling a hearing for August 8, 2006 (Docket No. 51 in C.A. No. 05-12448). The Court directed the parties to identify issues that could be bifurcated. CGI identified

7

date of invention as one such issue, and submitted a Summary of Documents and Testimony that identified each and every one of the documents ARS now seeks to exclude. CGI's submission made it clear that to proceed "ON THE RECORD" it would rely on the documents and testimony so identified.

ARS not only did not object, it agreed! *See* the Order of August 9, 2006 ("as agreed to by the parties.") ARS had ample time to object to the documents in question, but instead waived that objection. The date for submission of CGI's Memorandum on the record was October 2, 2006. ARS had ample time between the Court's Order of August 9, 2006 and that submission to raise the objections it now brings by Motion. Instead, it waived its objection. Indeed, ARS waited until it filed its own Opposition before filing the motion to exclude, effectively preventing any opportunity to cure perceived flaws in the evidence, and circumventing the requirements of Local Rule 7.1(A)(2). It is simply too late to entertain these objections now.

## VI.   CONCLUSION

The ARS motion to suppress "hearsay" evidence identifies no hearsay. Instead, it seeks to exclude potent evidence not demonstrating the truth of the matters asserted therein, but rather demonstrating that Skoultchi and CGI had conceived of the invention of CGI Claims 107 – 109 prior to August 29, 1989, and pursued, with diligence, the filing of a patent application directed thereto. In an interference context, the application of hearsay is relaxed where necessary, to permit application of the rule of reason governing corroboration. In point of fact, Rule 131, under which CGI proceeds, commands submission and acceptance of the documents now objected to. ARS had an opportunity to timely raise an objection to the submission of evidence, and instead, agreed to contest the issue of the availability of Japan on the record established by CGI's submission of August 1, 2006, which identified all the documents now objected to by

ARS. Having had the opportunity to depose each of the authors and custodians of the documents in question, having failed to identify any assertion in the documents whose truth is addressed by the documents, and having failed to raise timely objection, the ARS motion to exclude documents advanced by CGI in support of its position that Japan is not prior art as to Claims 107 – 109 should be denied.

Respectfully submitted,

CELL GENESYS, INC.

By its attorneys,

/s/ Steven B. Kelber
Steven B. Kelber
c/o Arnold & Porter, LLP
555 Twelfth Street, NW
Room 900A
Washington, DC 20004-1206

T. Christopher Donnelly (BBO #129930)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
Telephone: (617) 720-2880

Dated: November 22, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this OPPOSITION OF CELL GENESYS, INC. TO THE ARS MOTION TO EXCLUDE EVIDENCE RELIED ON IN CGI's MOTION REGARDING THE "JAPAN" REFERENCE AS HEARSAY was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 22, 2006.

/s/ Steven B. Kelber
Steven B. Kelber