IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CELL GENESYS, INC., ) | |
| ) | |
| Plaintiff/Counterdefendant, ) | |
| ) | |
| v. ) | C.A. No. 05-12448-MLW |
| ) | |
| APPLIED RESEARCH SYSTEMS ARS ) | |
| HOLDING, N.V. ) | |
| ) | |
| Defendant/Counterclaimant. ) | |
| ) | |
| APPLIED RESEARCH SYSTEMS ARS ) | |
| HOLDING, N.V., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04 11810 MLW |
| ) | |
| CELL GENESYS, INC. AND ) | |
| TRANSKARYOTIC THERAPIES, INC. ) | |
| ) | |
| Defendants. ) | |

**REPORT OF CELL GENESYS, INC. REGARDING
PROPOSED LENGTH OF HEARING**

The Court's Order of August 9, 2006 directed the parties to confer by December 1, 2006 as to the estimated length of the hearing required to address the question of whether Japan (a reference published on August 29, 1989) is prior art with respect to CGI, or whether in fact CGI conceived of the invention of Claims 107 – 109 prior to the date of publication and pursued that invention, with diligence, as provided for in 37 C.F.R. 1.131, to a constructive reduction to practice from a time prior to August 29, 1989 to CGI's filing on November 6, 1989. The Order also invites the parties to address

the anticipated time required to hear the question of interference-in-fact between CGI Claim 106 and ARS Claim 24.

The parties, through counsel, conferred on December 1, 2006. Although each party's proposal is not vastly different, each elected to file its own report. CGI respectfully submits the Court should set aside two days (January 16 and 17, 2007) to consider the two questions, and CGI proposes the following schedule.

## I.   IS JAPAN PRIOR ART?

CGI proposes that this question be addressed first. CGI notes that if the Court rules, at the conclusion of this matter, that Japan is not prior art with respect to CGI Claims 107 – 109, the second question is moot. There is clearly interference between CGI Claims 107 – 109 and ARS Claim 3.

   (1)   Introductions: 20 minutes per side.

   (2)   CGI's presentation of the evidence establishing prior invention by CGI: 2 hours.

Lunch Break

   (3)   ARS attack/challenge as to the sufficiency of CGI's evidence: 2 hours.

   (4)   CGI rebuttal: 1 hour.

   (5)   ARS closing: 30 minutes.

   (6)   CGI closing: 30 minutes.

It may be practical to present closings on the morning of Day 2.

2

## II.    INTERFERENCE-IN-FACT

(1) Introductions: 15 minutes per side.

(2) CGI's presentation of evidence establishing the existence of an Interference-In-Fact: 1 hour.

(3) ARS attack/challenge as to the sufficiency of the evidence: 1 hour.

Lunch Break

(4) CGI rebuttal: 30 minutes.

(5) ARS closing: 20 minutes.

(6) CGI closing: 20 minutes.

CGI's Memorandum in support of its position on this issue (Docket No. 126 at pp. 13-14) identified certain evidence in addition to the written record on which the parties agreed to contest the Japan issue.[1]

This additional evidence would include testimony of CGI's expert regarding the subjects of her expert report, which includes the knowledge of those of skill in the art in 1989 with respect to selectable, amplifiable genes like DHFR (an element of the ARS Claim 24) and her testimony as to the Genentech '939 patent discussed in CGI's Memorandum of October 2, 2006 on this issue (Docket No. 126). ARS does not wish to have live testimony presented on this subject. As noted in CGI's opposition memorandum (Docket No. 145), live testimony is not necessary, provided Tlsty's expert report submitted by CGI is accepted, and the '939 patent is made of record. There is good cause to so proceed. ARS had the chance to cross-examine Tlsty but declined.

---

[1] *See* Court's August 9, 2006 Order (stating "[a]s agreed by the parties, the court will conduct a trial on the written record to decide the first question . . . ."). The record for the Japan question was identified in the Summary attached as Exhibit A to the CGI submission of August 1, 2006 (Docket No. 51 in Case No. 05-cv-12448) and submitted with the Memoranda of October 2, 2006.

3

ARS cited no evidence in rebuttal to the observations in Tlsty's report. The '939 patent is an official United States Government record, and not submitted for the truth of the matters asserted therein, but rather to demonstrate the features of CGI's Claim 106 not reflected in ARS Claim 24 that are questions of selection (293 cell line, expression of EPO, CMV regulatory segment), were notorious selections that had been established to be useful, together.

## **CONCLUSION**

CGI respectfully submits the hearing should be scheduled for two days.

Respectfully submitted,

CELL GENESYS, INC.

By its attorneys,

/s/ Steven B. Kelber
Steven B. Kelber
c/o Arnold & Porter, LLP
555 Twelfth Street, NW
Room 900A
Washington, DC  20004-1206
Telephone:  202-942-5747


T. Christopher Donnelly (BBO #129930)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts  02108
Telephone:  (617) 720-2880

Dated:  December 4, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this REPORT OF CELL GENESYS, INC. REGARDING PROPOSED LENGTH OF HEARING was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 4, 2006.

/s/   Steven B. Kelber
Steven B. Kelber