**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| CELL GENESYS, INC., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-12448-MLW |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11810-MLW |
| | ) | |
| CELL GENESYS, INC., | ) | |
| | ) | |
| Defendant/Counterclaimant, and | ) | |
| | ) | |
| TRANSKARYOTIC THERAPIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ARS REPLY REGARDING ITS MOTION *IN LIMINE* TO EXCLUDE PREVIOUSLY-
UNDISCLOSED EVIDENCE RELIED ON BY CGI IN ITS
"INTERFERENCE-IN-FACT" MEMORANDUM**

**I.     INTRODUCTION**

ARS submits this Reply to address certain errors of fact and law in CGI's Opposition to ARS's motion *in limine* to exclude previously undisclosed evidence relied on by CGI in its interference-in-fact memorandum ("ARS's Motion *in limine*").

In its Opposition, CGI studiously ignores the law and arguments presented in ARS's Motion *in limine* and persists with the unsupportable assertion that it was under no obligation to disclose the documents upon which it now relies. CGI is wrong. During fact discovery, ARS served document requests directed to the documents at issue here, and even if it had not, CGI was obligated to produce those documents under Fed. R. Civ. P. 26(a)(1) and (e)(1). A party that seeks to rely on evidence or testimony that it never disclosed to its opponent during discovery bears the burden of demonstrating "substantial justification" for the non-disclosure, or that it was "harmless." CGI has not demonstrated either. The appropriate remedy under Fed. R. Civ. P. 37(c)(1) is exclusion of the previously undisclosed evidence.

**A.     CGI was obligated to produce the documents in question during fact and/or expert discovery in this case**

Throughout its Opposition, CGI confuses the parties' respective burdens regarding discovery. CGI was the party that asked this Court to reverse or vacate the Board's finding of no interference-in-fact, both in its original Complaint in the D.C. action and again before this Court in its Answer and Counterclaims. It was CGI, not ARS (or this Court in its August 9 Order), that raised the issue of interference-in-fact in this case. ARS was not under any obligation to request documents from CGI regarding this issue. Nevertheless, it did so. During fact and expert discovery in this case, CGI was obligated under Fed. R. Civ. P. 26(a)(1) and (e)(1) to produce any documents that it might later seek to rely upon in arguing this issue, and was obligated to produce documents relating to this issue in response to ARS's specific document requests

2

directed to this issue. Neither ARS nor this Court bore CGI's burden to comply with these discovery obligations.

### 1. During discovery, ARS requested the documents which CGI now seeks to introduce

In its Opposition, CGI asserts that ARS never requested the documents that CGI now relies upon in its interference-in-fact Memorandum.[1] That is not true.

ARS unambiguously requested those documents in its Document Request No. 9 served in August 2005 in the D.C. action, which requested: "All documents and things relating to or tending to evidence or contradict CGI's allegations in its Complaint that the Board's determination of no interference-in-fact should be reversed."[2]

### 2. CGI admits that it has not diligently pursued the relief it sought in its Complaint

In its Opposition, CGI admits that "from the outset, it has been CGI's position that the Board erred as a matter of law in finding no Interference-in Fact."[3] True; in its Complaint, CGI asked the Court for "a decision vacating the Board's finding of no-interference-in-fact" and for "a judgment . . . [v]acating the Board's determination of no interference-in-fact."[4]

Having specifically requested that this Court reverse the Board's decision finding no interference-in-fact, CGI nevertheless admits that it never intended to argue the issue on the

---

[1] CGI Opposition at 2.

[2] ARS's Second Set of Requests for the Production of Documents and Things at 5 (pertinent pages from that document are being submitted herewith as Exhibit F to Declaration of Matthew C. Nielsen ("Nielsen Decl.")).

[3] CGI Opposition at 2.

[4] *See* CGI Complaint filed in Case No. 05-12448 (Docket No. 1) at 7 and 8, respectively.

3

merits in this case.[5] If CGI did not intend to address this issue on the merits, it should not have requested that relief from that aspect of the Board's decision in its Complaint.

### 3. CGI was obligated to disclose the evidence that it now seeks to introduce

CGI argues that it was under no obligation to disclose the evidence that it now seeks to introduce and upon which it now seeks to rely, because it did not have the evidence at the time of its initial Fed. R. Civ. P. 26(a)(1) disclosures.[6] This is an attempt by CGI to rewrite Rule 26(a)(1) and ignore Fed. R. Civ. P. 26(e)(1). Rule 26 does not limit CGI's disclosure obligations to only those documents which "at the time of initial disclosures" the disclosing party may use for its claims or defenses. Rule 26(e)(1) required CGI to supplement its disclosures. CGI served two different Rule 26 disclosure statements,[7] yet neither contained any reference to the documents upon which it now seeks to rely.

CGI asserts that the scope of its Rule 26(a) and 26(e) obligations are dictated by two things: (1) whether the relief it has sought from the Court impacts the "ultimate disposition" of the case; and (2) whether, subjectively, it actually had an interest in diligently moving forward with the cause of action that it pled in its Complaint and in its Answer and Counterclaims. Each of these positions is indefensible. Whether due to lack of interest in pursuing the issue, or simple gamesmanship, this is precisely the situation that the Rule 26(a) and (e) disclosure obligations were created to prevent.

---

[5] CGI Opposition at 2.

[6] *Id*.

[7] "Supplemental Disclosure Statement of Cell Genesys, Inc. Federal Rule of Civil Procedure 26(e)(1)" dated July 12, 2005 and December 9, 2005 (submitted herewith as Exhibit E to the Nielsen Decl.).

CGI complains that it "had no obligation to identify every possible patent, scientific reference and other document concerning Interference-in-Fact between those two claims."[8] But that is exactly what Rule 26(a)(1) and (e)(1) required CGI to do. Fact and expert discovery is now closed in this case, and CGI's attempt to supplement its production comes too late.

> 4. **CGI's assertion that it "just found" the Kucherlapati and Skoultchi article and the '939 patent shows a lack of diligence and cannot justify CGI's failure to produce those documents during discovery**

CGI asserts that the documents at issue "came to CGI's attention just a week before it made its October 2, 2006 filing."[9] CGI's explanation simply shows that CGI was not diligent in seeking out documentary support for its cause of action on this issue. In its opening Memorandum, CGI took pains to point out that the Kucherlapati and Skoultchi article was "the work of the very inventor involved, Arthur Skoultchi."[10] If CGI did not begin searching for documents written by its own purported inventor until a few weeks ago, it obviously was not diligent in searching for documents upon which it might rely to support its cause of action here.

> 5. **CGI's failure to disclose the opinions of Dr. Tlsty on the issue of interference-in-fact cannot be justified**

In its Opposition, CGI offers two equally insufficient excuses for failing to disclose Dr. Tlsty's opinions regarding the issue of interference-in-fact in her Rule 26 expert statement. CGI says that it "had taken the position that Interference-in-Fact involved legal questions and CGI had not believed the fact issues would be needed or reached."[11] CGI then asserts that it could not

---

[8] CGI Opposition at 3.

[9] CGI Opposition at 3.

[10] CGI Memorandum regarding Interference-in-Fact (Docket No. 126) at 9.

[11] CGI Opposition at 5.

have disclosed Dr. Tlsty's opinions regarding this issue until the Court issued its August 9 Order.[12]

These "explanations" are as indefensible as CGI's other excuses. CGI has been well aware, since the date of the Board's decision (June 22, 2004), and at least by the date that it filed its Complaint in Case No. 05-12448 asking the Court to reverse the Board's determination of no interference-in-fact (August 18, 2004), that it would have to establish that ARS claim 24 and CGI claim 106 satisfy the "two-way" obviousness test in order to persuade the Court to reverse the Board's finding of no interference-in-fact between those claims.

As explained in ARS's Opposition to CGI's interference-in-fact Memorandum,[13] obviousness is a question of law, based on underlying facts including (1) the scope and content of the prior art; (2) the level of ordinary skill in the relevant art; (3) the differences between the claimed invention and the prior art; and (4) objective evidence of non-obviousness.[14] This cannot have been a recent revelation to counsel for CGI, and CGI has not justified its failure to disclose any opinions that Dr. Tlsty might have had regarding the issue of interference-in-fact in her Rule 26 expert report.

### 6. Dr. Tlsty's Rule 26 expert report is not testimony upon which CGI should be permitted to rely

CGI asserts "that it would be sufficient to accept Dr. Tlsty's expert report as her testimony."[15] ARS respectfully disagrees. Rule 26 expert reports are not admissible evidence,

---

[12] *Id*. at 6.

[13] *See* ARS Opposition to CGI's interference-in-fact memorandum, at 11.

[14] *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966).

[15] CGI Opposition at 4.

they are "merely discovery materials" if the expert has not testified in court.[16] Dr. Tlsty's Rule 26 expert report is not her testimony; it is a report setting forth the opinions Dr. Tlsty expects to provide if called upon to testify (and disclosing all bases for such opinions). It is not admissible evidence.

CGI's assertion that there is no concern that Dr. Tlsty might testify beyond the scope of her expert report merely because ARS chose to not depose her has no basis. It is not Dr. Tlsty's expert report that ARS seeks to exclude; it is CGI's subsequent "summary" of the additional testimony that it wants Dr. Tlsty to offer that raises a concern that CGI might seek to elicit testimony beyond the scope of Dr. Tlsty's Rule 26 expert report. Nor does ARS's election to not depose Dr. Tlsty somehow translate into her report becoming unassailable, admissible as evidence, or the equivalent of testimony not subject to live cross-examination in court.

> **B.    CGI has not demonstrated that its failure to produce the '939 patent, the Kucherlapati and Skoultchi article, and the additional Tlsty opinions would be harmless**

Under Rule 37(c)(1), if CGI is to be allowed to rely on undisclosed evidence in support of its motion, it bears the burden of demonstrating a lack of harm to ARS. Throughout CGI's Opposition, it attempts to shift the burden to ARS, arguing that ARS has not shown that it was unaware of the documents and that ARS has not shown it would be prejudiced by CGI's reliance thereon. But it is CGI, not ARS, that bears the burden to demonstrate a lack of harm here, as CGI is the party that seeks to rely on undisclosed evidence.

Regardless, ARS amply demonstrated in its memorandum supporting its motion *in limine* that it would be harmed. CGI's failure to disclose evidence on which it now seeks to rely has deprived ARS of its right to have its own experts address this evidence, and deprived ARS of its

---

[16] *Blue Cross and Blue Shield United of Wisconsin v. Marshfield Clinic*, 152 F.3d 588, 595 (7th Cir. 1998).

right to depose CGI's experts regarding this evidence. CGI's misdirection on this point does not satisfy its burden to show that no harm will result to ARS.

## II.    CONCLUSION

For the reasons set forth above and in ARS's memorandum in support of its motion *in limine*, ARS respectfully requests that the Court exclude from evidence (i) the '939 patent; (ii) the Kucherlapati and Skoultchi article; and (iii) any testimony offered by CGI regarding opinions or documents that Dr. Tlsty did not disclose in her Rule 26(a)(2) expert statement.

Dated: December 11, 2006                           Respectfully submitted,


                                            By: /s/ Kevin M. Flowers
Fred A. Kelly, Jr. (BBO # 544046)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Tel: 617-345-1000
Fax: 617-345-1300

Kevin M. Flowers (*pro hac vice*)
Matthew C. Nielsen (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606-6357
Tel: (312) 474-6300
Fax: (312) 474-0448

Counsel For Plaintiff APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V.

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing **ARS REPLY REGARDING ITS MOTION *IN LIMINE* TO EXCLUDE PREVIOUSLY-UNDISCLOSED EVIDENCE RELIED ON BY CGI IN ITS "INTERFERENCE-IN-FACT" MEMORANDUM**, **DECLARATION OF MATTHEW C. NIELSEN** in support and all exhibits referred to therein are being filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 11, 2006. Additionally, two courtesy copies are being dispatched via UPS for next business day delivery to the Court.

                                              /s/ Kevin M. Flowers