# EXHIBIT G

# PATENT INTERFERENCE PRACTICE under NAFTA and GATT

## 1998

**Jerry D. Voight**
**Herbert H. Mintz**
**Barbara C. McCurdy**
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.

**Charles L. Gholz** **Steven B. Kelber**
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.

**R. Danny Huntington**
Burns, Doane, Swecker & Mathis, L.L.P.

PATENT RESOURCES GROUP, INC.
Charlottesville, Virginia

© 1994, 1995, 1996, 1997 and 1998  Patent Resources Group, Inc.

# PATENT INTERFERENCE PRACTICE under NAFTA and GATT

## TABLE OF CONTENTS

**Preface**......i

**Glossary of Terms**......ii

**Chapter 1** Overview of Interference Law and Practice

**Chapter 2** Declaration of Interferences

**Chapter 3** Preliminary Statements & Inventorship

**Chapter 4** Preliminary Motions - 37 CFR § 1.633

**Chapter 5** Decisions on Motions and Responses

**Chapter 6** Settlement of Interferences

**Chapter 7** Discovery in Interferences

**Chapter 8** The Interference Testimony Period

**Chapter 9** Preparation of Record, Briefing and Final Hearing

**Chapter 10** Prosecution After Decision

**Chapter 11** Sanctions - 37 CFR § 1.616

**Chapter 12** Court Review of Board Decisions

**Chapter 13** Impact of GATT/TRIPS and NAFTA on U.S. Interference Practice

# PATENT INTERFERENCE PRACTICE under NAFTA and GATT

## CHAPTER 7

# DISCOVERY IN INTERFERENCES

**By Barbara Clarke McCurdy**
**and**
**Susan L. Christenberry**

© 1996 Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.

---

Ms. McCurdy is a partner at Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., Washington, D.C. and Ms. Christenberry is a former associate at Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., Washington, D.C.

privilege was vitiated by the "substantial need" for the documents and "undue hardship" established by the party seeking the documents.[47]

### 3. Protective Order

When presented with requests for a protective order, the Board will decline to grant them, citing lack of any continuing jurisdiction over the parties after the interference ends.[48] In Barton v. Barton, the Board denied the senior party's request for a protective order, explaining:

> We cannot issue a meaningful protective order since our jurisdiction over this interference ends upon the termination of the proceeding. Even though the parties agree to limit the order to this interference, we are without authority to act should a breach occur subsequent to termination of the interference.[49]

## E. Using "Additional Discovery" in an Interference

### 1. As Evidence

Of course, the point of gathering additional discovery is, if possible, to introduce it as evidence to bolster a party's case-in-chief or to undermine an opponent's position on priority or patentability. However, discovery, even if ordered by the APJ, is not evidence

---

[47] Shattuck v. Hoegl, Interference No. 98,047, Unpublished Paper No. 358 at 3 (Bd. Pat. Int. July 13, 1978).

[48] Barton v. Barton, Interference No. 99,954, Unpublished Paper No. 28 at 4 (Bd. Pat. Int. February 21, 1979); Chan v. Clayton v. Akiba, Interference No. 98,912, Unpublished Paper No. 126 at 3 (Bd. Pat. Int. April 25, 1978).

[49] Id.

and additional steps must be taken to properly introduce into evidence the discovery obtained.[50]

Rule 688 governs the introduction into evidence of answers to interrogatories and requests for admissions:

> (a) If otherwise admissible a party may introduce into evidence, an answer to a written request for an admission or an answer to a written interrogatory obtained by discovery under § 1.687 by filing a copy of the request for admission or the written interrogatory and the answer. . . .
>
> (d) A party may not rely upon any other matter obtained by discovery unless it is introduced into evidence under this subpart.[51]

If discovery is in the form of documents, the documents must be introduced through an appropriate witness. The provisions for taking testimony and producing documents in connection with such testimony are set forth in Rules 672-675.

**2. Timing of Introduction as Evidence**

Rule 688(a) also defines the proper timing of the introduction of additional discovery into evidence.

> (a) If otherwise admissible, a party may introduce into evidence, an answer to a written request for an admission or an answer to a written interrogatory obtained by discovery under § 1.687 by filing a copy of the request for admission or the written interrogatory and the answer. If the answer relates to a party's case-in-chief, the answer shall be served together with any affidavits served by the party under § 1.672(b) for its case-in-chief or, if the party does not serve any affidavits under § 1.672(b) for its case-in-chief, no later than the date set

---

[50] Clark v. Wilke, 203 USPQ 1101 (Bd. Pat. Int. 1978); Ames v. Freilich, Interference No. 101,223, Unpublished Paper No. 72 at 3 (Bd. Pat. App. & Int. September 19, 1985).

[51] Rule 688(a) and (d).

> by an administrative patent judge for the party to serve affidavits under § 1.672(b) for its case-in-chief. If the answer relates to the party's rebuttal, the answer shall be served together with any affidavits served by the party under § 1.672(b) for the its case-in-rebuttal or, if the party does not serve any affidavits under § 1.672(b) for its case-in-rebuttal, no later than the date set by an administrative patent judge for the party to serve affidavits under § 1.672(b) for its case-in-rebuttal. [52]

Similarly, documents should be presented at the appropriate time. Depending on the nature of the documents, they may be presented during cross-examination of an opponent's witness or during a party's rebuttal case.

There is a caveat to the introduction of documents. If a party obtains documents from an opponent's witness during cross-examination, and uses them with the witness during cross-examination, it cannot later argue that such documents are inadmissible. In such a situation, the documents become the requesting party's evidence and may be relied upon by the party providing the discovery.[53]

**3. New Procedures for Objecting to Discovery**

Rule 688 contains new sections (b) and (c) which set forth the procedure for objecting to discovery. Objections must be made in writing and filed within a time set by the APJ for filing such objections. The party offering the discovery then has an opportunity to address the objections within a time set by the APJ. This may include presenting supplemental affidavits and other evidence. The opponent will have an opportunity to cross-examine any affiant submitting a supplemental affidavit.

---

[52] Rule 688(a).

[53] Ames v. Frielich, Interference No. 101,233, Unpublished Paper No. 72 at 4 (Bd. Pat. App. & Int. September 19, 1985).