```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


CELL GENESIS, INC.,                  )
     Plaintiff                       )
                                     )
     v.                              )    C.A. No. 05-12448-MLW
                                     )
APPLIED RESEARCH SYSTEMS ARS         )
HOLDING, N.V.,                       )
     Defendant                       )

APPLIED RESEARCH SYSTEMS ARS         )
HOLDING, N.V.,                       )
     Plaintiff                       )
                                     )
     v.                              )    C.A. No. 04-11810-MLW
                                     )
CELL GENESIS, INC.                   )
     Defendant                       )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                           January 4, 2007

On August 8, 2006 the court ordered plaintiff Cell Genesis, Inc., ("CGI") and Defendant Applied Research Systems ("ARS") to brief two discrete issues in preparation for a hearing scheduled for January 16 and 17, 2007. Specifically, the parties were instructed to address: (1) whether the Board of Patent Appeals and Interferences (the "Board") correctly found that CGI's claims 107-109 are unpatentable over the "Japan" reference; and (2) whether the Board correctly held that there is no interference-in-fact between claim 106 in CGI's '390 application and the twenty-one claims of ARS's '071 patent that the Board found patentable. The parties were also instructed to inform the court of the evidence on

1

which they would rely.  Since then, CGI has indicated that it proposes to introduce new evidence not previously presented to the Board.  See Docket Nos. 126-29.  ARS has filed numerous motions in limine seeking to exclude much of this evidence on grounds of due diligence and hearsay.  See Docket Nos. 135-41.  CGI opposes these motions.  Docket Nos. 145-48.

The evidentiary issues are complicated by the fact that it is an open issue just how much new evidence a party in CGI's position may submit to the court when it did not submit that evidence to the Board.   35 U.S.C. §146, the statute granting this court jurisdiction over this matter, states that the "record in the [PTO] shall be admitted on motion of either party," but "without prejudice to the right of the parties to take further testimony." The Federal Circuit has twice declined to decide whether this language means a district court must accept all evidence offered after proceedings at the Board have ended.  See General Instruments v. Scientific-Atlanta, 995 F.2d 209, 213 (Fed. Cir. 1993); Case v. CPC Int'l, Inc., 730 F.2d 745, 752 (Fed. Cir. 1984).  However decisions from several Courts of Appeal developed prior to the creation of the Federal Circuit suggests that new evidence should be excluded when the party proffering it failed to exercise an appropriate level of diligence in securing that evidence while before the Board.  See Velsicol Chem. Corp. v. Monsanto, 579 F.2d 1038, 1046 (7th Cir. 1978); Kirschke v. Lamar, 426 F.2d 870, 874

(8th Cir. 1970); Barrett Co. v. Koppers Co., 22 F.2d 395, 397 (3d Cir. 1927); see also California Research Corp. v. Ladd, 356 F.2d 813, 821 n.18 (D.C. Cir. 1966) (applying similar standard in analogous 35 U.S.C. §145 context).  Moreover, district courts applying Federal Circuit precedent to the question of when to admit new evidence in cases such as this are split in their analysis. Compare American Cyanamid Co. v. Ethicon, Inc., 1989 U.S. Dist. LEXIS 8748, 13 U.S.P.Q.2D (BNA) 1550 (D.N.J. 1989) (interpreting Case to allow admission of new evidence if it pertains to the specific issues presented to the Board); Heil Co. v. Snyder Industries, Inc., 763 F. Supp. 422, 425 (D. Ne. 1991) (same); Allied-Signal, Inc. v. Allegheny Ludlum Corp., 132 F.R.D. 134 (D. Conn. 1990) (permitting new evidence on issues not raised before the Board if they related to priority); with MacKay v. Quigg, 641 F. Supp. 567, 570 (D.D.C. 1986) (applying similar de novo/hybrid standard of review as to §145, and holding that "plaintiff may not submit for the first time evidence which he was negligent in failing to submit to the Patent Office."); Holloway v. Quigg, 9 U.S.P.Q.2D (BNA) 1751, at *2-3 (D.D.C. 1988) (same); Lemelson v. Mossinghoff, 225 U.S.P.Q. (BNA) 1063, at *2 (D.D.C. 1985) (admitting evidence because it was not intentionally or negligently withheld); Brunswick Corp. v. Riegel Textile Corp., 627 F. Supp. 147 (N.D. Ill. 1985)  ("proponent of new evidence [in §146 action] not available during the interference proceeding must show that the

new evidence was unavailable in spite of the proponent's diligence in preparing its case.").

Accordingly, because the issue is an open one, and because the outcome of the two issues briefed by the parties may depend on the resolution of the motions in limine, its is hereby ORDERED that the parties shall be prepared to address the motions in limine at the January 16, 2007 hearing. After the court rules on those motions, it will schedule a further hearing on the merits of the two substantive issues the parties have addressed and, if necessary, allow further briefing.

                                                   /s/     MARK L. WOLF
                                                UNITED STATES DISTRICT JUDGE