**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| CELL GENESYS, INC., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-12448-MLW |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11810-MLW |
| | ) | |
| CELL GENESYS, INC., | ) | |
| | ) | |
| Defendant/Counterclaimant, and | ) | |
| | ) | |
| TRANSKARYOTIC THERAPIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ARS MOTION FOR REVISED BRIEFING SCHEDULE AND**
**RESPONSE TO ISSUES RAISED IN THE COURT'S AUGUST 13, 2007 ORDER**

Applied Research Systems ARS Holding, N.V. ("ARS") respectfully moves this Court

for a revised briefing schedule regarding the issues of Japan and interference-in-fact, and to

address a few issues raised in the Court's Memorandum and Order dated August 13, 2007

(Docket No. 172).

ARS is filing this motion without the benefit of knowing whether CGI will assent or

object to these requests because, despite two attempts to meet and confer with CGI, CGI has not

apprised ARS of its positions on these issues. Because the Court's most recent Order requires

submission of briefs by the end of September, ARS feels compelled to file this paper and not

wait any longer for CGI to make its positions known.

## I.   THE COURT SHOULD PERMIT ARS TO FILE REVISED SUBMISSIONS AFTER CGI FIRST FILES ANY REVISED SUBMISSIONS

In its August 13 Order, this Court ordered both CGI and ARS to, by September 31, 2007,

simultaneously "revise their submissions in response to the August 9, 2006 Order to address,

based solely on the admissible evidence" whether the Board erred in holding against CGI on the

issues of Japan and interference-in-fact. Docket No. 172, at 49-50.

ARS requests that the Court order that CGI first file its opening briefs on September 28,

2007 (September 30 falls on a weekend), and that ARS file its opposition briefs three weeks

later, on October 19, 2007. CGI should file its brief(s) first because it bears the burden of proving

that the Board erred in deciding each issue. Moreover, when the parties briefed these issues last

Fall, the Court's schedule permitted ARS to file opposition briefs after CGI filed its opening

briefs.

**II.    THE DOCUMENT DATED JULY 24-25, 1989 SHOULD BE EXCLUDED AS
HEARSAY**

In its August 13 Order, this Court held that "because the meeting minutes dated July 24
and 25, 1989 were previously submitted to the Board, they are admissible in these cases." Docket
No. 172 at 49. This Court also held that "ARS' Motion in limine to Exclude Hearsay Relied on
by CGI in its 'Japan' Memorandum (Docket No. 138) is MOOT because all of the documents
ARS seeks to exclude as hearsay are excluded pursuant to paragraph 1 herein above." Docket
No. 172, at 49.

ARS respectfully points out that the July 24-25, 1989 document was ***not*** one of the
documents that ARS moved to exclude as "new evidence," but it ***was*** one of the documents that
ARS moved to exclude as hearsay. Specifically, in its "Motion In Limine To Exclude Hearsay
Relied On By CGI In Its 'Japan' Memorandum" (Docket No. 138), ARS sought to exclude "the
document said to be minutes of a July 24-25, 1989, meeting of CGI's scientific advisory board"
because it constitutes inadmissible hearsay. *Id*. at 2; *see also* Docket No. 139 (ARS
Memorandum In Support) at 7-8 (discussing same); and Docket No. 153 (ARS Reply) at 4-6
(explaining that ARS properly raised the hearsay objection to the July 24-25, 1989 document in
both the '114 Interference and in its First Amended Complaint in this case).

ARS sought to exclude this document from evidence because it indisputably is hearsay
(an out-of-court statement relied upon for the truth of the matter asserted), and in the briefing on
ARS's motion *in limine*, CGI failed to point to any exception to the hearsay rule that would
apply to this document. Consequently, ARS respectfully requests that the Court consider and rule
upon ARS's motion to exclude this document as hearsay.

### III.    THE PARTIES AGREED, AND THIS COURT ORDERED, THAT THE "JAPAN" ISSUE WOULD BE DECIDED ON THE WRITTEN RECORD

In its August 13 Order, the Court ordered the parties to "[e]stimate the length of time the trial of each issue should take." Docket No. 172 at 50. ARS respectfully submits that no trial is necessary to resolve the "Japan" issue, because the parties previously agreed, and this Court ordered, that the "Japan" issue should be decided "on the written record." *See* Docket No. 124 (Order dated August 9, 2006) at 2 ("As agreed by the parties, the court will conduct a trial on the written record to decide the question of whether the Board correctly found that CGI's claims 107-109 are unpatentable over the 'Japan' reference.").

Consequently, ARS respectfully submits that the parties' submissions should not address any topic relating to a trial regarding the "Japan" issue.

With respect to whether a trial is warranted on the issue of interference-in-fact and the length of time trying that issue will take, ARS's preliminary position is that no trial is warranted on that issue because it should also be decided on the written record. CGI's expert witness Dr. Tlsty will not be able to provide any live testimony within the scope of her Fed. R. Civ. P. 26(a)(2)(B) report that is relevant to that issue. Nor has CGI disclosed any fact witness who may have information relevant to that issue. ARS reserves its right to respond further on this issue after CGI files a revised brief and makes its position known.

4

**IV.    CONCLUSION**

For the foregoing reasons, ARS respectfully requests that the Court:

(a)     enter a revised briefing schedule, ordering CGI to file opening briefs on the issues of whether the Board erred in holding that CGI's claims 107-109 are unpatentable over the "Japan" reference and that there is no interference-in-fact by September 28, 2007, and ARS to file opposition briefs by October 19, 2007;

(b)     consider and grant ARS's outstanding motion *in limine* to exclude as hearsay CGI's document dated July 24 and 25, 1989;

(c)     order that no trial or live testimony will be entertained on the issues of whether the Board erred in holding that CGI's claims 107-109 are unpatentable over the "Japan" reference and that there is no interference-in-fact; and

(d)     grant any further relief this Court deems appropriate and just.

Dated: September 12, 2007                              Respectfully submitted,

By: ____/s/ Jill E. Uhl_____
Fred A. Kelly, Jr. (BBO # 544046)
Jill E. Uhl (BBO # 656283)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Tel: 617-345-1000
Fax: 617-345-1300

Kevin M. Flowers (*pro hac vice*)
Matthew C. Nielsen (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606-6357
Tel: (312) 474-6300
Fax: (312) 474-0448

Counsel For Plaintiff APPLIED RESEARCH
SYSTEMS ARS HOLDING, N.V.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

I hereby certify that on August 24, 2007 and again on September 7, 2007 I attempted to confer via email with counsel for CGI, Mr. Steven B. Kelber (copy filed herewith), in a good faith attempt to resolve or narrow the issues that are the subject of this motion. I was unable to obtain CGI's positions on those issues from Mr. Kelber.

_/s/ Matthew C. Nielsen_____

**CERTIFICATE OF SERVICE**

I hereby certify that **ARS MOTION FOR REVISED BRIEFING SCHEDULE AND RESPONSE TO ISSUES RAISED IN THE COURT'S AUGUST 13, 2007 ORDER** is being filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on the above date.

__/s/ Jill E. Uhl_____