**From:** Matthew Nielsen
**Sent:** Friday, September 07, 2007 5:01 PM
**To:** 'Steven B. Kelber'
**Cc:** 'Jill Uhl (juhl@nixonpeabody.com)'; 'Fred A. Kelly, Jr. (fkelly@nixonpeabody.com)'; Kevin Flowers
**Subject:** RE: ARS v. CGI

Steve,

We need to get this resolved. Please respond by COB Monday to the questions I raised in my August 24 email.

Matt

-----Original Message-----
**From:** Steven B. Kelber [mailto:Steven.Kelber@Jagtiani.com]
**Sent:** Thursday, August 30, 2007 11:39 AM
**To:** Matthew Nielsen
**Subject:** RE: ARS v. CGI

Matt:
This is in response to your email of August 24, 2007
The Court's decision was handed down at a time when the CGI decision makers were out of the Office. I simply do not have instructions on how to respond to your inquiry. I expect to have them after the conclusion of the Labor Day Holiday. I don't think your requests require action in advance of the 4th.
Let me know if you have any questions.

# Steven B. Kelber

Jagtiani + Guttag

10363-A Democracy Lane

Fairfax, Virginia 22030

Tel 703.563.2011 (direct)

Tel 703.591.2664 (main)

Fax 703.591.5907

Steven.Kelber@Jagtiani.com

This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under

applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at (703) 591-2664 and delete this e-mail message from your computer.

**From:** Matthew Nielsen
**Sent:** Friday, August 24, 2007 10:21 PM
**To:** 'Steven B. Kelber (steven.kelber@jagtiani.com)'
**Cc:** 'Jill Uhl (juhl@nixonpeabody.com)'; 'Fred A. Kelly, Jr. (fkelly@nixonpeabody.com)'; Kevin Flowers
**Subject:** ARS v. CGI

Steve,

We would like to discuss a few procedural issues that the Court raised in its August 13 Order. Our hope is that the parties can reach an agreement on those issues, and then make a joint proposal to the Court.

**Revised schedule for submission of briefs**

The Court's Order requires both CGI and ARS to submit revised briefs by September 31, 2007, based solely on the evidence deemed admissible by the Court in its August 13 order, on the issues of whether the Board erred in holding against CGI on the issues of the patentability of CGI's claims over the "Japan" reference and interference-in-fact.

ARS proposes that the parties submit a stipulated revised schedule to the Court in which CGI first files its opening briefs, and ARS subsequently files its opposition briefs. Such a schedule is appropriate because CGI bears the burden of proof on each issue, and because the parties proceeded this way during the briefing last Fall. We propose that CGI file its opening briefs by September 28, and that ARS file its opposition briefs by October 19.

Please let us know whether CGI agrees to this schedule by the close of business next Tuesday, **August 28, 2007**. If so, we propose to file a paper that day in which we ask the Court to enter a revised briefing schedule.

**The questions of potential live and expert testimony on the issues of Japan and interference-in-fact**

As you know, the Court has requested the parties to make proposals on the following issues by the end of September: (i) whether further live testimony should be taken from any witnesses who presented evidence to the Board and, if so, the identity of such witness and the reasons why his or her live testimony should be taken; (ii) whether any admissible expert evidence should be taken by live testimony or in written form; and (iii) the estimated length of time the trial of each issue should take.

No live or expert testimony is warranted to resolve the issue of whether the Board erred in holding that CGI's claims are unpatentable over Japan. The parties previously agreed, and the Court ordered, that issue should be decided "on the written record." Docket No. 124 (Order dated August 9, 2006) at 2 ("As agreed by the parties, the court will conduct a trial on the written record to decide the question of whether the Board correctly found that CGI's claims 107-109 are unpatentable over the 'Japan' reference."). Further, neither party has submitted a Rule 26(a)(2)(B) report regarding any potential expert testimony on this issue.

Similarly, no live or expert testimony is warranted to resolve the issue of interference-in-fact. Neither party has identified any potential fact witness regarding that issue. Nor has either party submitted a Rule 26(a)(2)(B) report regarding any potential expert testimony relevant to that issue.

Please let us know by the close of business next Tuesday if CGI agrees that no live or expert testimony is warranted on the issues of Japan or interference-in-fact. If so, we propose to notify the Court that day.

**Outstanding ARS hearsay objection to CGI document dated July 24 & 25, 1989**

Finally, we want to give you notice that ARS intends to ask the Court to rule on its outstanding hearsay objection to the document dated July 24 & 25, 1989. In its August 13 Order, the Court held that "because the meeting minutes dated July 24 and 25, 1989 were previously submitted to the Board, they are admissible in these cases."

Docket No. 172 at 49. The Court also held that "ARS' Motion in limine to Exclude Hearsay Relied on by CGI in its 'Japan' Memorandum (Docket No. 138) is MOOT because all of the documents ARS seeks to exclude as hearsay are excluded pursuant to paragraph 1 herein above." *Id*. However, the July 24-25, 1989 document was not one of the documents that ARS moved to exclude as "new evidence," but it was one of the documents that ARS moved to exclude as hearsay. Consequently, ARS intends to ask the Court to consider and rule upon ARS's motion to exclude that document as hearsay.

We look forward to hearing from you on these issues. And as I mentioned earlier, we hope that the parties can reach an agreement on each and make a corresponding joint proposal to the Court by next Tuesday.

Best regards,

Matt Nielsen
Marshall, Gerstein & Borun
mnielsen@marshallip.com