IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CELL GENESYS, INC.,<br><br>    Plaintiff/Counterdefendant<br><br>v.<br><br>APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V.,<br><br>    Defendant/Counterclaimant. | Civil Action No. 05-12448-MLW |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V.,<br><br>    Plaintiff,<br><br>v.<br><br>CELL GENESYS, INC.,<br><br>    Defendant/Counterclaimant, and<br><br>TRANSKARYOTIC THERAPIES, INC.,<br><br>    Defendant. | Civil Action No. 04-11810-MLW |

**CELL GENESYS INC.'S OPPOSITION TO APPLIED RESEARCH SYSTEM'S MOTION FOR REVISED BRIEFING SCHEDULE AND RESPONSE TO ISSUES RAISED IN THE COURT'S AUGUST 13, 2007 ORDER**

Cell Genesys, Inc. ("CGI") respectfully opposes Applied Research System's ("ARS") Motion for Revised Briefing Schedule and Response to Issues Raised in the Court's August 13, 2007 Order. For the reasons set forth below, ARS's motion is without merit and should be denied.

## **BACKGROUND**

On October 2, 2006, CGI filed memoranda of law on two issues. First, it filed a memorandum pertaining to whether the Japan reference is prior art to CGI. (Docket No. 126). Second, it briefed the issue of whether the Board of Patent Appeals and Interferences erred in its June 2004 decision finding that CGI claim 106 and ARS claim 24 did not in fact interfere (and that no claims of CGI not found unpatentable interfered with any of the claims of ARS not found unpatentable). (Docket No. 128). ARS subsequently submitted memoranda pertaining to these issues. (Docket Nos. 133 and 134, respectively).

In addition to submitting its memoranda of law on the above issues, ARS filed three motions *in limine* seeking to: (1) exclude allegedly new evidence offered by CGI in support of its "Japan" memorandum (Docket Nos. 135-137); (2) exclude alleged hearsay relied on by CGI in its "Japan" memorandum (Docket Nos. 138-139); and (3) exclude previously undisclosed evidence relied on by CGI in its "interference in fact" memorandum (Docket Nos. 140-141). CGI responded to ARS's motions. (Docket Nos. 145-148).

On August 13, 2007, this Court issued an Order pertaining to ARS's motions *in limine*. (Docket No. 172). The Court's Order stated, among other things, that in light of the parameters set by the Court in its Order, "[t]he parties shall, by September 31, 2007, [r]evise their submissions in response to the August 9, 2006 Order." As such, the Order requires the parties to submit revised briefs on two above-referenced issues, which were originally briefed by the parties in October 2006.

On September 12, 2007, ARS moved for reconsideration of the Court's August 13, 2007 Order. Although ARS framed its brief under the guise of a "Motion For Revised Briefing Schedule and Response to Issues Raised in the Court's August 13, 2007 Order," ARS clearly

seeks reconsideration on two issues addressed in the Court's August 13, 2007 Order. First, ARS requests that the Court treat the required revised briefing *de novo*, and further seeks a briefing schedule requiring CGI to first submit its revised memoranda, with ARS's memoranda then due three weeks later. Finally, ARS seeks reconsideration of the Court's finding that the minutes of the meeting of CGI of July 24 and 25, 1989, are not hearsay.

As detailed below, CGI opposes each of these aspects of ARS's Request for Reconsideration.

## ARGUMENT

### I.   ARS'S REQUEST FOR RECONSIDERATION SHOULD BE DENIED

Requests for reconsideration are within the discretion of the Court, *Davis v. Lehane*, 89 F. Supp.2d 142, 147 (D. Mass. 2000). However, such requests should only be granted in unusual circumstances "where the initial decision was clearly erroneous and would work a manifest injustice." *Id.* Tellingly, ARS's motion wholly fails to demonstrate (or even mention) how its request for reconsideration meets this standard, or what injustice is imposed.

#### A.   ARS's Request For A New Briefing Schedule Should Be Denied.

ARS requests that the Court alter the briefing schedule that it set in its August 13, 2007 Order. In particular, ARS requests that the Court require CGI to file its revised memoranda on September 28, 2007, notwithstanding that the Court's Order requires the filing to occur thereafter, on "September 31, 2007."[1] ARS further requests that the Court permit it to file its memoranda three weeks later, on October 19, 2007, after first having the benefit of CGI's revised memoranda.

ARS makes its request without pointing to any error or injustice, as the standard for reconsideration requires. ARS instead simply insists that because CGI has the burden of proof

---

[1] As September 30, 2007 falls on a Sunday, CGI intends to file its revised memoranda on Monday, October 1, 2007.

on the issues briefed, CGI should go first, *again.* Respectfully, ARS's argument lacks any logic or merit. Indeed, the parties have already briefed (many months ago) both the issue of interference-in-fact, and whether Japan is prior art as to CGI. With respect to these prior briefs, CGI filed its initial briefs, and ARS filed a response thereafter.

Now, ARS again seeks to file briefs weeks after CGI submits its revised memoranda pursuant to the Court's August 13, 2007 Order. However, the Court's Order does not invite the parties to change their litigation strategy, or develop wholly new arguments or briefs. Rather, the Order simply directs the parties to re-present the briefs previously advanced, but trimmed to include only the evidence that the Court is willing to consider in light of the rest of its Order, *viz.*, evidence submitted previously to the Board. ARS already has CGI's original briefs on these issues, which include CGI's arguments based on the testimony advanced before the Board below. As such, ARS should be required to follow this Court's Order, and revise its memoranda accordingly, and without a three-week extension whereby it would again have the benefit of CGI's revised submissions. The parties should be required to submit their briefs concurrently pursuant to this Court's Order.

**B.    ARS's Request That This Court Revisit the Admissibility of the Minutes of the Meeting of July 24-25, 1989 Should Be Denied.**

Just as ARS fails to provide any basis in which the Court should reconsider the timing of its briefing schedule for revised submissions, ARS also fails to demonstrate any basis whatsoever which warrants the Court's reconsideration of its prior ruling on the admissibility of the minutes of CGI's Scientific Advisory Board. The Board below, and this Court, have already considered (and rejected) ARS's argument on two separate occasions – first, on June 22, 2004 (Decision on Motions, attached to First Amended Complaint at Exhibit 1, Docket No. 2) and in this Court's

4

recent August 13, 2007 Order. As such, there is no need or basis for the Court to reconsider ARS's argument for a third time.

Moreover, the meeting minutes at issue are *not* being offered by CGI for the truth of the matter asserted therein. In fact, the issue is *not* whether the diagram of homologous recombination drawn by Skoultchi and reproduced in these meeting minutes by George Savage works or not when practiced; rather, the issue of importance is whether these minutes were written in response to a presentation by Skoultchi, and if so, when and whether they were written no later than August 29, 1989. Indeed, conception and reduction to practice are commonly demonstrated by oral testimony confirming the creation of documents that capture the mental image developed by the inventor. *Singh v. Brake*, 222 F.3d 1362, 55 USPQ2d 1673, 1678 (Fed. Cir. 2000) (reaffirming that timely dated documents, *without more*, may verify a date of conception).

If CGI was actually attempting to rely on the meeting minutes for the proposition that homologous recombination can be used to induce expression of a silent or poorly expressed gene in a genome of a cell, ARS's argument would have merit given that this is the topic asserted in the minutes, and is the subject matter of the invention at issue. However, CGI *only* relies on the minutes to establish that this concept, as well as the insertion of a gene capable of inducing duplication of the gene of interest, was disclosed by Skoultchi, the CGI inventor, on the date of the minutes, July 25, 1989. Given that the minutes profess to be a record of things said during the meeting, it is perfectly acceptable under the Federal Rules of Evidence for the minutes to be admissible for the purpose of determining when the document was written, and not for the truth of the matters asserted therein.

Moreover, ARS fails to offer any new case law, rationale, or facts to support a conclusion other than the one reached by this Court on two prior occasions: the minutes are admissible for the purpose of establishing what was said during that meeting and when the document was written. As such, ARS's motion for reconsideration on this issue should also be denied.

### III. CONCLUSION

For the reasons stated above, CGI respectfully requests that this Court deny ARS's Motion.

Respectfully submitted,

Dated: September 26, 2007

By: /s/ T. Christopher Donnelly
T. Christopher Donnelly (BBO # 129930)
Jill Brenner Meixel (BBO# 652501)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33d Floor
Boston, MA 02108
Tel: 617-720-2880
Fax: 617-720-3554

Steven Kelber
Jagtiani+GUttag
10363-A Democracy Lane
Fairfax, Virginia 22030
Tel: 703-563-2011
Fax: 703-591-5907

COUNSEL FOR DEFENDANT
CELL GENESYS, INC.

## Certificate of Service

I hereby certify that the foregoing document was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 26, 2007.

/s/  T. Christopher Donnelly
T. Christopher Donnelly