# EXHIBIT 1

UNITED STATES PATENT AND TRADEMARK OFFICE

BOARD OF PATENT APPEALS AND INTERFERENCES
INTERFERENCE DIVISION
Trial Section

**STANDING ORDER**
(Governing proceedings before the Trial Section)

1 May 2003

**1      Communications with the Board**

**1.1     No *ex parte* communications**

Communications with an administrative patent judge relating to an interference shall be *inter partes* in which at least one counsel for each party shall participate. Any attempt to initiate an *ex parte* telephone call, e-mail, or other form of communication to an administrative patent judge in connection with an interference may result in sanctions.

**1.2     Telephone calls to the board**

Telephone calls to the board regarding an interference shall be placed to 703-308-9797.

Telephone calls requesting a conference call shall be placed to personnel of the support staff assigned to the Trial Section of the Interference Division of the board. A party seeking a conference call with an administrative patent judge should be prepared to advise the support staff personnel why a conference call is needed.

**1.3     Filing papers with the board**

**1.3.1   Certificates of service**

Proof of service must accompany all papers filed in an interference. 37 CFR § 1.646(e).

Each paper filed in an interference shall have a separate certificate of service, which shall be the last page of the paper. The purpose for this requirement is to make it easier for the board to verify that each paper in an interference has been served.

The certificate of service serves as notice to an opponent that the paper has been filed with the board.

**1.3.2**   Transmittal sheets

      The filing of a transmittal sheet listing documents being filed unduly complicates entry of papers into files and docketing of papers in the Office of the Clerk.  The filing of papers in the nature of a transmittal sheet is not authorized.

**1.3.3**   Delivery of papers to the board

      Papers may be delivered to the board as follows:

**1.3.3.1** Hand delivery to the board

      Hand-delivery to the board must occur between the hours of 8:30 a.m. and 5:00 p.m.  The board is located at:

          Board of Patent Appeals and Interferences

          Crystal Gateway Two

          10th Floor

          1225 Jefferson Davis Highway

          Arlington, Virginia 22202

      Any paper hand-delivered to the Office of the Clerk before 10:00 a.m. is deemed to have been filed the previous business day provided the paper was properly served the previous business day.  The ability to file a paper with the board by 10:00 a.m. is designed to eliminate any need to hand-deliver papers to the United States Patent and Trademark Office (USPTO) Mail Room after business hours.

      Hand-delivery to the Office of the Clerk of the Board will minimize the time it takes to (1) process the paper and (2) decide any request made in the paper.

**1.3.3.2** Commercial overnight delivery service

      Commercial overnight delivery service, addressed as follows:

>Board of Patent Appeals and Interferences
>
>Crystal Gateway Two, 10th Floor
>
>1225 Jefferson Davis Highway
>
>Arlington, VA  22202

Properly addressed papers filed by a commercial overnight delivery service are deemed filed on the date they are delivered to the commercial overnight delivery service.

### 1.3.3.3 United States Postal Service

Delivery to the USPTO Mail Room or by U.S. Postal Service, including EXPRESS MAIL®, addressed as follows:

>Mail Stop INTERFERENCE
>
>Board of Patent Appeals and Interferences
>
>United States Patent and Trademark Office
>
>Alexandria, Virginia 22313-1450.

### 1.3.3.4 Facsimile

The board facsimile number for interference matters is 703-305-0942.

Papers exceeding five (5) pages in length cannot be filed by facsimile without prior permission of Trial Section support staff personnel.

Unless expressly ordered by an administrative patent judge, a subsequent confirmation copy is not needed when filing a paper by facsimile.

## 2    Service

## 2.1    Service  of papers by hand or EXPRESS MAIL®

All papers served on opposing counsel in an interference shall be served by:

(a)    EXPRESS MAIL® (an overnight delivery service of the U.S. Postal Service) (37 CFR § 1.646(d)) or

(b)    any other means that accomplishes a same-day or overnight delivery of the paper, e.g., by hand, facsimile, or a commercial overnight delivery service.

The purpose of this requirement is to place all parties on a level playing field by avoiding different delivery times, which inherently occur through the use of the U.S. Postal Service.

Unless agreed to by the parties, electronic mail is not deemed to be service.

The day a facsimile is transmitted, an overnight package is delivered to a courier or a paper is served by hand does not count in the calculating of the time for filing a response.

**2.2**    **Papers served that need not be filed**

The following papers, which must be served on an opponent, need not be filed with the board at the time of service, but may need to be filed at a future date if a dispute arises with respect to the paper served:

(a)    An objection to the admissibility of evidence after service of evidence (the objection should be filed only as an attachment to a motion to exclude (37 CFR § 1.656(h)).

(b)    A notice requesting cross-examination.

(c)    Discovery pursuant to ¶ 7(a) of this STANDING ORDER.

**3**    **Paper format**

**3.1**    **Cover sheet to be used in filing papers**

The first page of all papers filed in an interference shall be **pink** similar to the pink first sheet accompanying the NOTICE DECLARING INTERFERENCE.

**3.2**    **Requirement for filing two copies of each paper**

Unless otherwise ordered, a party is required to submit (1) an original and (2) one copy of each paper filed in an interference.  The copy shall be marked at the top:

"COPY FOR JUDGE"

-4-

### 3.3    Size of paper

With the exception of original exhibits of a different size, all papers filed in an interference shall be:

(a)    8½ inch x 11 inch paper or

(b)    A4 paper.

The board prefers use of 8½ inch x 11 inch paper. The purpose of this requirement is to facilitate storage of papers, files and evidence at the board and placing of papers in file wrappers.

### 3.4    Holes at the top of papers

All papers filed in an interference shall have two holes punched at the top spaced at 2-3/4 inches apart (each hole spaced equidistant from an imaginary center line running from the top to the bottom of the paper).

The purpose of this requirement is to facilitate placing papers in files and to avoid the need to unstaple papers, thereby minimizing the chance that a page of a particular paper will be inadvertently separated or misplaced.

### 3.5    Headings on papers

In papers filed in an interference, the heading shown in Part G of the NOTICE DECLARING INTERFERENCE shall be used. Standardized headings have proved to be important in improving the processing of papers at the board and facilitate communications with the parties.

### 3.6    Manner of styling papers

The style of all papers shall appear on a single line and shall not use the words "et al".

The purpose of this requirement is to simplify docketing at the board.

All motions, including 37 CFR § 1.633 preliminary motions, of a party shall be consecutively numbered starting with number 1. In connection with a motion, and in a second line, a party may specify the nature of the motion. For example:

(a)    JONES MISCELLANEOUS MOTION 1
       (for additional discovery)

    (b)     JONES PRELIMINARY MOTION 2
              (for judgment based on prior art)

    (c)     JONES PRELIMINARY MOTION 3
              (for judgment based on lack of enablement)

    (d)     JONES MOTION TO CORRECT INVENTORSHIP 4

Any opposition to a motion, including a 37 CFR § 1.633 preliminary motion, shall bear the same number as the motion it opposes (skipping the number of any motion not opposed). For example:

    (e)     SMITH OPPOSITION 1

    (f)     SMITH OPPOSITION 2

    (g)     SMITH OPPOSITION 4

Any reply to an opposition shall bear the same number as the opposition to which it replies (again, skipping the number of any opposition for which no reply is filed). For example:

    (h)     JONES REPLY 1

    (i)     JONES REPLY 4

Papers other than motions, oppositions and replies should be similarly styled. For example:

    (j)     JONES DESIGNATION OF LEAD ATTORNEY

    (k)     SMITH DESIGNATION OF REAL PARTY IN INTEREST

    (l)     JONES REQUEST FOR FILE COPIES

    (m)    SMITH PRELIMINARY STATEMENT

    (n)     JONES SERVICE OF REFERENCES

    (o)     SMITH CLEAN COPY OF CLAIMS

    (p)     SMITH CLEAN COPY OF CLAIMS
              (with drawing numerals)

    (q)     SMITH CLEAN COPY OF CLAIMS
              (means plus function)

**3.7     Use of double spacing**

All typing in papers (including quotes and footnotes, but excluding headings, signature blocks and certificates of service) shall be double spaced.

The use of footnotes is discouraged.

**3.8     Prohibition against presenting duplicate papers**

When presenting a paper in an interference, a party shall not submit with the paper (as an appendix, exhibit, or otherwise) a copy of a paper previously filed in the interference (37 CFR § 1.618(b)).

The purpose of this requirement is to (1) minimize the size of files and (2) facilitate storage of material in the limited storage space available to the board.

**4     Lead and backup counsel**

Within **fourteen (14)** days of the date of the NOTICE DECLARING INTERFERENCE, each party is required to identify in a separate paper:

(a)     a lead counsel (37 CFR § 1.613(a));

(b)     a backup lead counsel;

(c)     a mailing address;

(d)     in the event the mailing address is a Post Office Box, an additional address where overnight packages may be delivered (a commercial courier will not deliver to a U.S. Postal Service box);

(e)     telephone number;

(f)     facsimile number and

(g)     internet e-mail address, if available.

If lead counsel or backup counsel are not counsel of record (37 CFR § 1.34(b)) in the application or patent involved in the interference, then within **fourteen (14) days** of the date of the NOTICE DECLARING INTERFERENCE, a power of attorney shall be filed.

5    **Real party in interest**

Within **fourteen (14) days** of the date of the NOTICE DECLARING INTERFERENCE, each party shall notify the board in a separate paper of any and all right, title, and interest in any application or patent involved in the interference (37 CFR § 1.602(b)).

All parties are continually obligated to promptly update changes of the real party in interest.

6    **Request for file copies**

The parties to the interference have access to the patent and application files involved in the interference, as well as any benefit files identified in the NOTICE DECLARING INTERFERENCE.  37 CFR § 1.612(a).

The parties are advised that the interference file does not include any involved application or patent or any benefit files, all of which are maintained separate from the interference file.  If a party wishes to order copies of involved application or patent files or any benefit files mentioned in the NOTICE DECLARING INTERFERENCE, then within **fourteen (14) days** of the date of the NOTICE DECLARING INTERFERENCE, the party shall file **with the board** (not another office in the USPTO) a separate paper styled [Name of party] REQUEST FOR FILE COPIES to which is attached a completed FILE COPY REQUEST, a copy of which accompanies the NOTICE DECLARING INTERFERENCE.

The parties are encouraged to file requests for copies by facsimile at 703-305-0942.

Within **twenty-one (21) days** of the date of the NOTICE DECLARING INTERFERENCE, the board will forward all requests timely received and all necessary files to the Office of Public Records (OPR).

An order will be entered by the Trial Section notifying the parties that their respective orders have been forwarded to OPR.  OPR will make the copies, which will be shipped via overnight commercial courier within **fourteen (14) days** of receipt of the order.

-8-

The parties are advised that during the pendency of the interference, files may be inspected only at the board and generally are unavailable while copies are being made at OPR.

The parties are further advised that failure to timely request copies of files as set out herein generally will not constitute a basis for granting an extension of time (37 CFR § 1.645(a)). Thus, an extension of time should not be expected based on non-receipt of requested files where a party did not timely place an order for copies in the manner set out above.

7  **Copies of patents and literature mentioned in each specification (and translations, if available)**

Within **twenty-one (21) days** of a request by an opponent, a party shall:

(a)  serve a legible copy of every requested patent, literature reference, and test standard (e.g., an ASTM test) mentioned in the specification of the party's involved patent or application upon which the party will rely for benefit;

(b)  in the case of any patent, literature reference, or test standard in a foreign language, serve any translation to which the party has access; and

(c)  file with the board a notice (without copies of the patents or literature) that it has served the patents and literature.

Upon a request by the board, the parties should be prepared to promptly file copies of the patent, literature references, or test standards.

The purpose of the additional discovery authorized by this section is (1) to place the parties on a level playing field and (2) to minimize any difficulty authenticating documents when a party would like to rely on a document cited in an opponent's specification. A party should have access to documents cited in its opponent's specification and it may be difficult for the party to locate those documents. 37 CFR § 1.687(c).

8    **Clean copy of claims**

Within **fourteen (14) days** of the date of the NOTICE DECLARING INTERFERENCE, each party shall file a copy of a clean set of all claims (as they exist as of the date of the NOTICE DECLARING INTERFERENCE):

(a)    pending in the party's involved application or

(b)    contained in the party's involved patent (including any changes that took place by way of a certificate of correction after granting of the patent and before the NOTICE DECLARING INTERFERENCE).

In a biotechnology case, if the claims refer to a sequence, then a copy of the sequence shall be included along with the clean copy of the claims.

The purpose of this requirement is to have readily available a clean copy of the claims of the parties. In applications, claims are often spread throughout the application file. In patents, there are often certificates of correction.

9    **Application or patent with a drawing or claims containing means or step for performing a specified function limitations**

If any involved patent or application contains:

(1)    a drawing or

(2)    a claim designated as corresponding to a count reciting a means or step for performing a specified function (35 U.S.C. 112[6]),

then within **twenty-eight (28) days** of the date of the NOTICE DECLARING INTERFERENCE, the party is required to file (in addition to the paper required by ¶ 8 of this STANDING ORDER) a separate paper containing a copy of the claims in which:

(a)    following each element recited in each claim, the drawing numbers corresponding to that element are inserted in bold in braces, e.g., { } and

-10-

(b)     following each means or step for performing a specified function are inserted in
bold in braces { }, all structure, material or acts described in the specification
corresponding to that means or step (by citation to the page(s) and line(s) of the
specification or figure and item number of the drawings).

An example follows:

An apparatus comprising

a pump { **Fig. 1, item 18** },

a body member { **Fig. 1, item 19** },

a first valve { **Fig. 2, item 25** },

means for calculating a numerical value for an exponent { **page 2, lines 8-
10; page 4, lines 21-25; Fig. 2, item 34** },

means for printing { **page 5, line 8 through page 6, line 1; Fig. 3, items
45 and 46** }, and

a second valve { **Fig. 3, item 98** } * * *.

The purpose of this requirement is to allow all parties and the board to understand the
precise scope of the claims that correspond to the count. Since a count may itself refer to a
party's claim that contains a means or step for performing a specified function, the requirement
will also make it easier to understand the scope of a count.

If during an interference, a party presents (1) a new claim in an application that contains a
drawing or (2) a new claim that recites a means or step for performing a specified function, the
party shall file a separate paper containing a copy of the new or amended claim complying with
the requirements set out above.

If during an interference, a party files a 37 CFR § 1.633 preliminary motion seeking the
benefit of an earlier application (1) containing a drawing or (2) with respect to a claim in an
involved patent or application that recites a means or step for performing a specified function, the

-11-

party shall file an appendix to the 37 CFR § 1.633 preliminary motion containing a copy of the claims complying with the requirements set out above.

If during an interference, a party intends to argue that a structure, material or act is an equivalent (within the meaning of 35 U.S.C. 112[6]) of a structure, material or act described in the specification, then the party shall:

(a)     promptly file a notice with the board of its intention to argue the equivalency;

(b)     clearly set out the precise nature of the structure, material or act that is deemed to be equivalent to the structure, material or act described in the specification and

(c)     bear the burden of proof of establishing the equivalency alleged.

In the case of a 37 CFR § 1.633 preliminary motion, notice is deemed to be promptly given if it is given in the 37 CFR § 1.633 preliminary motion or, if raised by an opponent, in an opposition to a 37 CFR § 1.633 preliminary motion.

In the case of priority, notice is deemed to be promptly given if a separate paper is filed with the board at the same time a party serves its case-in-chief. See § C, ¶¶ 2 and 5 of the ORDER SETTING TIMES (Times for taking action--priority testimony phase).

**10    Conference calls to set dates**

Dates for action in an interference are generally, but not always, set after a conference call.

In the case of dates for taking action during the preliminary motion and priority testimony phase of the interference, the call generally will be initiated by the board.

A date and time for a conference call to discuss dates for taking action during the preliminary motion phase of the interference has been set in Part D of the NOTICE DECLARING INTERFERENCE.

No later than **two business days** prior to the conference call to set dates for taking action during the preliminary motion phase, each party shall file and serve by facsimile a list of the 37 CFR § 1.633 preliminary motions the party intends to file.

The requirement for a list of 37 CFR § 1.633 preliminary motions attempts to improve the administration of justice, including reducing costs, by (1) helping the Trial Section and counsel arrive at an appropriate schedule for taking action during the preliminary motion phase of the interference, (2) permitting the Trial Section to determine that certain 37 CFR § 1.633 preliminary motions may be unnecessary and that other 37 CFR § 1.633 preliminary motions may be necessary and (3) revealing the possibility that there may be a dispositive 37 CFR § 1.633 preliminary motion. Submission of a list does not preclude the filing of additional 37 CFR § 1.633 preliminary motions not contained in the list. However, subsequent determination of a need to file an additional 37 CFR § 1.633 preliminary motion will not constitute a basis for enlarging the time for taking action in the preliminary motion phase.

A copy of a "sample" order setting times for taking action during the preliminary motion phase of the interference accompanies the NOTICE DECLARING INTERFERENCE. Counsel are encouraged to discuss the order prior to the conference call and to come to some mutual agreement as to dates for taking action.

**11    Legal authorities**

**11.1    Citation of precedent and other authority**

When citing a decision of a court that is published in both the West Reporter System and the United States Patents Quarterly (USPQ), counsel should provide parallel citations, e.g., Aelony v. Arni, 547 F.2d 566, 192 USPQ 486 (CCPA 1977); In re Deckler, 977 F.2d 1449, 24 USPQ2d 1448 (Fed. Cir. 1992).

Binding precedent is the following:

(a)    Decisions of the U.S. Supreme Court.

(b)    Decisions of the Court of Appeals for the Federal Circuit, the former CCPA and the former Court of Claims. See South Corp. v. United States, 690 F.2d 1368, 1370-71, 215 USPQ 657, 657-58 (Fed. Cir. 1982) (en banc), and In re Gosteli, 872 F.2d 1008, 1011, 10 USPQ2d 1614, 1616-17 (Fed. Cir. 1989) (where there is

-13-

a conflict between two or more decisions of the former CCPA, the later CCPA decision controls).

(c)     Decisions of the Director of the USPTO (formerly the Commissioner of Patents and Trademarks).

(d)     Decisions of the Board of Patent Appeals and Interferences that have been determined to be binding precedent in accordance with board Standard Operating Procedure 2. *See, e.g.*, Reitz v. Inoue, 39 USPQ2d 1838 (Bd. Pat. App. & Int. 1995).

(e)     Trial Section decisions that have been designated as precedential.

Decisions of the regional courts of appeals and the district courts may be cited, but are not binding precedent.

Non-precedential decisions of federal courts shall not be cited.

Non-precedential decisions of the board may be cited, but are not binding.

The Manual of Patent Examining Procedure (MPEP) is a guide for patent examiners, which is prepared by the Office of the Commissioner for Patents. Counsel should cite only primary authority: (1) the United States Code, (2) the Code of Federal Regulations, (3) notices published in the Federal Register or the Official Gazette, and (4) binding precedent.

## 11.2    Copies of authority cited

Parties are required to submit with the document in which a court opinion is cited a copy of any opinion that is **not** reported in (1) West Publishing Company's Supreme Court Reporter, (2) the second or third series of West's Federal Reports, or (3) the first or second series of the USPQ. The reason for this requirement is that other court reporters are not available at the board.

## 11.3    Trial Section opinions

Trial Section binding precedents and other selected Trial Section opinions are available through the internet at:

http://www.uspto.gov/web/offices/dcom/bpai/its.htm

-14-

The web page is updated from time to time.

Opinions may also be published in the USPQ2d.

**12    Copy of papers in electronic form**

The purpose of this section is to put the parties on notice that they are authorized to file copies of documents in electronic form. Often documents in electronic form (1) are more easily searched and (2) can minimize the chance that an argument or evidence will be overlooked by an administrative patent judge or other board personnel.

The required number of paper copies must also be filed in the USPTO and served on all opponents.

**12.1    Time and medium for electronic filing**

At an appropriate time in the proceeding, the board will authorize submission of (1) a 100mb ZIP® disk for a ZIP® disk drive or (2) a CD-ROM.

**12.2    Papers appropriate for electronic filing**

The following documents are appropriate for submission on the ZIP® disk or CD-ROM:

(a)      the specification,

(b)      the claims,

(c)      any motion, opposition or reply,

(d)      affidavit testimony,

(e)      exhibits,

(f)      transcripts of cross-examination depositions,

(g)      principal, opposition and reply briefs at final hearing and

(h)      other material, such as statutes, rules and court and administrative precedent relied upon in 37 CFR § 1.633 preliminary motions, principal briefs, oppositions or replies.

**12.3    Format**

The filing of a ZIP® disk or CD-ROM is subject to the following conditions:

-15-

(a)     The ZIP® disk or CD-ROM must be capable of operating on a computer running Windows NT.

(b)     The board has monitor capability of 256 colors and an 800 x 600 screen setting.

(c)     The board will not consider electronic files submitted in formats it cannot read. The board has access to ADOBE ACROBAT READER (preferably in the text-searchable format), WORDPERFECT 9, and MICROSOFT WORD 2000. Parties use other formats at their own risk.

(d)     The file name of each electronic document must concisely identify the content of the document (e.g., Jones PM1.wpd, Smith Opp1.doc; Ex1038.pdf).

(e)     Any party wishing to file the brief on ZIP® disk or CD-ROM must provide four (4) copies of the ZIP® disk or CD-ROM to the board.

(f)     One copy of the ZIP® disk or CD-ROM must be served on all opponents.

**13      Motions, oppositions and replies**

The purposes of the following requirements are to (1) simplify consideration of motions, (2) minimize the chance that an argument will be overlooked and (3) make it easier to determine whether a reply raises new issues.

**13.1    Motions**

**13.1.1  Burden of proof**

A party filing a motion has the burden of proof. 37 CFR § 1.637(a). In addition to complying with any procedural requirements of the rules and this STANDING ORDER, when a substantive issue is raised by a motion, a party bears a burden to establish its right to any substantive relief requested in the motion. See Hillman v. Shyamala, 55 USPQ2d 1220, 1221-22 (Bd. Pat. App. & Int. 2000). A motion that fails to comply with applicable procedural requirements may be dismissed without reaching the merits, in which case the issue sought to be raised by the motion is deemed not to have been properly presented for decision by the board. A motion that, while complying with applicable procedural requirements, nevertheless fails to make

-16-

out a substantive case may be denied on the merits.  A motion may be dismissed or denied without considering the opposition and may be granted without considering the reply.

**13.1.2** <u>Format</u>

In presenting a motion, a party shall set out in the following order:

(a)    The precise relief requested.  Two examples are:

(1)    Jones moves to be accorded the benefit of the filing date of application X, filed January 22, 1993.

(2)    Jones moves for judgment against Smith on the ground that Smith's claims 1, 2 and 5 corresponding to the count are unpatentable under 35 U.S.C. 103 over the combined disclosures of U.S. Patent No. Y (Johnson) and French Patent Z (Boleau).

(b)    The evidence (i.e., a list in numerical order of all exhibits) upon which the moving party relies in support of the motion with a brief description of the exhibit (e.g., "Exhibit 1038, Second Declaration of Jones").

(c)    A statement of facts in separately numbered paragraphs sufficient to establish entitlement to the requested relief, with citations to the evidence.

(d)    An argument setting out the reasons why relief should be granted.

Facts should be set out as short, numbered declaratory sentences that are capable of being admitted or denied.

A motion may be denied if the facts alleged are insufficient to state a claim for which relief may be granted.  Facts set out in an argument portion of a motion may be overlooked and may result in a motion being denied.

Citation to the evidence must be specific, i.e., (1) by column and line of a patent, (2) page, column and paragraph of a journal article and (3) page and line of a cross-examination deposition transcript.  Citations to an entire document or numerous pages of a cross-examination deposition transcript do not comply with the requirement for a citation to the record.  In this

-17-

respect, the Trial Section adopts as its policy the rationale of Clintec Nutrition Co. v. Baxa Corp., 44 USPQ2d 1719, 1723 n.16 (N.D. Ill. 1997), which notes that where a party points the court to multi-page exhibits without citing a specific portion or page, the court will not pore over the documents to extract the relevant information, citing United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991). Nor will the board take on the role of an advocate for one of the parties. Cf. Ernst Haas Studio, Inc. v. Palm Press, Inc., 164 F.3d 110, 111-12, 49 USPQ2d 1377, 1378-79 (2d Cir. 1999).

**13.2    Oppositions**

In presenting an opposition, a party shall set out in the following order:

(a)    The evidence (i.e., a list in numerical order of all exhibits by number) upon which the opposing party relies in support of the opposition.

(b)    Whether each fact alleged by the moving party is admitted, denied or that the opposing party is unable to admit or deny the fact alleged.

(c)    Any additional facts upon which the opposing party intends to rely with a citation to the evidence.

(d)    An argument stating the reason why relief is opposed shall be made in the following manner:  "On page x, lines y-z of the motion, it is argued (or stated factually) that _____.  The response is _____."

**13.3    Replies**

In presenting a reply, a party shall set out in the following order:

(a)    The evidence (i.e., a list in numerical order of all exhibits by number) upon which the party relies for the first time in support of the reply.

(b)    Whether each additional fact alleged by the opposing party is admitted, denied or that the moving party is unable to admit or deny the fact alleged.

(c)    Any additional facts upon which the moving party intends to rely to rebut additional facts alleged by the opposing party with a citation to the evidence and an explanation as to why each additional fact was not set out in the motion.

(d)    The argument responsive to statements in the opposition shall be made in the following manner: "On page x, lines y-z of the opposition, it is argued (or stated factually) that _____. The response is _____."

**13.4     Specific preliminary motions**

13.4.1  Preliminary motion--anticipation

When anticipation (35 U.S.C. 102) is the basis for a 37 CFR § 1.633(a) preliminary motion for judgment, each claim alleged to be anticipated shall be reproduced as an appendix to the 37 CFR § 1.633(a) preliminary motion.

Following each element or step recited in the claim, and within braces { }, there shall be inserted in bold a specific citation to the column and line or drawing figure and numeral or other material where a prior art reference describes each element or step recited in the claim. Braces { } are required instead of brackets [ ] because brackets have been used to indicate amended portions of claims in reissue applications.

This procedure shall be used for each claim of an opponent that a party maintains is anticipated.

13.4.2  Preliminary motion--obviousness

When obviousness (i.e., 35 U.S.C. 103) over the prior art is the basis for a 37 CFR § 1.633(a) preliminary motion for judgment, the claim annotation of ¶ 13.4.1 shall be used to indicate for each element or step in the claim where a prior art reference teaches or suggests the element or step in the claim. If the reference does not teach or suggest the element or step, that fact shall be explicitly identified as a difference.

-19-

An explanation shall be made in the body of the preliminary motion (not an appendix) as to why the subject matter of the claim, as a whole, would have been obvious to a person having ordinary skill in the art notwithstanding any difference.

This procedure shall be used for each claim of an opponent that a party maintains is unpatentable based on obviousness.

### 13.4.3    Preliminary motion--request for testimony

If a request is to be made for leave to take testimony (37 CFR § 1.639) to support a 37 CFR § 1.633 preliminary motion, opposition or reply, the request shall be made by a 37 CFR § 1.635 miscellaneous motion filed sufficiently before the 37 CFR § 1.633 preliminary motion, opposition or reply is due so the testimony (i.e., affidavit or transcript of any deposition) can be served with the 37 CFR § 1.633 preliminary motion, opposition or reply.

If a party knows that testimony will be needed to support a 37 CFR § 1.633 preliminary motion at the time of the conference call to set times for taking action during the preliminary motion phase, the administrative patent judge should be advised at that time.

If the motion is granted, testimony may be (1) *ex parte*, subject to subsequent cross-examination, or (2) *inter partes*. Therriault v. Garbe, 53 USPQ2d 1179 (Bd. Pat. App. & Int. 1999).

### 13.4.4    Preliminary Motion--inequitable conduct or fraud

The requirements of ¶ 13.10.1 of this STANDING ORDER are applicable to any 37 CFR § 1.633(a) preliminary motion for judgment based on alleged inequitable conduct or fraud.

A party must be in a position to make out a *prima facie* case of inequitable conduct or fraud at the time the 37 CFR § 1.633(a) preliminary motion is filed. Additional discovery (37 CFR § 1.687(c)) or a request to take testimony (37 CFR § 1.639(c)) of an opponent, asserted to be necessary to make out a *prima facie* case, generally will not be authorized. Filing of a 37 CFR § 1.633(a) preliminary motion based on alleged inequitable conduct or fraud that fails to

make out a *prima facie* case may result in sanctions or a referral to the Office of Enrollment and Discipline.

**13.4.5** <u>Motion to correct inventorship</u>

Subject to the requirements of 37 CFR § 1.636(c), a 37 CFR § 1.634 motion to correct inventorship may be authorized at any time. The movant must initiate a conference call with the administrative patent judge and opposing counsel to obtain authorization.

Times for filing the motion, opposition and reply will be set by the administrative patent judge.

Appropriate action will be taken to minimize prejudice to a non-moving party in those cases where the motion is filed after the time for filing 37 CFR § 1.633 preliminary motions.

**13.4.6** <u>Preliminary motion--adding reissue application</u>

A party filing a 37 CFR § 1.633(h) preliminary motion to add a reissue application to an interference must agree that all claims in the reissue application, not contained in the original patent, correspond to a count in the interference. See <u>Winter v. Fujita</u>, 53 USPQ2d 1234 (Bd. Pat. App. & Int. 1999), <u>reh'g denied</u>, 53 USPQ2d 1478 (Bd. Pat. App. & Int. 1999). A reissue application will not be added to an interference unless every added or amended claim is designated as corresponding to a count.

**13.4.7** <u>Preliminary motion--designating claims</u>

A party's 37 CFR § 1.633(c) preliminary motion seeking to have its claim designated as corresponding to a count shall establish that the claim covers the same patentable invention as an opponent's claim that the party agrees corresponds to the count. A party's 37 CFR § 1.633(c) preliminary motion seeking to have its claim designated as not corresponding to a count shall establish that the claim covers an invention that is not the same patentable invention as any of the opponent's claims designated as corresponding to a count.

-21-

**13.4.8** Preliminary motion--interference in fact

A party alleging that there is an interference-in-fact between its claim and a claim of an opponent must establish **both**:

   (a)     assuming the movant's claim is prior art to an opponent's claim, that the subject matter of the movant's claim would have anticipated (35 U.S.C. 102) or rendered obvious the subject matter of (35 U.S.C. 103) the opponent's claim **and**

   (b)     assuming the opponent's claim is prior art to the movant's claim, that the subject matter of the opponent's claim would have anticipated or rendered obvious the movant's claim.

**13.5    Page number limitation on motions, oppositions and replies**

A motion is limited to twenty-five (25) pages, not including any certificate of service.

An opposition to a motion is limited to twenty-five (25) pages, not including any certificate of service.

A reply to an opposition is limited to ten (10) pages, not including any certificate of service.

**13.6    Combined oppositions and replies not to be filed**

An opposition shall respond to only a single motion; "combined" oppositions responding to more than one motion shall not be filed.

A reply shall respond to only a single opposition; "combined" replies to more than one opposition shall not be filed.

One purpose of this requirement is to minimize the possibility that an argument will be overlooked.

**13.7    New issues in replies**

No new issues shall be raised in replies.

A reply may be deemed to have raised a new issue if the reply refers to new evidence that (1) is necessary to make out a *prima facie* case for the relief requested in the motion or (2) could have been included with the motion.

A reply that is longer than the corresponding motion and opposition probably raises new issues.

If a reply raises any new issue or belatedly relies upon evidence that should have been earlier presented, the entire reply and belatedly relied upon evidence will not be considered and may be returned. The board will not attempt to sort proper from improper portions of the reply.

An improper reply may be returned.

**13.8    Prohibition against incorporation by reference**

Arguments presented in one paper shall not be incorporated by reference to another paper.

The purpose of this requirement is to minimize the chance that an argument will be overlooked and to maximize the efficiency of the decision-making process. In this respect, the Trial Section adopts the rationale of the court in DeSilva v. DiLeonardi, 181 F.3d 865, 866-67 (7th Cir 1999) that incorporation of arguments by reference amounts to a self-help increase in the length of the brief and a pointless imposition on the board's time. A brief must make all arguments accessible to readers, rather than ask them to play archaeologist with the record.

**13.9    Copies for oral argument**

If oral argument is requested by either party, each party shall provide three sets of the party's motions. Each set should be filed in a separate box or accordion file with a separate folder for each motion. Each motion folder shall include a copy of the party's motion, a copy of the opposition, and a copy of the reply.

**13.10  Miscellaneous motions (37 CFR § 1.635)**

There are three kinds of motions that can be filed in an interference:

(a)    A preliminary motion (37 CFR § 1.633).

(b)    A motion to correct inventorship (37 CFR § 1.634).

-23-

(c)     A miscellaneous motion (37 CFR § 1.635).

Any motion not filed under 37 CFR §§ 1.633 or 634 is a miscellaneous motion under 37 CFR § 1.635.

**13.10.1**     Conference call prior to filing contested miscellaneous motion

Prior to filing a 37 CFR § 1.635 miscellaneous motion, a party shall:

(a)     confer with all opponents (37 CFR § 1.637(b)) and, if agreement cannot be reached,

(b)     arrange a conference call to the administrative patent judge designated to handle the interference.

A motion for a clarification of procedure to be used in an interference shall not be filed until a conference call has been placed to the administrative patent judge designated to handle an interference.

The movant must explain why the motion is timely.

The parties, at their expense, may retain the services of a court reporter to record any conference call. A court reporter is often desirable inasmuch as an oral decision may be made with respect to issues raised during the conference call.

**13.10.2**     Time to respond to miscellaneous motions

The time for filing an opposition to a 37 CFR § 1.635 miscellaneous motion is **five (5) working days** after service of the motion. 37 CFR § 1.638(a).

The time for filing a reply to an opposition to a 37 CFR § 1.635 miscellaneous motion is **three (3) working days** after service of the opposition. 37 CFR § 1.638(b).

**13.10.3**        Specific miscellaneous motions

**13.10.3.1**      Suggestion to add an application or patent (37 CFR § 1.642)

The procedure applicable to 37 CFR § 1.635 miscellaneous motions shall apply to suggestions to add an application or patent to an interference (37 CFR § 1.642). Any suggestion shall:

    (a)    identify the additional application or patent proposed to be added;

    (b)    certify that a complete copy of the file wrapper of the application or patent has been served on all opponents;

    (c)    indicate which claims of the patent or application should be designated as corresponding to the count by explaining why there is an interference-in-fact between the claims of the patent or application sought to be added and the claims of the opponent's application or patent already involved in the interference; and

    (d)    explain whether there are alternative remedies; if so, why alternative remedies are not adequate; and what attempts, if any, have been made to have the examiner recommend declaration of another interference involving the application or patent sought to be added to the interference.

**13.10.3.2**      Motion for ruling on the admissibility of evidence

At any appropriate time, a party may file a 37 CFR § 1.635 miscellaneous motion (in limine) for a ruling on the admissibility of evidence.

**13.10.3.3**      Motion for additional discovery 37 CFR § 1.687(c)

At any appropriate time, a party may file a 37 CFR § 1.635 miscellaneous motion for additional discovery.

**14       Submission of evidence**

**14.1     Objections**

**14.1.1** Time for objection to admissibility of evidence

Any objection to the admissibility of evidence, including evidence filed with any 37 CFR § 1.633 preliminary motion, opposition or reply, shall be served (but need not be filed) within **five (5) business days** of service of the evidence to which the objection is made.

**14.1.2** Motion to exclude evidence

A motion to exclude evidence during the preliminary motion phase or priority phase (e.g., 37 CFR § 1.656(h)) of an interference shall:

    (a)     identify where in the record the objection was originally made and

    (b)     address objections to the exhibit (or part thereof) in numerical order.

The purpose of this section is to facilitate consideration of objections to exclude evidence. If an objection could have been made before the filing of supplemental evidence and an objection was not made, the objection is waived.

**14.2     Time for serving supplemental evidence**

Any supplemental evidence responding to any objection to the admissibility of evidence shall be served (but not filed) within **two (2) weeks** of the date an objection was served.

**14.3     Time for cross-examination**

Unless otherwise agreed, cross-examination of any affiant may begin no earlier than **twenty-one (21) days** after service of an affidavit.

A notice requesting cross-examination shall be served (but need not be filed).

Unless otherwise agreed, cross-examination of an affiant relied upon in a 37 CFR § 1.633 preliminary motion shall take place at least **ten (10) days** before an opposition to the 37 CFR § 1.633 preliminary motion is due.

Unless otherwise agreed, cross-examination of an affiant relied upon in an opposition to a 37 CFR § 1.633 preliminary motion shall take place at least **ten (10) days** before a reply is due.

-26-

A party relying on an affiant is obligated to have the affiant available for cross-examination during the time required by this STANDING ORDER. The party is also responsible for securing the services of a court reporter and providing a copy of any transcript to its opponent.

**14.4    Order and place of cross-examination**

The party requesting cross-examination, upon reasonable notice, may select the order in which cross-examination occurs when more than one witness is to be cross-examined.

Cross-examination shall take place at a reasonable location within the United States. Upon failure of the parties to agree to a place, date or time, a conference call shall be arranged with the administrative patent judge.

Cross-examination may be ordered to take place in the presence of the administrative patent judge. In the past, cross-examination has taken place before an administrative patent judge in cases where inventorship, derivation, or inequitable conduct has been an issue or where testimony is given through an interpreter.

**14.5    Reliance on portion of a patent or application file**

If a motion relies on any a paper in the file of an involved or benefit patent or application (including a specification or drawings), a copy of the entire paper shall be made an exhibit in the interference.

**14.6    Specification as evidence**

A specification of an application or patent involved in the interference is admissible as evidence only to prove what the specification or patent describes.

If there is data in the specification upon which a party intends to rely to prove the truth of the data, an affidavit by an individual having first-hand knowledge of how the data was generated (i.e., the individual who performed an experiment reported as an example in the specification) must be filed.

The individual may be cross-examined.

-27-

**14.7    Affidavits in file wrappers not evidence**

Affidavits, such as 37 CFR § 1.131 and 37 CFR § 1.132 affidavits, presented during *ex parte* prosecution of an involved or benefit application or patent are not evidence in an interference.

If a party seeks to have such an affidavit considered, the party must place the affidavit in evidence.

Any opponent will have an opportunity to object to the admissibility of the evidence and may cross-examine.

A party submitting the evidence will have an opportunity to supplement the evidence following a timely objection by an opponent.

**14.8    Exhibits**

All evidence (including affidavits, transcripts of depositions, documents and things) shall be presented as an exhibit.

An exhibit should ordinarily be a single document.  Do **not** submit an entire application file as a single exhibit.

**14.8.1  Numbering of exhibits**

Exhibits used by a party in an interference shall be assigned consecutive numbers throughout the course of the interference.

Exhibits should be identified by an exhibit number (not letters) on a label placed in the lower right-hand corner of the first page of the exhibit.  Compare 37 CFR § 1.653(i).

If important material is covered by an exhibit label on the first page of the exhibit, a copy of the first page of the exhibit shall be reproduced and presented as page 1-a of the exhibit.

Exhibits should be labeled, e.g., as follows:

>      Jones EXHIBIT 2001
>      Jones v. Smith
>      Interference 108,111

-28-

Smith EXHIBIT 1001
Jones v. Smith
Interference 108,111

All exhibits shall be assigned an exhibit number.

The party initially designated as senior party shall consecutively number exhibits beginning with Exhibit 1001.

The party initially designated as junior party shall consecutively number exhibits beginning with Exhibit 2001.

Exhibits in a series above 2000 (i.e., 3000, 4000, etc.) are reserved for those interferences where there is more than one junior party.

**14.8.2** Filing of exhibits

At an appropriate time during the preliminary motion phase and the priority testimony phase of an interference, the parties shall file a set of all original exhibits.

A set of original exhibits shall be submitted in an accordion folder, box or other folder containing all exhibits in numerical order, separated by a divider that conspicuously identifies each exhibit by number.

If oral argument is requested by any party, three separate additional sets of exhibits shall be filed.

If oral argument is not requested by any party, one additional set of exhibits shall be filed.

**14.8.3** Record

Certified copies of depositions need not be filed unless required by the board.

The filing of exhibits as indicated in this section shall be deemed to constitute compliance with 37 CFR § 1.653.

**14.8.4** Prohibition against multiple copies of same exhibit

The filing of multiple copies of the same exhibit with different exhibit numbers is not authorized.

-29-

**14.8.5** Exhibit list

Each party shall maintain an exhibit list.

The exhibit list shall contain the exhibit number and a brief description of the exhibit.

The exhibit list shall be filed with the exhibits.

An up-to-date exhibit list shall be served whenever evidence is served.

**14.9    Affidavits of expert witnesses**

Affidavits expressing an opinion of an expert must disclose the underlying facts or data upon which the opinion is based. See Fed. R. Evid. 705 and 37 CFR §§ 1.639(b) and 1.671(b).

Opinions expressed without disclosing the underlying facts or data may be given little, or no, weight. See Rohm and Haas Co. v. Brotech Corp., 127 F.3d 1089, 1092, 44 USPQ2d 1459, 1462 (Fed. Cir. 1997) (nothing in the Federal Rules of Evidence or Federal Circuit jurisprudence requires the fact finder to credit the unsupported assertions of an expert witness).

Affidavits of patent law experts on issues of law generally will not be admitted in evidence.

**14.10  Reliance on scientific tests and data**

Parties often rely on scientific tests and data, both in the preliminary motion phase and during the priority testimony phase. Examples include IR (infra-red spectroscopy) and graphs generated therefrom, HPLC (high performance liquid chromatography) and data generated therefrom, etc.

In the event a party relies on a scientific test or data generated from a scientific test, the party relying on the test or data shall explain:

(a)    the reason why the test is being used and why the data is being relied upon;

(b)    how the test is performed;

(c)    how the data is generated using the test;

(d)    how the data is used to determine a value;

(e)    the acknowledged accuracy of the test; and

-30-

(f)    any other information that would aid the board in understanding the significance of the test or data.

Any explanation should take place through affidavit testimony of a witness, preferably accompanied by citation to relevant pages of standard texts (which should be exhibits in the interference).

## 14.11  Letters between counsel not to be filed

Unless a letter between counsel is made an exhibit to a motion, opposition, or reply, or during cross-examination, no letters between counsel are to be filed with the board.

## 15    Settlement and other agreements

## 15.1  Notice under 35 U.S.C. 135(c)

Notice is hereby given of the requirement of 35 U.S.C. § 135(c) for filing in the USPTO a copy of any agreement "in connection with or in contemplation of the termination of the interference." See Unisys Corp. v. Commissioner of Patents and Trademarks, 39 USPQ2d 1842 (D.D.C. 1993).

The date an interference terminates is set out in 37 CFR § 1.661.

## 15.2  Requirement for settlement negotiations

The parties are encouraged to attempt to settle interferences.

The purpose of this section is to facilitate settlement discussions.

To eliminate any possibility that initiation of settlement discussions might be construed as a weakness on the part of the party initiating settlement discussions, the senior party shall be responsible for (1) initiating any settlement discussions, (2) initially drafting any document and (3) initiating any conference call required by this section.

The parties may agree to permit a junior party to undertake the obligation placed upon the senior party by this section.

Within **three (3) months** of the date of the NOTICE DECLARING INTERFERENCE, the parties are required to conduct a settlement conference and discuss settlement possibilities.

-31-

The administrative patent judge designated to handle an interference may be contacted via conference call to render any appropriate assistance that might be needed to accomplish settlement.

Within **three (3) months** of the date of the NOTICE DECLARING INTERFERENCE, the parties are required to initiate a conference call with the administrative patent judge designated to handle an interference and should be prepared to discuss at that time:

    (a)    report on the outcome of the settlement conference;

    (b)    whether the parties are actively engaged in settlement negotiations and, if so, what steps have already been taken toward settlement;

    (c)    whether any settlement negotiations are directed toward resolving prior inventorship and obviating the need for filing 37 CFR § 1.633 preliminary motions;

    (d)    identify any issues that are not subject to settlement negotiations; and

    (e)    the status of any settlement negotiations, including how much time might be needed to conclude those negotiations.

Unless a different time is set in an order establishing a testimony period, within **two (2) months** after a decision on 37 CFR § 1.633 preliminary motions, the parties are further required to conduct a settlement conference and discuss settlement possibilities. Within the same time period, the parties are also required to initiate another conference call with the administrative patent judge designated to handle an interference and should be prepared to discuss at that time the items set out in subsections (a) through (e), *supra*.

Unless a different time is set in an order establishing a testimony period, within **one (1) month** after service of the priority record, the parties are still further required to conduct a settlement conference and discuss settlement possibilities. Within the same time period, the parties also are required to initiate another conference call with the administrative patent judge

-32-

designated to handle an interference and should be prepared to discuss at that time the items set out in subsections (a) through (e), *supra*.

Prior to initiating any conference call required by this section, the parties are required to file (preferably by facsimile) a joint statement indicating that a good faith effort has been made to settle the interference.

**16    Guidelines for cross-examination**

Cross-examination is a useful tool for determining the facts in a case. In interference cases, testimony is initially presented by affidavit. 37 CFR § 1.639(b); 37 CFR § 1.672(b) and (c).

Cross-examination occurs by oral deposition. 37 CFR § 1.672(d).

With respect to the cross-examination depositions, the guidelines of Hon. Robert S. Gawthrop, III, U.S. District Judge, essentially as set out in his opinion for the court in <u>Hall v. Clifton Precision</u>, 150 F.R.D. 525 (E.D. Pa. 1993), shall apply as hereinafter discussed. There is only one basic exception and that exception is due to USPTO rules. Certain objections must be noted on the record. <u>See</u> 37 CFR § 1.675(c).

As Judge Gawthrop notes, a deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness. There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers. The witness comes to the deposition to be questioned on cross-examination. It is the witness, and not the lawyer, who is the witness.

In view of the above, and pursuant to 37 CFR § 1.610(e), the following guidelines shall apply.

**16.1    Guideline [1]**

At the beginning of the deposition, deposing counsel taking cross-examination shall instruct the witness on the record to ask deposing counsel, rather than the witness's own counsel,

-33-

for clarifications, definitions or explanations of any words, questions or documents presented during the course of the deposition.  The witness shall abide by the instructions.

**16.2    Guideline [2]**

Counsel shall not direct or request that a witness not answer a question, unless:

(a)    counsel has objected to the question on the ground that the answer would:

    (1)    reveal privileged material <u>or</u>

    (2)    violate a limitation imposed by an administrative patent judge or a panel of the board <u>and</u>

(b)    counsel immediately places a conference call to the administrative patent judge designated to handle an interference asking orally for a ruling on the objection.

Under these circumstances, (i) the deposition shall be suspended, (ii) the conference call immediately shall be placed to the administrative patent judge designated to handle an interference and (iii) all counsel must be prepared to address orally their respective positions. The court reporter in attendance at the deposition shall be available to record any telephone discussion and to read back questions to which an objection has been made.

If an administrative patent judge cannot be reached, then the party directing a witness not to answer shall, within **two (2) working days**, hand deliver to the board (¶ 1.3.3.1), and not to the USPTO Mail Room or any other USPTO office, a 37 CFR § 1.635 miscellaneous motion seeking relief.  Any opposition must be hand delivered to the Board within **two (2) working days**.  While a reply can be filed, counsel should assume that the motion is under advisement and can be decided (a) at any time upon receipt of an opposition or (b) immediately if no timely opposition is hand delivered to the board.

**16.3    Guideline [3]**

Counsel shall not make objections or statements that even remotely suggest an answer to a witness.  Any objection to evidence during a deposition shall be stated concisely and in a non-argumentative and non-suggestive manner and must include the legal basis for the objection.

Opposing counsel should not address the correctness of an objection. Rather, opposing counsel should continue with questions to the witness, the objection having been noted on the record as required by 37 CFR § 1.675(c).

With respect to this guideline, the following observation by Judge Gawthrop is highly relevant:

> I also note that a favorite objection or interjection of lawyers is, "I don't understand the question; therefore the witness doesn't understand the question." This is not a proper objection. If the witness needs clarification, the witness may ask the deposing lawyer for clarification. A lawyer's purported lack of understanding is not a proper reason to interrupt a deposition. In addition, counsel are not permitted to state on the record their interpretations of questions, since those interpretations are irrelevant and often suggestive of a particularly desired answer.

By way of example, the following comments by counsel not conducting cross-examination generally are viewed as suggesting an answer to a witness:

 (a) Objection, vague.

 (b) Objection, to the form of the question.

 (c) Take your time in answering the question.

 (d) Look at the document before you answer.

 (e) Counsel, do you want to show the witness the document?

## 16.4 Guideline [4]

Counsel and their witness-clients shall not engage in private, off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege. The term "witness-clients" in the context of this guideline and patent interference practice includes all witnesses who are employed by, or otherwise under the control

of, the real party in interest in the interference, including retained expert witnesses, as well as the individual or individuals named in the caption of the interference.

With respect to this guideline, the following observation by Judge Gawthrop is highly relevant:

> The fact that there is no [administrative patent] judge in the room to prevent private conferences does not mean that such conferences should or may occur. The underlying reason for preventing private conferences is still present: they tend, at the very least, to give the appearance of obstructing the truth.

**16.5  Guideline [5]**

Any conferences that occur pursuant to, or in violation of, guideline [4] are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, the nature of that coaching.

**16.6  Guideline [6]**

Any conferences that occur pursuant to, or in violation of, guideline [4] shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.

**16.7  Guideline [7]**

Deposing counsel taking cross-examination shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness's counsel do not have a right to discuss documents privately before the witness answers questions about the documents.

**16.8  Sanction**

Failure to adhere strictly to these guidelines may be a basis for a sanction under 37 CFR § 1.616, which could include a requirement that the witness, on very short notice (i.e., the next day including, if appropriate, a non-work day) may be directed to appear before an administrative

-36-

patent judge in Arlington, Virginia or elsewhere as may be appropriate, coupled with any appropriate award of compensatory damages under 37 CFR § 1.616. In addition, cross-examination undertaken contrary to these guidelines may result in exclusion of an affidavit from evidence or little, if any weight, being given to the direct testimony of a witness who was cross-examined.

17    **Comments on requests for extensions of time**

The parties are advised that times are set with the view to rendering prompt and timely decisions. Thus, in setting times in an interference, times set in other interferences and decisions that need to be rendered in the interference, as well as other interferences, are also taken into account.

A request for an extension of time is authorized by 37 CFR § 1.645. But, 37 CFR § 1.645 requires a showing of "good cause." Whatever a party's experience may be in other USPTO matters, prior interferences or courts generally, the standard of what constitutes "good cause" within the meaning of 37 CFR § 1.645 is high.

There are few, if any, circumstances where "good cause" can be based on the press of other business arising after a time is set by an order entered in an interference, particularly where a time period is set after conference with counsel. Thus, a matter in another case (i.e., argument or a trial) or an event (i.e., a deposition, client meeting in the U.S. or abroad, a vacation, etc.) scheduled or ordered after a conference call setting times in an interference, generally will not constitute grounds for an extension of time.

Generally, an attempt to settle is not "good cause." While settlement is encouraged, and the administrative patent judge designated to handle an interference is available to assist in settlement efforts where appropriate, the parties should expect either to settle the interference or, in the absence of settlement, to meet the next pending deadline.

-37-

**18**    **Testimony through an interpreter**

A conference call shall be placed to the administrative patent judge designated to handle the interference **at least five (5) business days** before testimony is to take place when the witness will give direct or cross-examination testimony through an interpreter. The conference call shall be initiated by the party who called the witness.

**19**    **Oral argument**

**19.1**   **Visual aids at oral argument**

Visual aids to be used at oral argument must be served no less than **three (3) business days** before oral argument.

Four copies (one for the record and one for each judge) must be presented at oral argument.

Any special equipment needed for oral argument is the responsibility of the party needing the equipment.

**19.2**   **Transcript of oral argument**

A party, at its expense, may retain the services of a court reporter to transcribe oral argument.

When an argument is to be transcribed, the party should notify Trial Section support staff personnel at least one business day prior to oral argument so that arrangements may be made in the hearing room for the reporter.

The court reporter shall use a steno machine and may also use a tape recording device as a backup. Microphones at individuals' locations are not authorized.

**20**    **Decisions**

**20.1**   **Three-judge decisions govern further proceedings**

An interlocutory order (37 CFR § 1.601(q)) entered by a panel consisting of three or more administrative patent judges generally governs further proceedings in an interference.

## 20.2    Request for reconsideration

### 20.2.1  Reconsideration of interlocutory orders

A party may request reconsideration of any interlocutory order (37 CFR § 1.640(c)).

A party may request review at final hearing of any interlocutory order (37 CFR § 1.655(a)), but the panel that will conduct the review generally will be the same panel that entered the interlocutory order even if other issues at final hearing are determined by a separate panel. Accordingly, the most efficient way to seek review of an interlocutory order entered by a panel is through a request for reconsideration.

### 20.2.2  Form for request

In requesting reconsideration of a decision, a party shall set out in the following order:

(a)     The evidence (i.e., a list in numerical order of all exhibits by number) that the party believes was overlooked or misapprehended (37 C.F.R. §§ 1.640(c) and 1.658(b)).  Evidence not already of record at the time of the decision will not be admitted absent a showing of good cause for the belated submission (37 C.F.R. § 1.645(b)).

(b)     The argument responsive to the decision shall be made with particularity in the following manner:  "On page _, lines _-_, the decision states _____.  The decision is believed to have overlooked (or misapprehended) _____.  This point was set forth in ___ Motion (or Opposition or Reply) _ at page _, lines _-_."

### 20.2.3  Number of requests

No more than one request for reconsideration may be filed per party per board decision.

21    **Modification of STANDING ORDER**

When appropriate, the terms of this STANDING ORDER may be modified by an administrative patent judge.

BRUCE H. STONER, JR., Chief
Administrative Patent Judge

RICHARD E. SCHAFER
Administrative Patent Judge

JAMESON LEE
Administrative Patent Judge

RICHARD TORCZON
Administrative Patent Judge

CAROL A. SPIEGEL
Administrative Patent Judge

SALLY GARDNER LANE
Administrative Patent Judge

SALLY C. MEDLEY
Administrative Patent Judge

MICHAEL P. TIERNEY
Administrative Patent Judge

MARK NAGUMO
Administrative Patent Judge

TRIAL SECTION

BOARD OF
PATENT
APPEALS AND
INTERFERENCES

-40-