# EXHIBIT 3

Paper _____

UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE BOARD OF PATENT APPEALS AND INTERFERENCES

ENTERED: 3 January 2006

# STANDING ORDER

This Standing Order is entered in, and governs, contested cases assigned to the Trial

Division of the Board of Patent Appeals and Interferences. Parties are expected to be

familiar with it. The rules reproduced in the Standing Order are current as of the issue

date of the Standing Order, but are subject to change. In the event of a change to a

rule, the changed rule will control, the Standing Order notwithstanding.

## CONTENTS

¶ 1 Applicability of 37 CFR part 1 ................................... 1

¶ 2 Board organization ........................................... 1
¶ 2.1 Trial Division ............................................. 1
¶ 2.2 Trial Procedures Section .................................. 1
¶ 2.3 Trial Merits Section ...................................... 2
¶ 2.4 Board staff .............................................. 2

¶ 3 Petitions ................................................... 2
¶ 3.1 Procedural relief sought through miscellaneous motion ................. 2
¶ 3.2 Petition affecting the merits in a contested case ...................... 3
¶ 3.3 Petitions under 35 U.S.C. 135(c) ................................ 3

¶ 4 Good cause requirement for untimeliness ...................... 3
¶ 4.1 High standard ........................................... 3
¶ 4.2 Settlement .............................................. 3

¶ 5 Pro hac vice ................................................ 4

¶ 6 Publication of opinions ....................................... 4
¶ 6.1 Most opinions are publicly available ............................. 4
¶ 6.2 Notice of confidential information ............................... 4

**¶ 7 Record management** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**
    ¶ 7.1 Letters between counsel not to be filed . . . . . . . . . . . . . . . . . . . . . . . . . 5
    ¶ 7.2 No duplicate papers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    ¶ 7.3 Reference to earlier filed paper . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**¶ 8 Mandatory notices** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**
    ¶ 8.1 Real party-in-interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    ¶ 8.2 Related proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    ¶ 8.3 Notice of judicial review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**¶ 9 Ownership determined from Office assignment record** . . . . . . . . **7**

**¶ 10 Communications with the Board** . . . . . . . . . . . . . . . . . . . . . . . . . . **7**
    ¶ 10.1 Default mode - electronic mail . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    ¶ 10.2 Any United States Postal Service, including EXPRESS MAIL . . . . . . . . . . 8
    ¶ 10.3 Hand filing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    ¶ 10.4 Overnight delivery services . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    ¶ 10.5 Telephone calls . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    ¶ 10.6 Facsimile . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**¶ 11 Ex parte communications** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **10**
    ¶ 11.1 Papers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    ¶ 11.2 Other forms of communications . . . . . . . . . . . . . . . . . . . . . . . . . 11
    ¶ 11.3 Permissible contacts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    ¶ 11.4 Refusal to participate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**¶ 12 Citation of authority** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **12**
    ¶ 12.1 Copies of authority cited . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    ¶ 12.2 Parallel citation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    ¶ 12.3 Binding authority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    ¶ 12.4 Primary authority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**¶ 20 Fees** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **13**

**¶ 100 Days and times** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14**
    ¶ 100.1 Business day . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    ¶ 100.2 Time standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**¶ 101 Notice of proceeding** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14**
    ¶ 101.1 Declaration of interference . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    ¶ 101.2 Maintaining proper address . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**¶ 102 Completion of examination** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**

**¶ 103 Jurisdiction over related files** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**
    ¶ 103.1 Access to related files . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**
    ¶ 103.2 Action in related files . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**

**¶ 104 Modification of the Standing Order** . . . . . . . . . . . . . . . . . . . . . . . **15**
    ¶ 104.1 Modification of Standing Order . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**
    ¶ 104.2 Times for motions phases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **16**

**¶ 105 Electronic filing** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17**
    ¶ 105.1 Filing in paper . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17**
    ¶ 105.2 Electronic filing procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17**
    ¶ 105.3 Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **18**
    ¶ 105.4 Format . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **19**
    ¶ 105.5 Signature . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **20**
    ¶ 105.6 Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **20**

**¶ 106 Filing and service generally; in paper** . . . . . . . . . . . . . . . . . . . . . **20**
    ¶ 106.1 General format of papers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **20**
    ¶ 106.2 Combined papers and incorporation not permitted . . . . . . . . . . . . . . **22**
    ¶ 106.3 Transmittal sheets . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **22**
    ¶ 106.4 Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **22**
    ¶ 106.5 Filing in paper . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **23**

**¶ 108 Lead and backup counsel** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **24**

**¶ 109 Request for file copies** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **24**
    ¶ 109.1 Filing the request . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **24**
    ¶ 109.2 Filling record requests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **25**
    ¶ 109.3 Notification on non-receipt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **27**
    ¶ 109.4 Record of contested case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **27**
    ¶ 109.5 Access to paper files at Board . . . . . . . . . . . . . . . . . . . . . . . . . . . **27**

**¶ 110 Copies of claims** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **28**

**¶ 120 Types of notices of basis for requesting relief** . . . . . . . . . . . . . **28**

**¶ 121 Motions** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **29**
    ¶ 121.1 Title and numbering of motions . . . . . . . . . . . . . . . . . . . . . . . . . . . **29**
    ¶ 121.2 Page limits in motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **30**
    ¶ 121.3 Burden of proof . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **30**

¶ 121.4 Format  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **31**
¶ 121.5 Appendices  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **31**
¶ 121.6 Claim chart alternative  . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **33**

# ¶ 122 Oppositions and replies  . . . . . . . . . . . . . . . . . . . . . . . . . . .  **33**
¶ 122.1 Numbering oppositions and replies  . . . . . . . . . . . . . . . . .  **33**
¶ 122.2 Page limits  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **33**
¶ 122.3 Format  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **34**
¶ 122.4 Appendices  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **35**
¶ 122.5 New issues in replies  . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **36**

# ¶ 123 Miscellaneous motions  . . . . . . . . . . . . . . . . . . . . . . . . . . .  **37**
¶ 123.1 Mandatory conference  . . . . . . . . . . . . . . . . . . . . . . . . . . .  **37**
¶ 123.2 Timeliness  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **37**
¶ 123.3 Recording conference calls  . . . . . . . . . . . . . . . . . . . . . . . .  **37**

# ¶ 124 Oral argument  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **37**
¶ 124.1 Request for oral argument  . . . . . . . . . . . . . . . . . . . . . . . .  **37**
¶ 124.2 Attendance; special needs  . . . . . . . . . . . . . . . . . . . . . . . .  **38**
¶ 124.3 Security; access  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **38**
¶ 124.4 Demonstrative exhibits  . . . . . . . . . . . . . . . . . . . . . . . . . . .  **38**
¶ 124.5 Transcription of oral argument  . . . . . . . . . . . . . . . . . . . . .  **39**

# ¶ 125 Rehearing of decisions  . . . . . . . . . . . . . . . . . . . . . . . . . . .  **39**
¶ 125.1 Time for filing  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **39**
¶ 125.2 Format for request for rehearing  . . . . . . . . . . . . . . . . . . . .  **40**
¶ 125.3 Number of requests  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **40**
¶ 125.4 New evidence on rehearing  . . . . . . . . . . . . . . . . . . . . . . . .  **40**

# ¶ 126 Settlement discussions required  . . . . . . . . . . . . . . . . . . . .  **40**
¶ 126.1 Last-named party initiates  . . . . . . . . . . . . . . . . . . . . . . . .  **40**
¶ 126.2 Initial conference  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **41**
¶ 126.3 Subsequent conferences  . . . . . . . . . . . . . . . . . . . . . . . . . .  **41**
¶ 126.4 Filing notice of conferences  . . . . . . . . . . . . . . . . . . . . . . . .  **42**

# ¶ 127 Estoppel; rehearing of judgment  . . . . . . . . . . . . . . . . . . .  **42**
¶ 127.1 Estoppel  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **42**
¶ 127.2 Rehearing  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **42**

# ¶ 128 Sanctions  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **43**

# ¶ 150 Discovery  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **43**

iv

¶ 150.1 Automatic discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **43**
¶ 150.2 Requesting additional discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **44**

# ¶ 151 Challenging admissibility . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **44**

# ¶ 152 Rules of evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **45**
¶ 152.1 Official notice not automatic . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **45**
¶ 152.2 Hearsay . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **45**

# ¶ 153 Certification of Office records . . . . . . . . . . . . . . . . . . . . . . . . . **46**

# ¶ 154 Form of evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **46**
¶ 154.1 Records of the Office . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **46**
¶ 154.2 Exhibit labels . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **47**
¶ 154.3 Filing of exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **47**
¶ 154.4 Exhibit list . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **48**
¶ 154.5 Evidence on DVD digital disc . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **48**

# ¶ 155 Challenging admissibility . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **50**
¶ 155.1 Objections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **50**
¶ 155.2 Motion to exclude evidence; motion in limine . . . . . . . . . . . . . . . . . . . **51**
¶ 155.3 Time to file objections and motions to exclude . . . . . . . . . . . . . . . . . . **51**

# ¶ 156 Compelled testimony and production . . . . . . . . . . . . . . . . . . . . **51**
¶ 156.1 Form of motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **51**
¶ 156.2 Alternative procedures for compelled testimony . . . . . . . . . . . . . . . . . **52**
¶ 156.3 Admissibility of compelled testimony and production . . . . . . . . . . . . . . **52**

# ¶ 157 Direct testimony; cross examination . . . . . . . . . . . . . . . . . . . . . **52**
¶ 157.1 Direct testimony as affidavit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **52**
¶ 157.2 Required paragraph for affidavits . . . . . . . . . . . . . . . . . . . . . . . . . . . . **52**
¶ 157.3 Cross examination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **53**
¶ 157.4 Order of cross examination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **54**
¶ 157.5 Cross examination guidelines . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **54**
¶ 157.6 Transcript . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **55**
¶ 157.7 Observations on cross examinations . . . . . . . . . . . . . . . . . . . . . . . . . **55**

# ¶ 158 Expert testimony; tests and data . . . . . . . . . . . . . . . . . . . . . . . **56**
¶ 158.1 Expert testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **56**
¶ 158.2 Tests and data . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **56**

# ¶ 200 Interference procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **57**

v

¶ 200.1 Patent claim scope . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57
¶ 200.2 Pendency . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

¶ 203 Suggesting another interference; adding an application or a
patent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57
¶ 203.1 Suggesting another interference . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57
¶ 203.2 Adding an application or a patent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

¶ 204 Motions list . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

¶ 205 Settlement agreements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58
¶ 205.1 Notice under 35 U.S.C. 135(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58
¶ 205.2 Petitions under 35 U.S.C. 135(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

¶ 206 Common interests in the invention . . . . . . . . . . . . . . . . . . . . . . . . . . 59

¶ 207 Applicability of prior art . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

¶ 208 Specific substantive motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60
¶ 208.1 Obviousness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60
¶ 208.2 Adding or substituting a count . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60
¶ 208.3 Claim correspondence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61
¶ 208.4 Benefit motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62
¶ 208.5 Responsive motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63
¶ 208.6 Priority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65
¶ 208.7 Inequitable conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66

Appendix of Forms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68

Form 1. Standard caption for an interference . . . . . . . . . . . . . . . . . . . . . . . . . . 68

Form 2. Typical schedule for motions other than interference priority . . . . . . . . . . 69

Form 3. Typical schedule for priority motions in an interference . . . . . . . . . . . . . . 70

Form 4. File copy request . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

Cross Examination Guidelines . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

Index of Times . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

## ¶ 1 Applicability of 37 CFR part 1

Part 1 of 37 CFR was drafted principally with patent prosecution in mind, while 37 CFR Part 41 is directed to proceedings before the Board. If Part 41 or the Standing Order expressly requires different procedure than Part 1, then Part 41 or the Standing Order, respectively, will govern. A party that perceives a conflict between Part 1 and either Part 41 or the Standing Order must promptly raise the issue with the Board.

## ¶ 2 Board organization

### ¶ 2.1 Trial Division

The Chief Administrative Patent Judge has designated administrative patent judges to constitute the Trial Division, who decide most contested cases, as well as appeals involving patent reexaminations and reissue applications or applications relating to interferences. The Trial Division consists of two sections—

- the Trial Procedures Section and
- the Trial Merits Section.

### ¶ 2.2 Trial Procedures Section

Within the Trial Division, the Chief Administrative Patent Judge has designated administrative patent judges to constitute the Trial Procedures Section. The principal function of the Trial Procedure Section is to ready interference cases for a merits decision on substantive motions, including interference priority motions. Accordingly,

administrative patent judges will handle all interlocutory matters in contested cases, including but not limited to—

- declaration of interferences,
- setting times for taking action, and
- administering discovery.

## ¶ 2.3 Trial Merits Section

Within the Trial Division, the Chief Administrative Patent Judge has designated administrative patent judges to constitute the Trial Merits Section. The principal function of the Trial Merits Section is to prepare opinions on the merits of substantive motions, including interference priority motions.

## ¶ 2.4 Board staff

Board staff other than administrative patent judges may administer some tasks during contested cases. For instance, Trial Division paralegal assistants enter orders authorizing access to files under Bd.R. 109 and authorizing the filing of facsimile transmissions in excess of the five pages permitted under SO ¶ **10.6**. Staff actions are controlling unless countermanded by an administrative patent judge or a Board panel.

# ¶ 3 Petitions

## ¶ 3.1 Procedural relief sought through miscellaneous motion

A request for a procedural remedy must be made in the form of a miscellaneous motion. Bd.R. 121(a)(3); SO ¶ **123**. A petition is not appropriate. No fee is required.

2

### ¶ 3.2 Petition affecting the merits in a contested case

Any relief affecting the merits of a contested case must be sought in the form of a motion. Bd.R. 121. If the relief would otherwise require the granting of a petition, the petition, including any required fee, must be filed with the motion. Bd.R. 121(c)(2). A party filing a petition in violation of this subparagraph may be subject to sanctions. Bd.R. 128.

### ¶ 3.3 Petitions under 35 U.S.C. 135(c)

Petitions based on 35 U.S.C. 135(c) are not part of a contested case. Bd.R. 3(b) and Bd.R. 205.

## ¶ 4 Good cause requirement for untimeliness

### ¶ 4.1 High standard

The standard for showing good cause under Bd.R. 4(a) is high. Times are set to facilitate the rendering of timely decisions. There are few, if any, circumstances where good cause can be based on the press of other business arising after a time is set by a Board order, particularly where a time period is set or maintained after a conference with counsel.

### ¶ 4.2 Settlement

An attempt to settle will rarely constitute good cause. Settlement is encouraged, and the administrative patent judge designated to handle a contested case is available to assist in settlement efforts where appropriate, but parties should expect either to settle the contested case or, in the absence of settlement, to meet each deadline.

3

## ¶ 5 Pro hac vice

Contested cases can be technically, legally, and procedurally complex. Consequently, a motion to appear pro hac vice will rarely be granted unless the counsel is an experienced litigating attorney and has an established familiarity with the subject matter at issue in the contested case.

The Board may authorize a person other than a registered practitioner to appear as counsel in a specific proceeding.

## ¶ 6 Publication of opinions

### ¶ 6.1 Most opinions are publicly available

Most opinions in contested cases will be available for publication during the proceeding. Virtually all become available at the end of the proceeding. The recent experience in contested cases is that redactions are almost never requested.

### ¶ 6.2 Notice of confidential information

Some opinions are selected for publication to promote public understanding of Trial Division practice or to create uniform practices. If a party believes that its application contains information not otherwise publicly available that should be redacted from any opinion, the party must **within two (2) months** of the initiation of the contested case file as a separate paper a notice specifically identifying such information.

4

If additional information not otherwise publicly available is introduced into a contested case that a party believes should be redacted from any opinion, the party must promptly file a notice specifically identifying the information.

If, after filing such notice, specifically identified information becomes publicly available (for example, through publication of a collateral application), the party must promptly notify the Board of this change in the status of the information.


## ¶ 7 Record management

### ¶ 7.1 Letters between counsel not to be filed

No letter between counsel may be filed unless it is filed as an exhibit cited—

- in a motion, opposition, or reply, or
- during cross-examination.

### ¶ 7.2 No duplicate papers

A party may not file (not even as an appendix or exhibit) a copy of a paper previously filed in the same contested case.

### ¶ 7.3 Reference to earlier filed paper

A party referring to an earlier filed paper should identify the paper by title and paper number or, if the paper number is not known, by the filing date.

# ¶ 8 Mandatory notices

## ¶ 8.1 Real party-in-interest

Within **fourteen (14) days** of the date of the Declaration, each party must file as a separate paper a notice of any and all right, title, or interest in any application or patent involved in the contested case.

## ¶ 8.2 Related proceedings

Within **fourteen (14) days** of the initiation of a contested case, each party must file and serve as a separate paper a notice identifying the application or patent number of every United States application or patent claiming, or which may claim, the benefit of priority of the filing date of the party's involved patent or application. If there are no such applications or patents the notice must state this fact. If, during the course of the proceeding, a party files an application claiming, or which may claim, the benefit of the filing date of an involved application or patent, a notice of the filing, including the application number, must be promptly served and filed. The Board may order a party to serve on an opponent a copy of any application or patent identified under this paragraph.

## ¶ 8.3 Notice of judicial review

A party seeking judicial review must notify the Board of the complaint or notice of appeal within 20 days. Bd.R. 8(b). After a contested case ends, administrative tasks remain for the United States Patent and Trademark Office [Office] generally and for the Board particularly. Files need to be distributed, applications need to be allowed or abandoned, and notices of patent claim cancellation need to be published. If the Board

6

does not receive timely, effective notice of judicial review, it proceeds on the assumption that no review has been sought. The Office may deem an application abandoned or may issue a patent to the opponent. At best, this leaves the litigant with a problem to correct. Failure to provide adequate notice may result in sanctions under Bd.R. 128.

## ¶ 9 Ownership determined from Office assignment record

In the absence of an assignment of record, the inventor is the presumptive owner of an involved patent or application. It is the responsibility of each party to ensure that its assignments are properly recorded at the Office. Failure to record an assignment can lead to adverse judgment in a contested case.

Cases involving a United States government interest may be referred to the Civil Division of the United States Department of Justice. 28 C.F.R. § 0.45(f).

## ¶ 10 Communications with the Board

### ¶ 10.1 Default mode - electronic mail

Electronic mail is the default mode of filing papers in a contested case. See SO ¶ 105. Papers authorized to be filed electronically must be electronically mailed as an attachment to: **BoxInterferences@USPTO.GOV**. No papers unrelated to the contested case may be filed at this address. Papers relating to the contested case must not be mailed to any other **USPTO.GOV** address.

7

The subject line may contain only the case number and the assigned administrative

patent judge's initials in parentheses, e.g., in Patent Interference 105,000 before

Administrative Patent Judge John Doe the subject line would be "105,000 (JD)".

## ¶ 10.2 Any United States Postal Service, including EXPRESS MAIL

If mailed correspondence is authorized in a contested case, it must be addressed:

Mail Stop INTERFERENCE
Board of Patent Appeals and Interferences
United States Patent and Trademark Office
PO Box 1450
Alexandria Virginia 22313-1450

*Caveat*: Any delay resulting from an improper address (including any address provided

in SO ¶¶ **10.3** & **10.4**) will be attributed to the party.

## ¶ 10.3 Hand filing

If hand-filed correspondence is authorized in a contested case, the filer must bear in

mind that the delivery point lies inside the security zone on the first floor of:

Madison East Building
600 Dulany Street
Alexandria, Virginia

The courier must pass through a magnetometer, and the correspondence must pass

through an X-ray sensor. For authorized hand-filed correspondence other than boxes,

the correspondence may be deposited in a drop-off box inside the security zone at the

first floor lobby of the Madison East Building.

### ¶ 10.3.1 Boxes

Boxed correspondence cannot be deposited in the drop-off box. Instead, it must be delivered to Madison East, Room 9B55-A. Access to Room 9B55-A is available on business days from 8:30 a.m to 4:45 p.m. (Eastern Time, SO ¶ 100.2) only.

The courier should approach the security guard station on the first floor of Madison East (near the elevators) and ask the security guard to call the Board at 571-272-9797 to obtain authorization to enter the building for a delivery to Room 9B55-A.

### ¶ 10.3.2 Correspondence filed after 4:45 p.m.

Authorized hand-filed correspondence filed after 4:45 p.m. (Eastern Time, SO ¶ 100.2) will receive the next business day's filing date. If the Board receives the paper by 10 a.m. that next business day, it will be deemed to have been timely filed provided the paper was properly served the previous business day.

### ¶ 10.3.3 Stamped receipt

If a stamped return receipt is required, the courier must personally deliver the correspondence and postcard receipt to Room 9B55-A between 8:30 a.m to 4:45 p.m. (Eastern Time, SO ¶ 100.2) only, or leave the postcard with the correspondence in the drop-off box. If the postcard is left in the drop-off box, it must include correct postage and the address where the postcard is to be mailed.

### ¶ 10.4 Overnight delivery services

Papers authorized to be filed using a commercial overnight delivery service (see SO ¶ 10.2 for United States Postal Service) must be addressed:

9

Board of Patent Appeals and Interferences
Madison Building East, 9th Floor
600 Dulany Street
Alexandria, Virginia 22313

Properly addressed papers filed are deemed filed on the date they are delivered to the overnight delivery service.

### ¶ 10.5 Telephone calls

Telephone calls to the Board regarding a contested case must be directed to 571-272-9797. A telephone call requesting a conference call must be directed to Trial Division support staff. When arranging a conference call, be prepared to discuss with a Trial Division paralegal why the call is needed and what materials should be before the Board participant during the call.

### ¶ 10.6 Facsimile

The facsimile number for contested cases is 571-273-0042. Do not send papers exceeding five (5) pages in length without prior permission from Trial Division support staff. Do not file a confirmation copy. Such copies tend to cause duplicate entries (in violation of Bd.R. 7(b)) among other problems.

## ¶ 11 Ex parte communications

The prohibition on ex parte communications is strictly enforced.

### ¶ 11.1 Papers

A properly served paper should not result in an ex parte communication.

### ¶ 11.2 Other forms of communications

Improper communications typically arise in telephone calls, electronic mail messages, or public meetings. Telephone calls should be conference calls with each opposing party included. Electronic mail messages, when authorized, should include the opposing party in the "To" line or the "Cc" line. Discussion of specific pending contested cases should not occur at public meetings.

### ¶ 11.3 Permissible contacts

The following types of contacts are not ex parte communications—

- contact of a ministerial nature directed to support staff,

- contact of a general nature directed to Board management, or

- contact under a rule requiring reference to a different contested case, provided the contact does not involve the merits of the other contested case.

A call to a Trial Division paralegal to arrange a telephone conference is a typical example of a ministerial contact with support staff. SO ¶ **10.5**. A general comment, made apart from a particular contested case, on a Board rule with examples drawn from actual experiences is an example of the second kind of permissible contact. Identification of a related case pursuant to Bd.R. 8(b) and SO ¶ **8.2** is an example of the third kind of contact.

### ¶ 11.4 Refusal to participate

The Board may permit a hearing or conference call to take place even if a party refuses to participate. In such instances, the Board may require additional safeguards,

such as the recording of the communication and the entry of the recording into the record.

## ¶ 12 Citation of authority

### ¶ 12.1 Copies of authority cited

A party must file and serve a copy of any authority on which it relies. A party must not assume that the opponent or the Board has access to the authority.

An authority reported in (1) United States Reports or West Publishing Company's Supreme Court Reporter, (2) the second or third series of West's Federal Reports, or (3) the Bureau of National Affairs' United States Patents Quarterly is exempt from the requirement to file and serve a copy.

### ¶ 12.2 Parallel citation

Examples of proper parallel citation as required under Bd.R. 12(a)(2)—

- *Aelony v. Arni*, 547 F.2d 566, 192 USPQ 486 (CCPA 1977).

- *In re Deckler*, 977 F.2d 1449, 24 USPQ2d 1448 (Fed. Cir. 1992).

### ¶ 12.3 Binding authority

The following types of decisions are binding precedent—

- Decisions of the United States Supreme Court.

- Decisions of the Federal Circuit, the former Court of Customs and Patent Appeals and the former Court of Claims announced before the close of business on 30 September 1982.

- Decisions of the Director of the United States Patent and Trademark Office (formerly the Commissioner of Patents and Trademarks).

- Decisions of the Board of Patent Appeals and Interferences that have been determined to be binding precedent in accordance with established Board procedures.

- Trial Division decisions that have been designated as precedential.

Decisions of other federal courts and non-precedential decisions of the Board may be cited, but are not binding precedent.

## ¶ 12.4 Primary authority

Only primary authority should be cited. Secondary authorities summarizing primary authority are never binding and are inherently less persuasive. Primary authority includes: (1) the United States Code, (2) the Code of Federal Regulations, (3) notices published in the Federal Register or the Official Gazette, and (4) binding precedent.

The Manual of Patent Examining Procedure, a guide for patent examiners prepared by the Office of the Commissioner for Patents, is not itself primary authority except as a statement of patent examining practices.


## ¶ 20 Fees

No fees are charged for papers filed in the ordinary course of a contested case. Occasionally, a paper filed in a contested case must also comply with another rule. Bd.R. 121(c)(2). Compliance with the other rule may require payment of a fee. If so, then payment must be made at the time the paper is filed.

13

## ¶ 100 Days and times

### ¶ 100.1 Business day

The Board is officially open for business on business days.  Occasionally the Board may act or may expressly require a party to act on a day that is not a business day.

### ¶ 100.2 Time standard

All times stated in the Standing Order and other Board orders (except as expressly provided) are for Eastern Time, the local time for the Board of Patent Appeals and Interferences–either Eastern Standard Time or Eastern Daylight Savings Time, as appropriate.

## ¶ 101 Notice of proceeding

### ¶ 101.1 Declaration of interference

The notice initiating an interference is called a Declaration.  See 35 U.S.C. 135(a) ("an interference may be declared").

### ¶ 101.2 Maintaining proper address

While the Board is authorized to provide notice by means other than mailing to the correspondence address of record, it is ultimately the responsibility of the application or patent owner to maintain a proper correspondence address.  *Ray v. Lehman*, 55 F.3d 606, 610, 34 USPQ2d 1786, 1788 (Fed. Cir. 1995).

14

## ¶ 102 Completion of examination

In most cases the public interest is best served by completion of examination before any contested case is initiated.  Exceptions may occur on a case-by-case basis, but the Board may then require parties to address such issues.  For example, an applicant might be required to cancel and refile claims that do not correspond to an interference count because such claims are not entitled to a patent term adjustment.

## ¶ 103 Jurisdiction over related files

### ¶ 103.1 Access to related files

The Board temporarily may restrict public access to related files, such as paper files for accorded benefit applications, to ensure that the parties can obtain timely copies of such files.  See SO ¶ 109.

### ¶ 103.2 Action in related files

The Board does not ordinarily take action in a file not involved in the proceeding, but occasionally a decision on a motion will require action in a related file.

## ¶ 104 Modification of the Standing Order

### ¶ 104.1 Modification of Standing Order

An administrative patent judge may modify the terms of the Standing Order.

**¶ 104.2  Times for motions phases**

The Board generally initiates a conference call to set times for the motion periods. For interferences, the date and time for the conference call typically appear in Part D of the Declaration.

**¶ 104.2.1  Motions list**

A list of proposed motions (see Bd.R. 204(c) and SO ¶ **204**) must typically be filed no later than **four business days** prior to the conference call to set dates.  This requirement improves the administration of justice by—

- helping the Board and counsel arrive at an appropriate schedule for taking action,

- permitting the Board to determine whether the listed motions are both necessary and sufficient to resolve the issues raised, and

- revealing the possibility that there may be a dispositive motion, see, e.g., Bd.R. 201 (threshold issue).

With prior Board approval a party may be permitted to file an unlisted motion, but the set times are not likely to be changed to accommodate the unlisted motion.

Sample orders setting times for the preliminary motion (Form **2**) and priority motion (Form **3**) phases of an interference are reproduced in the **Appendix of Forms**.  The parties should discuss the appropriate order prior to the conference call and try to agree on dates for taking action.  Note that in each order, the parties may usually stipulate changes to the first six times, but not to the last three times.

16

### ¶ 104.2.2  Additional discovery

If additional discovery will be needed to support a proposed motion, the movant should include a miscellaneous motion for such discovery in the list of proposed motions.  Bd.R. 121(a)(3); SO ¶ **123**.

## ¶ 105 Electronic filing

### ¶ 105.1 Filing in paper

Filing in paper is not permitted unless expressly authorized.  A party that is unable to comply with the electronic filing requirement must promptly arrange a telephone conference using the procedure for an opposed miscellaneous motion,

Bd.R. 123(b)(1)(ii); SO ¶ **123**.

### ¶ 105.2 Electronic filing procedures

### ¶ 105.2.1  Time to file

A paper must be filed no later than 5:00 p.m. (Eastern Time, SO ¶ **100.2**) on the day the paper is due.

### ¶ 105.2.2  Separate files

Each paper (not each page) must be a separate ADOBE® portable document format [pdf] file.

### ¶ 105.2.3  Papers as an attachment no greater than 1 megabyte

A paper that is not larger than 1 megabyte in size must be electronically mailed as an attachment to:  **BoxInterferences@USPTO.GOV.**

17

No information other than the title of the attachment may appear in the message body, for example, "Jones Motion 1".

The file name of the attachment must concisely identify the document, for example, "Jones Motion 1.pdf".

### ¶ 105.2.4  Sender

A paper may only be filed from an address at the domain name of the party's counsel of record (or, if no counsel is appointed, the electronic mail address of record for the party).

### ¶ 105.2.5  Paper larger than 1 megabyte; collections of exhibits

A paper larger than 1 megabyte, or a collection of exhibits, may not be electronically mailed as provided above.  Instead, it must be delivered as provided in SO ¶¶ **10.2**-**10.4** on a compact disc or a 3¼ inch diskette that is compatible with MICROSOFT® WINDOWS XP®.  If a hearing has been requested, four copies of the disc or diskette must be filed.

### ¶ 105.3 Service

A paper must be served via electronic mail.

### ¶ 105.3.1  Simultaneous filing and service

If, when the paper is electronically filed with the Board, the opposing party is included as an addressee, then no additional certificate of service is required.  The electronic mail message will function as the certificate of service.

### ¶ 105.3.2  Delayed service

If the paper is not served via the electronic mail message in which the paper is filed, then the paper must be served in a separate electronic mail message no later than 6:00 p.m. (Eastern Time SO ¶ **100.2**) the day the paper is due.  The paper as filed must include a certificate of service stating the time of service in addition to the date and manner of service.  Bd.R. 106(f)(3).

### ¶ 105.4 Format

### ¶ 105.4.1  Portable document format required

All papers, excluding exhibits, must be filed in ADOBE® portable document format [pdf].  Papers must be filed in **text-searchable** pdf whenever reasonably possible. Each party is responsible for the accuracy of its pdf files.

### ¶ 105.4.2  Paper size

Each paper created for the contested case should be formatted for printing on 8½ inch × 11 inch paper.

### ¶ 105.4.3  Waiver of requirements

The following paper formatting requirements in the Board rules are waived for electronically filed papers—

- ■  Bd.R. 106(b)(2) - two-hole punch; and

- ■  Bd.R. 106(c) - working copy.

**¶ 105.5 Signature**

**¶ 105.5.1  Papers other than exhibits**

A paper other than an exhibit must be signed using an S-signature (see 37 C.F.R. § 1.4(d)(2)).  Board papers will only be signed using an S-signature.

**¶ 105.6 Exhibits**

An exhibit with a handwritten signature in the exhibit must be scanned to preserve the appearance of the signature even if other portions of the exhibit are converted to a text-searchable format.  An affidavit must have an original signature.

# ¶ 106 Filing and service generally; in paper

A paper or exhibit that is not timely filed and properly served will not ordinarily be considered.  One consequence may be that the relief sought is not granted for failure to move or for failure to prove.  Cf. SO ¶ **121.3**.

**¶ 106.1 General format of papers**

**¶ 106.1.1  Caption**

The heading shown in Part G of the Declaration must be used in all papers other than non-affidavit exhibits.  Affidavits other than deposition transcripts must use the heading, but other exhibits do not need to use the heading.  Form **1** in the **Appendix of Forms** shows a sample caption for an interference.

### ¶ 106.1.2 Style

The style of each paper must appear on a single line and must not use the words "et al". Styles for papers other than motions, oppositions, and replies must be simple and descriptive. Examples for papers other than motions, oppositions and replies include—

- JONES DESIGNATION OF LEAD ATTORNEY

- SMITH DESIGNATION OF REAL PARTY IN INTEREST

- JONES REQUEST FOR FILE COPIES

- SMITH PRIORITY STATEMENT

- JONES SERVICE OF REFERENCES

- SMITH CLEAN COPY OF CLAIMS
  (with drawing numerals)

- SMITH CLEAN COPY OF CLAIMS
  (means-plus-function annotation)

### ¶ 106.1.3 Paper size

The Board's facilities for maintaining paper records are designed to work best with 8½" x 11" paper. Occasionally an exhibit must be reproduced on a larger paper size to preserve detail. In such instances, a larger paper format is permitted, but the paper should be folded to permit entry as a 8½" x 11" paper.

### ¶ 106.1.4 Line Numbering

For papers other than exhibits, every page (not including the cover sheet, any table of contents, any table of authorities, required appendices, and the certificate of service) must have line numbering to facilitate precise citation between papers. See, e.g., SO ¶ 122.3.

## ¶ 106.1.5  Footnotes

The use of footnotes is discouraged.  Footnotes must be double-spaced.

## ¶ 106.2 Combined papers and incorporation not permitted

An opposition must respond to only a single motion and a reply must respond to only a single opposition.  Incorporation by reference and combined papers are prohibited to reduce the chance risk of overlooking an argument and to improve the efficiency of decision making.  Incorporation of arguments by reference amounts to a self-help increase in the length of the brief and a pointless imposition on the Board's time.  Each motion, opposition, and reply must make all arguments accessible to readers, rather than ask them to play archeologist with the record.  *DeSilva v. DiLeonardi*, 181 F.3d 865, 866-67 (7th Cir 1999).

The ban on incorporation by reference does not mean that relief in a paper cannot be made expressly contingent on some result arising out of another paper.  Indeed, noting such contingencies is strongly encouraged.

## ¶ 106.3 Transmittal sheets

Do not file a transmittal sheet listing papers being filed *except* an exhibit list may be filed when more than one exhibit is being filed.

## ¶ 106.4 Service

## ¶ 106.4.1  Certificate of service

Each paper (other than an exhibit) must have a separate certificate of service, incorporated as the last page of the paper, to permit the Board to verify that each paper has been served.

22

## ¶ 106.4.2 Alternatives to EXPRESS MAIL

For service in paper or of electronic media, any mode of service that accomplishes same-day or overnight delivery of the paper (e.g., by hand, facsimile, or a commercial overnight delivery service) may be substituted for EXPRESS MAIL service.

## ¶ 106.4.3 Papers served but not filed

The following papers must be served on an opponent, but should not be filed with the Board at the time of service—

- ■ An objection to the admissibility of evidence,

- ■ A notice requesting cross-examination, and

- ■ Automatic discovery pursuant to Bd.R. 150(b)(1).

Such papers may be filed later as exhibits if a dispute arises with respect to the paper served. For instance, an objection to the admissibility of evidence may be filed as an exhibit for a motion to exclude. Bd.R. 155(c).

## ¶ 106.5 Filing in paper

Electronic filing is the default filing mode. SO ¶¶ **10.1 & 105**. The following provisions apply only in the unusual situation that paper filing is authorized—

- ■ The first page of each paper must be pink. Bd.R. 106(b)(1)(ii).

- ■ The paper must have the two holes required in Bd.R. 106(b)(2).

- ■ A working copy must also be filed and must be marked "APJ COPY" at the top first page. Bd.R. 106(c).

## ¶ 108 Lead and backup counsel

The notice identifying counsel under Bd.R. 108(b) must identify both a lead counsel and a backup lead counsel, and must provide for each the contact information specified in Bd.R. 108(b)(1)-(b)(5).

If lead counsel or backup counsel are not counsel of record (37 CFR §§ 1.32 and 1.34) in the involved application or patent, then a power of attorney must be filed with the Board for entry in the involved patent or application file within the **fourteen (14) day** period of Bd.R. 108(b).

## ¶ 109 Request for file copies

### ¶ 109.1 Filing the request

### ¶ 109.1.1 Time for filing request

A party seeking copies of an involved or benefit file mentioned in the Declaration must, within **fourteen (14) days** of the date of the Declaration, file with the Board (not another part of the Office) a separate paper styled [Name of party] REQUEST FOR FILE COPIES to which is attached a completed FILE COPY REQUEST. See Form **4** in the **Appendix of Forms**. Failure to request copies of files at the beginning of the contested case will rarely constitute a basis for granting an extension of time (Bd.R. 4(a)). Thus, a party should not expect an extension of time based on non-receipt of a requested file if the party did not timely place an order for copies or timely advise the Board of non-receipt of a file.

24

## ¶ 109.1.2  Deposit Account

A party may charge the cost of the file request against its deposit account.  If so, the party should keep the following points in mind.

### ¶ 109.1.2.1  Authorization to charge Deposit Account

The individual requesting the file must be authorized to charge a fee to the identified deposit account.  "Authorized" means authorized by the records of the Office.  "Authorized" to charge a deposit account is *not* the same thing as being an attorney of record in the case—

- the authorized individual does not have to be a registered practitioner, and

- a registered practitioner is not automatically authorized to charge a deposit account.

If the individual is not authorized, the Office of Public Records [OPR] will not fill an order even if the Deposit Account has sufficient funds.

### ¶ 109.1.2.2  Adequate Deposit Account balance

If the balance in a Deposit Account is not sufficient to cover the costs of the requested copies, the order will not be filled.  37 C.F.R. § 1.25.

## ¶ 109.2 Filling record requests

There are at least three kinds of records—

- Image File Wrappers [IFW], which are downloaded to a disk and sent to the individual who requested a file copy.

- Paper files, which are copied and sent in paper form to the individual who requested a file copy.

- "Artifacts", which includes such things as colored documents, plant patent drawings, or video tapes.

Paper files are copied in one part of OPR and IFW files are downloaded to disks in another part of OPR. An order is considered "filled" when—

- An IFW is downloaded, or
- A paper file is copied.

Consequently, for the same "file", an IFW portion, an artifact portion, and a paper file portion of the same order may be filled at different times. A party receiving a record from the Office should not be surprised if, for instance, the IFW portion arrives before the paper file portion or the artifact portion.

*Patent Cooperation Treaty [PCT] applications*

If a benefit or potential benefit application is a PCT application that was filed in the Office, there may be a paper file, but no IFW at this time. If there is a paper file and it is transmitted to OPR, they will copy the PCT paper file and fill an order. The Office does not have copies (IFW or paper) of PCT applications filed elsewhere in the world.

*Foreign benefit applications*

Foreign benefit applications generally appear as a certified copy in an involved or benefit file. The Office generally does not maintain a separate file for the foreign benefit application. Consequently, before notifying the Board that it has not received a foreign benefit application, a party should first confirm that the application has not been delivered as part of an involved or benefit file.

*Copies of a United States patent mentioned in an IFW file*

The IFW files generally do not include copies of U.S. Patents cited by the examiner or the applicant. A party receiving a copy of an IFW file should not be surprised that

26

copies of any U.S. patent cited in the IFW record are not included. Copies of any U.S. patent may be obtained through the PTO's website:

**http://www.uspto.gov/patft/index.html**

### ¶ 109.3 Notification on non-receipt

Within **twenty-one (21) days** of the date of the Declaration, the Board forwards all timely requests and necessary files to the Office of Public Records [OPR]. The Trial Division enters an order notifying the parties that their respective orders have been transmitted to OPR. OPR makes the copies, which are shipped via overnight commercial courier within fourteen days of receipt of the order. The shipment may be separated into more than one package. See SO ¶ **109.2**. The transmittal order instructs parties to advise the Board promptly if complete copies are not received consistent with this schedule.

### ¶ 109.4 Record of contested case

The record for the contested case does not include any involved application or patent or any accorded benefit files, all of which are maintained as separate files. Ordering the record for the contested case will not result in receipt of copies of the involved files. There should rarely be any need for a party to order the record for the contested case during the pendency of the contested case before the Board.

### ¶ 109.5 Access to paper files at Board

During the pendency of a contested case, involved files (other than files that are maintained as Image File Wrapper records) may be inspected only at the Board. Moreover, paper files are unavailable while OPR is making copies.

27

## ¶ 110 Copies of claims

A movant seeking to add a claim must comply with the requirements of Bd.R. 110(c) for the proposed claim.

A movant seeking to have a claim designated as corresponding to a count must provide a clean copy, and where applicable an annotated copy, of the claim as an appendix to the motion unless such copies have already been filed for the claim.

Clean copies of claims and of biotechnology sequences are required because claims and sequences are often spread throughout an application file. In patents, there are often certificates of correction. The filing also provides an early opportunity to identify any divergence between what the party believes its claims to be and what the record actually shows. Annotated copies of the involved claims allow all parties and the Board to understand the precise meaning of limitations in the claims. An example follows:

> An apparatus comprising
> a first valve { **Fig. 2, item 25** },
>    means for printing { **page 5, line 8 through page 6, line 1; Fig. 3, items 45 and 46** }, and
>    a second valve { **Fig. 3, item 98** } * * *.

## ¶ 120 Types of notices of basis for requesting relief

The principal types of notices under Bd.R. 120 in interferences are priority statements and motions lists. More detail is provided in Bd.R. 204 and SO ¶ **204**. The Trial Procedures Section will be more flexible in accepting changes in the motions list

than in the priority statement; however, the practice under Bd.R. 120 is intended to be more rigorous than it was prior to the adoption of the current rules on 13 September 2004. An accurate motions list is necessary to provide the Board and the opposing parties adequate notice to plan for the proceeding. Facially inadequate motions lists can no longer be cured by filing whatever motion a party may please whether it was listed or not.

## ¶ 121 Motions

Relief on the merits of a case must be sought through a substantive or responsive motion. Miscellaneous motions are for seeking procedural relief. All motions require prior Board authorization except unopposed miscellaneous motions, SO ¶ **123**.

### ¶ 121.1 Title and numbering of motions

Each motion of each party must be numbered consecutively, starting with one, regardless of the type of motion. The title of each motion should state the name of the party, the type of motion, and the motion number. The title of a motion may include a second parenthetical line specifying the nature of the motion. For example—

- JONES MISCELLANEOUS MOTION 1
  (for additional discovery)

- JONES SUBSTANTIVE MOTION 2
  (for judgment based on prior art)

- JONES RESPONSIVE MOTION 3
  (to correct inventorship)

- JONES SUBSTANTIVE MOTION 4
  (for judgment based on lack of enablement)

29

**¶ 121.2 Page limits in motions**

The following page limits (not including a table of contents, a table of authorities, required appendices, and the certificate of service) apply—

- priority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30 pages
- miscellaneous . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10 pages
- other motions  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20 pages

**¶ 121.3 Burden of proof**

In addition to complying with any procedural requirements of the rules and the Standing Order, a movant bears a burden to establish its right to any substantive relief requested in the motion.  A motion that fails to comply with applicable procedural requirements may be dismissed without reaching the merits, in which case the issue sought to be raised by the motion is deemed not to have been properly presented for decision by the Board.  A motion that, while complying with applicable procedural requirements, nevertheless fails to make out a substantive case may be denied on the merits.  A motion may be dismissed or denied without considering any opposition, or may be granted without considering a reply.  In an interference, the movant should note the presumptions stated in Bd.R. 207.

While the ultimate burden remains with the movant, the burden of production may shift to the opponent after the movant has made out a facially sufficient case.  Similarly, the opponent may bare the initial burden with respect to an issue first propounded in the opposition.  For example, a movant seeking judgment of anticipation over a reference bears the ultimate burden of establishing anticipation, but the opponent

30

arguing that the reference is not enabling will have the initial burden of proof on the issue of enablement.

## ¶ 121.4 Format

Each motion must set out in the following order the precise relief requested and an argument setting out the reasons why relief should be granted.  Two examples of a precise statement of relief—

- Jones moves to be accorded the benefit for count 1 of the filing date of application X, filed 22 January 1993.

- Jones moves for judgment against Smith on the ground that all of Smith's involved claims are unpatentable under 35 U.S.C. 103 over the combined disclosures of U.S. Patent No. Y and French Patent Z.

## ¶ 121.5 Appendices

## ¶ 121.5.1 Appendix 1: List of exhibits

Each motion must include a list of the exhibits cited in the motion.  The list must appear as "Appendix 1" to the motion.  The list must be ordered by exhibit number. Each exhibit must be listed on a separate line.  The listing of each exhibit number should state the exhibit number followed by a concise description of the exhibit.  For example:

1048 - Second declaration of Prof. John Doe.

In deciding a motion, the Board ordinarily will not consider an exhibit not listed as provided in this paragraph.

**¶ 121.5.2  Appendix 2: Statement of material facts**

The statement of material facts for each motion, opposition, or reply must be set forth as "Appendix 2" to the motion, opposition, or reply, respectively.  Bd.R. 121(d)(2).

Each fact must be set out as a single, short, numbered declaratory sentence that is capable of being admitted or denied.  Citation to the evidence must be specific, for example, by—

- column and line of a patent,

- page, column, and paragraph of a journal article,

- page and line of a deposition transcript,

- page and paragraph of an affidavit (other than a deposition transcript), and

- title and chapter number of a DVD.

A motion may be denied if the facts alleged in Appendix 2 are insufficient to state a claim for which relief may be granted.  Facts set out only in the argument portion of a motion may be overlooked and may result in a motion being denied.  Citations to an entire document or numerous pages of a cross-examination deposition transcript do not comply with the requirement for a specific citation to the record.  The Board will not take on the role of advocate for a party, trying to make out a case the party has not adequately stated.

32

### ¶ 121.6 Claim chart alternative

As an alternative to a claim chart, a party may reproduce the complete claim in an appendix. Following each limitation in the claim, and within braces { }, insert in bold a specific citation to the information to be compared to the limitation (such as where a prior art reference describes the limitation). Braces { } must be used instead of brackets [ ] because brackets are used to indicate amended portions of claims in reissue applications.

## ¶ 122 Oppositions and replies

### ¶ 122.1 Numbering oppositions and replies

Each opposition must use the same number as the motion it opposes (skipping the number of any motion not opposed), but does not need a descriptive second line. For example (with reference to the examples in SO ¶ **121.1**):

SMITH OPPOSITION 1.

Each reply must use the same number as the opposition to which it replies (again, skipping the number of any opposition for which no reply is filed). For example (with reference to the examples in SO ¶ **121.1**):

JONES REPLY 4.

### ¶ 122.2 Page limits

As with motions, the page limits for oppositions and replies do not include a table of contents, a table of authorities, required appendices, or a certificate of service.

33

## ¶ 122.2.1  Opposition

The page limits for oppositions are the same as those for corresponding motions—

- priority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30 pages
- miscellaneous . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10 pages
- other motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20 pages

## ¶ 122.2.2  Reply

For replies, the pages limits are—

- priority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12 pages
- miscellaneous . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5 pages
- other motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10 pages

## ¶ 122.3 Format

## ¶ 122.3.1  Opposition

An argument stating the reason why relief is opposed must be made in the following

manner:

> On page x, lines y-z of the motion, it is argued (or stated factually) that _.
> The response is _.

## ¶ 122.3.2  Reply

The argument responsive to statements in the opposition must be made in the

following manner:

> On page x, lines y- z of the opposition, it is argued (or stated factually)
> that _.  The response is _.

## ¶ 122.4 Appendices

### ¶ 122.4.1 Appendix 1: List of exhibits

Each opposition and reply must include as "Appendix 1" an exhibit list formatted like the list required for motions, SO ¶ **121.5.1**.

### ¶ 122.4.2 Appendix 2: Statements of material fact

Each opposition and reply must include as "Appendix 2" a statement of material facts formatted like the statement required for motions, SO ¶ **121.5.2**.

As provided in the following paragraphs, the statement of material fact is a compilation of all the facts stated for the motion.  That is—

- The statement of facts in an opposition will include the statement of facts from the motion, and

- The statement of facts in a reply will include the statement of facts from the motion and the opposition.

Since papers should ordinarily be submitted in text-readable, electronic format, the burden associated with creating the compilation should be relatively small.  The statements appear in appendices and thus do not count toward the page limits.  The last statement of material facts submitted should be a complete compilation of all facts (and admissions, denials, etc.) relating to the motion.

### ¶ 122.4.2.1 Opposition

Appendix 2 for the opposition must include a statement of material facts in which,

- Each material fact alleged in the motion is repeated with concise statement admitting, denying, or stating that the opponent is unable to admit or deny the fact.

- Any additional material fact upon which the opposition relies, with a citation to the evidence.  Any additional material fact must be

35

consecutively numbered beginning with the next number after the last numbered material fact.

## ¶ 122.4.2.2  Reply

Appendix 2 for the reply must include a statement of material facts in which,

- All the material facts stated in the motion are repeated with the opponent's concise statement admitting, denying, or otherwise addressing the motion fact.

- Each material fact alleged in the opposition is repeated with concise statement admitting, denying, or stating that the movant is unable to admit or deny the fact.

- Any additional material fact upon which the movant relies, with a citation to the evidence.  Any additional material fact must be consecutively numbered beginning with the next number after the last numbered material fact.

## ¶ 122.5 New issues in replies

A reply that raises a new issue or belatedly presents evidence will not be considered and may be returned.  The Board will not attempt to sort proper from improper portions of the reply.  Examples of indications that a new issue has been raised in a reply include—

- new evidence that is necessary to make out a *prima facie* case for the relief requested in the motion,

- new evidence that could have been included with the motion, and

- a reply that is longer than the corresponding motion or opposition.

## ¶ 123 Miscellaneous motions

### ¶ 123.1 Mandatory conference

Before filing a miscellaneous motion, a party must confer with all opponents and, if agreement cannot be reached, arrange a conference call to the Board official administering the contested case.

### ¶ 123.2 Timeliness

The movant must explain why the motion is timely.

### ¶ 123.3 Recording conference calls

The parties, at their expense, may retain the services of a court reporter to record any conference call. A written record is often desirable inasmuch as an oral decision may be made with respect to issues raised during the conference call.

## ¶ 124 Oral argument

### ¶ 124.1 Request for oral argument

The time for requesting an oral argument on substantive and responsive motions is normally specifically set in an order. Note that the time set in the order controls over the five-day period set in Bd.R. 124(a). See Bd.R. 104(c).

A precise statement of the issues for which oral argument is requested is helpful in determining whether to authorize a hearing at all and in determining the times to allot to the parties. A request may be granted or denied in whole or in part.

**¶ 124.2 Attendance; special needs**

A party that does not expect to attend must promptly notify the Board. Such notice must be served on opposing party.

A party should advise the Board as soon as possible before an oral hearing of any special need. Examples of such needs include additional space for a wheel chair or for a stenographer, an easel for posters, or an overhead projector. Parties should not make assumptions about the equipment the Board may have on hand. Such requests should be directed in the first instance to a Trial Division paralegal at 571-272-9797. Ultimately, any special equipment needed for oral argument is the responsibility of the party needing the equipment.

**¶ 124.3 Security; access**

The parties should consult the Board web page for information regarding parking and security processing:

**http://www.uspto.gov/web/offices/dcom/bpai/docs/contacts/visitation_info.htm**

Attendees must report to the security station in the lobby of the Madison Building East and present the order setting the hearing along with photo identification to security personnel.

**¶ 124.4 Demonstrative exhibits**

Four copies (one copy for the record and one working copy for each judge) of each demonstrative exhibit must be filed before, or presented at, oral argument. Demonstrative exhibits must be served at least five business days in advance. Bd.R. 124(d).

38

Elaborate demonstrative exhibits are more likely to impede than help an oral argument. The most effective demonstrative exhibits tend to be a handout or binder containing the demonstrative exhibits. The pages of each demonstrative exhibit should be numbered to facilitate identification of the exhibits during the hearing, particularly if the hearing is recorded.

### ¶ 124.5 Transcription of oral argument

Transcription of oral argument is strongly encouraged. The party requesting transcription must arrange for the transcription and pay the costs. Parties are encouraged to share the costs.

When an argument is to be transcribed, the party should notify a Trial Division paralegal assistant (571-272-9797) as soon as possible, but at least one business day prior to oral argument, so that arrangements may be made in the hearing room for the reporter.

The transcriber must use a stenography machine, but may also use a tape recording device as a backup. Microphones at individuals' locations are not authorized.

## ¶ 125 Rehearing of decisions

### ¶ 125.1 Time for filing

A request for rehearing must be filed within fourteen (14) days of the decision, Bd.R. 125(c)(1), *unless* a judgment accompanies the decision in which case the request must be filed within thirty (30) days of the judgment, Bd.R. 127(d).

### ¶ 125.2 Format for request for rehearing

A request for rehearing is, in form, a miscellaneous motion, but no prior conference call is required.  The argument responsive to the decision must be made with particularity in the following manner:

> On page _, lines _-_, the opinion states _.  The opinion is believed to have overlooked [or misapprehended] _.  This point was set forth in _ Motion [or Opposition or Reply] _ at page _, lines _-_.

The request must include as an appendix an evidence list setting forth a list (in numerical order by exhibit number) of each exhibit that the party believes was overlooked or misapprehended.

### ¶ 125.3 Number of requests

A party may file no more than one request for rehearing per motion decision.

### ¶ 125.4 New evidence on rehearing

Evidence not already of record at the time of the decision will not be admitted absent a showing of excusable neglect for the belated submission.  Bd.R. 4(a).


## ¶ 126 Settlement discussions required

### ¶ 126.1 Last-named party initiates

The party named last in the caption set in the declaration is responsible for—

- initiating any settlement discussions,

- initially drafting any document, and

- initiating any conference call required by this paragraph.

The parties may agree to permit another party to undertake the obligations placed upon the last-named party.

The Office encourages settlement of contested cases and has designed this process to facilitate settlement. The last named party in the contested case is required to initiate the mandatory settlement discussion to avoid the perception that initiation of settlement talks indicates weakness.

## ¶ 126.2 Initial conference

Within **three (3) months** of the date of the Declaration, the parties must conduct a settlement conference and must initiate a conference call with the Board official assigned to the case. During the call, the parties should be prepared to report—

- the outcome of the settlement discussion;
- whether the parties are actively engaged in settlement negotiations and, if so, what steps have already been taken toward settlement;
- whether any settlement negotiations are directed toward obviating the need for filing motions;
- any issues that are not subject to settlement negotiations; and
- the status of any settlement negotiations, including how much time might be needed to conclude those negotiations.

The Board official assigned to the contested case is available to facilitate settlement discussions.

## ¶ 126.3 Subsequent conferences

Unless a different time is set in an order, within **two (2) months** after a panel decision on substantive motions, the parties must conduct another settlement

41

conference and initiate another conference call with the Board on the conference as provided in the preceding paragraph, SO ¶ **126.2**.

**¶ 126.4 Filing notice of conferences**

Prior to initiating any conference call required by this paragraph, the parties must file (in cases without electronic filing, preferably by facsimile, SO ¶ **10.6**) a joint statement indicating that a good faith effort has been made to settle the contested case.


## ¶ 127 Estoppel; rehearing of judgment

### ¶ 127.1 Estoppel

A substantively or procedurally inadequate motion does not avoid estoppel under Bd.R. 127(a)(1).

### ¶ 127.2 Rehearing

The rehearing practice under SO ¶¶ **125.2-125.4** applies to rehearing of judgments as well. The judgment implementing a decision does not provide a second opportunity to request a rehearing of the underlying decision, SO ¶ **125.3**.

*Concurrent decision and judgment*

Often a judgment implementing a decision is entered with or shortly after entry of the decision itself such that the fourteen (14) day period for requesting rehearing of a decision (Bd.R. 125(c)(1)) runs concurrently with the thirty (30) day period for requesting rehearing of the judgment (Bd.R. 127(d)). In this situation, a single request for rehearing should be filed within the thirty (30) day period set in Bd.R. 127(d). See SO ¶ **125.1**.

42

## ¶ 128 Sanctions

As with other procedural remedies, a party seeks a sanction by filing a miscellaneous motion.  SO ¶ **123**.

Examples of conduct likely to lead to sanctions—

- filing a petition affecting the merits of a pending contested case with a part of the agency other than the Board (SO ¶ **3.2**), and

- failing to file adequate notice of judicial review with the Board (SO ¶ **8.3**),

- exceeding the Board-authorized scope for compelled testimony or production (SO ¶ **156.3**),

- failing to comply with the **Cross Examination Guidelines** (SO ¶ **157.5**),

- failure to notify the Board promptly of a common interest (SO ¶ **206**), and

- filing a facially insufficient motion alleging inequitable conduct against an opponent (SO ¶ **208.2**).

## ¶ 150 Discovery

### ¶ 150.1 Automatic discovery

Automatic discovery (1) places the parties on a level playing field and (2) reduces any difficulty authenticating documents when a party would like to rely on a document cited in an opponent's specification.  A party should have access to documents cited in its opponent's specification, but it may be difficult for the party to locate those documents.  The parties should be prepared to promptly file copies of the materials served under Bd.R. 150(b).

**¶ 150.2 Requesting additional discovery**

Discovery before the Board is significantly different than discovery under the Federal Rules of Civil Procedure. A request for additional discovery must be in the form of a miscellaneous motion. Bd.R. 121(a)(3); SO ¶ **123**. The standard for granting such requests is high and requires specific bases for expecting that the discovery will be productive. Bd.R. 150(a) & (c)(1). Additional discovery is rarely authorized because in contested cases, the party usually has equal or better access to relevant information compared to any other source. Additional discovery is most commonly authorized in the context of cross examination. Bd.R. 150(c)(2). Other situations in which additional discovery might be required include proving an on-sale or public-use bar and proving inequitable conduct intent, but these situations require a solid basis for believing the discovery will be productive.

## ¶ 151 Challenging admissibility

As with other procedural remedies, a party may seek to prevent the entry of evidence (motion in limine) or to exclude entered evidence by filing a miscellaneous motion. See Bd.R. 121(a)(3); SO ¶¶ **123** & **155**.

44

## ¶ 152 Rules of evidence

### ¶ 152.1 Official notice not automatic

The Board may exercise its discretion to take official notice of the records of the United States Patent and Trademark Office. Bd.R. 152; Fed. R. Evid. 201(c). No party should proceed on the assumption that the Board will take notice of Office records sua sponte. As with other procedural remedies, a party may seek official notice by filing a miscellaneous motion. Bd.R. 121(a)(3); SO ¶ 123.

### ¶ 152.2 Hearsay

### ¶ 152.2.1 Specification

A specification of an involved application or patent is admissible as evidence only to prove what the specification or patent describes. If there is data in the specification upon which a party intends to rely to prove the truth of the data, an affidavit by an individual having first-hand knowledge of how the data was generated (i.e., the individual who performed an experiment reported as an example in the specification) must be filed. This individual may be cross examined.

### ¶ 152.2.2 Laboratory notebooks

Lab notebooks generally do not fall within the business records exception or the catchall exception. *Chen v. Bouchard*, 347 F.3d 1299, 1308 & n.2, 68 USPQ2d 1705, 1711 & n.2 (Fed. Cir. 2003).

## ¶ 153 Certification of Office records

Records of the United States Patent and Trademark Office are deemed to be self-authenticating within the meaning of Fed. R. Evid. 902(4), provided the record is available to each party in the proceeding. Parties generally have an opportunity to obtain copies of the involved and benefit files for the contested case.

## ¶ 154 Form of evidence

### ¶ 154.1 Records of the Office

#### ¶ 154.1.1 Must be submitted as an exhibit

Records of the United States Patent and Trademark Office, including affidavits filed during examination, are not automatically part of the record before the Board. The first party seeking to rely on the record must submit a copy of the record as an exhibit. As with other exhibits, the opponent will have an opportunity to object to the exhibit. In the case of an affidavit filed during examination, the opponent may cross examine the affiant.

#### ¶ 154.1.2 Reliance on a portion of a file

If a motion (or opposition or reply) relies on any document in the file of a patent or application (including a specification), the entire document must be made an exhibit in the contested case. Each document, however, should be a separate exhibit. Do not submit an entire application file as a single exhibit. A document that is not discussed in the motion (or opposition or reply) must not be filed.

46

## ¶ 154.2 Exhibit labels

### ¶ 154.2.1  Unique and consecutive

Each exhibit from a party must be uniquely and consecutively numbered within the range the Board assigns to the party for the proceeding.

Unless otherwise provided in an order, the party named last in the caption set in the declaration is assigned the range 1001-1999, while the first-named party is assigned 2001-2999.

### ¶ 154.2.2  Material covered on first page

If an exhibit label covers important material on the first page of an exhibit, a copy of the first page of the exhibit must be reproduced and presented as page 1-a of the exhibit.

## ¶ 154.3 Filing of exhibits

### ¶ 154.3.1  Electronically

See SO ¶ **105.2**.

### ¶ 154.3.2  In paper

A set of original exhibits must be filed in a box, an accordion folder, or a comparable folder containing the exhibits in numerical order, separated by a divider that conspicuously identifies each exhibit by number.

If any party requests oral argument, three (3) separate additional sets of exhibits must also be filed; otherwise, one (1) additional set of exhibits must be filed.

### ¶ 154.3.3  Repeated submission of the same exhibit

Multiple copies of the same exhibit with different exhibit numbers from the same party are prohibited.  Bd.R. 7(b).

### ¶ 154.4 Exhibit list

A current list must be served whenever evidence is served.

The exhibit list must be filed with the exhibits.

### ¶ 154.5 Evidence on DVD digital disc

Use of a DVD digital disc [DVD] may be appropriate to present some evidence, such as video of a deposition or of an experiment.  The Board may also require live testimony before the Board.

### ¶ 154.5.1  Transcript of deposition

A DVD of a deposition may be filed in addition to, but not instead of, a text transcript of the deposition.  Ordinarily the proponent of the direct testimony is responsible for filing the transcript regardless of which party is filing the DVD.  Bd.R. 157(f).

### ¶ 154.5.2  Format

### ¶ 154.5.2.1  MPEG-2 encoded DVD R media

The Board will not consider a DVD that does not operate on Board equipment.  The Board has equipment to operate a DVD properly encoded in MPEG-2 format on DVD R media.  The DVD must be indexed (e.g., title and chapter numbers) so that reference to and viewing of a particular portion of the video may be made.  Any references to a DVD exhibit must specifically refer to a particular portion in the DVD (e.g., title number and chapter number), analogous to citing a specific particular page and line number in a text

48

transcript. Four copies of the DVD must be filed. One copy of the DVD must be served on all opponents.

### ¶ 154.5.2.2 Deposition DVD

A deposition DVD must show only the head and upper torso of the witness. Except for breaks, the DVD must contain the entire deposition of the witness. For example, the DVD should show whether the witness took a long time to answer a particular question or had to review documents unless review of documents takes place off the record during a break.

### ¶ 154.5.3 Costs

A party recording an experiment or other event, including a deposition, is responsible for all costs of preparing the DVD. The proponent of the direct testimony remains responsible for the other reasonable costs of the deposition, including any court reporter and required transcripts. Bd.R. 157(f). If a party records a deposition, but subsequently decides not to file the DVD prepared, another party may cause the DVD to be prepared and must assume responsibility for the costs of having the DVD prepared. The parties may agree to divide the costs of preparing a DVD in any proportion.

### ¶ 154.5.4 Notice of intent to video-record cross examination

A party that intends to prepare a DVD of cross-examination must file and serve a notice of intent to prepare a DVD on each opponent before the date of the cross examination. The timing of the notice depends on which party intends to video-record the cross examination—

49

- If the proponent of the direct testimony, notice must be served at least five (5) business days before the cross examination; else

- If the opponent, notice must be served at least three (3) business days before the cross examination.

## ¶ 155 Challenging admissibility

### ¶ 155.1 Objections

#### ¶ 155.1.1  Objecting to served evidence

An objection to the admissibility of evidence must not be filed except as part of a motion to exclude.

#### ¶ 155.1.2  Waiver of untimely objections

If an objection could have been made before the filing of supplemental evidence and an objection was not made, the objection is waived.

#### ¶ 155.1.3  Responding to an objection

No immediate response to an objection is required other than the filing of supplemental evidence in response to the objection if the proponent of the evidence chooses to do so.  Any attack on the correctness of an objection must come in response to a motion to exclude based on the objection.  Any other response to an objection is neither necessary nor desirable.

#### ¶ 155.1.4  Serving supplemental evidence

Supplemental evidence responding to an objection to the admissibility of evidence must not be filed until it is used as an exhibit.

50

### ¶ 155.2 Motion to exclude evidence; motion in limine

### ¶ 155.2.1 Form of motion

As with other motions seeking a procedural remedy, motions to exclude and in limine are miscellaneous motions.  Bd.R. 121(a)(3); SO ¶ **123**.

### ¶ 155.2.2 Content

A motion to exclude evidence must—

- identify where in the record the objection was originally made,

- identify where in the record the evidence to be excluded was relied upon by an opponent, and

- address objections to exhibits (in whole or in part) in exhibit numerical order.

When a timely objection has been made (see SO ¶ **155.1**), no conference call is necessary to file a motion to exclude.

### ¶ 155.3 Time to file objections and motions to exclude

Times for filing objections and for filing and serving motions to exclude are set in the order setting times for motions.  Generally, the order will set a later date for filing of objections and motions to exclude than the default time for a miscellaneous motion set in the rule because supplemental evidence may cure any defect in the evidence.

## ¶ 156 Compelled testimony and production

### ¶ 156.1 Form of motion

A miscellaneous motion under Bd.R. 156(a) must comply with the requirements for a miscellaneous motion, Bd.R. 121(a)(3), SO ¶ **123**, and must be filed sufficiently in

advance that any authorized testimony can be served with the motion, opposition or reply it is intended to support.

### ¶ 156.2 Alternative procedures for compelled testimony

If a motion to compel testimony is granted, testimony may be—

- *ex parte*, subject to subsequent cross examination, or

- *inter partes*.

In moving for, or opposing, such testimony, the parties should discuss which procedure is appropriate.

### ¶ 156.3 Admissibility of compelled testimony and production

Compelled testimony and production will only be admitted to the extent the Board has authorized.  Significant deviation from the Board-authorized scope may result in sanctions.


## ¶ 157 Direct testimony; cross examination

### ¶ 157.1 Direct testimony as affidavit

Direct testimony, other than compelled testimony, must be in the form of an affidavit. Bd.R.157(a).  "Affidavit" is defined to include a declaration or ex parte deposition. Bd.R. 2.

### ¶ 157.2 Required paragraph for affidavits

Affiants have been known to announce belatedly that appearing for cross examination at a reasonable time and place in the United States might not be possible. Consequently, the following paragraph must be included on the signature page of all

affidavits to prevent surprise and hardship to the party relying on the testimony of the witness:

> In signing this [affidavit], I understand that the [affidavit] will be filed as evidence in a contested case before the Board of Patent Appeals and Interferences of the United States Patent and Trademark Office. I acknowledge that I may be subject to cross examination in the case and that cross examination will take place within the United States. If cross examination is required of me, I will appear for cross examination within the United States during the time allotted for cross examination.

## ¶ 157.3 Cross examination

The party relying on an affiant must make the affiant available for cross examination; otherwise, the affidavit may be excluded. The parties must confer to reach agreement on reasonable times, dates, and locations for cross examination of witnesses.

## ¶ 157.3.1 Start date

Unless the parties otherwise agree, cross examination of an affiant may begin no earlier than twenty-one (21) days after service of the affidavit.

## ¶ 157.3.2 End date

Unless the parties otherwise agree,

- Cross examination of an affiant relied upon in a motion other than a miscellaneous motion must occur at least ten (10) days before the opposition to the motion is due.

- Cross examination of an affiant relied upon in an opposition to a motion other than a miscellaneous motion must take place at least ten (10) days before a reply is due.

### ¶ 157.3.3  Notice of cross examination

Since cross examination builds on testimony that has already been served, the notice requirement is simplified.

The party seeking the cross examination (rather than the proponent of the testimony) prepares the notice requesting cross examination.  The notice must be served at least two business days before cross examination, but must not be filed (except as an exhibit to a miscellaneous motion, SO ¶ **123**, in the event of a dispute).  The notice must identify the time and place of the deposition, but not the other items required under Bd.R. 157(c)(4).

### ¶ 157.3.4  Live testimony

Cross-examination might be ordered to take place in the presence of an administrative patent judge.  Examples of where such testimony has been ordered include contested cases where inventorship, derivation, or inequitable conduct has been an issue; where testimony has been given through an interpreter; or where close supervision is warranted.

### ¶ 157.4 Order of cross examination

While a party requesting cross examination may choose the order of the witnesses, Bd.R.157(c)(2), the order must be reasonable.

### ¶ 157.5 Cross examination guidelines

The **Cross Examination Guidelines** appended to the Standing Order apply to all cross examination in this contested case.

54

## ¶ 157.6 Transcript

### ¶ 157.6.1 Proponent responsible

The proponent of the direct testimony is responsible for securing the services of a court reporter and providing a copy of any transcript to every opponent.

### ¶ 157.6.2 Filing transcript

An uncertified copy of each deposition transcript must be filed as an exhibit. A certified transcript of testimony need not be filed unless required by the Board.

### ¶ 157.7 Observations on cross examinations

Cross examination may occur after a party has filed its last substantive paper on an issue (e.g., after the reply). Such cross examination may result in testimony that should be called to the Board's attention but does not merit a motion to exclude. The Board may authorize the filing of observations to identify such testimony and responses to observations. In practice, few parties file observations.

The party taking the cross examination files the observations. The opposing party may file a response to an observation. The opposing party may not file observations without express prior authorization.

An observation must be a concise statement of the relevance of precisely identified testimony to a precisely identified argument or portion of an exhibit (including another part of the same testimony). Any response should be equally concise. An observation (or response) is not an opportunity to raise new issues, to re-argue issues, or to pursue objections. Each observation should be in the following form:

In exhibit _, on page _, lines_, the witness testified _. This testimony is relevant to the _ on page _ of _. The testimony is relevant because _.

The entire observation should not exceed one short paragraph. The Board might refuse entry of excessively long or argumentative observations (or responses).

## ¶ 158 Expert testimony; tests and data

### ¶ 158.1 Expert testimony

#### ¶ 158.1.1 Basis for testimony must be provided

Each affidavit expressing an opinion of an expert must disclose the underlying facts or data upon which the opinion is based. Bd.R. 152; Fed. R. Evid. 705. Opinions expressed without disclosing the underlying facts or data may be given little, or no, weight.

#### ¶ 158.1.2 Expert testimony on patent law

Affidavits of patent law experts on issues of law generally will not be admitted in evidence.

### ¶ 158.2 Tests and data

#### ¶ 158.2.1 Explanation

Explanation of tests or data must come in the form of an affidavit, preferably accompanied by citation to relevant pages of standard texts (which should be filed as exhibits). In addition to providing the explanation required in Bd.R. 158(b), the proponent of the test evidence should provide any other information it believes would assist the Board in understanding the significance of the test or the data.

## ¶ 200 Interference procedure

### ¶ 200.1 Patent claim scope

Every claim before the Board, including a patent claim, is given the broadest reasonable scope consistent with the disclosure with which the claim appears.

### ¶ 200.2 Pendency

Requests for a stay or an extension are viewed with strong disfavor. Delay in one part of an interference may result in shortening of another part of an interference. An applicant may be required to disclaim patent term for a period related to the delay.

## ¶ 203 Suggesting another interference; adding an application or a patent

### ¶ 203.1 Suggesting another interference

Occasionally the declaration of another interference between the same parties or a subset of the parties may be appropriate, for instance, because it would be more faster, less expensive, or more fair. A suggestion to declare another interference must be in the form of a miscellaneous motion. Bd.R. 121(a)(3); SO ¶ 123. The motion must comply with the requirements of Bd.R. 202(a). The motion must certify that each opponent has been served with a copy of the application file for the applications or patents that would be involved in the new interference.

### ¶ 203.2 Adding an application or a patent

A suggestion to add an application or patent to an interference must be in the form of a miscellaneous motion. Bd.R. 121(a)(3); SO ¶ 123. The motion must—

- Identify the application or patent to be added;

- Certify that a complete copy of the application file for the application or patent has been served on all opponents;

- Indicate which claims of the patent or application should be designated as corresponding to the count (and if there is more than one count, which count); and

- Explain whether there are alternative remedies; if so, why alternative remedies are not adequate; and what attempts, if any, have been made to have the examiner recommend declaration of another interference involving the application or patent sought to be added to the interference.

## ¶ 204 Motions list

The motions list is a tool for planning the course of the proceeding, eliminating unnecessary costs and delay, and avoiding abusive practices. All substantive and anticipated responsive motions must be listed on the motions list. No substantive motions or responsive motions may be filed without prior Board authorization. If the need for an unlisted motion arises, the movant should initiate a conference call to obtain such authorization.

## ¶ 205 Settlement agreements

### ¶ 205.1 Notice under 35 U.S.C. 135(c)

Notice is hereby given of the requirement of 35 U.S.C. 135(c) for filing in the Office a copy of any agreement "in connection with or in contemplation of the termination of the interference."

## ¶ 205.2 Petitions under 35 U.S.C. 135(c)

The Chief Administrative Patent Judge decides petitions for acceptance of untimely filed agreements and petitions for access to agreements.  A petition under § 135(c) must be formatted as a miscellaneous motion, Bd.R. 121(a)(3), SO ¶ 123, and served on all parties, Bd.R. 106(e), but no prior Board authorization is required.

## ¶ 206 Common interests in the invention

The Board generally relies on assignment records of the United States Patent and Trademark Office (SO ¶ 9) and notices of real parties-in-interest to determine whether common interests in involved cases may require judgment under Bd.R. 206.  Failure to notify the Board promptly of a common interest may lead to sanctions, including adverse judgment.  Bd.R. 128.

## ¶ 207 Applicability of prior art

Prior art asserted against an opponent's involved claims is presumed to render the movant's involved claims unpatentable as well.  Even if the movant does not adequately contest the presumption, however, the Board may exercise its discretion not to hold the movant's claims unpatentable if in deciding the motion the Board determines the presumption is not appropriate.

## ¶ 208 Specific substantive motions

The following subparagraphs provide procedural guidance on the necessary content of substantive and responsive motions. Motions must, however, also be substantively sufficient. Thus, even perfect compliance with this guidance does not assure that a movant will satisfy its burden of proof.

### ¶ 208.1 Obviousness

When obviousness (35 U.S.C. 103) is the basis for a motion for judgment, if a reference does not teach or suggest a limitation, that fact must be explicitly identified as a difference in the statement of material facts. The argument portion of the motion must account for the difference.

An explanation must be made in the body of the motion (not an appendix) why the subject matter of the claim, as a whole, would have been obvious to a person having ordinary skill in the art notwithstanding any difference.

*Proving subject matter is not obvious*

Proving that subject matter is not obvious may require a negative proof: that no prior art in combination with the subject matter of the count render the claimed subject matter obvious. A party may be able to satisfy its burden of production with testimony from a knowledgeable witness certifying that there is no known prior art that would have overcome the differences between the subject matter of the count and the subject matter of the claim.

### ¶ 208.2 Adding or substituting a count

A motion to add or substitute a count must—

60

- Propose a new count.

- Show why the new count is patentably distinct from every other count the movant believes should remain.

- For each of movant's claims, show why the claim does or does not correspond to the proposed new count. Bd.R. 207(b)(1). If none of movant's claims would correspond, then contingently move to add no more than one claim that would correspond (SO ¶ **208.5.1**).

- For each opponent's claim that movant believes should correspond to the count, show why the claim corresponds to the proposed new count. If no claim of an opponent would correspond, then contingently move to add no more than one claim to the opponent's involved application or patent.

*Accorded benefit*

The motion must show why the movant should be accorded any benefit for the proposed count.

The opponent will be presumed to be entitled to its earliest accorded benefit for a proposed count. The movant may overcome this presumption by showing in the motion why the opponent should not be accorded benefit of an earlier application with respect to the proposed count.

## ¶ 208.3 Claim correspondence

A change in claim correspondence requires comparison of the claim to a count. See Bd.R. 121(e).

## ¶ 208.3.1 Designating a claim as corresponding

A motion to have a claim designated as corresponding to a count must show why the subject matter of the count, if treated as prior art, would have anticipated or rendered obvious the subject matter of the claim. Bd.R. 207(b)(2).

61

If no clean or annotated copy of the claim has been filed, then a clean copy, and where applicable an annotated copy, of the claim must be filed as an appendix to the motion. SO ¶ 110.

A movant seeking to have its own claim designated as corresponding to a count may stipulate that the claim corresponds to the count. The Board is not bound to accept the stipulation. For instance, a stipulation of correspondence that constitutes the sole basis for maintaining an interference-in-fact might be viewed with some skepticism.

## ¶ 208.3.2  Designating a claim as not corresponding

A motion to have a claim designated as not corresponding to a count must show why the subject matter of the count, if treated as prior art, would not have anticipated or rendered obvious the subject matter of the claim. Bd.R. 207(b)(2).

A movant may not seek to have all of a party's claims designated as not corresponding to the count. Instead, such relief should be sought by way of a motion for judgment of no interference-in-fact.

## ¶ 208.4 Benefit motions

## ¶ 208.4.1  For additional accorded benefit

A motion to be accorded the benefit of an application for a particular count must—

- Certify that a copy of the application has been served on each opponent. See Bd.R. 154(b) (requiring certified translation of documents not in English).

- If the application was originally filed in the United States Patent and Trademark Office, certify that a complete copy of the application file has been served on each opponent.

- Show that the application includes at least one constructive reduction to practice of the count.  Bd.R. 201 ("Constructive reduction to practice").

### ¶ 208.4.2  Attacking accorded benefit

A motion to attack the benefit of an application accorded for a count must explain why the application does not provide a constructive reduction to practice for the count. Bd.R. 201 ("Constructive reduction to practice").

### ¶ 208.5 Responsive motions

### ¶ 208.5.1  Adding a claim

The claim may only be added to an involved application or patent.  Note the requirement under Bd.R. 110(c) to provide clean and annotated copies of the claim. Adding a patent claim generally requires the filing of a reissue application.  If the claim is to be added to the movant's application or patent, an amendment (or if necessary a reissue application, see SO ¶ **208.5.4**) must be filed with the motion.  A motion to add a claim must—

- Show the written description for the claim in the disclosure of the involved application or patent to which it would be added.

- Certify that the movant is not aware of any reason why the claim is not patentable.

A certification that is inconsistent with the prosecution history of an involved or benefit file will be accorded no weight unless the inconsistency is explained.  Similarly, if a claim is added to overcome a patentability problem raised in a motion, the motion to add the claim must explain why the proposed claim would overcome the problem.

A motion to add a claim must also comply with the requirements of 37 C.F.R. § 1.75 to the extent they are consistent with the Standing Order.  No more than one claim may

63

be added in response to a motion unless the Board expressly authorizes the addition of more claims.

A claim will not be added if it does not correspond to a count. Correspondence may be stipulated for the movant's claim, but must be shown for an opponent's claim. A showing of claim correspondence requires comparison of the claim to a count. See Bd.R. 121(e).

*Opposing a motion to add a claim to an opponent's involved application or patent*

If the movant is seeking to add a claim to an opponent's involved application or patent, the opponent may oppose on the basis that the claim is not patentable to the opponent. If the motion is granted, the opponent must add the claim. Failure to add the claim will be treated as a concession that the subject matter of the claim is not patentable to the opponent. Cf. *In re Ogiue*, 517 F.2d 1382, 1390, 186 USPQ 227, 235 (CCPA 1975) (refusal to add claim to permit interference treated as concession).

¶ 208.5.2  Amending a claim

To ensure clarity in the record, amendment of claims is not permitted. Instead, a party may cancel the existing claim and add a new claim as provided above. SO ¶ 208.5.1.

¶ 208.5.3  Substituting an application of the movant

Occasionally it may be necessary to substitute an application for an involved application or patent. For example, the application may be necessary to support an added claim or to provide a better basis for seeking an earlier accorded benefit. A motion to substitute an application must—

64

- Identify the application.

- Certify that a complete copy of the application file has been served on each opponent.

## ¶ 208.5.4  Adding a reissue application

A motion to add the movant's own reissue application must stipulate that every added claim (compared to the original patent) corresponds to a count in the interference.  If the reissue application has not been filed in the Office, it must be filed directly with the Board.  The Board will see that a filing receipt is promptly issued.  Filing directly with the Board avoids processing delays that might prevent consideration of the motion to add the reissue application.  The motion must—

- Certify that a complete copy of the reissue application file has been served on each opponent.

- Make the showings required for adding a claim (SO ¶ **208.5.1**).

Ordinarily, the filing of a reissue application in itself will not precipitate a change in the accorded benefit.  If the movant believes that addition of the reissue application would entitle it to different accorded benefit, it should file a contingent motion to change the accorded benefit (SO ¶ **208.4**).

## ¶ 208.6 Priority

A party seeking judgment on the basis of priority must file a substantive motion seeking such relief.  Bd.R. 121(a)(1)(iii).

When diligence is an issue in priority, the priority motion must include as an appendix a diligence chart.  The diligence chart must (1) list all days from the beginning of diligence through the end of diligence, (2) state what happened on each day, and

65

(3) cite the page and line of the motion on which the listed day is discussed.  In a case where the invention is "B", an example would be:

| | | |
|---|---|---|
| Monday, April 5, 2004 | Ordered chemical C | p. 17, lines 4-7 |
| Tuesday, April 6, 2004 | Waited for chemical C | p. 17, lines 4-7 |
| Wednesday, April 7, 2004 | Chemical C arrived | p. 17, lines 4-7 |
| Thursday, April 8, 2004 | Used chemical C to make "A" | p. 17, lines 7-8 |
| Friday, April 9, 2004 | Sick--not at work | p. 17, lines 18-24 |
| Saturday, April 10, 2004 | Weekend | p. 18, lines 2-8 |
| Sunday, April 11, 2004 | Weekend | p. 18, lines 2-8 |
| Monday, April 12, 2004 | Scheduled vacation | p. 18, lines 2-8 |
| Tuesday  April 13, 2004 | Scheduled vacation | p. 18, lines 2-8 |
| Wednesday, April 14, 2004 | Used "A" to make "B" | p. 17, lines 9-15 |

Every date gap in the diligence showing must be explained.  The fact that there is a gap does not per se establish lack of reasonable diligence.  The fact that there is no gap does not per se establish reasonable diligence.

## ¶ 208.7 Inequitable conduct

A motion alleging inequitable conduct must make out a facially sufficient case of inequitable conduct or fraud.  Additional discovery (Bd.R. 150(c)) or a request to take testimony (Bd.R. 156), asserted to be necessary to make out a facially sufficient case, will rarely be authorized.  An allegation of inequitable conduct or fraud that fails to make out a facially sufficient case may result in sanctions or a referral to the Office of Enrollment and Discipline.

/Michael R. Fleming/
Chief Administrative Patent Judge

/Marc L. Caroff/
Administrative Patent Judge

/William F. Pate, III/
Administrative Patent Judge

Board of Patent Appeals
and Interferences

Trial Division

66

/John C. Martin/
Administrative Patent Judge

/Fred E. McKelvey/
Senior Administrative Patent Judge

/Richard E. Schafer/
Administrative Patent Judge

/Teddy S. Gron/
Administrative Patent Judge

/Jameson Lee/
Administrative Patent Judge

/Adriene Lepiane Hanlon/
Administrative Patent Judge

/Richard Torczon/
Administrative Patent Judge

/Hubert C. Lorin/
Administrative Patent Judge

/Carol A. Spiegel/
Administrative Patent Judge

/Romulo H. Delmendo/
Administrative Patent Judge

/Sally Gardner Lane/
Administrative Patent Judge

/Sally C. Medley/
Administrative Patent Judge

/Michael P. Tierney/
Administrative Patent Judge

/James T. Moore/
Administrative Patent Judge

/Linda M. Gaudette/
Administrative Patent Judge

/Mark Nagumo/
Administrative Patent Judge

67

# APPENDIX OF FORMS

### Form 1.  Standard caption for an interference

Filed on behalf of:

                     [Name of filing party]                   Paper No. [leave blank]

By:               [Name of lead counsel]

                     [Name of backup counsel]

                     [Street address]

                     [City, State, and ZIP Code]

                     [Telephone number]

                     [Facsimile number]

                     [Electronic mail address]

UNITED STATES PATENT AND TRADEMARK OFFICE

———————————

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

———————————

[Name of junior party]
([Involved application or patent number])
Junior Party,

v.

[Name of Senior party]
([Involved application or patent number])
Senior Party.

———————————

Patent Interference [interference number] ([APJ initials])

———————————

[TITLE OF PAPER]

## Form 2.  Typical schedule for motions other than interference priority

Times shown from date of order.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
*The parties may typically change these six times by stipulation*

TIME PERIOD 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Week 6
    File substantive motions
    File (but serve one week later) priority statements

TIME PERIOD 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Week 9
    File responsive motions to motions
    filed in TIME PERIOD 1

TIME PERIOD 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Week 15
    File oppositions to all motions

TIME PERIOD 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Week 21
    File replies

TIME PERIOD 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Week 27
    File request for oral argument
    File motions to exclude
    File observations

TIME PERIOD 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Week 30
    File oppositions to motions to exclude
    File response to observations

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
*The parties cannot change these three times by stipulation*

TIME PERIOD 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Week 32
    File replies to oppositions to motions to exclude

TIME PERIOD 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Week 33
    File exhibits
    File sets of motions

TIME PERIOD 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Week 35
    Present oral argument

APPENDIX OF FORMS

## Form 3.  Typical schedule for priority motions in an interference

Times shown from date of order.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
*The parties may typically change these six times by stipulation*

TIME PERIOD 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Week 6
    <u>Junior party only</u> file priority brief and serve
    (but do not file) priority evidence

TIME PERIOD 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Week 12
    <u>Senior party only</u> file priority brief and serve
    (but do not file) priority evidence

TIME PERIOD 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Week 18
    File opposition to priority briefs
    Serve (but do not file) opposition evidence

TIME PERIOD 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Week 24
    File reply
    Serve (but do not file) reply evidence

TIME PERIOD 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Week 30
    Request hearing
    File list of issues to be considered
    File observations
    File motion to exclude

TIME PERIOD 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Week 33
    File response to observations
    File opposition to motion to exclude

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
*The parties cannot change these three times by stipulation*

TIME PERIOD 17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Week 35
    File reply to opposition to motion to exclude

TIME PERIOD 18 (Last Time) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Week 36
    File and serve the exhibits
    File sets of priority motions

TIME PERIOD 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Week 38
    Present oral argument

70

**Form 4.  File copy request**

FILE COPY REQUEST
Contested Case No. [Contested Case number]

Attach a copy of sections E and F of the DECLARATION to this REQUEST.  On the copy, circle each patent and application that you are requesting.

Include the following information to facilitate processing of this REQUEST:

1.    Charge fees to USPTO Deposit Account No.  _____

2.    Complete address, including street, city, state, zip code and telephone number (do not list a Post Office box because file copies are sent by commercial overnight courier).

_____

_____

_____

_____

3.    Telephone, including area code: _____

71

# APPENDIX: CROSS EXAMINATION GUIDELINES

## Introduction

Cross examination can be a useful tool for determining the facts in a case. In contested cases, direct testimony is usually presented by affidavit, Bd.R. 157(a), while cross examination occurs by oral deposition. Bd.R. 157(b).

Cross examination should be a question-and-answer conversation between the examining lawyer and the witness. The defending lawyer must not act as an intermediary, interpreting questions, deciding which questions the witness should answer and helping the witness formulate answers. The witness comes to the cross examination to be questioned. It is the witness, and not the lawyer, who is testifying.

The cross-examination guidelines below are essentially the deposition guidelines set out in *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993) (Gawthrop, J.) The only significant difference, which results from Bd.R. 157(e)(4), is that certain objections must be noted on the record.

Failure to adhere strictly to these guidelines may be a basis for a sanction under Bd.R. 128, which could include a requirement that the witness, on very short notice, may be directed to appear before the Board or elsewhere, as may be appropriate, coupled with any appropriate award of compensatory damages under Bd.R. 128(b)(6). In addition, cross examination undertaken contrary to these guidelines may result in exclusion of an affidavit from evidence or in the assignment of little, if any weight, to the direct testimony of a witness who was cross examined.

## Guideline [1]

At the beginning of a cross examination, the party conducting the cross examination must instruct the witness on the record to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions or explanations of any words, questions or documents presented during the cross examination. The witness must follow these instructions.

## Guideline [2]

A party may not direct or request that a witness not answer a question unless:
(a) a party has objected to the question on the ground that the answer would:
(1) reveal privileged material or
(2) violate a limitation the Board has imposed and
(b) counsel immediately places a conference call to the Board official assigned to the contested case asking for a ruling on the objection.
Under these circumstances, (i) the cross examination shall be suspended, (ii) the conference call immediately shall be placed to the Board official assigned to the contested case, and (iii) all counsel must be prepared to explain their respective positions during the call. The court reporter for the cross examination shall be available to record the conference call and to read back questions to which an objection has been made.

72

If the Board cannot be reached, then the party directing a witness not to answer shall within **two (2) business days** file with the Board (and not to the Office Mail Room or any other part of the Office) a miscellaneous motion seeking relief. Bd.R. 121(a)(3), SO ¶ **123**. Any opposition must be filed within **two (2) business days** of service of the motion. While a reply can be filed, the motion will likely be decided before the reply is filed.

**Guideline [3]**

Counsel must not make objections or statements that even remotely suggest an answer to a witness. Any objection to evidence during cross examination must be stated concisely and in a non-argumentative and non-suggestive manner and must include the legal basis for the objection. Examining counsel must not address the correctness of an objection, but may instead continue with questions to the witness, the objection having been noted on the record as required under Bd.R. 157(e)(4).[1]

**Guideline [4]**

Counsel and their witness-clients shall not engage in private, off-the-record conferences during cross examinations or during breaks or recesses, except for the purpose of deciding whether to assert a privilege.[2]

---

[1]   With respect to this guideline, the following observation by Judge Gawthrop, 150 F.R.D. at 530 n.10, is highly relevant:

> I also note that a favorite objection or interjection of lawyers is, "I don't understand the question; therefore the witness doesn't understand the question." This is not a proper objection. If the witness needs clarification, the witness may ask the deposing lawyer for clarification. A lawyer's purported lack of understanding is not a proper reason to interrupt a deposition. In addition, counsel are not permitted to state on the record their interpretations of questions, since those interpretations are irrelevant and often suggestive of a particularly desired answer.

By way of example, the following comments by defending counsel generally are viewed as suggesting an answer to a witness:

(a)    Objection, vague.
(b)    Objection to the form of the question.
(c)    Take your time in answering the question.
(d)    Look at the document before you answer.
(e)    Counsel, do you want to show the witness the document?

[2]   The term "witness-clients" in the context of this guideline includes all witnesses who are employed by, or otherwise under the control of, the real party-in-interest, including retained expert witnesses, as well as the individual or individuals named in the caption of the contested case. With respect to this guideline, the following observation by Judge Gawthrop, 150 F.R.D. at 528, is highly relevant:

> The fact that there is no judge in the room to prevent private conferences does not mean that such conferences should or may occur. The underlying reason for preventing private conferences is still present: they tend, at the very least, to give the appearance of obstructing the truth.

CROSS EXAMINATION GUIDELINES

**Guideline [5]**

Any conferences that occur pursuant to, or in violation of, guideline [4] are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, the nature of that coaching.

**Guideline [6]**

Any conferences that occur pursuant to, or in violation of, guideline [4] shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.

**Guideline [7]**

Counsel taking cross-examination shall provide to defending counsel a copy of all documents shown to the witness during the cross examination. The copies shall be provided either before the cross examination begins or contemporaneously with the showing of each document to the witness. The witness and defending counsel do not have a right to discuss documents privately before the witness answers questions about the documents.

# APPENDIX: INDEX OF TIMES

**Times running from initiation/declaration**

Notice of lead and backup counsel (Bd.R. 108(b)) . . . . . . . . . . . . . . . . . . . . . . 14 days

Clean copy of claims (Bd.R. 110(a)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14 days

Notice of real party-in-interest (SO ¶ **8.1**) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14 days

Notice of related proceedings (SO ¶ **8.2**) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14 days

Request for file copies (SO ¶ **109.1**) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14 days

Annotated copy of claims (Bd.R. 110(b)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28 days

Notice of confidential information (SO ¶ **6.2**) . . . . . . . . . . . . . . . . . . . . . . . . . . 2 months

Initial settlement conference (SO ¶ **126.2**) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3 months

**Default times before a triggering event**

Filing of motions list (SO ¶ **104.2.1**) before conference . . . . . . . . . . . 4 business days

Service of demonstrative exhibit before oral argument (Bd.R. 124(d)) . 5 business days

Notice of transcription before oral argument (SO ¶ **124.5**) . . . . . . . . . . . 1 business day

End of cross examination before opposition or reply (SO ¶ **157.3.2**) . . . . . . . . 10 days

List of documents and things for cross examination
  before conference call (Bd.R. 157(c)(3)) . . . . . . . . . . . . . . . . . . . . . 3 business days

Notice of deposition before deposition (Bd.R. 157(c)(4)) . . . . . . . . . . . 2 business days

Conference call regarding interpreter before deposition (Bd.R. 157(d)) 5 business days

75

INDEX OF TIMES

**Default times after a triggering event**

Notice of change in real party-in-interest (Bd.R. 8(a)(1)) . . . . . . . . . . . . . . . . . . 20 days

Notice of change in related proceedings (Bd.R. 8(a)(2)) . . . . . . . . . . . . . . . . . . 20 days

Notice of missing or incomplete copies (Bd.R. 109(c)) . . . . . . . . . . . . . . . . . . . 21 days

Notice of change in counsel (SO ¶ 108) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14 days

Service of requested automatic discovery materials (Bd.R. 150(b)(1)) . . . . . . 21 days

Objection to admissibility of evidence (Bd.R. 155(b)(1)) . . . . . . . . . . . 5 business days

Service of supplemental evidence (Bd.R. 155(b)(2)) . . . . . . . . . . . . 10 business days

Start of cross examination of affiant after service of affidavit (SO ¶ 157.3.1) . . . 21 days

Opposition to motion (other than miscellaneous motion) (Bd.R. 123(a)(1)) . . . . 30 days

Reply to opposition (other than miscellaneous motion) (Bd.R. 123(a)(2)) . . . . . 30 days

Responsive motion (Bd.R. 123(a)(3)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30 days

Opposition to miscellaneous motion (Bd.R. 123(b)(2)(i)) . . . . . . . . . . 5 business days

Reply to opposition to miscellaneous motion (Bd.R. 123(b)(2)(ii)) . . . . 3 business days

Request oral argument (Bd.R. 124(a)) . . . . . . . . . . . . . . . . . . . . . . . . 5  business days

Request for rehearing of decision (Bd.R. 125(c)(1)) . . . . . . . . . . . . . . . . . . . . 14 days

Identification of arbitrator after arbitration agreement (Bd.R. 126(a)(3)(iii)) . . . . 30 days

Copy of executed arbitration agreement (Bd.R. 126(b)(4)) . . . . . . . . . . . . . . . 20 days

Arbitration award after date of award (Bd.R. 126(d)(4)) . . . . . . . . . . . . . . . . . 20 days

Settlement conference after substantive motions decision (SO ¶ 126.3) . . . . . 2 months

Request for rehearing of judgment (Bd.R. 127(d)) . . . . . . . . . . . . . . . . . . . . . 30 days

Notice of judicial review (Bd.R. 8(b)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20 days