# **EXHIBIT 5**

```
00001
 1           UNITED STATES DISTRICT COURT

 2             DISTRICT OF MASSACHUSETTS

 3              No. 1:04-cv-11810-MLW

 4

 5
   APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V.,
 6     Plaintiff

 7
   vs.
 8

 9
   CELL GENESYS, INC. and TRANSKARYOTIC THERAPIES, INC.,
10     Defendants

11

12            ********

13

14         For Hearing Before:
           Chief Judge Mark L. Wolf
15

16            Motion Hearing

17
           United States District Court
18           District of Massachusetts (Boston)
             One Courthouse Way
19           Boston, Massachusetts 02210
           Tuesday, August 8, 2006
20

21            *******

22
           REPORTER: RICHARD H. ROMANOW, RPR
23           Official Court Reporter
             United States District Court
24   One Courthouse Way, Room 5200, Boston, MA 02210
                (617) 737-0370
25
```

00031
1  their claims back is to show that they can antedate
2  Japan. That's the most important issue that needs to be
3  resolved here.
4        THE COURT: Am I correct that that's pretty
5  straightforward, it doesn't require any expert
6  testimony, and it's an issue that you -- and I got the
7  impression from the papers that you felt it could be
8  decided on a written record, although I'm not adverse to
9  taking testimony?
10       MR. FLOWERS: In their last paper, they said
11 that no expert testimony was necessary, that it should
12 be put in on a case-stated basis. We agree with that,
13 your Honor. We can go forward on the papers. They can
14 file their motion. They said they're ready by September
15 15th. They've got all their evidence. They've
16 submitted this summary to you in their papers and
17 they're ready to go forward. We're ready to go forward
18 on that as well, to determine whether they can antedate
19 Japan.
20       And if I may? I digress at this point. My
21 colleague, Mr. Nielsen, was looking back through the
22 record and in terms of what happens once you decide this
23 issue, whether we should proceed on to a priority of
24 invention contest in this case? If I may just hand up a
25 copy of it to you, I can read to you from a sworn

00046

1  prevailed?" Is that what you're both contemplating

2  rather than summary judgment?

3         MR. FLOWERS: CGI would be moving on this

4  issue, your Honor, and we would be willing to take it

5  on, as it's said, on a "case-stated" basis.

6         MR. KELBER: Your Honor, the only thing we can

7  see that's subject to resolution by "on the papers," as

8  you've described it, is priority. The rest of the

9  issues do not lend themselves to that.

10        THE COURT: Well, Japan does, doesn't it?

11        MR. KELBER: Well, that's part of the priority

12 determination, your Honor. That is the only reference,

13 for instance, that either party has sought to antedate.

14 There are three other references that are available

15 against the ARS claims that are not available against

16 the CGI claims that would be pressed in any other kind

17 of determination.

18        THE COURT: So what evidence would you want me

19 to hear to decide whether your Claim 106 interferes with

20 the 21 ARS claims that have been found patentable?

21        MR. KELBER: Well, which claims of ARS are we

22 talking about, your Honor? If we're talking about

23 shortcutting the procedure to say we're only talking

24 about Claim 3 and the dependent claims, the claims that

25 survive the interference, if you're telling me that ARS

```
00052
 1            THE COURT: Fine. You've been here an hour
 2   and a half and I heard you. It's been an unusually
 3   helpful hearing since I thought you were advocating what
 4   ARS was actually advocating on Japan. I think the
 5   marginal utility of talking about this further is
 6   minimal.
 7       I am going to order briefing of Issues 1 and 2 on
 8   Page 9 here. With regard to the first issue, whether
 9   the Board correctly held there was no interference in
10   fact between Claim 106 and CGI's '390 application and
11   the 21 claims of ARS's '071 patent that the Board found
12   patentable? I'm going to give the parties an
13   opportunity to address whether I should hear any
14   testimony. It's my understanding that the second issue,
15   whether the Board correctly found that CGI's Claims 107
16   to 109 are unpatentable over the Japan reference, can be
17   done on the papers. There's not a motion for summary
18   judgment, but it will be a trial on the written record,
19   unless I decide I want to hear something. I always have
20   that right.
21       Now, the question is going to be what's the
22   schedule to develop this briefing, something you hadn't
23   had an opportunity to consider before? So I'm going to
24   take about a five-minute break and then I'll see you in
25   the back to talk about scheduling, and TKT should come
```