IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CELL GENESYS, INC., | ) | |
|     Plaintiff/Counterdefendant | ) ) ) | |
| v. | ) ) | Civil Action No. 05-12448-MLW |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) ) | |
|     Defendant/Counterclaimant. | ) ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) ) | |
|     Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-11810-MLW |
| CELL GENESYS, INC., | ) ) | |
|     Defendant/Counterclaimant, and | ) ) | |
| TRANSKARYOTIC THERAPIES, INC., | ) ) | |
|     Defendant. | ) | |

**RESPONSE OF CELL GENESYS, INC. TO THE
COURT'S ORDER OF AUGUST 13, 2007**

The Court's Order and Memorandum of August 13, 2007 (the "Order") directs the parties to take further actions as detailed in paragraphs 4(a) through (d) at pages 49-50. Cell Genesys, Inc., ("CGI"), by and through its counsel, responds as set forth below. CGI notes that it has filed, contemporaneous with this Response, a Motion for Reconsideration, or, in the Alternative, Certification, of this Court's August 13, 2007

Order on the basis that it improperly excludes the testimony of Levin, Savage and Thompson, as well as U.S. Patent 5,024,939 and the 1985 Kucherlapati Article. In the alternative, CGI seeks certification of this Court's Order of August 13, 2007 pursuant to the provisions of 28 USC § 1292(b).

## I. REVISED MEMORANDA

Item 4(a) of the Order directs the parties to resubmit their Memoranda on the questions of the Antedation, by CGI, of the reference referred to as Japan for Claims 107 – 109, and whether there is an interference-in-fact between CGI's Claim 106 and ARS's Claim 24. These memoranda are to be confined to "admissible evidence," which CGI understands to be limited to evidence presented to the Board of Patent Appeals and Interferences during Interferences 103,737 and 105,114, as well as the expert report of Thea Tlsty. The Order does not address the propriety of the submission of other expert reports not presented to the Board below.

## II. FURTHER LIVE TESTIMONY SHOULD BE TAKEN

Item 4(b) of the Order asks whether "further live testimony should be taken from any witnesses who presented evidence to the Board." CGI responds that given the abandonment of the stipulation to proceed on the specific written record submitted to the Court by CGI on August 1, 2006, and the Court's Order, the Court should hear from the following individuals who presented testimony to the Board by Declaration and transcript:

1. <u>Jac A. Nickoloff, Ph.D.</u>: Dr. Nickoloff presented Declarations that addressed the use of amplifiable selectable genes, as well as the understanding of skill in the art with respect to homologous recombination, and how it is recognized. His

testimony to the Board is cited by CGI in support of its Memoranda on Interference-In-Fact. Given the technical complexity on the issue the Court has elected to pursue, Dr. Nickoloff's testimony herein will give the Court an opportunity to judge his demeanor, and draw its own conclusions about how expedient, or unusual, use of an amplifiable, selectable gene, as required by ARS Claim 24, truly is. Dr. Nickoloff also offered testimony regarding the Japan reference that CGI seeks to antedate herewith. Again, the Order indicates that an opportunity to test Dr. Nickoloff's credibility with respect to the question of whether CGI has successfully antedated that reference would be of value.

2. <u>Nancy Craig, Ph.D.</u>: Dr. Craig, like Dr. Nickoloff, presented a Declaration that addressed the use of amplifiable selectable genes, as well as the understanding of skill in the art with respect to homologous recombination, and how it is recognized. CGI cites her testimony with regard to interference-in-fact. Dr. Craig also testified at length below on the nature of the disclosure of Skoultchi's application. The Court's opportunity to view her live testimony, and assess her credibility, on whether or not the minutes of the meeting of CGI's SAB on July 24 and 25 necessarily pertain to homologous recombination would be of value to the Court's determination of this issue.

3. <u>Randal Kaufman, Ph.D.</u>: Dr. Kaufman was an expert presented by ARS in the Interference below. Dr. Kaufman is perhaps the most frequently quoted scientist in the world on the measures and uses of DHFR and other amplifiable, selectable marker genes. CGI cites Dr. Kaufman both for his testimony that the description of Skoultchi's invention in the minutes of the meeting of the SAB necessarily describes homologous recombination AND for the proposition, as set forth in Kaufman's Declaration, that CGI Claim 106 and ARS Claim 24 define the same patentable invention. As Dr. Kaufman is

Case 1:04-cv-11810-MLW    Document 178    Filed 10/01/2007    Page 4 of 5

ARS's witness, and does not live in this Judicial District, the Court would have to direct ARS to make him available.

4. <u>Bertram Rowland</u>: Rowland was the key witness advanced by CGI on the question of date of invention, for purposes of antedating Japan. Rowland testified through Declaration, and was deposed. The Board's sharp treatment of Rowland and its harsh criticism of his credibility is based on the supposition that Rowland attended the entire meeting of the SAB, when he only attended a portion on July 25, 1989. This credibility issue colored the Board's key determination on the patentability of CGI's claims 107 – 109. Given the Court's August 13, 2007 Order, it is of paramount importance that the Court has the opportunity to assess this witness's credibility, directly.

### III.  LIMITED EXPERT TESTIMONY IS APPROPRIATE

Item 4(c) requires that the parties state whether admissible expert testimony should be taken, either in written form or live testimony. Given this Court's determination that Thea Tlsty's expert report is admissible for limited purposes, and that otherwise, this Court's primary function is to assess the credibility of witnesses presenting testimony to the Board below, CGI submits that the only live expert testimony required is as described above – Nickoloff, Craig and Kaufman.

### IV.  CGI ESTIMATES ONE DAY PER ISSUE FOR TRIAL

Item 4(d) of the Court's Order inquires as to the length of time required for trial on the issues of Interference-In-Fact and Antedation of Japan. CGI estimates that a day is required for Interference-In-Fact, which may include up to an hour of time as a tutorial for the Court's benefit if it chooses, and a day is required for the question of whether CGI has successfully antedated Japan.

4

Respectfully submitted,

Dated: October 1, 2007

By: /s/ Steven B. Kelber
Steven B. Kelber
Jagtiani+Guttag
10363-A Democracy Lane
Fairfax, Virginia 22030
Tel: 703-563-2011
Fax: 703-591-5907

T. Christopher Donnelly (BBO # 129930)
Jill Brenner Meixel (BBO# 652501)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33d Floor
Boston, MA 02108
Tel: 617-720-2880
Fax: 617-720-3554

COUNSEL FOR DEFENDANT
CELL GENESYS, INC.

**Certificate of Service**

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 1, 2007.

/s/   Jill Brenner Meixel
Jill Brenner Meixel