**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CELL GENESYS, INC.,              ) | |
|                                  ) | |
|     Plaintiff/Counterdefendant,  ) | |
|                                  ) | |
|     v.                           ) | Civil Action No. 05-12448-MLW |
|                                  ) | |
| APPLIED RESEARCH SYSTEMS ARS     ) | |
| HOLDING, N.V.,                   ) | |
|                                  ) | |
|     Defendant/Counterclaimant.   ) | |
|                                  ) | |
| APPLIED RESEARCH SYSTEMS ARS     ) | |
| HOLDING, N.V.,                   ) | |
|                                  ) | |
|     Plaintiff/Counterdefendant,  ) | |
|                                  ) | |
|     v.                           ) | Civil Action No. 04-11810-MLW |
|                                  ) | |
| CELL GENESYS, INC.,              ) | |
|                                  ) | |
|     Defendant/Counterclaimant, and ) | |
|                                  ) | |
| TRANSKARYOTIC THERAPIES, INC.,   ) | |
|                                  ) | |
|     Defendant.                   ) | |

**ARS OPPOSITION TO CGI'S MOTION FOR RECONSIDERATION OR
CERTIFICATION OF THE COURT'S AUGUST 13, 2007 ORDER**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................1

II.  ARGUMENT......................................................................................................................1

    A.   CGI has failed to show that reconsideration is warranted ........................................... 1

    B.   The Court's Order did not violate the law of the case doctrine ................................... 2

    C.   CGI misrepresents the availability of live testimony before the Board in an interference ................................................................................................................... 3

    D.   CGI's arguments for reconsideration are untimely, irrelevant, and inconsistent with recent Federal Circuit precedent............................................................................ 6

        1.   CGI has waived new arguments by not raising them in its Opposition to ARS's motion *in limine* ...................................................................................... 6

        2.   The "due diligence" standard is consistent with recent Federal Circuit precedent ................................................................................................. 8

    E.   Reconsideration of the Court's Order excluding the '939 patent, the Kucherlapati article, and the testimony of Levin, Savage and Thompson is not warranted....................................................................................................................... 9

        1.   CGI's failure to disclose the '939 patent and the Kucherlapati article in discovery provides independent grounds for their exclusion ............................. 10

        2.   The Court correctly excluded the testimony of Levin, Savage, & Thompson because of CGI's lack of diligence below ......................................... 11

    F.   CGI has failed to show that certification to the Federal Circuit is warranted............. 12

        1.   The outcome of this case will not be materially affected by the admissibility of the evidence ............................................................................ 12

        2.   There is no substantial ground for difference of opinion, particularly in view of the Federal Circuit's decision in *Boston Scientific Scimed*.................... 13

        3.   An immediate appeal will not materially advance this case .............................. 13

III. CONCLUSION.................................................................................................................14

## TABLE OF AUTHORITIES

**CASES**

*Boston Scientific Scimed, Inc. v. Medtronic Vascular, Inc.*,
  497 F.3d 1293 (Fed. Cir. 2007) .............................................................. 1, 7, 8, 12, 13

*Brunswick Corp. v. Riegell Textile Corp.*,
  627 F. Supp. 147 (N.D. Ill. 1985) ........................................................................... 7

*California Research Corp. v. Ladd*,
  356 F.2d 813 (D.C. Cir. 1966) ................................................................................ 7

*Christianson v. Colt Indus. Operating Corp.*,
  486 U.S. 800, 100 L. Ed. 2d 811,
  108 S. Ct. 2166 (1988) ............................................................................................ 2

*Conservolite, Inc. v. Widmayer*,
  21 F.3d 1098 (Fed. Cir. 1994) .................................................................... 8, 12, 13

*Davis v. Lehane*,
  89 F. Supp. 2d 142 (D. Mass. 2000) .................................................... 2, 3, 6, 7, 10

*De Seversky v. Brenner*,
  424 F.2d 857 (D.C. Cir. 1970) ................................................................................ 7

*Freeman v. Motorola, Inc.*,
  209 U.S.P.Q. 829 (N.D. Ill. 1980) .......................................................................... 7

*Froudi v. U.S.*,
  22 Cl. Ct. 290, 300 (1991) .................................................................................. 2, 7

*Harlow v. Children's Hospital*,
  432 F. 3d 50 (1st Cir. 2005) .................................................................................... 3

*Holloway v. Quigg*,
  9 U.S.P.Q.2D 1751 (D.D.C. 1988) ......................................................................... 7

*Kelly v. Keystone Shipping Co.*,
  281 F. Supp. 2d 313 (D. Mass. 2003) ..................................................................... 3

*Killian v. Watson*,
  121 U.S.P.Q. 507 (D.D.C. 1958) ............................................................................ 7

*Lemelson v. Mossinghoff*,
  225 U.S.P.Q. 1063 (D.D.C. 1985) .......................................................................... 7

*MacKay v. Quigg*,
  641 F. Supp. 567 (D.D.C. 1986) ............................................................................. 7

*McCoy v. Macon Water Auth.*,
  966 F. Supp. 1209 (M.D. Ga. 1997) ....................................................................... 6

*Perez-Ruiz v. Crespo-Guillen*,
  25 F.3d 40 (1st Cir. 1994) ....................................................................................... 3

*Renfro v. City of Emporia*,
   732 F. Supp. 1116 (D. Kan. 1990) .............................................................................................. 10

*Scimed Life Sys. v. Medtronic Vascular, Inc.*,
   468 F. Supp. 2d 60 (D.D.C. 2006) ........................................................................................ 8, 12

*United States v. United States Smelting Refining & Mining Co.*,
   339 U.S. 186 (1950) ...................................................................................................................... 3

*Velsicol Chemical Corp. v. Monsanto Co.*,
   579 F.2d 1038 (7th Cir. 1978) ...................................................................................................... 7

**STATUTES**

35 U.S.C. § 146 ................................................................................................................. 4, 7, 8, 12

**OTHER AUTHORITIES**

*R.C. v. T.I.*,
   Interference No. 104,EEE (BPAI 1999) ...................................................................................... 5

**RULES**

Fed. R. Civ. P. 26 ................................................................................................................................ 10

I.  **INTRODUCTION**

None of CGI's arguments provide a basis for reconsideration or certification of the Court's August 13, 2007 Order. CGI's "law of the case" argument is the same argument it made last fall in opposing ARS's motion *in limine*. Interlocutory orders (like the Court's August 9, 2006 Scheduling Order) are not the "law of the case," and in any event, the Court's August 9, 2006 Scheduling Order did not address the admissibility of CGI's evidence.

The Court's August 13, 2007 Order excluding CGI's withheld evidence was not premised on a misconception of the interference rules regarding live testimony. CGI's argument ignores this Court's exhaustive analysis and application of the pertinent case law to the facts of this case.

CGI waived its current argument about the appropriate standard of diligence by failing to raise that argument in its opposition to ARS's motion *in limine* last fall. The Federal Circuit's recent decision in *Boston Scientific Scimed, Inc. v. Medtronic Vascular, Inc*., 497 F.3d 1293 (Fed. Cir. 2007) confirms that this Court reached the right result and for the right reasons. In *Boston Scientific Scimed*, the Federal Circuit – applying a more rigorous strict liability-type standard – affirmed a district court's exclusion of evidence related to new legal theories under the umbrella of an issue that was before the Board.

For at least these reasons, the Court should deny CGI's motion for reconsideration or certification.

II.  **ARGUMENT**

  A.  **CGI has failed to show that reconsideration is warranted**

A motion for reconsideration of an interlocutory order "should be granted only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not

1

previously available; or (3) a clear error of law in the first order."[1] "A motion for reconsideration is not a vehicle for giving an unhappy litigant an additional chance to sway the judge . . . ."[2]

CGI says "this Court's Order is manifestly in error, and will work a substantial injustice on CGI if it is not modified."[3] But CGI has not shown that there has been an intervening change in the law, that there is new evidence not previously available, or that this Court committed any error of law. Instead, CGI merely rehashes the same arguments it made last fall, or raises new arguments which it waived by failing to raise them previously.[4] And even if CGI's new arguments could be considered, recent Federal Circuit case law confirms that this Court reached the right result and for the right reasons.

### B. The Court's Order did not violate the law of the case doctrine

Under the guise of "law of the case" doctrine, CGI simply rehashes its old argument that the parties and this Court agreed to the admissibility of CGI's evidence by agreeing to decide the Japan and interference-in-fact issues on a "case stated" basis.[5]

---

[1] *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000). *See also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 100 L. Ed. 2d 811, 108 S. Ct. 2166 (1988) (reconsideration should not be granted "in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'") (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).

[2] *Davis*, 89 F. Supp. 2d at 148 (quoting *Froudi v. United States*, 22 Cl. Ct. 290, 300 (Cl. Ct. 1991)).

[3] Cell Genesys Inc.'s Memorandum in Support of its Motion for Reconsideration or, in the Alternative, Certification, of This Court's August 13, 2007 Order ("CGI Reconsideration Memo") at 5 (Court Docket No. 176).

[4] For example, in its current motion CGI addresses the issue of the degree of diligence required in several of the pertinent cases. Yet CGI said nothing about those cases in its opposition to ARS's motion *in limine*. *See* Opposition of Cell Genesys, Inc. to the ARS Motion to Exclude Evidence Relied on in CGI's Motion Regarding the "Japan" Reference Not Presented to the Board Below at (Court Docket No. 146) at 7. Consequently, CGI has waived those arguments.

[5] CGI Reconsideration Memo (Court Docket No. 176) at 6.

CGI's argument fails for several reasons. First, it is well-established that interlocutory orders do not establish the law of the case.[6] While CGI accurately cites *Davis v. Lehane* for the proposition that a "federal district court has the discretion to reconsider interlocutory orders and revise or amend them at any time," the *Davis* court also held that "[i]nterlocutory orders . . . do not constitute the law of the case."[7] Second, the Court's August 9, 2006 Order simply said that "[a]s agreed by the parties, the court will conduct a trial on the written record . . . ."[8] It did not state that any evidence that CGI might rely upon was admissible under the Federal Rules of Evidence.

Because the Court's August 9, 2006 Order did not establish the law of the case regarding the admissibility of CGI's evidence, the Court's August 13, 2007 Order did not contradict the law of the case.

### C. CGI misrepresents the availability of live testimony before the Board in an interference

CGI contends that the Court's Order was premised on a misconception about whether parties can present live testimony to the Board in an interference. It was not. There can be no legitimate argument that the Court's August 13, 2007 Order was "premised" on the availability (or lack thereof) of live testimony before the Board. The Court exhaustively reviewed the legislative history and pertinent case law regarding the presentation of new evidence in a § 146

---

[6] *Davis*, 89 F. Supp 2d at 147 (citing *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994)).

[7] *Id*. (quoting *Perez-Ruiz*, 25 F.3d at 42). *See also United States v. United States Smelting Refining & Mining Co.*, 339 U.S. 186, 199 (1950) ("it requires a final judgment to sustain the application of the rule of the law of the case . . . ."); *Harlow v. Children's Hospital*, 432 F. 3d 50, 55 (1st Cir. 2005) ("Interlocutory orders . . . remain open to trial court reconsideration and do not constitute the law of the case.") (quoting *Perez-Ruiz*, 25 F.3d at 42); *Kelly v. Keystone Shipping Co.*, 281 F. Supp. 2d 313, 318 (D. Mass. 2003).

[8] August 9, 2006 Order (Court Docket. No. 124) at 2.

action, noting that the history of the enactment of § 146 suggested that the primary purpose behind the language in the statute authorizing further testimony was to allow "additional, live testimony from witnesses who presented evidence by affidavit or deposition to the Board and additional documents introduced in the course of that testimony."[9] In other words, the Court's discussion of this point related to the historical purpose of the statute.

The August 13, 2007 Order was premised on the reasoning and decisions of various Circuit Courts of Appeals, as well as CGI's lack of diligence.[10] Moreover, the Court expressly acknowledged that a § 146 action is an "equitable proceeding" in which the Court has the "equitable authority to admit live testimony from witnesses not presented to the Board on issues that the Board did decide."[11]

CGI mischaracterizes the Board's May 2003 Standing Order in the '114 interference, the Board's amended January 2006 Standing Order, and the practice before the Board. The Board's May 2003 Standing Order states that "[c]ross-examination of a witness may be ordered to take place in the presence of the administrative patent judge," and acknowledges that such cross-examination has occurred in the past "where inventorship, derivation, or inequitable conduct has been an issue or where testimony is given through an interpreter."[12] The Board's amended January 2006 Standing Order similarly states that "[c]ross-examination might be ordered to take place in the presence of an administrative patent judge," and similarly acknowledges that such testimony has been ordered "where inventorship, derivation, or inequitable conduct has been an issue; where testimony has been given through an interpreter; or where close supervision is

---

[9] August 13, 2007 Memorandum and Order (Docket No. 54) at 29.

[10] *Id*. at 25 to 42.

[11] *Id*. at 29.

[12] *See* the May 2003 Standing Order (Exhibit 1 to the Declaration of Steven Kelber) at ¶ 14.4 (Docket No. 177-2).

4

warranted."[13] Nothing in those Standing Orders suggests that live direct testimony may be taken before an administrative patent judge ("APJ").[14] Furthermore, none of the predicates to the taking of live cross-examination testimony before an APJ—inventorship, derivation, inequitable conduct, or testimony given through an interpreter—were present in the '114 Interference.

Nor does the Board's "Decision on Preliminary Motions" in *R.C. v. T.I.*, Interference No. 104,EEE (BPAI 1999) support CGI's argument. That Board decision (*see* p. 8) acknowledged the Board's prior order in that interference authorizing the taking of live direct examination of witnesses where "the issue of inventorship was on 'trial.'" To the extent that decision has *any* relevance here, it simply reflects the acknowledgement in the Board's May 2003 and amended January 2006 Standing Orders that live testimony may be taken where inventorship is an issue. Inventorship is not an issue in this case.

Nor does CGI's reference to the taking of video-taped depositions in the '114 Interference support CGI's argument. Viewing a videotaped deposition is not the same as, nor is it a substitute for, live testimony and cross-examination. That was the very point made by the Court in its August 13, 2007 Order.[15] The Court expressly acknowledged that the Board considered a video-taped deposition in the '114 Interference.[16]

---

[13] *See* the amended January 2006 Standing Order (Exhibit 3 to the Declaration of Steven Kelber) at ¶ 157.3.4 (Court Docket No. 177-4).

[14] *See id.* at ¶ 157.1 ("Direct testimony, other than compelled testimony, must be in the form of an affidavit.").

[15] August 13, 2007 Memorandum and Order (Court Docket No. 172) at 28.

[16] *Id.* at 11–12.

### D. CGI's arguments for reconsideration are untimely, irrelevant, and inconsistent with recent Federal Circuit precedent

CGI argues that reconsideration is warranted because the "due diligence" standard under which this Court declined to accept CGI's "new" evidence is too harsh. Alternatively, CGI contends that even under the Court's standard, its failure to offer U.S. Pat. No. 5,024,939 ("the '939 patent"), the 1985 Kucherlapati article, and the testimony of Levin, Savage, and Thompson was not due to a lack of diligence. Neither of CGI's arguments warrants reconsideration of the August 13, 2007 Order.

#### 1. CGI has waived new arguments by not raising them in its Opposition to ARS's motion *in limine*

CGI waived its argument about the "due diligence" standard by failing to raise that argument in its opposition to ARS's motion *in limine*. "[A] motion for reconsideration is not an opportunity for a party to improve upon his arguments or try out new arguments; nor is it properly a forum for a party to vent his dissatisfaction with the Court's reasoning."[17]

In its opposition to ARS's motion *in limine* last fall, CGI's sole argument was that **none** of the cases cited by ARS addressed the situation where new evidence was offered for issues previously raised before the Board.[18] In fact, as discussed in ARS's motion *in limine* reply brief[19] and the Court's August 13, 2007 Order, **all** of the cases cited by ARS dealt with so-called "new" evidence offered in a § 146 action on an issue previously raised before the Board. CGI now seeks to remedy its inadequate opposition to the motion *in limine* in its motion for reconsideration.

---

[17] *Davis*, 89 F. Supp. 2d at 149 (quoting *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222 (M.D. Ga. 1997)).

[18] Opposition of Cell Genesys, Inc. to the ARS Motion to Exclude Evidence Relied on in CGI's Motion Regarding the "Japan" Reference Not Presented to the Board Below at (Court Docket No. 146) at 3–4.

[19] ARS Reply Regarding Its Motion *In Limine* To Exclude New Evidence Offered By CGI In Support Of Its "Japan" Memorandum (Court Docket No. 154) at 2–3.

Because CGI should have made each of the arguments it now offers in support of its motion for reconsideration in its opposition brief last fall, CGI should be deemed to have waived the arguments and the Court should deny CGI's motion for reconsideration.

Even if CGI were permitted to advance its arguments in favor of alternatives to the "due diligence" standard adopted by the Court, none of them warrant reconsideration of the Court's August 13, 2007 Order because the Court already considered and rejected them in that Order. A motion for reconsideration is not "a vehicle for giving an unhappy litigant an additional chance to sway the judge, nor is it intended to allow a party to make arguments already presented to, and rejected by, the court."[20] As reflected in its Order, this Court exhaustively analyzed the standards that courts have applied to the admissibility of new evidence in § 146 actions, the underlying policy rationales, and the current Federal Circuit jurisprudence on this issue.[21] After conducting that analysis, the Court adopted the "due diligence" standard applied in *Velsicol Chemical Corp. v. Monsanto Co.*[22] CGI cannot be heard to complain now, for the first time, that the Court should have applied a more lenient standard. The time for CGI to provide its legal analysis on this issue was last year. It chose not to, and so should be deemed to have waived all of its new arguments.

---

[20] *Davis*, 89 F. Supp. 2d at 148 (quoting *Froudi*, 22 Cl. Ct. at 300.

[21] August 13, 2007 Memorandum and Order (Docket No. 172) at 25–33.

[22] *Velsicol Chemical Corp. v. Monsanto Co.*, 579 F.2d 1038 (7th Cir. 1978). Although CGI's motion questions the "continuing vitality" of Velsicol, it notably fails to address any of the numerous other cases discussed in the Court's August 13, 2007 Order (at 20–33, both before and after *Velsicol*, that also concluded that a negligent failure to properly prepare the proponent's case before the Board justifies subsequent exclusion of new evidence that could have been presented to the Board if diligence had been exercised, including *Piher v. CTS Corp.*, 664 F.2d 122, 124–26 (7th Cir. 1981); *Brunswick Corp. v. Riegell Textile Corp.*, 627 F. Supp. 147, 150 (N.D. Ill. 1985); *Freeman v. Motorola, Inc.*, 209 U.S.P.Q. 829, *5–6 (N.D. Ill. 1980); *California Research Corp. v. Ladd*, 356 F.2d 813, 820 n. 18 (D.C. Cir. 1966); *Killian v. Watson*, 121 U.S.P.Q. 507 (D.D.C. 1958)); *De Seversky v. Brenner*, 424 F.2d 857, 859, n.5 (D.C. Cir. 1970); *Lemelson v. Mossinghoff*, 225 U.S.P.Q. 1063, *2–3 (D.D.C. 1985); *MacKay v. Quigg*, 641 F. Supp. 567, 570 (D.D.C. 1986); *Holloway v. Quigg*, 9 U.S.P.Q.2D 1751 (D.D.C. 1988).

CGI's further contention that the Court's Order "applies a standard here that goes beyond that imposed in *Velsicol*"[23] is likewise without merit. This Court's extensive factual and legal analysis[24] establishes that, just as in *Velsicol*, CGI's failed to exercise even a modicum of diligence in attempting to contact known, available fact witnesses, or to present documentary evidence within its possession and control. Taken as a whole then, based on the *Velsicol* standard, CGI's conduct does not merely fall short of due diligence, but rather demonstrates, at best, gross negligence, as argued by ARS last fall.[25]

### 2. The "due diligence" standard is consistent with recent Federal Circuit precedent

Recent Federal Circuit precedent supports this Court's application of the "due diligence" standard. In *Boston Scientific Scimed, Inc. v. Medtronic Vascular, Inc.*, an appeal from a district court § 146 action,[26] the Federal Circuit rejected the appellant's contention that the district court erred in excluding evidence related to new legal theories under the umbrella of an issue that was before the Board, and explained that permitting a party to raise those theories and evidence in a § 146 action would waste the resources of the Board and the courts:

> A party may not, however, advance new legal theories at the trial court level, even if the overarching legal issue was presented below. An action under 35 U.S.C. § 146 is essentially a proceeding to review the action of the Board. . . . The parties to an interference must make a complete presentation of the issues at the Board level so that the interference is efficient and not wasteful of administrative and judicial resources. Failure to advance legal theories before the board constitutes a failure to make a complete presentation of the issues, and permitting a party to raise those theories for the first time before the trial court would be both

---

[23] CGI's Reconsideration Memo (Court Docket No. 176) at 10–11.

[24] August 13, 2007 Order & Memorandum (Court Docket No. 172) at 33–42.

[25] ARS Memorandum In Support Of ARS Motion *In Limine* To Exclude New Evidence Offered By CGI In Support Of Its "Japan" Memorandum (Court Docket No. 136) at, *e.g.*, 6 (alleging CGI deliberately withheld or was grossly negligent in failing to present its "new" evidence to the Board).

[26] *Scimed Life Sys. v. Medtronic Vascular, Inc.*, 468 F. Supp. 2d 60 (D.C.C. 2006).

inefficient and wasteful of administrative and judicial resources. . . . The district court therefore did not err by precluding Scimed from presenting evidence to support these new legal theories.[27]

Significantly, the Federal Circuit did not require a specific *mens rea* (*e.g.*, willfulness, negligence, *etc*.) to exclude the evidence in question – rather, the Court applied a strict standard, under which a party that fails to make a complete presentation to the Board cannot advance new legal theories or supporting evidence in a subsequent § 146 action, even where the new theories and evidence are related to those actually argued before the Board.

CGI's failure to present to the Board all of the evidence either already within its possession or obtainable by the exercise of due diligence was no less wasteful of administrative and judicial resources than was the conduct of the appellant in *Boston Scientific Scimed*, and this Court has correctly refused to countenance it.

### E. Reconsideration of the Court's Order excluding the '939 patent, the Kucherlapati article, and the testimony of Levin, Savage and Thompson is not warranted

CGI argues that, even under the standard adopted by the Court, it did not fail to exercise due diligence with regard to presenting U.S. Pat. No. 5,024,939 ("'939 patent"), the 1985 Kucherlapati article, and the testimony of Levin, Savage, and Thompson to the Board.[28] CGI's argument as to both the documentary and testimonial evidence should be rejected, although for different reasons.

---

[27] *Boston Scientific Scimed, Inc. v. Medtronic Vascular, Inc.*, 497 F.3d 1293, 1298 (Fed. Cir. 2007) (citing *Conservolite v. Widmayer*, 21 F.3d 1098, 1102 (Fed. Cir. 1994)) (internal quotations omitted).

[28] CGI argues that its failure to present the U.S. Pat. No. 5,024,939 ("'939 patent"), the 1985 Kucherlapati article, and the testimony of Levin, Savage, and Thompson, was not due to a failure of diligence. Notably, CGI does not argue that it was diligent regarding its failure to present its own documents or the testimony of Skoultchi and Kucherlapati to the Board.

9

### 1. CGI's failure to disclose the '939 patent and the Kucherlapati article in discovery provides independent grounds for their exclusion

In its motion for reconsideration, CGI complains that the Court has unfairly placed CGI "in a tightly closed box" by excluding the '939 patent and the 1985 Kucherlapati article.[29] CGI argues that it could not have presented these documents to the Board during the Interference, because the issue of interference-in-fact was raised *sua sponte* by the Board.[30]

Even if true, however, CGI's argument does not warrant reconsideration of the August 13, 2007 Order because ARS has already provided independent, unrefuted grounds for excluding these documents. As stated in the memorandum supporting its motion *in limine* against CGI's "interference-in-fact" memorandum, ARS sought exclusion of these documents, not because they had not been produced before the Board, but because CGI did not properly disclose them to ARS during fact or expert discovery as required by Fed. R. Civ. P. 26.[31] Both of these documents have been in the public domain for over 15 years, and one was even authored by a long-time CGI consultant, Dr. Kucherlapati.[32] CGI's failure to seasonably disclose the documents underlying its contentions regarding the interference-in-fact issue is inexcusable (regardless of whether CGI could have presented them to the Board), and ARS was unfairly surprised and prejudiced by not being able to take expert discovery on those documents. CGI is in a "tightly closed box" only

---

[29] CGI Reconsideration Memo (Court Docket No. 176) at 15.

[30] Once again, CGI rehashes an old argument, which CGI first presented when it attempted to rely on these two documents (neither of which it produced during discovery in this case) last fall. *See* October 2, 2006 "Memorandum of Cell Genesys Inc. – There is Interference-in-Fact Between Claim 106 of Cell Genesys and ARS Claim 24" (Court Docket No. 126) at 2, 4, and 13.

[31] Memorandum In Support of ARS Motion *In Limine* To Exclude Previously Undisclosed Evidence Relied On By CGI In Its "Interference-In-Fact" Memorandum (Court Docket No. 141) at 1–5. The Court's August 13, 2007 Order recognizes that neither the '939 patent nor the Kucherlapati article were addressed by ARS's "Japan" new evidence motion *in limine*. *Id*. at 17 & 34, n.14.

[32] August 13, 2007 Memorandum and Order (Court Docket No. 172) at 42.

because it failed to disclose these documents during discovery, not because of any legal error in the Court's Order. For similar reasons, the Court held that Dr. Tlsty may not testify about either the '939 patent or the 1985 Kucherlapati article.[33] Consequently, the Court should deny CGI's motion for reconsideration with regard to the '939 patent and the 1985 Kucherlapati article on the grounds stated in ARS's "interference-in-fact" motion *in limine*.

### 2. The Court correctly excluded the testimony of Levin, Savage, & Thompson because of CGI's lack of diligence below

CGI's arguments regarding the testimony of Levin, Savage, and Thompson do not warrant reconsideration of the August 13, 2007 Order. A motion for reconsideration is not a second opportunity for a party make arguments already presented.[34] CGI's complaint that the Court "simply has no basis to hold that CGI lacked the requisite diligence because [CGI] did not seek permission from the Board regarding the issuance of subpoenas on fact witnesses"[35] simply rehashes arguments which CGI already raised in its opposition[36] to ARS' motion *in limine*, and which the Court rejected in its August 13, 2007 Order.[37]

Moreover, CGI's argument that its failure to subpoena these witnesses does not constitute a lack of diligence is irrelevant because the Court did not base its findings on that ground.

---

[33] *Id.* at 3 ("In addition, ARS correctly contends that CGI is seeking to introduce expert opinions of Dr. Tlsty that were not, as required by Federal Rule of Civil Procedure 26(a)(2)(B), disclosed during discovery, either initially or in any supplementary expert report. CGI has neither shown that this failure to disclose was substantially justified nor that it was harmless as required by Federal Rule of Civil Procedure 37(c)(1). Therefore, to the extent that Dr. Tlsty's opinions go beyond those that were timely and properly disclosed, they are being excluded.").

[34] *Davis*, 89 F.2d 142 at 148 (citing *Renfro v. City of Emporia*, 732 F. Supp. 1116, 1117 (D. Kan. 1990)).

[35] CGI Reconsideration Memo (Court Docket No. 176) at 16.

[36] *See* Opposition of Cell Genesys, Inc. to the ARS Motion to Exclude Evidence Relied on in CGI's Motion Regarding the "Japan" Reference Not Presented to the Board Below at (Court Docket No. 146) at 6.

[37] August 13, 2007 Memorandum and Order (Court Docket No. 172) at 35–42.

Rather, the Court determined that CGI failed to demonstrate the requisite diligence because two unsuccessful attempts to contact Kucherlapati or Levin by phone did not constitute the required diligence.[38] As the Court observed:

> If CGI had exercised due diligence in speaking to Dr. Kucherlapati and Levin in connection with the '114 proceeding, and in collecting the documents it produced to ARS in this case, it would have identified Savage and Thompson in time to present the evidence to the Board to be subpoenaed. Therefore, CGI's failure to present Savage and Thompson resulted from its lack of due diligence.[39]

Thus, the Court faulted CGI for failing to exercise the requisite diligence to collect its own documents and contact its fact witnesses or ascertain whether its witnesses were uncooperative and would need to be subpoenaed, not for failing to subpoena Thompson and Savage. CGI's argument therefore fails to demonstrate that the August 13, 2007 Order is manifestly in error.

### F. CGI has failed to show that certification to the Federal Circuit is warranted

#### 1. The outcome of this case will not be materially affected by the admissibility of the evidence

CGI implies that admission of CGI's "new evidence" will increase the likelihood of CGI being able to antedate the Japan reference.[40] However, as ARS explained in its briefing last fall (when it addressed that evidence), CGI cannot show conception, diligence, or reduction to practice prior to the effective date of the Japan reference.[41] For this reason alone, the Court should deny certification.

---

[38] *Id.* at 41–42.

[39] *Id.* at 42.

[40] CGI Reconsideration Memo (Court Docket No. 176) at 18.

[41] ARS Opposition to CGI's Motion to Reverse the Board's Decision That CGI Claims 107-109 are Unpatentable Over "Japan" (Court Docket No. 133) at 1–2 *et seq.*; ARS Sur-Reply Regarding CGI's Motion to Reverse the Board's Decision That CGI Claims 107-109 are Unpatentable Over "Japan" (Court Docket No. 151) at 1–2 *et seq.*

### 2. There is no substantial ground for difference of opinion, particularly in view of the Federal Circuit's decision in *Boston Scientific Scimed*

In view of the Federal Circuit's decision in *Boston Scientific Scimed, Inc. v. Medtronic Vascular, Inc.*, there is no ground for difference of opinion regarding the issues decided by the Court in its August 13, 2007 Order.[42]

As explained above, in *Boston Scientific* the Federal Circuit affirmed the district court's decision to exclude new evidence and new arguments involving theories of constructive trust and equitable assignment, even though the evidence and arguments went to an issue raised during the interference below.

The Federal Circuit's reasoning makes it difficult to imagine how there could be a different outcome in this case. The Federal Circuit said nothing about *mens rea* (*e.g.*, willfulness, negligence, *etc*.), and instead held the parties to a strict liability-type standard for failing to make a complete presentation to the Board.

### 3. An immediate appeal will not materially advance this case

CGI says that "beyond doubt, if the new evidence is admitted, this increases the likelihood that CGI will antedate the Japan reference."[43] Even if CGI were to win such an appeal —which the *Boston Scientific Scimed* case renders unlikely— ARS has shown (in its brief last fall and again in its October 1, 2007 brief) that CGI cannot show conception, diligence or reduction to practice sufficient to antedate the Japan reference. Consequently, an immediate appeal will not materially advance the termination of this action.

---

[42] *Boston Scientific Scimed, Inc. v. Medtronic Vascular, Inc.*, 497 F.3d 1293, 1298 (Fed. Cir. 2007)

[43] CGI Reconsideration Memo (Court Docket No. 176) at 20.

## III.  CONCLUSION

For the foregoing reasons, the Court should deny CGI's motion for reconsideration or, in the alternative, certification, of this Court's August 13, 2007 Order.


Dated: October 15, 2007                            Respectfully submitted,


By:  /s/ Kevin M. Flowers
Fred A. Kelly, Jr. (BBO # 544046)
Jill E. Uhl (BBO # 656283)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Tel: 617-345-1000
Fax: 617-345-1300

Kevin M. Flowers (*pro hac vice*)
Matthew C. Nielsen (*pro hac vice*)
Elliot C. Mendelson (*pro hac vice*)
Cullen N. Pendleton (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 S. Wacker Drive
Chicago, IL  60606-6357
Tel: (312) 474-6300
Fax: (312) 474-0448

Counsel for APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V.

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing **ARS OPPOSITION TO CGI'S MOTION FOR RECONSIDERATION OR CERTIFICATION OF THE COURT'S AUGUST 13, 2007 ORDER** will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.

                                                            /s/ Kevin M. Flowers_____
                                                            Counsel for APPLIED RESEARCH
                                                            SYSTEMS ARS HOLDING, N.V.