**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| CELL GENESYS, INC., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-12448-MLW |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11810-MLW |
| | ) | |
| CELL GENESYS, INC., | ) | |
| | ) | |
| Defendant/Counterclaimant, and | ) | |
| | ) | |
| TRANSKARYOTIC THERAPIES, INC., | ) | |
| | ) | |
| Defendant. | ) ) | |

**MEMORANDUM IN SUPPORT OF ARS MOTION TO STRIKE, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE A RESPONSE TO NEW ARGUMENT AND EVIDENCE IN CGI'S JAPAN AND INTERFERENCE-IN-FACT BRIEFS**

**I.    SUMMARY**

ARS respectfully submits that the Court should strike or, in the alternative, grant ARS leave to file a response to, new argument and new evidence that CGI advanced in its recent briefs (Court Docket Nos. 179 & 180) addressing whether the Board erred in holding (i) CGI claims 107-109 are unpatentable over the "Japan" reference and (ii) there is no interference-in-fact between any of ARS's patentable '071 patent claims and CGI claim 106.

In its August 13, 2007 Order, after ruling that certain evidence that CGI submitted with its briefs addressing these issues last Fall was inadmissible to CGI, the Court ordered the parties to "by September 31, 2007 . . . [r]evise their submissions in response to the August 9, 2006 Order to address, based solely on the admissible evidence[,]" the above-named issues.

In briefs filed on October 1, 2007, CGI improperly presented argument and evidence that it did not advance in its corresponding briefs last Fall. Because ARS was ordered to file its opposition briefs on the same day that CGI filed its briefs, ARS has been unfairly prejudiced and denied an opportunity to respond to CGI's improper, untimely evidence and arguments. The Court should strike CGI's briefs and order it to file briefs limited to the arguments and evidence it advanced last Fall, or in the alternative should grant ARS an opportunity to file new briefs responding to CGI's new evidence and arguments.

**II.    CGI VIOLATED THE COURT'S AUGUST 13, 2007 ORDER BY RAISING NEW EVIDENCE AND NEW ARGUMENTS IN ITS OCTOBER 1, 2007 BRIEFS**

In its October 1, 2007 briefs, CGI raised a substantial number of new arguments and relied upon evidence that was never mentioned in its briefs addressing these issues last Fall (Docket Nos. 126 & 128). The Court's August 13, 2007 Order required the parties to "revise their submissions" from last Fall to exclude reference to evidence the Court has held

1

inadmissible.[1] It did not permit CGI to completely start over with new arguments and new evidence.

Indeed, in opposing ARS's pending motion for a revised briefing schedule (Docket No. 173), CGI said that ARS did not need an opportunity to respond to CGI's revised briefs because:

> [T]he Court's Order does not invite the parties to change their litigation strategy, or develop wholly new arguments or briefs. Rather, **the Order simply directs the parties to re-present the briefs previously advanced, but trimmed to include only the evidence that the Court is willing to consider in light of the rest of its Order, *viz*., evidence submitted previously to the Board**. ARS already has CGI's original briefs on these issues, which include CGI's arguments based on the testimony advanced before the Board below.

(Docket No. 174 at 4) (emphasis added).

In its October 1, 2007 briefs, CGI did precisely what it admits the Court's August 13, 2007 Order prohibited. Instead of simply "trimming" inadmissible evidence from its previous submissions, CGI introduced wholly new arguments and relied upon evidence that was not presented in its briefing last Fall. In so doing, CGI violated the Court's August 13, 2007 Order. In addition, because ARS was ordered to file its briefs on the same day as CGI, ARS has had no opportunity to respond to CGI's new arguments and evidence.

CGI's Japan brief is a morass of new arguments and new evidence. Some examples of these new arguments and evidence which ARS has not had an opportunity to address include:

- Reliance on the '114 Interference testimony of Bertram Rowland[2] (whose testimony the Board found lacked credibility in the '114 Interference);

- Argument about the credibility of Mr. Rowland's testimony;[3]

---

[1] August 13, 2007 Memorandum & Order (Court Docket No. 172) at 49–50.
[2] "Memorandum of Cell Genesys, Inc. – CGI's claims 107-109 are not unpatentable over the 'Japan' reference" (Court Docket No. 179) at 9–10; 14–15; 17–19.
[3] *Id*. at 9–10; 17–19.

2

- Argument that the Board found each element of CGI claims 107-109, other than the element directed to homologous recombination itself, reflected in the document bearing the date of July 25, 1989;[4]

- Argument that CGI was entitled to submit the Rowland declaration under 37 C.F.R. § 1.131 to antedate the Japan reference;[5]

- Argument that the Board found CGI was entitled to a 1989 filing date, and made no finding on the issue of diligence;[6]

- Argument that the Board erred by "substituting" its own expertise for that of persons of ordinary skill in the art;[7] and

- Reliance on the testimony of Dr. Randall Kaufman, who testified on behalf of ARS in the '114 Interference.[8]

Some examples of the new arguments and evidence that CGI advanced in its recent interference-in-fact brief which ARS has not had an opportunity to address include:

- Argument that ARS is estopped from asserting there is no interference-in-fact based on positions it took in the '114 Interference;[9]

- Reliance on the Declaration of Jac A. Nickoloff, Ph.D. ('114 Interference Exhibit 2029);[10]

- Reliance on the Declaration of Nancy L. Craig, Ph.D. ('114 Interference Exhibit 2026);[11]

- Reliance on the Kaufman *et al*. papers ('114 Interference Exhibits 2014 and 3015);[12]

- Reliance on the transcript of the cross-examination of Dr. Kaufman in the '114 Interference (Interference Exhibit 2056);[13]

---

[4] *Id*. at 3.
[5] *Id*. at 4–5.
[6] *Id*. at 3.
[7] *Id*. at 16–19.
[8] *Id*. at 17–19.
[9] "Memorandum of Cell Genesys, Inc. – there is no interference-in-fact between claim 106 of Cell Genesys and ARS claim 24" (Court Docket No. 180) at 8–9.
[10] *Id*. at 10, 15.
[11] *Id*.
[12] *Id*. at 10, 14–15.
[13] *Id*. at 16.

- Reliance on U.S. Patent Nos. 5,238,820 and 5,079,159 ('114 Interference Exhibits 2064 and 2065);[14] and

- Reliance on the First Declaration of Dr. Randall Kaufman ('114 Interference Exhibit 3002).[15]

---

[14] *Id.* at 11, 13–14.
[15] *Id.* at 16.

4

### III. CONCLUSION

For the foregoing reasons, ARS respectfully requests that the Court:

(a) strike CGI's October 1, 2007 Japan brief (Court Docket No. 179) and interference-in-fact brief (Court Docket No. 180), and order CGI to file revised briefs limited to the admissible evidence and arguments CGI made in its corresponding October 2, 2006 briefs; or in the alternative,

(b) grant ARS leave to file responses to CGI's October 1, 2007 Japan and interference-in-fact briefs; and

(c) grant any further relief the Court deems appropriate and just.

Dated: October 15, 2007                    Respectfully submitted,

By: /s/ Kevin M. Flowers
Fred A. Kelly, Jr. (BBO # 544046)
Jill E. Uhl (BBO # 656283)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Tel: 617-345-1000
Fax: 617-345-1300

Kevin M. Flowers (*pro hac vice*)
Matthew C. Nielsen (*pro hac vice*)
Elliot C. Mendelson (*pro hac vice*)
Cullen N. Pendleton (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606-6357
Tel: (312) 474-6300
Fax: (312) 474-0448

Counsel for APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V.