**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| CELL GENESYS, INC., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-12448-MLW |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11810-MLW |
| | ) | |
| CELL GENESYS, INC., | ) | |
| | ) | |
| Defendant/Counterclaimant, and | ) | |
| | ) | |
| TRANSKARYOTIC THERAPIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ARS RESPONSE TO CGI'S RESPONSE
TO THE COURT'S ORDER OF AUGUST 13, 2007**

Applied Research Systems ARS Holding, N.V. ("ARS") respectfully submits the following response to the Response of Cell Genesys, Inc. to the Court's Order of August 13, 2007 (which CGI filed on October 1, 2007).[1] ARS hoped such a response would be unnecessary, and accordingly attempted to meet and confer with CGI in both August and September so that the parties might file a joint report with the Court.[2] CGI declined the invitation to notify ARS of any of its proposals (*e.g.*, proposing that live testimony from various individuals should be presented to the Court) before it filed them with the Court on October 1. ARS believes it is necessary to respond to CGI's proposals to present additional testimony to the Court.

**I.     Summary**

No live testimony is warranted on the issues of whether the Board erred in deciding that CGI's claims 107-109 are unpatentable over the Japan reference and that there is no interference-in-fact between any of ARS's patentable '071 patent claims and claim 106 of CGI's '390 application.

First, CGI should not be permitted to present any expert testimony from Drs. Nickoloff or Craig because CGI neither identified them as expert witnesses who might testify live in this case, nor submitted any Fed. R. Civ. P. 26(a)(2)(B) expert reports for them in this case. Second, CGI should not be permitted to present live testimony from Bert Rowland, because CGI stipulated that it would not seek to offer any testimony from Mr. Rowland in this case other than his recorded testimony from the '114 Interference. Third, this Court ordered CGI to make any such requests to present testimony last Fall; CGI failed to say anything about live testimony from these witnesses (or even anything about their testimony from the '114 Interference). ARS will be

---

[1] CGI Response (Court Docket No. 178).
[2] *See* correspondence submitted with ARS Motion For Revised Briefing Schedule And Response To Issues Raised In The Court's August 13, 2007 Order (Court Docket No. 173).

1

unfairly prejudiced if the parties start over on these issues at this late stage of this case. Fourth, CGI agreed last Fall to resolving the Japan issue on the written record. ARS will be unfairly prejudiced if the parties start from scratch on the Japan issue, especially after the parties extensively briefed the issue last Fall and again this Fall.

ARS respectfully submits that the Court should decide these issues on the basis of the parties' briefs and whatever evidence is ultimately deemed admissible by the Court.

## II. CGI neither identified Drs. Nickoloff or Craig as expert witnesses who might testify live in this case nor submitted Fed. R. Civ. P. 26(a)(2)(B) reports for them, and CGI stipulated that it would not present live testimony from Mr. Rowland

CGI says the Court should permit (a) live expert testimony from Drs. Nickoloff, Craig and Kaufman on the issues of whether the Board erred in holding (i) CGI claims 107-109 are unpatentable over the "Japan" reference and (ii) there is no interference-in-fact between any of ARS's patentable '071 patent claims and CGI claim 106, and (b) fact testimony from Mr. Rowland on the Japan issue.[3]

The Court should reject CGI's proposal because CGI neither identified Drs. Nickoloff or Craig as expert witnesses who might testify live in this case, nor submitted any Fed. R. Civ. P. 26(a)(2)(B) reports from them in this case. Consequently, neither Dr. Nickoloff nor Dr. Craig can present live expert testimony.[4] While they each submitted declarations to the Board in the '114 Interference, those declarations are not Fed. R. Civ. P. 26(a)(2)(B) expert reports, and do not permit Drs. Nickoloff or Craig to present additional testimony in this § 146 action (which is governed by the Federal Rules of Civil Procedure). If CGI intended to offer live expert testimony

---

[3] CGI Response (Court Docket No. 178) at 2-4.
[4] CGI also proposes that Dr. Randall Kaufman present live testimony in this case, but Dr. Kaufman is an expert witnesses who testified on ARS's behalf in the '114 Interference. CGI should not be able to examine him in this case unless ARS first examines him (which ARS has no intention of doing on the issues whether the Board erred in deciding that there is no interference-in-fact and that CGI claims 107-109 are unpatentable over Japan).

2

from them in this case, it was required to submit Fed. R. Civ. P. 26(a)(2)(B) reports disclosing their opinions during the expert discovery period in this case. If CGI intended that they present live testimony consistent with their declarations in the '114 Interference, it was obligated to make that intention clear to ARS and at least identify them as expert witnesses who would present live testimony in this case.

CGI did neither. Instead, it submitted reports during the expert discovery period in this case only for Dr. Tlsty and Dr. Kirk Thomas, identified them as witnesses whose testimony it might rely on, and said that "**CGI may rely on the testimony of Nancy Craig, Ph.D., Jack Nickoloff, Ph.D**. and Michael Heartlein, Ph.D. **introduced in the course of Interference 105,114**."[5] Consequently, CGI never gave any notice to ARS that it might present live or additional testimony from either Dr. Nickoloff or Dr. Craig in this case. Permitting either of them to present live expert testimony at this late point in the case would unfairly prejudice ARS, which had no notice of this until CGI's October 1, 2007 proposal to this Court.

Nor should CGI be permitted to present live testimony from Bertram Rowland. Early in this case, after ARS took steps to subpoena Mr. Rowland for deposition, CGI stipulated that it would not offer testimony from Mr. Rowland in this case, and ARS withdrew its subpoena. Counsel for CGI, Mr. Kelber, memorialized that agreement when he said:

> We also discussed the issue of depositions of those who we did no expect to provide testimony beyond that which was presented during the interference. **We will not be presenting additional testimony of Bert Rowland**, and we will not be presenting testimony by Oliver Smithies, Ph.D. Based on our discussion, it is

---

[5] "Cell Genesys Inc.'s designation of expert witnesses" at 1 (dated March 3, 2006) (emphasis added) (attached as Exhibit A).

3

my understanding that you will withdraw the subpoenas for those two individuals.[6]

ARS would be unfairly prejudiced if Mr. Rowland is now permitted to present live testimony.

For at least these reasons, the Court should reject CGI's proposal to present any live testimony on the issues of interference-in-fact or Japan from any of Drs. Nickoloff, Craig, Kaufman, or Mr. Rowland.

### III. The Court ordered CGI to identify all testimony on the issue of interference-in-fact last Fall, and it is too late for CGI to identify three additional witnesses at this late stage of the case

This Court ordered CGI to identify by September 30, 2006 all testimony it sought to present on the issue of interference-in-fact.[7] On October 2, 2006 CGI identified two such witnesses (Drs. Tlsty and Chappel).[8] Despite this, CGI now tells the Court (as explained above) that Drs. Nickoloff, Craig and Kaufmann should present live expert testimony on this issue.

The Court should reject CGI's proposal as untimely. CGI should have identified these witnesses pursuant to the Court's Order last Fall, and should not be permitted to offer new witnesses at this late date.

---

[6] Letter dated August 24, 2005 from Mr. Kelber to Dr. Flowers (attached as Exhibit B) (emphasis added); *see also* email dated August 25, 2005 from Kelber to Flowers ("As we discussed, we are committing to rescheduling the depositions of the witnesses you have subpoenaed in the DC case, **other than** Oliver Smithies, and **Bert Rowland, whom we have agreed not to present for new testimony** beyond that which was introduced in Interference 105,114.") (attached as Exhibit C) (emphasis added).

[7] August 9, 2006 Order (Court Docket No. 124) at 2 ("CGI shall also address [by September 30, 2006] what testimony it would like to present relating to the second question and why that testimony is necessary.").

[8] "Memorandum of Cell Genesys, Inc. – there is interference-in-fact between claim 106 of Cell Genesys and ARS Claim 24" (Court Docket No. 126) at 13-14.

Additionally, CGI refers in passing to "this Court's determination that Thea Tlsty's expert report is admissible for limited purposes . . . ."[9] CGI is mistaken – the Court did not hold that the Tlsty "report" itself is admissible; this Court held that Dr. Tlsty may testify consistent with and within the scope of her expert report.[10]

## IV. CGI should not be permitted to start from scratch on the issue of whether the Board erred in deciding that CGI claims 107-109 are unpatentable over "Japan"

CGI should not be allowed to renege on its stipulation that this Court should decide the Japan issue on the written record.[11] CGI's request to essentially start over on this issue begs the question -- why did ARS have to go to the expense and effort of briefing this issue last Fall and again on October 1, 2007? It would unfairly prejudice ARS if CGI is allowed to start over by presenting live testimony (of witnesses which it said nothing about in the nearly 60 pages of briefing that it submitted to the Court on this issue last Fall) at this late stage of this case. For this additional reason, the Court should reject CGI's proposal to present testimony from Drs. Nickoloff, Craig and Kaufman.

In the alternative, if the Court permits CGI to present any testimony from Drs. Nickoloff or Craig (as referred to above, Dr. Kaufman testified on behalf of ARS in the '114 Interference), it should be limited to reading their testimony, *verbatim*, from the '114 Interference. Anything else would unfairly prejudice ARS, particularly because CGI never submitted Fed. R. Civ. P. 26(a)(2)(B) expert reports from these witnesses or identified them as witnesses who would present live expert testimony in this case.

---

[9] CGI Response (Court Docket No. 178) at 4.
[10] August 13, 2007 Order (Court Docket No. 172) at 48 ("Accordingly, Dr. Tlsty may provide evidence on the matters properly disclosed in her Rule 26(c)(2) expert report . . . .").
[11] August 9, 2006 Order (Docket No. 124) at 2 ("As agreed by the parties, the court will conduct a trial on the written record to decide the first question [whether the Board correctly found that CGI's claims 107-109 are unpatentable over the Japan reference] . . . .").

5

If the Court permits CGI to present such testimony, ARS further proposes that the Court order CGI to designate in advance the specific testimony from the '114 Interference which it contends is relevant to the issues of whether the Board erred in deciding (i) CGI's claims 107-109 are unpatentable over the Japan reference, and (ii) there is no interference-in-fact between any of ARS's patentable '071 patent claims and CGI's claim 106. CGI implies that each of these witnesses testified in the '114 Interference about these issues, but that is simply not true. Those witnesses said nothing about those issues. It would be in the best interests of the parties and judicial economy if ARS is given an opportunity to object to the relevance of the testimony which CGI designates, and the Court has an opportunity to rule on ARS's objections. It will then be clear that Drs. Nickoloff and Craig said nothing about these issues, and the Court will be able to decide these issues based on the written record.

## V.    Conclusion

For the foregoing reasons, the Court should reject CGI's request to present live testimony regarding the issues of whether the Board erred in deciding that CGI's claims 107-109 are unpatentable over the Japan reference and that there is no interference-in-fact between any of ARS's patentable '071 patent claims and claim 106 of CGI's '390 application. Instead, ARS respectfully submits that the Court should decide these issues on the basis of the parties' briefs and whatever evidence is ultimately deemed admissible by the Court.

Dated: October 15, 2007

Respectfully submitted,

By: /s/ Kevin M. Flowers
Fred A. Kelly, Jr. (BBO # 544046)
Jill E. Uhl (BBO # 656283)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Tel: 617-345-1000
Fax: 617-345-1300

Kevin M. Flowers (*pro hac vice*)
Matthew C. Nielsen (*pro hac vice*)
Elliot C. Mendelson (*pro hac vice*)
Cullen C. Pendleton (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606-6357
Tel: (312) 474-6300
Fax: (312) 474-0448

Counsel for APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V.

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing **ARS RESPONSE TO CGI'S RESPONSE TO THE COURT'S ORDER OF AUGUST 13, 2007** will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.

                                      /s/ Kevin M. Flowers
                                      Counsel for APPLIED RESEARCH
                                      SYSTEMS ARS HOLDING, N.V.