# EXHIBIT A

Case 1:04-cv-11810-MLW    Document 188-2    Filed 10/26/2007    Page 1 of 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CELL GENESYS, INC., | ) | |
| | ) | |
| Plaintiff/Counterdefendant | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-12448-MLW |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |
| | ) | |
| APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11810-MLW |
| | ) | |
| CELL GENESYS, INC., | ) | |
| | ) | |
| Defendant/Counterclaimant, and | ) | |
| | ) | |
| TRANSKARYOTIC THERAPIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO THE ARS OPPOSITION TO CGI'S MOTION FOR RECONSIDERATION OR CERTIFICATION OF THE COURT'S AUGUST 13, 2007 ORDER**

Cell Genesys, Inc. ("CGI") submits this reply memorandum in further support of its motion for reconsideration or, in the alternative, certification of the Court's Memorandum and Order of August 13, 2007. CGI moved for reconsideration or certification of this Court's August 13, 2007 Order (the "Order") on the grounds that: (1) the Court's Order reversed the law of the case without basis; (2) the due diligence standard imposed by the Court is at odds with prior

precedent; and (3) CGI had no opportunity to engage in due diligence with respect to the question of interference-in-fact, as it was raised *sua sponte* by the Board in its final decision.

ARS's arguments pertaining to three issues warrant a further response. On each of these issues, ARS entirely distorts case law, twists the cases' holdings, and argues, without basis, that these cases somehow support its arguments. In fact, these cases support CGI's position. First, ARS incorrectly argues that the decision in *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000) supports the conclusion that the Court's Order should not be reconsidered. ARS Opposition ("Opp."), pp. 2-3. Second, ARS argues (again incorrectly) that *Boston Scientific Scimed, Inc. v. Medtronic Vascular,* 497 F.3d 1293, 1294, 83 U.S.P.Q. 2d 1669, 1672 (Fed. Cir. 2007), which was not relied on by this Court in its Order, supports the Court's Order. Again, this opinion explicitly supports CGI's arguments. Third, ARS cites nine cases contending that they support this Court's "due diligence" standard for determining the admissibility of new evidence going to an issue raised below. Tellingly, <u>none</u> of these cases reference due diligence; they actually demonstrate that the principle precedent relied on by this Court in its Order, *Velsicol Chem Corp. v. Monsanto Co.*, 579 F.2d 1038 (7th Cir. 1978), supports the admission of CGI's evidence.[1]

---

[1] ARS's opposition brief contains many admissions which further support CGI's contentions. For example, ARS concedes that CGI could not have presented evidence below under <u>any</u> standard on the issue of interference-in-fact because the matter was raised for the first time by the Board *sua sponte* in its final decision. Instead ARS urges the Court to find another reason to discard compelling evidence available to ARS. Opp., p. 10. Similarly, ARS concedes that the Board can hear live testimony. Opp., pp. 4-5. A further reply to these arguments is therefore unnecessary.

2

I.  ***DAVIS V. LEHANE* DOES NOT PRECLUDE RECONSIDERATION OF THE COURT'S ORDER.**

ARS argues that *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000) supports the proposition that this Court should not, or may not, reconsider its Order. The argument simply has no basis. In fact, CGI cites *Davis* for the sole purpose of setting forth the standard for reconsideration, a standard that ARS concedes is correctly stated. Opp., p. 3. Indeed, the portion of the decision relied upon by ARS expressly holds that the "law of the case" doctrine <u>does not prevent</u> reconsideration. The decision finds that a party can seek reconsideration of an interlocutory order, and the fact that time has passed between the decision and the request does not, in and of itself, preclude reconsideration. *Davis's* citation to *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir 1994) makes this absolutely clear.

CGI argued in its moving papers that the Court should not so freely abandon the Order it issued on August 9, 2006 because in the ensuing year, the parties relied on that Order by obtaining and presenting testimony and briefing. The Court's recent Order essentially wipes out the first three years of this case, and starts it anew, without basis. This is what CGI argued was the law of the case. Most importantly, the Court's August 13, 2007 Order not only vitiates its earlier Orders and practices, it severs and sets aside ARS's stipulation to proceed on the written record submitted by CGI – on a case stated basis – simply because ARS now finds it inconvenient to be tested by that stipulation. CGI's position is not inconsistent with, or in any way contrary to, the Court's decision in *Davis*.

3

## II.  THE *BOSTON SCIENTIFIC* CASE IS CONTRARY TO THIS COURT'S ORDER.

ARS's contention that *Boston Scientific* supports the Court's Order is baseless in light of the substance of that Federal Circuit opinion. In fact, *Boston Scientific* is yet another case that stands for the principal that a plaintiff in a § 146 action <u>can</u> submit evidence that was not presented to the Board below, including new testimonial and documentary evidence. *Boston Scientific* explicitly provides:

> A party may present new evidence to the trial court when appealing a board decision in an interference proceeding. *Conservolite, Inc. v. Widmayer*, 21 F.3d 1098, 1102 (Fed. Cir. 1994).

*Boston Scientific*, 497 F.3d at 1298. The caveat is that such evidence is not permitted if the new evidence supports <u>legal theories</u> and <u>arguments</u> not presented to the Board.

CGI does not seek the presentation of new evidence relating to novel legal theories. Indeed, ARS conveniently confuses the meaning of new evidence pertaining to issues and arguments presented to the Board (such as, for example, the CGI argument to the Board that it antedated Japan) with evidence pertaining to issues and arguments that were neither presented to the Board nor discussed in the Board's decision (such as, for example, the constructive trust/equitable assignment theory first advanced at the trial court level in *Boston Scientific*). The former are permitted, but new legal theories and evidence pertaining to them are barred. The Federal Circuit's discussion of this dichotomy demonstrates the error in both ARS's argument, and in this Court's Order.

> Scimed also contends that the district court erred by precluding it from presenting evidence relating to theories of constructive trust and equitable assignment. A party may present new evidence to the trial court when appealing a board decision in an interference proceeding. Conservolite, Inc. v. Widmayer, 21 F.3d 1098, 1102 [30 USPQ2d 1626] (Fed. Cir. 1994). A party may not, however, advance new legal theories at the trial court level, even if the overarching legal issue was presented below. See id. ("[A]n action under [35 U.S.C.] §146 is essentially a proceeding to review the action of the Board.... [T]he parties to an interference must make a complete presentation of the issues at the Board level so that the interference is efficient and not wasteful of administrative and judicial resources."). <u>Failure to advance legal theories before the board constitutes a failure to "make a complete presentation of the issues," and permitting a party to raise those theories for the first time before the trial court would be both inefficient and "wasteful of administrative and judicial resources."</u> The parties stipulated that the only issue to be resolved by the district court was whether the board correctly ruled on Fogarty's motion attacking the priority benefit initially granted to Cragg, Scimed, 486 F.Supp.2d at 64, and Scimed did not raise either of these theories before the board, see Final Interference Decision, 2001 WL 1339890, at *3-10. The district court therefore did not err by precluding Scimed from presenting evidence to support these new legal theories. (emphasis supplied).

*Id.* Thus, where a party advanced before the Board the legal theory it relies on before the trial court, it is free to present new evidence in an action pursuant to 35 U.S.C. § 146. This Court specifically observed that CGI advanced the legal theory it relies on now (that it invented the subject matter at issue prior to the effective date of Japan) before the Board. *Boston Scientific* supports only one conclusion – CGI **should** be able to present new evidence before this Court on this previously-presented legal theory. It is not true, as ARS contends and this Court held, that all the *evidence* presented to the trial court must have been presented to the Board. Instead, all of the evidence presented to the trial court must pertain to *legal theories* first presented to the Board.

5

III.  **ARS GROSSLY MISCHARACTERIZES PRECEDENTIAL CASE LAW.**

CGI argued in its Motion that the "due diligence" standard applied by this Court in its Order has no basis in law or practice; instead, the standard for determining whether new evidence is admissible in a § 146 action is whether the party seeking the admission of evidence intentionally withheld the evidence in the Board proceeding, or if that party was grossly negligent in failing to present such evidence below.

ARS responds to CGI's argument by citing nine cases (Opp., p. 7, n. 22) for the proposition that the Court properly applied the "due diligence" standard in determining whether the new evidence was admissible. ARS's characterization of this litany of cases is clearly wrong, and demonstrates that not even ARS could find a precedent applying a due diligence standard.

Specifically, ARS argued:

> [A] failure to properly prepare the proponent's case before the Board justifies subsequent exclusion of new evidence that could have been presented to the Board if diligence had been exercised, including *Piher v. CTS Corp.*, 664 F.2d 122, 124–26 (7th Cir. 1981); *Brunswick Corp. v. Riegell Textile Corp.*, 627 F. Supp. 147, 150 (N.D. Ill. 1985); *Freeman v. Motorola, Inc.*, 209 U.S.P.Q. 829, *5–6 (N.D. Ill. 1980); *California Research Corp. v. Ladd*, 356 F.2d 813, 820 n. 18 (D.C. Cir. 1966); *Killian v. Watson*, 121 U.S.P.Q. 507 (D.D.C. 1958)); *De Seversky v. Brenner*, 424 F.2d 857, 859, n.5 (D.C. Cir. 1970); *Lemelson v. Mossinghoff*, 225 U.S.P.Q. 1063, *2–3 (D.D.C. 1985); *MacKay v. Quigg*, 641 F. Supp. 567, 570 (D.D.C. 1986); *Holloway v. Quigg*, 9 U.S.P.Q.2D 1751 (D.D.C. 1988). Opp. fn. 22.

Tellingly, <u>none</u> of these cases cited by ARS refers to a due diligence standard. Rather, in each and every case cited by ARS, the court makes the same observation: new evidence pertaining to an issue first raised before the Board may be admitted unless the proponent withheld or was

grossly negligent in failing to advance that evidence. The Court's decision in *Lemelson v. Mossinghoff* is representative:

> Defendant objected at trial to the admission of these exhibits on the ground that they either constitute irrelevant or new evidence which plaintiff neglected to present to the PTO or raise new issues and new facts. The Court disagrees. It is well established that an action in the district court under 35 U.S.C. §145 is a proceeding de novo and while it is limited to the invention claimed in the PTO, <u>the Court may consider any additional, competent evidence which a plaintiff neither intentionally nor negligently failed to submit to the PTO</u>. See, e.g., California Research Corporation v. Ladd, Commissioner of Patents, 356 F.2d 813, 144 USPQ 524 (D.C. Cir. 1966); Schindler v. Commission of Patents, 269 F.Supp. 630, 153 USPQ 838 (D.D.C. 1967); Gusmer v. Parker, Acting Commissioner of Patents, 206 USPQ 991, 996 (D.D.C. 1980); Knutson v. Gallsworthy, 74 USPQ 324 (D.C. Cir. 1947). Plaintiff's exhibits 2B-2E, 2H, and Lemelson's testimony regarding exhibits 2A, 3 and 3A, which are respectively new demonstrative evidence and new expert-witness testimony, <u>were neither intentionally nor negligently withheld</u> in the PTO §145 proceedings. Similarly, the new evidence of Mattel's sales data was <u>not intentionally nor negligently withheld</u> by plaintiff during the PTO proceedings as it was not in his custody, control, or knowledge at that time. See e.g., Velsicol Chemical Corp. v. Monsanto Co., 579 F.2d 1038, 198 USPQ 584 (7th Cir. 1978). Finally, the Court finds that plaintiff's exhibits 8A-8D, 12A-12B, and 14 neither raise new issues nor new facts and exhibits 2 and 13 are relevant to the issue of commercial success. (emphasis supplied).

*Lemelson*, 225 U.S.P.Q. at 1064. *Lemelson* is particularly striking in that it explains the decision in *Velsicol* in exactly the terms CGI urged this Court to consider – that evidence not in the custody, control or knowledge of the proponent (*e.g.*, the testimony of Levin, Savage and Thompson, and the documents they had and testified with respect to) should be admitted.

CGI urges this Court to take notice of the precedent filed upon by ARS, and specifically that each of these cases requires a showing of intentional withholding or negligence rather than due diligence in determining whether new evidence is admissible. The case law advanced by CGI should also inform this Court of the error in its Order. CGI respectfully submits that ARS's mischaracterization of the nine cases at footnote 22 of its opposition is simply beyond the pale

7

since these cases nowhere support the notion that <u>due diligence</u> is the standard by which to determine whether new evidence pertaining to an issue raised before the Board can be submitted in a § 146 action. Indeed, <u>not one of these cases cited by ARS even presents the term "due diligence" or any variation thereof.</u> Again, the distortion of the case law engaged in by ARS demonstrates one thing beyond doubt - there is <u>no</u> due diligence standard in the case law by which to admit or exclude testimony in a § 146 action. Rather, where new evidence pertains to issues raised before the Board, it is admissible where the proponent has not engaged in bad faith or withheld evidence, and did not have that evidence under his control.

## CONCLUSION

For the reasons stated above, CGI respectfully requests that this Court grant its motion for reconsideration, or in the alternative certificate to the United States Court of Appeals for the Federal Circuit, of its Order.

Dated: <u>October 26, 2007</u>

By: /s/ Steven B. Kelber
Steven B. Kelber
Jagtiani+Guttag
10363-A Democracy Lane
Fairfax, Virginia 22030
Tel: 703-563-2011
Fax: 703-591-5907

T. Christopher Donnelly (BBO # 129930)
Jill Brenner Meixel (BBO# 652501)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33d Floor
Boston, MA 02108
Tel: 617-720-2880
Fax: 617-720-3554

COUNSEL FOR DEFENDANT
CELL GENESYS, INC.

## Certificate of Service

I hereby certify that the foregoing document was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 26, 2007.

/s/   Jill Brenner Meixel
Jill Brenner Meixel