IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CELL GENESYS, INC., ) | |
| ) | |
| Plaintiff/Counterdefendant ) | |
| ) | |
| v. ) | Civil Action No. 05-12448-MLW |
| ) | |
| APPLIED RESEARCH SYSTEMS ARS ) | |
| HOLDING, N.V., ) | |
| ) | |
| Defendant/Counterclaimant. ) | |
| ) | |
| APPLIED RESEARCH SYSTEMS ARS ) | |
| HOLDING, N.V., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-11810-MLW |
| ) | |
| CELL GENESYS, INC., ) | |
| ) | |
| Defendant/Counterclaimant, and ) | |
| ) | |
| TRANSKARYOTIC THERAPIES, INC., ) | |
| ) | |
| Defendant. ) | |

**OPPOSITION OF CELL GENESYS, INC.
TO THE ARS MOTION TO STRIKE, OR IN THE
ALTERNATIVE, FOR LEAVE TO FILE A RESPONSE**

Contrary to ARS's contentions, CGI's recently-filed memoranda submitted in response to this Court's August 13, 2007 Order (the "Order"), meet the criteria provided by this Court, and therefore, should not be stricken. Moreover, ARS should not be given another opportunity to submit its papers since it – just like CGI – had every opportunity to submit evidence permitted by the Court's Order in its October 1, 2007 submissions. The present motion is simply another vehicle in ARS's quest to re-open briefing on the issues now twice briefed in October 2006 and

2007, respectively. In fact, ARS has already sought relief identical to that requested here. (*See* Docket No. 173).

ARS contends that it was caught by surprise when CGI filed two memoranda (antedation and interference-in-fact) that included evidence that was not included in CGI's original memoranda filed in October 2006. In its recent memoranda, CGI included additional evidence from the Board proceeding below, along with the expert testimony and report of Dr. Tlsty. Contrary to ARS's position, these additions constituted admissible evidence under the scope of this Court's Order. Now, ARS seeks to strike CGI's submissions because ARS chose to focus on evidence that it previously cited in its earlier-filed memoranda. Just because ARS failed to include additional admissible evidence, as the Court invited, it cannot now claim prejudice. Finally, as a practical matter, it would defy logic for the Court's Order to be interpreted in the manner that ARS suggests. When drafting its original memoranda, CGI excluded certain evidence from the Board proceeding below because it was duplicative of new evidence obtained in this proceeding and presented in its initial memoranda. Once this new evidence was determined to be inadmissible by this Court, CGI was certainly entitled to replace it with evidence that was otherwise admissible (i.e., it was raised in the Board proceeding below).

## I. ARS FAILS TO PROVIDE ANY CASE SUPPORT.

ARS argues in its "Summary" (ARS Memo., p. 1) that this Court's Order limited CGI's submission on the issues of interference-in-fact and "Japan" "to the arguments and evidence it [CGI] advanced last Fall." Notably, ARS fails to cite to any authority demonstrating that this interpretation has any basis. In fact, ARS does not quote or cite the Court's Order to support its contentions. Moreover, ARS does not provide evidence of any agreement between itself and

CGI to refrain from referencing additional admissible evidence from the Board proceeding below.

ARS, unlike CGI, chose to revise its memoranda by eliminating, and not replacing, material. As such, ARS now insists that because it opted not to include additional evidence presented to the Board to support its arguments, even in light of the persuasive evidence obtained pursuant to this Court's Orders but now deemed inadmissible by this Court, it should be given another chance to beef up its submissions. ARS does not indicate that the Court's Order was unclear or ambiguous in any way. Indeed, if ARS's argument was correct, then there would have been no need to re-submit the parties' respective memoranda. Instead, the Court could have reviewed the memoranda filed in October 2006, ignoring arguments which relied on evidence the Court subsequently concluded was inadmissible.

Tellingly, the only document that ARS references in its attempt to strike portions of CGI's submissions, or in the alternative to submit revised memoranda of its own, is CGI's Opposition to ARS's Motion for Revised Briefing Schedule. (Docket No. 186, p. 2). Given that ARS's motion seeking a revised briefing schedule (Docket No. 173) has not been ruled upon and, in any event is now moot, there is not even a potential argument for litigation estoppel. *United States of America v. Alcan Aluminum Corp.* 990 F.2d 711, 719 (2nd Cir. 1993). In the absence of some source of authority, whether from the Court's Order, a prior Court Order, or at the very least a rational explanation of why the Court's Order should be read more restrictively than the plain language advanced, ARS's Motion should be denied.

## II.  ARS CONCEDES THAT CGI COMPLIED WITH THE COURT'S ORDER.

Without a doubt, the actual language of the Court's Memorandum and Order of August 13, 2007 is controlling. That language, which ARS wholly fails to address, is brief and clear. The Order states:

> 4. The parties shall, by September 31, 2007:
> a. Revise their submissions in response to the August 9, 2006 Order to address, based solely on the admissible eveidence, the meritis of the issues of: (i) whether the Board correetly found that CGI's Claims 107 – 109 are unpatentable over the "Japan" reference; and (ii) whether the Board correctly held that there is no interference-in-fact between CGI's '390 application and the 21 claims of ARS' 071 patent.

Order, p. 50.

The majority of CGI's October 2007 memoranda, which ARS now seeks to strike, is *ipsis verbis* identical to the memoranda submitted in 2006. Indeed, in each submission, ARS can find only three or four pieces of evidence that were not raised in CGI's prior submission in 2006. ARS details each differentiation and, in doing so, actually demonstrates that each of these "new" pieces of evidence are not new at all; in fact, this evidence was presented to the Board during the pendency of the '114 Interference. (These are of record in this case, by joint motion of the parties). The Declarations of Kaufman, Craig, Nickoloff, their cross-examination testimony, and related exhibits submitted during the pendency of the Interference were expressly found by the Court to be the "admissible evidence" on which the Court directed CGI and ARS to rely. ARS's entire argument focuses on the presentation of new fact arguments in CGI's memoranda.

However, ARS nowhere suggests that CGI has altered its legal theory. Rather, ARS argues only that CGI now offers, for instance, that Rowland was a credible witness. (ARS's Memo., p. 2). In CGI's earlier 2006 memoranda addressing the Japan reference, CGI did not need to rely on the credibility of Rowland, because the independent testimony of Savage,

4

Thompson and Levin corroborated Rowland's testimony. The Court's 2007 Order directs CGI and ARS to address the same subject without the testimony of Savage, Thompson and Levin. As a result, credibility becomes an issue since the testimony stands alone. Nothing in the Court's Order indicates the parties may not revise their memoranda to address the limited evidence admissible in the wake of the Court's Order. Indeed, the Court's Order specifically invites the parties to include evidence submitted before the Board, and CGI has done only what the Court directed.

### III.   CONCLUSION

Fundamentally, the Court's Order changed the playing field. It found inadmissible the vast majority of the testimony submitted by the parties on the issues of interference-in-fact and the antedation by CGI of the "Japan" reference. The Court's Order limited the available evidence to that which was submitted to the Board of Patent Appeals and Interferences in the course of Interference 105,114. The Court directed that the parties "revise" their respective submissions to focus only on that earlier presented evidence, and not the testimony taken in this case. This is precisely what CGI did – it resubmitted its earlier papers, confined only to testimony and evidence presented to the Board. CGI did not introduce new legal theories or present new legal issues. Rather, it changed its fact-specific arguments to conform to the testimony the parties agree the Court confined it to.

Having expressly followed the guidelines in the Court's Order, CGI's memoranda should not be stricken. Moreover, ARS should not be permitted to further respond to CGI's memoranda. For all of the aforementioned reasons, ARS's motion should be denied.

Respectfully submitted,

Dated: <u>October 29, 2007</u>

By: <u>/s/ Steven B. Kelber</u>
Steven B. Kelber
Jagtiani+Guttag
10363-A Democracy Lane
Fairfax, Virginia 22030
Tel: 703-563-2011
Fax: 703-591-5907

T. Christopher Donnelly (BBO # 129930)
Jill Brenner Meixel (BBO# 652501)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33d Floor
Boston, MA 02108
Tel: 617-720-2880
Fax: 617-720-3554

COUNSEL FOR DEFENDANT
CELL GENESYS, INC.

**Certificate of Service**

I hereby certify that the foregoing document was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 29, 2007.

<u>/s/ Jill Brenner Meixel</u>
Jill Brenner Meixel