```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS


CELL GENESYS, INC.,               )
    Plaintiff                     )
                                  )
    v.                            )   C.A. No. 05-12448-MLW
                                  )
APPLIED RESEARCH SYSTEMS ARS      )
HOLDING, N.V.,                    )
    Defendant                     )

APPLIED RESEARCH SYSTEMS ARS      )
HOLDING, N.V.,                    )
    Plaintiff                     )
                                  )
    v.                            )   C.A. No. 04-11810-MLW
                                  )
CELL GENESYS, INC.,               )
                                  )
    and                           )
                                  )
TRANSKARYOTIC THERAPIES, INC.     )
    Defendants                    )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                        November 13, 2007

On November 1, 2007, this court orally granted the motion of Cell Genesys, Inc. ("CGI") to certify, pursuant to 28 U.S.C. §1292(b), an interlocutory appeal to the Federal Circuit on an issue that the Federal Circuit has never decided. The purpose of this memorandum is to state the question certified and to explain the reasons that this court has concluded that the Federal Circuit should be provided the opportunity to consider whether it wishes to decide the issue before the trial of these consolidated cases. Recognizing that the Federal Circuit may not exercise its discretion to permit the appeal to be taken, this court has not

stayed the proceedings before it. See 28 U.S.C. §1292(b). Rather, this court deems it most appropriate to permit the Federal Circuit to decide if a stay is appropriate. Id.

The question certified emerges from this court's August 13, 2007 decision granting a motion in limine in these consolidated appeals, pursuant to 35 U.S.C. §146, of a decision concerning alleged patent interference. See Cell Genesys, Inc. v. Applied Research Systems ARS Holding N.V., 499 F. Supp. 2d 59 (D. Mass. 2007). As summarized at the outset of that decision:

> These consolidated cases are appeals from a decision of the Board of Patent Appeals and Interferences (the "Board"), which is part of the Patent and Trademark Office (the "PTO"), pursuant to 35 U.S.C. §146. [CGI] asserts that the Board erred in finding that some of the claims in its U.S. Patent Application No. 08/102,390 (the "390 application") were invalid and, therefore, Applied Research Systems ARS Holding N.V.'s ("ARS") U.S. Patent No. 5,272,071 (the "071 patent") did not interfere with those claims. ARS asserts that the Board erred in finding any of CGI's claims in the 390 application to be valid.
>
> After the completion of discovery, the parties made written submissions to the court in support of their respective positions. ARS also filed [a] motion[] in limine seeking to exclude: deposition testimony from witnesses who did not provide evidence to the Board by affidavit or deposition; [and related] documents that were not submitted to the Board . . . . A hearing on the motion[] in limine was held on January 14, 2007.
>
> For the reasons described in [the August 13, 2007] Memorandum, ARS' motion[] in limine [is] meritorious. A §146 proceeding in a United States District Court is primarily intended to provide an opportunity for further, live testimony by witnesses who presented affidavits or depositions to the Board, which may not receive live testimony, so that the credibility of those witnesses can be better judged. As a §146 case is an equitable proceeding, the court has the discretion to allow

> testimony by witnesses who did not present evidence to the Board if it is in the interests of justice to do so. However, <u>the relevant statutes generally require that all evidence available through the exercise of due diligence be presented to the expert Board, which has primary responsibility for determining interference issues</u>.
>
> In this case, the new witnesses proffered to the court, and the related documents, would have been available to CGI for presentation to the Board if CGI had exercised due diligence in seeking them. However, CGI did not. Rather, it relied exclusively on an affidavit [of] an attorney, which the Board, for well-articulated reasons, found not to be credible. In these circumstances, it would be contrary to the interests of justice to allow CGI to present the disputed new evidence to this court.

<u>Id.</u> at 61 (emphasis added). The reasons for this conclusion, and the authority for it, are described in detail in the August 13, 2007 decision. <u>Id.</u> at 69-79.

The question certified for interlocutory appeal concerns the standard to be used in deciding whether live testimony and related evidence from witnesses who did not provide evidence to the Board should be admitted in a §146 proceeding in a district court. More specifically, this court is certifying the following question:

> When a party in a §146 proceeding seeks to introduce live testimony and related documents, on an issue presented to the Board, from a witness who did not present evidence to the Board, may the court exclude that testimony and related evidence if the proponent of it failed to present it to the Board because of a lack of due diligence or is some higher showing, such as bad faith or gross negligence, required to justify exclusion?

This court has concluded that this question meets the requirements for certification of an interlocutory appeal pursuant

to 28 U.S.C. §1292(b).[1]  The issue presented constitutes "a controlling question of law" and "an immediate appeal may materially advance the termination of th[is] litigation." As this court noted in its August 13, 2007, decision:

> The Federal Circuit has not decided whether in a §146 proceeding the district court may restrict the admission of testimony on an issue raised before the Board. See General Instrument Corporation, Inc. v. Scientific-Atlanta, Inc., 995 F. 2d 209, 214 (Fed. Cir. 1993) ("we again have no occasion to decide whether 'a district court may properly restrict the admission of testimony on an issue raised before the [B]oard.'") (quoting Case[v. CPC Int'l], 730 F.2d [745,] 752 [(Fed. Cir. 1984)]).

Id. at 69.

At the November 1, 2007 hearing, CGI represented that it cannot prevail before this court without the evidence that the court has excluded or other evidence that it has proffered since

---

[1] 28 U.S.C. §1292(b) states:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

the August 13, 2007, decision, as to which ARS also objects.[2]  The issue certified for interlocutory appeal therefore "involves a question of controlling law" because its resolution by the Federal Circuit "could materially affect the outcome of the litigation in the district court."  <u>Arizona v. Ideal Basic Indus. (In re Cement Antitrust Litig.)</u>, 673 F.2d 1020, 1026 (9th Cir. 1982); <u>see also</u> <u>Phillip Morris, Inc. v. Harshbarger</u>, 957 F. Supp. 327, 330 (D. Mass. 1997).[3]  Moreover, a decision on the certified question before trial by the Federal Circuit would foreseeably save time and expense.  Accordingly, the question satisfies what Professors Wright, Miller, and Cooper characterize as "the better view that a question is controlling, even though its disposition might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants."  16 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, <u>Federal Practice & Procedure</u> §3930, at 426 & n. 25 (2d ed. 1996).

There is also a substantial ground for difference of opinion on the question certified.  As the court recognized in its August

---

[2] CGI has characterized the additional evidence it has proffered since the August 13, 2007 hearing as being from the interference proceeding before the Board.  This court has not ruled on its admissibility.

[3] This court has not decided whether the evidence at issue would be excluded if a higher standard than lack of due diligence, such as bad faith or gross negligence, were applicable.

13, 2007 decision:

> The Federal Circuit has summarized the various factors courts have considered in deciding whether it was appropriate to allow a litigant to present testimony on an issue not presented to the Board:
>
>> [C]ourts have considered whether there was suppression, bad faith, or gross negligence on the part of the plaintiff in failing to raise an issue before the Board; whether the evidence was then reasonably available; and whether the issue has been or may be more conveniently and expeditiously raised in another judicial proceeding. See Standard Oil Co. v. Montedison, S.p.A., 540 F.2d 611, 617, (3d Cir. 1976). Other courts have applied a test of due diligence in identifying and procuring evidence, whether or not the failure to identify or procure the evidence was attended by bad faith motives or for tactical reasons. See Velsicol Chem. Corp. v. Monsanto Co., 579 F.2d 1038, 1046 (7th Cir.1978). Examples of appropriate circumstances have been said to include an intervening change in the law, the presence of a new issue, or the admission of other new evidence deserving of a response or further elaboration. Id. at 1046 n. 10, 579 F.2d 1038.
>
> Conservolite, [Inc. v. Widamayer, 21 F.3d 1098,] 1102 [(Fed. Cir. 1994)]. A similar range of tests has been used in deciding whether new evidence should be admitted on issues that were presented to the Board. See Velsicol, 579 F.2d at 1046; Kirschke [v. Lamar, 426 F.2d 870,] 874 [(8th Cir. 1970)]; Barrett [Co. v. Koppers Co., 22 F.2d 395,] 397 [(3d Cir. 1927)]; California Research Corp. v. Ladd, 356 F.2d 813, 820 n. 18 (D.C. Cir.1966).

CGI, 499 F. Supp. 2d at 74. While this court continues to find that the due diligence standard described in Velsicol is the appropriate test, it also continues to recognize that a range of tests has been used by various courts.

Therefore, this court has concluded that the issue presented

is eligible for certification pursuant to 28 U.S.C. §1292(b) and that the Federal Circuit should be afforded the opportunity to determine whether it wishes to decide the issue now. As it appears that the Federal Circuit has never decided an interlocutory appeal of a decision on a motion in limine, this court recognizes that the Federal Circuit may not exercise its discretion to permit the appeal of the certified issue to be taken. See 28 U.S.C. §1292(b). Thus, as indicated earlier, this court has not stayed the proceedings before it. Cf. id. However, it may be appropriate for the Federal Circuit to order a stay of the proceedings before this court if it allows CGI's appeal to proceed.

In view of the foregoing, it is hereby ORDERED that:

1. The question stated in this memorandum is certified for interlocutory appeal pursuant to 28 U.S.C. §1292(b).

2. As required by 28 U.S.C. §1292(b), CGI shall, within ten days of the entry of this Order, apply to the Federal Circuit for authorization to proceed with the interlocutory appeal of the certified question.

                                        /s/ Mark L. Wolf
                                      UNITED STATES DISTRICT JUDGE