# **EXHIBIT 3**

Paper No. _____

Filed on behalf of:

By:

Junior Party CELL GENESYS, INC.
Filed on behalf of Cell Genesys, Inc.
Steven B. Kelber, Esquire
Piper Rudnick LLP
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2430
Tel: (202) 861-3900 (Receptionist)
       (202) 223-2085 (Facsimile)
E-mail: steven.kelber@piperrudnick.com

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES
(Administrative Patent Judge Michael P. Tierney)

---

APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V.

Junior Party
(Patent 5,272,071)

vs.

CELL GENESYS, INC.

Junior Party
(Application 08/102,390)

---

Patent Interference No.105,114

---

**DECLARATION NANCY L. CRAIG, PH.D.**

INTERFERENCE 105,114
ARS V. CELL GENESYS
EXHIBIT 2026

I, Nancy L. Craig, Ph.D., do hereby declare as follows:

1. I received my A.B. in Biology and Chemistry, *summa cum laude*, from Bryn Mawr College in 1973, and my Ph.D. in Biochemistry from Cornell University in 1980. Subsequently I pursued four years of postdoctoral training and joined the faculty at the University of California, San Francisco in the Departments of Microbiology and Immunology, and Biochemistry and Biophysics. I am currently: a Professor in the Department of Molecular Biology & Genetics at Johns Hopkins University School of Medicine; and an Investigator for the Howard Hughes Medical Institute. Since 1980, I have conducted and supervised research in the mechanisms and regulation of DNA rearrangements, including homologous recombination and insertion of DNA into cellular genomes in the "neighborhood" of a gene of interest by exploiting recombination events. My own work and familiarity of related literature includes DNA recombination in microorganisms, fungi (e.g., yeast), insect, plant, mammalian and non-mammalian cells. I have been invited to speak at National symposia and conferences for over 25 years on the topics of site-specific DNA recombination. My publications and presentations relating to these subjects are listed in the copy of my curriculum vitae, which is submitted as Exhibit 2027.

2. I understand that an administrative proceeding in the United States Patent and Trademark Office, called an interference, is being conducted between two parties, Applied Research Systems Ars Holding N.V. ("ARS") and Cell Genesys Inc. I offer this declaration in support of Cell Genesys.

-1-

3. I have reviewed Cell Genesys/Skoultchi Patent Application Number 07/432,069 (hereinafter "the '069 application", Exhibit 2028). I understand the '069 application discloses methods for the expression of mammalian genes by using the process of homologous recombination to integrate, adjacent to host target gene (encoding the protein of interest), regulatory sequences and/or an amplifiable gene in order to increase the expression of the target gene, and as a direct and intended consequence, the production of the protein encoded by the target gene.

4. As reflected in my curriculum vitae (Exhibit 2027), I have substantial personal experience in the fields of DNA recombination and gene expression. My observations set forth below are within and supported by my personal knowledge and over 25 years experience and may additionally be supported by reference to specific publications. I have extensive familiarity of DNA recombination-related literature, and have served as an Ad hoc reviewer for numerous journals since 1984, including Cell, Science, Nucleic Acids Research, the EMBO Journal, and the Journal of Molecular Biology . In formulating my opinions, I have considered, in particular, the literature broadly related to homologous recombination and gene expression, including the following documents:

Exhibit 2011 - Thomas and Capecchi, *Cell*, 51:503-512, 1987

Exhibit 2018 - Gregg & Smithies, *Cold Spring Harbor Symp. Quant. Biol.* 51:(2)1093-1099 ,1986

Exhibit 2024 - Shortle et al., *Science* 217:371-373 (1982)

Exhibit 2025 - Doetschman, *Nature*, 330:576-578, (1987)

5. I have been asked by counsel for Cell Genesys to give my opinion of: (i) the level to

which research in the field of homologous recombination had advanced before December 1989; (ii) what is taught in the disclosure of the '069 application as read by one of ordinary skill in the art; (iii) whether one skilled in the art could practice the method steps recited in Claim 3 (reproduced herein below, ¶8) of the U.S. Patent 5,272,071 (hereinafter "the '071 patent") based on the teachings of the '069 application and what was understood in the field by 1989.

6. I was well aware that the understanding of homologous recombination in eukaryotic cell lines, eukaryotic microorganisms, and prokaryotic microorganisms was rapidly maturing as early as 1982 (Exhibit 2024, Shortle et al., abstract and page 373, col. 1, last paragraph). Moreover, the use of homologous recombination to specifically target genes in yeast and mammalian cell lines was well known by 1989 (*see*, e.g., Exhibit 2018, Gregg and Smithies, pages 1097-1098) and detailed experiment procedures of repairing a defective gene or introducing mutations into genes by homologous recombination with human and mouse sequences had been disclosed (Exhibit 2025, Doetschman et al., abstract and page 578, col. 1, line 16 to col. 2, line 4, and Exhibit 2011, Thomas and Capecchi, page 503, summary). These teachings were recognized as widely applicable to targeting exogenous DNA into a particular location in a cell's genome, including the cells of yeast, microorganisms, and mammals.

7. In my opinion, "one of ordinary skill in the art" would be someone with a doctorate degree or an equivalent advanced degree in molecular biology, genetics or related disciplines. A person with such credentials would be experienced with methods for manipulating DNA in prokaryotic and eukaryotic cells and adept with culturing mammalian and other eukaryotic cell lines.

-3-

8. I understand that Claim 3 of the '071 patent reads as follows:

A method of modifying the expression characteristics of a predetermined gene within the genome of a cell line, comprising inserting a DNA construct into said genome by homologous recombination, said DNA construct comprising an expressible, amplifiable gene capable of amplifying said gene when inserted in sufficiently close proximity thereto, and a DNA targeting segment homologous to a region of said genome within or proximal to said gene, wherein said construct is inserted such that said amplifiable gene is in sufficiently close proximity to said gene of interest to cause amplification thereof when said amplifiable gene is amplified.

9. In order to practice the methods described in Claim 3, one of ordinary skill in the art needs to perform the following steps:

Step 1: identify a target gene;

Step 2: identify a cell line;

Step 3: identify an expressible, amplifiable gene, capable of amplifying the target gene when inserted in sufficiently close proximity thereto;

Step 4: identify a DNA targeting segment homologous to a region of the genome within or proximal to the target gene;

Step 5: prepare a DNA construct comprising the amplifiable gene of step 3 and the DNA targeting segment of step 4;

Step 6: insert the DNA construct of step 5 to the genome of the cell line by homologous recombination so that the inserted expressible, amplifiable gene is in sufficiently close proximity of the target gene to cause amplification of the target gene.

10. The '069 application discloses that "the method employs homologous recombination

-4-

in a host cell for integrating an amplifiable gene in the vicinity of a target gene, which target gene encodes the protein of interest." (Exhibit 2028, the '069 application, page 3, lines 34-37).

11. With respect to Step 1, the '069 application discloses that " the target genes may be any gene of interest" and that "...a large number of proteins of interest identified and isolated..." A number of proteins of interest are identified, including erythropoietin (Exhibit 2028, the '069 application, page 5, lines 11-26).

12. With respect to Step 2 of the method (*see* ¶9 above), the '069 application discloses that the host cells may be any primary mammalian cells, "particularly mammalian cells which do not grow readily in culture, more particularly primate cells, especially human cells, where the human cells may be normal cells or neoplastic cells..." (Exhibit 2028, the '069 application, page 4, lines 18-22),  or established mammalian cell lines, including CHO cells (hamster), monkey kidney cells, and mouse and human fibroblasts (Id., page 10, line 35 to page 11, line 1; page 12, line 1).

13. With respect to Step 3, the '069 application discloses that the amplifiable genes include dihydrofolate reductase (DHFR), and more generally, that "[t]he amplifiable gene will have transcription signals which are functional in the secondary or expression host, particularly where amplification is employed in the primary host or the amplifiable gene is used as a marker." (Exhibit 2028, the '069 application page 5, lines 2-10).

14. With respect to Step 4, the '069 application discloses that the amplifiable gene will be flanked on one or both sides with DNA homologous with the DNA of the target region, and that the homologous DNA is preferably within 2 kb of the target gene. (Exhibit 2028, the '069 application,  page 5, lines 27-30, lines 34-36 and page 6, lines 11-15).  One skilled in the art

would understand that the sequences homologous to the target region that flank the amplifiable gene are the equivalent of the "DNA targeting segment" recited in Claim 3 of the '071 patent. In addition, the '069 application discloses that the individual flanking sequences will be at least 150 bp and usually not more than 5 kb. (Exhibit 2028, the '069 application, page 7, lines 27-29). Furthermore, the '069 application provides an example of using the DNA targeting segment required by Claim 3 of the '071 patent (Exhibit 2028, page 12, lines 24 to page 13, line 3.

15. With respect to Step 5 (*see*, ¶9 supra), the '069 application discloses that the DNA construct may be prepared in accordance with conventional molecular cloning techniques, and that usually the construct will be carried on a cloning vector. For example, the '069 application teaches that a vector such as the pUC series plasmid that includes a replication system functional in E. coli and a biocide resistance marker for selection (Exhibit 2028, the '069 application, page 7, line 36 to page 8, line 15).

16. With respect to Step 6 (*see*, ¶9 supra), the '069 application teaches that "various techniques may be employed for integrating the construct into the genome of the primary cell..." and provides citations to methods commonly used by December 1989 and still used today (Exhibit 2028, '069 application, page 8, line 16 to page 9, line 10).

17. Specifically, the '069 application teaches that the DNA construct may be introduced into cells using calcium phosphate/DNA co-precipitation, electroporation, or other methods, all of which were well known by 1989 (Exhibit 2028, the '069 application, page 9, lines 21-31).

18. The '069 application also discloses specific examples of selectable markers, such as the neo gene and the herpes tk gene, and discloses the selection conditions for the neo gene and the tk gene, as well as selection conditions when DHFR is the amplifiable gene (Exhibit 2028,

-6-

'069 application,  page 9, lines 11-20).

19. My understanding is that claim 3 of the '071 patent does not require amplification or expression of the target gene.  I further note, however, that the '069 application does teach one of skill in the art to expect and achieve gene amplification and enhanced target gene expression. While the '069 application discloses a homologous recombination method that includes using a secondary cell line, one of skill in the art would recognize and fully expect increased target gene expression in the primary cell line as a result of  homologous recombination and gene amplification in that primary cell line irrespective of whether a secondary cell line is also utilized.

20. It is my opinion that the '069 application also provides an example implementing the method of claim 3 (see, Exhibit 2028,  pages 12-15 ).

21. The example in the '069 application specifically teaches:

Step 1: The target gene is human tissue plasminogen activator (t-PA), ( page 12, line 37 and page 13, line 1 of the '069 application).

Step 2: The target cells are normal human diploid skin fibroblasts. (page 12, line 1 of the '069 application).

Step 3:  The amplifiable gene is DHFR. (Exhibit 2028, (the '069 application), page 12, line 28).

Step 4: The DNA targeting segment (i.e., flanking sequence) is a DNA fragment that contains a 1.45 kb of DNA flanking the transcriptional start of t-PA gene in addition to the first exon and part of the first intron. (Exhibit 2028,  page 12, line 34 to page 13, line 3).

Step 5: The DNA construct is prepared from pUC19 using standard molecular biology

-7-

techniques (page 12, line 14 to page 13, line 15 of the '069 application), which were well known by 1989.

Step 6: The DNA construct containing a DHFR gene and 1.45 kb flanking sequence of t-PA gene (i.e., targeting sequence) is introduced into the target cells via electroporation (page 13, lines 19-20 of the '069 application).

22.   Additionally, the example teaches increasing the frequency of homologous recombination by linearizing the DNA construct (i.e., involved t-PA segment contains a single *NcoI* site "which allows the plasmid to be linearized prior to transformation of the transformation of human diploid fibroblasts in order to increase the frequency of homologous recombination") (Exhibit 2028, the '069 application, page 13, lines 10-14).

23.   The '069 application also exemplifies the selection of transformed cells using the biocide hygromycin (*see* page 13, line 22 of the '069 application), selection of clones with high levels of t-PA expression, consequent to gene amplification using medium supplemented with prgressively increasing concentrations of methotrexate. (Exhibit 2028, page 14, lines 15-17).

24.  In summary, it is my opinion that one of skill in the art would readily recognize that the '069 application teaches the individual elements recited in Claim 3 of the '071 patent, in addition to the same combination of steps as set forth in paragraph 9 above.  It is also my opinion that based on the teachings in the '069 application, those of skill in the art in 1989 could conduct the method of claim 3 of the 071 patent by amplifying the endogenous t-PA gene in normal human diploid skin fibroblasts by the targeted insertion of the amplifiable gene DHFR using

To-PIPER RUDNICK IPO          Page 02          From-          Aug-07-03  02:19pm          Received

homologous recombination and expect the method to succeed. The '069 application also teaches how to employ the method of Claim 3 of the '071 patent more generally.

25. I declare that all statements made herein of my own knowledge are true and all statements made on information and belief are believed true. Further, I am aware that willful false statements and the like are punishable by fine, imprisonment or both, 18 U. S. C. § 1001, and may jeopardize the position of Cell Genesys in the above-captioned interference, and any patents that have issued or are to issue on the applications of Cell Genesys involved therein.

August 7, 2003

Date

Nancy L. Craig, Ph.D.

-9-