# Exhibit D

Paper No. _____

Filed on behalf of:     Junior Party CELL GENESYS, INC.
Filed on behalf of Cell Genesys, Inc.

By:     Steven B. Kelber, Esquire
Piper Rudnick LLP
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2430
Tel: (202) 861-3900 (Receptionist)
    (202) 223-2085 (Facsimile)
E-mail: steven.kelber@piperrudnick.com

## UNITED STATES PATENT AND TRADEMARK OFFICE

### BEFORE THE BOARD OF PATENT APPEALS AND INTERFERENCES
(Administrative Patent Judge Michael P. Tierney)

### APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V.

Junior Party
(Patent 5,272,071)

vs.

### CELL GENESYS, INC.

Junior Party
(Application 08/102,390)

Patent Interference No. 105,114

**CELL GENESYS OPPOSITION 12**

I. **STATEMENT PRECISE RELIEF REQUESTED**

Cell Genesys, Inc. (hereinafter "CGI") herewith opposes ARS Preliminary Motion 12 to add a Count to the interference which recites, in the alternative, Claim 19 of the '071 patent or Claim 111 of the '390 application. CGI opposes this Motion on the grounds that there is no evidence offered as to why this proposed Count is not rendered obvious by the current Count of the interference, or how a date of invention for that Count could possibly be earlier than the corresponding date of invention for the current Count. Indeed, successful reduction to practice of the current Count necessarily results in the subject matter of proposed Count A-4. There is no reason to adopt a count that merely reproduces, for motions sake, the priority contest that would be involved with the current Count.

II. **EVIDENCE RELIED UPON**

Exhibit 2008   Nasmyth, *Cell* 42:213-223, (1985)

Exhibit 2009   Nasmyth, *EMBO J.* 6: 243-248, (1987)

Exhibit 2029   Declaration of Jac A. Nickoloff, Ph.D.

Exhibit 2058   Deposition Transcript of Nancy Craig, dated September 29, 2003

Exhibit 3002   First 37 C.F.R. §1.639(b) Declaration of Randal Kaufman

III. **STATEMENT OF MATERIAL FACTS**

1 - 3. Admitted.

4. Denied, the underlying provided with respect to Claim 1 does not appear in the '071 patent, and does not appear to have any relationship or correspondence to the issued presented in ARS Preliminary Motion 4. ARS Preliminary Motion 4 seeks to present a count to the natural product of Claims 2 or 3, not Claim 1.

-1-

5. Admitted, but see 4.

6. Admitted, but see 4.

7. Admitted. Generally admitted, but denied that it is the homologous recombination event that must result in operative linkage. The claim requiring only that upon completion of insertion, there be the operative link between the regulatory segment and the gene of interest.

8. Denied.

9. Generally admitted, but denied that an amplifiable gene is not a regulatory sequence.

10. Admitted that a third-party could infringe both Claims 2 and 3, otherwise denied.

11. It is not clear what it is intended by "the object of the method" but admitted the quoted language appears in the claim.

12. Admitted that Claim 108 is properly characterized, but denied that it is based on a "combination of the alternative definitions" of ARS Claims 2 and 3.

13. Denied, see 4.

14. Generally denied.

15. Amplification of an amplifiable gene in proximity to an otherwise non-expressed gene can and frequently does result in expression of the otherwise non-expressed gene. Counsel for ARS obtained this testimony in the cross-examination of Nancy Craig. See her deposition transcript, Exhibit 2058, page 151, line 5 - page 152, line 9. The expert testified it was a common event.

16. Denied. An amplifiable gene is a DNA regulatory sequence.

17. Denied. This very concept was disclosed in 1985 and 1986, Nasmyth, Exhibits 2008 and 2009. Nickoloff so testified, Exhibit 2029, ¶15. The issue does not appear relevant to ARS

Preliminary Motion 12.

   18. Denied.

   19. Admitted.

   20. Admitted that Claim 19 is directed to the cell line that is necessarily made by successful completion of the process of Claims 2 or 3 of the '071 patent.

   21. Admitted.

   22. Admitted. This is the technology described in Exhibits 2008 and 2009, and the subject of the testimony of Nickoloff, Exhibit 2029, ¶15.

   23. Denied, as it is unclear what "additional variations" refers to.

   24. Admitted.

   25. Admitted. CGI further admits that a gene not expressed by a cell, which is subsequently expressed after homologous recombination, is a "cell capable of expressing a gene at levels higher than that normally expressed by the cell."

   26. Admitted.

   27. Denied. CGI's Claims 105 and 110 were specifically presented as being directed to the same patentable invention as Count 1. They cover subject matter similar to that of ARS Claim 18.

   28. Denied. Claim 106 is directed to precisely what is recited therein. ARS Claim 19 does not appear to be directed to a human 293 embryonal kidney cell. Nothing in Claim 19 recites a CMV enhancer or promoter.

   29. Denied. See 17.

**ADDITIONAL STATEMENT OF MATERIAL FACTS**

Although CGI does not believe that even if Statement of Facts 1-29 are accepted, ARS has advanced a *prima facie* case to support the relief requested, CGI notes the following fact:

1. If one modifies the genome of a cell line by inserting a DNA construct into said genome by homologous recombination, said DNA construct comprising a DNA regulatory segment capable of modifying the expression characteristics of said gene when operatively linked thereto, as compared to its existing DNA regulatory segment, and a DNA targeting segment, homologous to a region of said genome within approximable to said gene, wherein said construct is inserted such that said regulatory segment is operatively linked to said gene of interest, one will necessarily produce a cell line capable of enhanced expression of a gene product compared from the cell line from which it is derived, said gene product being the expression product of a pre-determined endogenous gene within the genome of said cell, said genome having inserted therein in an operative manner, at or near said endogenous gene, and exogenous DNA regulatory segment capable of enhancing the expression of said gene product by said cell line. That is, if you practice Claim 2, you get Claim 19.

2. If one modifies a cell line genome by inserting a DNA construct into said genome by homologous recombination, where the construct comprises an expressible, amplifiable gene capable of amplifying said gene when inserted in sufficiently close proximity thereto, and a DNA targeting segment, homologous to a region of said genome within or proximal to said gene, and wherein said construct is inserted such that said amplifiable gene is insufficiently close proximity to said gene of interest to cause amplification thereof when said amplificable gene is amplified, one will necessarily prepare a cell line capable of enhanced expression of a gene product

-4-

compared to the cell line from which it is derived, said gene product being the expression product of that predetermined gene within the genome of said cell line, the genome having inserted therein in an operative manner, at or near the endogenous gene, and amplifiable gene capable of enhancing the expression of said gene product by said cell line. That is, if you practice Claim 3, you get Claim 19.

3. As is clearly demonstrated by 1 and 2 above, Claim 19 is the natural and intended result of successful practice of Claim 2 or 3 of the '071 patent, the current Count. One cannot successfully practice these claims <u>without</u> making the subject matter of Claim 19.

4. Neither the involved '071 patent, nor the '390 application, describe any other method for making the subject matter of Claim 19 than the process of Claim 2 or Claim 3 of the '071 patent, or the corresponding claims of the '390 application. Although ARS Preliminary Motion 20 asserts that Claim 19 is not limited to products made by the process of Claims 2 and 3 of the '071 patent, it is not clear what other method ARS has in mind. The document relied on, Declaration of Kaufman, Exhibit 3002, at paragraph 556, does not suggest another method.

## IV. ARGUMENT

In <u>Louis v. Okada</u>, Interference 104,311, Paper No. 165 (BPAI 2001), precedential Decision 165, the Board specifically observed that without a compelling reason, the Board would not change the Count, and that "a genuine need to change the Count, and not simply cause a change for changes sake" was the burden of the parties seeking to amend the Count. So it must be with the addition of Counts. Where a second count is directed to subject matter that is necessarily made by successful completion of the invention of a first Count, there can be no difference in the outcome of priority contest, as between the two counts. It would be change, for

changes sake only, in this case, to adopt a second count directed to Claim 19 of the ARS patent, when ARS admits that if one practices the subject matter of the current Count, Claim 2 or 3, one would necessarily arrive at the subject matter of Claim 19. See ARS Statement of Fact 20 (*that is, Claim 19 defines the cell lines that have been subjected to the transformation processes of ARS's Claims 2 or 3 or both*). What is totally absent from ARS Preliminary 12 is why this second Count should be adopted. At a minimum, adopting a second count will impose additional expense, without resulting in a change in the disposition of the claims corresponding thereto on priority.

CGI respectfully submits that ARS cannot advance a reason for adopting the count because such adoption is contrary to practice and procedure. ARS seems to recognize that each count must be directed to patentably distinct subject matter. It is, in any event, a current requirement of the Rules. 37 C.F.R. §1.637(c)(1)(v). Although it recognizes that is has the burden of proof on this issue, Preliminary Motion 12, page 13, ARS fails to advance any proof, or any logic that would support the conclusion.

Although ARS asserts that the subject matter of Claim 19 could be made through some other process, this is neither compelling, nor supported. The '071 patent, and the '390 application, teach only one process that would result in the product of Claim 19, generically, the subject matter of '071 patent Claims 2 and 3, the current Count of the interference. If ARS seriously wants to suggest that (1) the test for patentable distinction between counts is two-way obviousness (ARS concedes that it's proposed Count A-4 is obvious over Count1) and (2) one could arrive at the subject matter of Claim 19 without practicing the subject matter of Count 1, the burden is on ARS to specifically illustrate how this could be done. On this issue, ARS is

-6-

silent. The Motion, lacking even the barest *prima facie* case, should be denied.

### A. The Selective Claim Designation of Preliminary Motion 12 is Unsupported

Currently, Claims 1-58 of the '071 patent, and Claims 105-112 of the '390 application, correspond to Count 1. At page 17, in two sentences, ARS designated only a handful of those claims as corresponding to proposed Count A-4, although ARS acknowledges that if one practices the subject matter of the current Count, one necessarily arrives at the proposed Count A-4. It is unclear why ARS designates Claim 17, 19-21, 26, 27 and 52, and only those claims, out of the 58 ARS claims, as corresponding to proposed Count A-4. The burden is on ARS to support this designation scheme. ARS does not even begin to advance facts relative to it. Again, the Motion lacks what is required to make out a *prima facie* case, and should be denied.

## V. CONCLUSION

ARS Preliminary Motion 12 seeks to add a Count that is at best, redundant. It seeks to add a count directed exclusively to the subject matter that would be inevitably prepared by the successful practice of the current Count of the invention. This is change for changes sake only. The necessary priority dates would be the same. Besides being pointless, the Motion is unsupported. There is no demonstration of patentable distinction between proposed Count A-4 and the current Count, nor even reasonable support for the designation scheme selected. For all of the foregoing, the Motion should be denied.

        Respectfully submitted,

        PIPER RUDNICK LLP

        _____
        Steven B. Kelber
        Registration No. 30,073
        Attorney for CELL GENESYS, INC

1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2430
Telephone: (202) 861-3900
Facsimile: (202) 223-2085
INTERFERENCE 105,114
ATTORNEY DOCKET NO. 306229-21